AO 241
(Rev. 10/07)

Page 2

# 18 CV 2248

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern | |
|---|---|---|
| Name (under which you were convicted): Craig E. gabbidon | | Docket or Case No.: |
| Place of Confinement: Eastern NY Correctional Facility | Prisoner No.: 15-A-0150 | |
| Petitioner (include the name under which you were convicted) Craig E. Gabbidon | v. | Respondent (authorized person having custody of petitioner) William A. Lee, Superintendent |
| The Attorney General of the State of New York Eric T. Schneiderman | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Supreme County Court, County of Dutchess
    10 Market Street, Poughkeepsie, New York 12601

    (b) Criminal docket or case number (if you know): 13-6243

2.  (a) Date of the judgment of conviction (if you know): June 11, 2014

    (b) Date of sentencing: December 23, 2014

3.  Length of sentence: 15yrs and 10 yrs PRS

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    One count of criminal sexual act in the first, 130.50(2)

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)
    ☒ (2)  Guilty              ☐ (4)  Insanity plea

AO 241
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

I plead guilty to one count of criminal sexual act in first, penal law 130.50(2) and not guilty to Penal Law 130.35(2), two count of Penal Law 130.40(2), and Penal Law 260.10(2).

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:  Appellate Division: Second Department

(b) Docket or case number (if you know):  2015-00872

(c) Result:  Affirmed

(d) Date of result (if you know):  December 2, 2015

(e) Citation to the case (if you know):  134 A.D.3d 736, 19 N.Y.S.3d 786

(f) Grounds raised:

(1) The lower court error in denying the motion to withdraw because it failed to recognize its own misstatement of sentencing law.
(2) Appellant was deprived of the effective assistance of counsel.
(3) This court should modify the sentence.

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court:  Court of Appeals

(2) Docket or case number (if you know):

(3) Result:  Denied

(4) Date of result (if you know):  March 31, 2016

(5) Citation to the case (if you know):  27 N.Y.3d 964, 56 N.E.3d 905, 36 N.Y.S.3d
625.

(6) Grounds raised:

    Please see appellate counsel motion to the Court
    of Appeals.

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

     concerning this judgment of conviction in any state court?          ☒ Yes   ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

     (a)    (1) Name of court:  Supreme Court of the County of Dutchess

            (2) Docket or case number (if you know):  Ind. No. 121-2013

            (3) Date of filing (if you know):  September 16, 2016

            (4) Nature of the proceeding:  Motion to vacate, pursuant to CPL 440.10

            (5) Grounds raised:
                     (1) The judgement was obtained in violation of a
                         right of the defendant under the Constitution
                         of this state or of the United States.

                     (2) Ineffective assistance trial counsel

            (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
                ☐ Yes  ☒ No

            (7) Result:

            (8) Date of result (if you know):

# DEL ATWELL
ATTORNEY AT LAW

39 5TH STREET
EAST HAMPTON, NY 11937
(631) 267-2067

January 31, 2016

Clerk of the Court
Chief Judge
Court of Appeals of the State of New York
20 Eagle Street
Albany, NY 12207

Re: People v. Gabbidon-2015-00872 (leave application)

Honorable Judge,

Pursuant to Section 460.20 of the Criminal Procedure Law, appellant respectfully prays for the issuance of a certificate granting permission to appeal and certifying that there is a question of law in the above captioned case which should to be reviewed by the Court of Appeals. Appellant requests that an appeal be allowed to this court from an Order of the Supreme Court, Appellate Division, Second Department, dated December 2, 2015, affirming the Order of the County Court, Dutchess County, rendered December 23, 2014, convicting sexual criminal act in the 1st degree upon his guilty plea.

An application has not been made to a Judge of the Appellate Division.

The Appellate Division incorrectly opined that the trial court correctly advised that consecutive sentences were available and that the issue is unreviewable because it was not specifically raised in the motion to withdraw the plea. Rather, a conviction resulting from a plea can violate public policy because it upsets the "'reasonable assurance of certainty' provided by the negotiated sentence" and thereby threatens to destabilize the entire plea-bargaining system in this State by eroding public trust in the fairness and integrity of the process. *People v. Parker*, 271 A.D.2d 63, 71 (4th Dept. 2000). A motion to withdraw a guilty plea that is premised on something other than a renewed claim of innocence does provide a legal basis for relief. Such claims must be carefully reviewed by the courts because they are occasionally meritorious. *Britt v. Legal Aid Society*, 95 N.Y.2d 443 (2000); *People v. Flowers*, 30 N.Y.2d 315 6 (1972); *People v. Beasley*, 25 N.Y.2d 483 (1969); *People v. Berger*, 9 N.Y.2d 692 (1961). Review of these post-plea claims under CPL § 220.60 is an integral part of a criminal courts judge's oversight and supervision of "the delicate balancing of public and private interests in the process of plea bargaining." *People v. Selikoff*, 35 N.Y.2d 227, 243 (1974).

Here, the appellant made the appropriate motion several weeks before sentence was imposed and defense counsel moved, in writing, to vacate the plea. It was specifically stated in the written motion. It appears this Appellate Division is

confused because the specificity was not voiced in open court and therefore is not contained in the transcript. The motion to withdraw was made shortly after the plea, is in writing, and contains the specific grounds supporting the motion. *People v Ranieri*, 43 AD2d 1012 (4th Dept 1974). Further, even if this Court does not agree that the Appellate Division should have exercised its discretion to review, appellant is requesting that it be permitted in the interest of justice pursuant to *C.P.L.* § 470.15 (6).

The record reveals that the trial court incorrectly advised appellant regarding sentence as a matter of law. Specifically, both counts were B class violent felonies which, for a first-time offender, carry a minimum of 5 and a maximum of 25 years imprisonment. *P.L.* 70.02(3)(a). The sentencing court advised that it could impose the 25 year determinate maximum permitted by statute regarding each offense and then order that they run consecutively thereby totaling 50 years incarceration. By statute, the charges cannot run consecutively pursuant to Penal Law section 70.25(2) which states in relevant part:

When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences, except if one or more of such sentences is for a

violation of section 270.20 of this chapter, *must run concurrently, PL,* 70.25(2);

(emphasis added).

The appellant faced separate charges that were committed through a single

act or omission. The Court of Appeals has succinctly set forth the formula for

determining whether the general rule requires that multiple sentences must be

concurrent. *People v. Laureano*, 87 N.Y.2d 640, 642 N.Y.S.2d 150 (1996). In

*Laureano*, it was reasoned that "in determining whether concurrent sentences are

required, the sentencing court must first examine the statutory definitions of the

crimes for which defendant has been convicted. Because both prongs of Penal Law

70.25(2) refer to the 'act or omission' that is, the 'actus reus' that constitutes the

offense, the court must determine whether the actus reus element, is by definition,

the same for both offenses (under the first prong of the statute), or if the actus reus

for one offense is, by definition, a material element of the second offense (under the

second prong)." *Id.* at 87 N.Y.2d 643. However, the court in *Laureano*, did leave

the determination to a mere theoretical analysis. Rather, it placed an obligation to

prove that concurrent sentences are not required upon the People. The formula goes

on to conclude that if the *actus reus* is not the same, "then the People have satisfied

their obligation of showing that concurrent sentences are not required. If the

statutory elements do overlap under either prong of the statute, the People may not

yet establish the legality of consecutive sentencing by showing that the 'acts or omissions' committed by defendant were separate and distinct acts." *Id*.

Here, neither the People nor the court offered an explanation as to why concurrent sentences for the charges were not required to run concurrently. The black letter law of Penal Law 70.25(2) and the Court of Appeals holding in *Laureano* was ignored. Even if some reasoned legal authority where offered to rationalize consecutive sentences, the integrity of the sentence is tainted because the obligation to provide correct legal advice regarding the potential sentencing consequences was not fulfilled.

Only a concurrent, rather than a consecutive sentence was warranted for convictions on both counts. The offenses do not exist independently of the each other because they both were committed through a single actus reus. Therefore, appellant could never have been exposed to consecutive terms.

Further reasons for error are detailed in the enclosed appellant's brief. A photocopy of the decision and order of the Appellate Division and copies of all briefs are submitted herewith.

## CONCLUSION

Based upon the above mentioned arguments and those arguments contained in the appellate brief, appellant respectfully prays that leave to the Court of Appeals be granted.

Respectfully submitted,

Del Atwell
Attorney for Appellant

THE COURT OF APPEALS
THE STATE OF NEW YORK

---

THE PEOPLE OF THE STATE OF NEW YORK          **AFFIRMATION**

CRAIG GABBIDON

---

Del Atwell, Esq., an attorney duly admitted to practice before the Courts of

the State of New York, affirms the following under the penalty of perjury:

1. I am appellate attorney for the appellant in the above captioned action and

am fully familiar with the facts and circumstances of this case.

2. Service of the Appellate Division order was not effected pursuant to *CPLR*

5513, 5514. Specifically, "a copy of the judgment or order appealed from and

written notice of its entry" was not served on pursuant to *CPLR,* 5513(b). Further, an

official copy of the decision was not forwarded by the Appellate Division.

3. Therefore, the time period within which to move is intact.

WHEREFORE, it is respectfully requested that this court deem the

motion timely.

---

Del Atwell
Attorney for Appellant

THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

THE PEOPLE OF THE STATE OF NEW YORK          PROOF OF SERVICE

V.

CRAIG GABBIDON

---

I, Del Atwell, affirm that on February 1, 2016, I served via first class mail

a copy of the within request for leave to appeal to:

Dutchess County District Attorney
236 Main Street
Poughkeepsie, NY 12601

Craig Gabbidon 15A0150
PO Box 999
Coxsackie, NY 12051-0999

Del Atwell

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:  Appellate Division: Second Department

    (2) Docket or case number (if you know):  2015-00872

    (3) Date of filing (if you know):  August 9, 2017

    (4) Nature of the proceeding:  A writ of Error Coram Nobis

    (5) Grounds raised:

        (1) Ineffective assistance of appellate counsel

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐  Yes    ☒  No

    (7) Result:  Denied

    (8) Date of result (if you know):  January 31, 2018

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes   ☒   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition: ☒ Yes   ☐ No

(2) Second petition: ☐ Yes   ☒ No

(3) Third petition: ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

SEE EXHIBIT A.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Pursuant to Penal Law, section 70.25(2), the trial court
incorrectly advise that consecutive sentences were available.
Here, the trial court advise the defendant that it can sentence
defendant consecutive.
"When more than one sentence of imprisonment is imposed on a
person for two or more offenses committed through a single act
or omission, or through an act or omission which in itself
constituted one of the offenses and also was a material element
of the other, the sentences, except if one or more of such
sentences is for a violation of section 270.20 of this chapter,
must run concurrently, PL, 70.25(2).

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state **trial court?**

    ☐ Yes ☒ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion or petition?  ☐ Yes ☒ No

   (4) Did you appeal from the denial of your motion or petition?  ☒ Yes ☐ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision: March 31, 2016

   Result (attach a copy of the court's opinion or order, if available):

   Denied

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Case 7:18-cv-02248-VB-JCM Document 2 Filed 03/13/18 Page 15 of 103

157 A.D.3d 964
Supreme Court,
Appellate Division, Second Department, New York.

The PEOPLE, etc., respondent,
v.
Craig E. GABBIDON, appellant.

2015–00872
|
(Ind. No. 121/13)
|
January 31, 2018

**Attorneys and Law Firms**

Craig E. Gabbidon, Coxsackie, NY, appellant pro se.

William V. Grady, District Attorney, Poughkeepsie, N.Y. (Bridget Rahilly Steller of counsel), for respondent.

Del Atwell, East Hampton, NY, former appellate counsel.

WILLIAM F. MASTRO, J.P., L. PRISCILLA HALL, SANDRA L. SGROI, COLLEEN D. DUFFY, JJ.

**Opinion**

DECISION & ORDER

Application by the appellant for a writ of error coram nobis to vacate, on the ground **\*501** of ineffective assistance of appellate counsel, a decision and order of this Court dated December 2, 2015 (*People v. Gabbidon,* 134 A.D.3d 736, 19 N.Y.S.3d 786), affirming a judgment of the County Court, Dutchess County, rendered December 23, 2014.

ORDERED that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987; *People v. Stultz,* 2 N.Y.3d 277, 778 N.Y.S.2d 431, 810 N.E.2d 883).

MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.

**All Citations**

157 A.D.3d 964, 67 N.Y.S.3d 500 (Mem), 2018 N.Y. Slip Op. 00565

End of Document                                              © 2018 Thomson Reuters. No claim to original U.S. Government Works.

# State of New York
# Court of Appeals

BEFORE:  HON. JANET DIFIORE, Chief Judge

THE PEOPLE OF THE STATE OF NEW YORK,

Respondent,

-against-

CRAIG E. GABBIDON,                    Appellant.

*Sent to D*
*4/10/16*

**ORDER
DENYING
LEAVE**

Appellant having applied for leave to appeal to this Court pursuant to Criminal Procedure Law § 460.20 from an order in the above-captioned case;*

UPON the papers filed and due deliberation, it is

ORDERED that the application is denied.

Dated:  MAR 3 1 2016

*Janet DiFiore*

Chief Judge

*Description of Order:  Order of the Appellate Division, Second Department entered December 2, 2015, affirming a judgment of the County Court, Dutchess County, rendered December 23, 2014.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**        SEE EXHIBIT B.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

There can be no question that a plea of guilty must be voluntary,
knowingly and intelligently entered by a defendant. Here, in this
matter the court indicated that defendant would plea to 15yrs and
2 1/2 to 5yrs. which is illegal, see PL 70.80(4). "It is well
established that a trial court has the Constitutional duty to
ensure that a defendant, before pleading guilty, has full under-
standing of what the plea connates and it's consequences".
Although the court is not required to engage in any particular
catechism when allocuting a defendant, "Due Process reqires that
the record must be clear that the plea repersents a voluntary and
intelligent choice among the alternative courses of action.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)        **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☒ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

This Due Process violation was ignored by appellate counsel
for not recognizing the illegal post-release supervision that
was given to defendant on June 11, 2014.

(d)        **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: C.P.L. 440.10(1)(h)

Name and location of the court where the motion or petition was filed:
Supreme County Court, of the County of Dutchess,
Poughkeepsie, New York 12601

Docket or case number (if you know): 121-2013

Date of the court's decision:  January 31, 2017

*ɔAO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

Denied

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Appellate Division: Second Department
45 Monroe Place, Brooklyn, New York 11201

Docket or case number (if you know):

Date of the court's decision: April 11, 2017

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

Defendant file a timely motion to the Court of Appeals,
on which it was dismissed on June 14, 2017.

**GROUND THREE:**   SEE EXHIBIT C.   COPY OF DEFENDANT WRIT OF ERROR CORAM
NOBIS.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On defendant only appeal, appellate counsel's failure to raise
issues on direct appeal supported finding of the record, prove
incompetent or show that he did not care.
Defendant contend that appellate counsel did not read the record
or show of any interest in defendant only appeal, because previous
counsel did not argued in mition the issues that appellate counsel
raised. Appellate counsel was not in my best interest and provideo
defendant with less than meaningful representation.

COUNTY COURT   :   DUTCHESS COUNTY

PRESENT:      HON. EDWARD T. McLOUGHLIN
              Dutchess County Court Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE PEOPLE OF THE STATE OF NEW YORK

                              Plaintiff,

          - against -

CRAIG E. GABBIDON,

                              Defendant.

DECISION AND ORDER
CPL §440.10 MOTION
Superceding
Ind No. 121/2013

WILLIAM V. GRADY, ESQ.
District Attorney by:
Bridget Rahilly Steller,Esq.
Attorney for Plaintiff

CRAIG E. GABBIDON
Defendant, *pro se*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Notice of Motion _____ X
Supporting Affidavit _____ X
Affirmation in Answer
       /Accompanying Exhibits_____ X
Reply Affidavit _____ X

     The foregoing documents were considered in deciding this

motion.

### BACKGROUND

     By Superceding Indictment No. 121/2013, dated January 22,

2014, the Grand Jury of the county of Dutchess indicted the

defendant for Criminal Sexual Act in the First Degree, a Class B

Violent Felony (Penal Law §130.50[2]); Rape in the First Degree, a

Class B Violent Felony (Penal Law §130.35[2]); two counts of

Criminal Sexual Act in the Third Degree, a Class E Felony (Penal

Law §130.40[2]) and Endangering the Welfare of a Child, a Class A

Misdemeanor (Penal Law §260.10[1]).

     The Public Defender's office was appointed to represent the

defendant and did so up to and including the date of his plea of guilty on June 11, 2014.  On that, the defendant appeared before the Hon. Stephen L. Greller and entered a plea of guilty to the first count of the indictment in satisfaction of the remaining counts.

A short number of days following the defendant's plea of guilty, he requested an opportunity to withdraw his guilty plea. The Court appointed Eric Shiller, Esq. to represent the defendant. Mr. Shiller then made a motion on the defendant's behalf pursuant to Criminal Procedure Law §220.60[3].

After the matter was deemed fully submitted, the Court issued a decision on October 15, 20114 denying the defendant's motion to withdraw his guilty plea.

On December 23, 2014, the defendant was sentenced to a 15 year determinate prison sentence to be followed by 10 years post release supervision.

The defendant appealed his conviction to the Appellate Division, Second Department.  The three arguments put forward in the defendant's appellate brief were that the Court erred in denying his motion to withdraw his guilty plea because it failed to recognize its own mis-statement of the sentencing law; that the Appellant was deprived of the affective assistance of counsel; and that the Court should modify the defendant's sentence.  Following full submission by both parties, the Appellate Division affirmed the defendant's judgment of conviction. People v. Gabbidon, 134

AD3d 736 (2nd Dept. 2016).

The defendant then sought leave to appeal to the New York State Court of Appeals. The defendant's application for leave to appeal was denied. People v. Gabbidon, 27 NY 3d 964.

DEFENDANT'S CLAIM

The defendant claims that his plea and judgment of conviction was obtained in violation of his rights under the Constitution of this state and/or of the Constitution of the United States.

Specifically, the defendant alleges that the period of post release supervision discussed at the plea was not the period of post release supervision imposed by the Court at the time of his sentence.

In addition, the defendant alleges ineffective assistance of counsel because defense counsel did not correct any mis-statement of the Court during the plea proceedings.

Lastly, the defendant seeks to have an evidentiary hearing be conducted for purposes of deciding this motion (CPL §440.30).

DISCUSSION

The defendant's request for a hearing CPL §440.30 is denied. Motions made pursuant to CPL §440.10 can be decided without a hearing if sufficient factual material exists in the record or upon the written submissions. People v. Satterfield, 66 NY2d 796.

CPL §440.10 [2] [c] provides:

> Notwithstanding the provisions of subdivision 1, the Court must deny a motion to vacate a judgment when: (c) although sufficient facts appear on the record of the proceedings, the judgment to have

permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon appeal actually perfected by him.

The entirety of the defendant's arguments in the instant application could be resolved by a review of the Court record in this matter.

The records of this proceeding were sufficient to permit a review of any issue on direct appeal, and, therefore, the sufficiency of the same cannot collaterally be reviewed in a CPL Article 440 proceeding. <u>People v. Cooks</u>, 67 NY2d 100.

If an error is apparent on the record, it must be raised by direct appeal. The defendant failed to raise his current claims on his direct appeal, which has previously been decided. A post trial motion to vacate the judgment would be warranted only when an error is not apparent in the record. <u>People v. Angelakos</u>, 70 NY2d 670.

The Court record does not provide any support for the defendant's conclusory assertion that his plea was anything but a knowing and voluntary admission of guilt and that he had committed the crime in question, nor is there any evidence to demonstrate that he would have not entered his plea of guilty if informed of a different period of post release supervision. See <u>People v. Seeger</u>, 171 AD2d 892 (2nd Dept. 1991) app. dis. 78 NY2d 1080.

Where a guilty plea is entered, it marks the end of a

criminal case, and not the gateway to further litigation.  <u>People
v. Taylor</u>, 65 NY2d 1.

Because defendant's claims may be resolved by the record in
this matter and he failed to raise those claims in his direct
appeal, the defendant's motion must be denied pursuant to CPL
§440.10[2][c].

The Court does note that at the time of the defendant's plea
on June 11, 2014, it was made abundantly clear that because the
defendant was not a U.S. citizen, he would be subject to
deportation upon his release from the New York State Correctional
System.  Therefore, the amount of post release supervision time
ultimately imposed by the Court would prove to be academic.

For the foregoing reasons, the defendant's motion is denied
in its entirety.

This constitutes the Decision and Order of the Court.

APPEAL RIGHTS

The defendant is hereby advised of his right to apply to the
Appellate Division, Second Department, 45 Monroe Place, Brooklyn,
New York 12201 for a certificate granting leave to appeal from
this Order.  That application must be made within thirty days of
service of this Order/Decision.  Upon proof of financial inability
to retain counsel and to pay the costs and expenses of the appeal,
the defendant may apply to the Appellate Division for the
assignment of counsel and for leave to prosecute the appeal as a
poor person and to dispense with printing.  Application for poor

person relief will be entertained only if and when permission to appeal or a certificate granting leave to appeal is granted.   (22 NYCRR 671.5)

Dated:   Poughkeepsie, New York
         January 21, 2017

_____
HON.  EDWARD T. McLOUGHLIN
COUNTY COURT JUDGE


TO:  Bridget Rahilly Steller, Esq.
     Dutchess County District Attorney's Office
     236 Main Street
     Poughkeepsie, NY  12601

     Craig E. Gabbidon (15-A-0150), *pro se*
     Coxsackie Correctional Facility
     P.O. Box 999
     Coxsackie, NY  12051

# Supreme Court of the State of New York
## Appellate Division : Second Judicial Department

M229205
SL/

REINALDO E. RIVERA, J.

2017-02185

DECISION & ORDER ON APPLICATION

The People, etc., plaintiff,
v Craig E. Gabbidon, defendant.

(Ind. No. 121/13)

Application by the defendant pursuant to CPL 450.15 and 460.15 for a certificate granting leave to appeal to this Court from an order of the County Court, Dutchess County, dated January 31, 2017, which has been referred to me for determination.

Upon the papers filed in support of the application and the papers filed in opposition thereto, it is

ORDERED that the application is denied.

REINALDO E. RIVERA
Associate Justice

April 11, 2017

PEOPLE v GABBIDON, CRAIG E.

# State of New York
# Court of Appeals

BEFORE:  HON. JANET DiFIORE, Chief Judge

THE PEOPLE OF THE STATE OF NEW YORK,

                                        Respondent,

                    -against-

CRAIG E. GABBIDON,

                                        Appellant.

**ORDER
DISMISSING
LEAVE**

Ind. No. 121/13

    Appellant having applied for leave to appeal to this Court pursuant to Criminal Procedure

Law (CPL) § 460.20 from an order in the above-captioned case;*

    UPON the papers filed and due deliberation, it is

    ORDERED that the application is dismissed because the order sought to be appealed

from is not appealable under CPL 450.90 (1).

Dated:    JUN 14 2017

                                        _____
                                        Chief Judge

*Description of Order:  Order of a Justice of the Appellate Division, Second Department, dated
April 11, 2017, denying leave to appeal to the Appellate Division from an order of County Court,
Dutchess County, dated January 31, 2017.

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

That the merits of the factual dispute were not resolved in the State Court hearing; and that defendant did not receive a full, fair, and adequate hearing in the State Court proceeding.

(c)　　**Direct Appeal of Ground Three:**

　　　　(1) If you appealed from the judgment of conviction, did you raise this issue?　　☐ Yes　☒ No

　　　　(2) If you did not raise this issue in your direct appeal, explain why:

(d)　　**Post-Conviction Proceedings:**

　　　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　　　　☐ Yes　☒ No

　　　　(2) If your answer to Question (d)(1) is "Yes," state:

　　　　Type of motion or petition:

　　　　Name and location of the court where the motion or petition was filed:

　　　　Docket or case number (if you know):

　　　　Date of the court's decision:

　　　　Result (attach a copy of the court's opinion or order, if available):

　　　　(3) Did you receive a hearing on your motion or petition?　　☒ Yes　☒ No

　　　　(4) Did you appeal from the denial of your motion or petition?　　☐ Yes　☒ No

　　　　(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　☐ Yes　☒ No

　　　　(6) If your answer to Question (d)(4) is "Yes," state:

　　　　Name and location of the court where the appeal was filed:

　　　　Docket or case number (if you know):

　　　　Date of the court's decision:

　　　　Result (attach a copy of the court's opinion or order, if available):

®ȘAO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Defendant believe that the Federal Court is the only option
at this time for the remedies he seek at this time.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

⟆AO 241
(Rev. 10/07)

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?  ☒ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them:

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so,
ground or grounds have not been presented, and state your reasons for not presenting them:

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?  ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues
raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy
of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?  ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
raised.

AO 241
(Rev. 10/07)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Richard A. Berube
12 Walker Road
Poughkeepsie, NY 12603

(b) At arraignment and plea:   Kevin Mackey, 12 Walker Rd., Poughkeepsie, 12603
Susan Mungavin, 22 Market St., Poughkeepsie,
NY 12601.

(c) At trial:

(d) At sentencing:   Eric S. Shiller, 54 Noxon St., Poughkeepsie, NY 12602

(e) On appeal:   Del Atwell, 39  5th St., East Hampton, NY 11937

(f) In any post-conviction proceeding:   Pro se

(g) On appeal from any ruling against you in a post-conviction proceeding:   Pro se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

✎AO 241
(Rev. 10/07)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

(2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

```
Defendant sought is grounded upon procedures, finding of facts
and legal conclusions which are grossly contrary to the laws
of this State and Federal Constitution, and completely contra-
dicted by the exhibits submitted in support.
```
or any other relief to which petitioner may be entitled.

_____
                Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on  __3/1/18__  (date).

_____
                Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

# EXHIBIT



----------------------------------------------------------------

BRIEF OF APPELLANT

----------------------------------------------------------------

*To be submitted*

# THE SUPREME COURT OF THE STATE OF NEW YORK
## APPELLATE DIVISION: SECOND DEPARTMENT

APPEAL NUMBER 2015-00872

## THE STATE OF NEW YORK

v.

## CRAIG GABBIDON

## BRIEF OF APPELLANT

DEL ATWELL
Attorney for Appellant
39 5TH Street
East Hampton, NY 11937
(631) 267-2067

TABLE OF CONTENTS

STATEMENT PURSUANT TO C.P.L.R. 5531 ............................... 3

PRELIMINARY STATEMENT ......................................................... 4

QUESTIONS PRESENTED .............................................................. 3

STATEMENT OF FACTS ................................................................. 5

LEGAL ARGUMENT ....................................................................... 6

POINT I

THE LOWER COURT ERRED IN DENYING THE MOTION TO WITHDRAW BECAUSE IT FAILED TO RECOGNIZE ITS OWN MISTATEMENT OF SENTENCING LAW.

A. Pursuant to Penal Law, section 70.25 (2), the trial court incorrectly advised that consecutive sentences were available.

B. The plea should be withdrawn.

POINT II

APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL.

A Pursuant to *People v. Griffin*, ineffectiveness is reviewable if the claim infects the integrity of the plea.

B. The error in sentencing law should have been recognized and addressed.

C. The plea was infected by counsel's ineffectiveness because its integrity was compromised.

POINT III

THIS COURT SHOULD MODIFY THE SENTENCE.

CONLUSION ........................................................................ 20

CERTIFICATE OF COMPLIANCE ....................................... 20

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : SECOND DEPARTMENT

_____

THE PEOPLE OF THE STATE OF NEW YORK,

   -*against*-

CRAIG GABBIDON

_____

STATEMENT PURSUANT TO RULE 5531

1. The indictment number in the court below was 121-13.

2. The full names of the original parties were: People of the State of New York

against Craig Gabbidon. This appeal is on behalf of Craig Gabbidon.

3. This action was commenced in County Court, Dutchess County.

4. This action was commenced by the filing of an indictment.

5. This appeal is from a judgment convicting appellant of criminal sexual act in the

1st degree.

6. This is an appeal from a judgment of conviction rendered December 23, 2014.

7. Appellant has been granted permission to appeal as a poor person. The appendix

method is not being used.

3

## PRELIMINARY STATEMENT

This is an appeal from a judgment of the County Court, Dutchess County, rendered December 23, 2014, convicting appellant after a guilty plea of criminal sexual act in the 1st degree. He was sentenced to a determinate term of 15 years incarceration.

A timely Notice of Appeal was filed and this court granted defendant permission to appeal as a poor person. No stay of proceedings has been sought.

## QUESTIONS PRESENTED

1. Did the lower court err in denying the motion to withdraw because it failed to recognize its own misstatement of sentencing law?

    a. Pursuant to Penal Law, section 70.25 (2), did the trial court incorrectly advise that consecutive sentences were available?

    b. Should the plea be withdrawn?

2. Was appellant denied the effective assistance of counsel?

    a. Pursuant to *People v. Griffin*, is ineffectiveness reviewable if the claim infects the integrity of the plea?

    b. Should the error in sentencing law have been recognized and addressed?

    c. Was the plea infected by counsel's ineffectiveness because its integrity was compromised.

3. Should this court modify the sentence?

4

## STATEMENT OF FACTS

On March 3, 2013, at approximately 8:00 p.m., it was alleged that appellant bought alcohol for two minor females at a local liquor store. One of the girls became extremely intoxicated. She alleged that appellant drove her to a hotel and carried her into the room due to her state of unconsciousness. Once in the room, it was charged that appellant removed her clothing and subjected her to sexual contact. The contact took place between his penis and her vagina, anus and mouth. Afterward, he took her home. Appellant was arrested shortly thereafter because the other girl's mother called police when she did not return home. PSR, 5.

Forensic testing was conducted utilizing DNA analysis obtained from appellant and the complaining witness. The tests concluded that "genetic information was insufficient to generate a profile from the vagina swabs-sperm fraction, anal swabs non-sperm fraction, vulvar swabs sperm fraction, oral swabs sperm fraction and the swabs of the red marks on the [the victim's] right shoulder." "Forensic DNA analysis is a possibility in this case." PSR, 5.

On June 11, 2014, appellant chose not to proceed to trial and entered a negotiated guilty plea. He was advised of his right to a jury trial, his right to call witnesses at trial, his right to remain silent and his right against self incrimination. He was advised that by pleading guilty he was giving up all these rights and he would be admitting to the crime of criminal sexual act in the 1st degree, a class B

violent felony. The trial court accepted his plea of guilty. T. 6/11/14, 4-15.

After the plea hearing, defense counsel was relieved and new counsel

entered. Counsel filed a motion to withdraw the plea which was denied. Sentence

was imposed subjecting appellant to a determinate term of 15 years incarceration.

T. 12/23/14, 3-5, 9.

ARGUMENT

POINT I

THE LOWER COURT ERRED IN DENYING THE MOTION TO
WITHDRAW BECAUSE IT FAILED TO RECOGNIZE ITS OWN
MISTATEMENT OF SENTENCING LAW.

A. Pursuant to Penal Law, section 70.25 (2), the trial court incorrectly

advised that consecutive sentences were available.

The record reveals that the plea hearing was conducted on June 11, 2014 and

appellant was represented by the Public Defenders' Office of Dutchess County. The

sentencing hearing did not take place until over 6 months later and prior counsel

had been relieved. On December 23, 2014, appellant was represented by an

independent lawyer not affiliated with the County Public Defender. In the interim

between plea and sentence, new counsel filed a motion to withdraw the plea

entered when appellant was represented by the Public Defender. Specifically, at the

sentencing hearing, counsel advised the court that the motion to withdraw was

made because appellant "maintained his innocence" and that he was "coerced into

6

taking the plea." His only admission of wrongdoing was that he was at the hotel with the girls and therefore was guilty of something less than sexual assault. T. 12/23/14, 4-5.

Significantly, at the plea hearing, the court offered legal advice to the appellant that was incorrect as a matter of law. Specifically, appellant was charged with, and plea to, criminal sexual act in the 1st degree in violation of Penal Law, section 130.50. The second count of the indictment was rape in the 1st degree which is a violation of Penal Law, section 130.35. T. 6/11/14, 13-14. Just before the plea was taken the court stated as follows:

THE COURT: Do you understand that the maximum penalty for the second count, which is rape in the first degree, is also 25 years?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that because of the nature of the allegations in the superseding indictment, you could be sentenced *consecutively*?

THE DEFENDANT: Yes, sir.

T. 6/11/14, 13-14, (emphasis added).

This is an inaccurate statement of sentencing law. More importantly, it may have mistakenly served to convince appellant that it was in his best interests to pled guilty. Specifically, both counts were B class violent felonies which, for a first-time offender, carry a minimum of 5 and a maximum of 25 years

7

imprisonment. *P.L.*, 70.02(3)(a). The sentencing court advised that it could impose

the 25 year determinate maximum permitted by statute regarding each offense and

then order that they run consecutively thereby totaling 50 years incarceration. By

statute, the charges cannot run consecutively pursuant to Penal Law section

70.25(2) which states in relevant part:

When more than one sentence of imprisonment is imposed on a person for

two or more offenses committed through a single act or omission, or through an act

or omission which in itself constituted one of the offenses and also was a material

element of the other, the sentences, except if one or more of such sentences is for a

violation of section 270.20 of this chapter, *must run concurrently*, PL, 70.25(2);

(emphasis added).

The appellant faced separate charges that were committed through a single

act or omission. The Court of Appeals has succinctly set forth the formula for

determining whether the general rule requires that multiple sentences must be

concurrent. *People v. Laureano*, 87 N.Y.2d 640, 642 N.Y.S.2d 150 (1996). In

*Laureano*, it was reasoned that "in determining whether concurrent sentences are

required, the sentencing court must first examine the statutory definitions of the

crimes for which defendant has been convicted. Because both prongs of Penal Law

70.25(2) refer to the 'act or omission' that is, the 'actus reus' that constitutes the

offense, the court must determine whether the actus reus element, is by definition,

8

the same for both offenses (under the first prong of the statute), or if the actus reus for one offense is, by definition, a material element of the second offense (under the second prong)." *Id.* at 87 N.Y.2d 643.

However, the court in *Laureano*, did leave the determination to a mere theoretical analysis. Rather, it placed an obligation to prove that concurrent sentences are not required upon the People. The formula goes on to conclude that if the *actus reus* is not the same, "then the People have satisfied their obligation of showing that concurrent sentences are not required. If the statutory elements do overlap under either prong of the statute, the People may not yet establish the legality of consecutive sentencing by showing that the 'acts or omissions' committed by defendant were separate and distinct acts." *Id.*

Here, neither the People nor the court offered an explanation as to why concurrent sentences for the charges were not required to run concurrently. The black letter law of Penal Law 70.25(2) and the Court of Appeals holding in *Laureano* was ignored. Even if some reasoned legal authority where offered to rationalize consecutive sentences, the integrity of the sentence is tainted because the obligation to provide correct legal advice regarding the potential sentencing consequences was not fulfilled.

As charged in this case, criminal sexual act in the 1st degree requires in relevant part as follows:

9

A person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct or anal sexual conduct with another person:

2. Who is incapable of consent by reason of being physically helpless ...

*P.L.*, 130.50, 2.

As charged in this case, rape in the 1st degree requires in relevant part as follows:

A person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person:

2. Who is incapable of consent by reason of being physically helpless ...

*P.L.*, 130.35, 2.

Here, the facts of this case allege that the victim was extremely intoxicated. By her own admission, she does not "recall anything that happened." PSR. 5-7. Because of the allegation, the People choose to indict appellant for those sexual offenses relative to a victim who is rendered "physically helpless." This is the exact language used in Penal Law, sections 130.50 and 130.35. The elements of both offenses are otherwise identical. The *actus reus* that constitutes both offenses are, by definition, the same. Further, the *actus reus* for both offenses are, by definition, a material elements of each other. *People v. Laureano*, 87 N.Y.2d at 643; *Penal Law* 70.25(2).

It is anticipated that the People may argue that the offenses are different

10

because criminal sexual act in the 1st degree contemplates oral or anal sexual conduct and rape in the 1st degree contemplates sexual intercourse. By statutory definition, sexual intercourse occurs upon *any penetration ... P.L.*, 130.00; (emphasis added).

Only a concurrent, rather than a consecutive sentence was warranted for convictions on both counts. The offenses do not exist independently of the each other because they both were committed through a single actus reus. Therefore, appellant could never have been exposed to consecutive terms.

B. The plea should be withdrawn.

C.P.L. § 220.60 (4) provides that any time prior to the imposition of sentence, the court, in its discretion, may permit a defendant to withdraw a plea of guilty and reinstate the indictment as it existed at the time the plea of guilty was entered.

Here, the appellant made the appropriate motion at the appropriate time. Several weeks before sentence was imposed, defense counsel moved, in writing, to vacate the plea. The strength of the motion depends on the detail of supporting facts. A motion to withdraw is given greater consideration when it is made shortly after the plea, is in writing, and contains specific allegations supporting the motion. *People v Ranieri*, 43 AD2d 1012 (4th Dept 1974).

Here, this is not an instance where the defendant simply wishes to withdraw

11

the plea because of second thoughts. It is recognized that the application is within the court's sound discretion and that such motions are not readily granted. *People v Lisbon*, 187 AD2d 457 (2d Dept 1992); *People v Alexander*, 97 NY2d 482 (2002). Usually, they are not allowed, absent some new information/evidence or mistake in the inducement to plea. *People v D'Adamo*, 281 AD2d 751 (3d Dept 2001); *People v Stephens*, 291 AD2d 841 (4th Dept 2002). However, it is error for the court to summarily deny a motion without a hearing where the defendant's motion raises a genuine issue of fact. *People v Brown*, 14 NY3d 113 (2010).

Here, the obvious issue of fact is evidenced by the fact that that the judge who convicted the appellant offered advice which was an incorrect statement of statutory sentencing law. In this situation, the plea cannot be said to be a knowing and voluntary decision thereby verifiying the possibility of withdrawal. *People v Britt*, 200 AD2d 401 (1st Dept 1994). Specifically, but for the incorrect sentencing information, defendant would not have entered the guilty plea. The easiest and most available resolution would have been to grant the motion and allow the appellant to go to trial.

A conviction resulting from a plea can violate public policy because it upsets the "'reasonable assurance of certainty' provided by the negotiated sentence" and thereby threatens to destabilize the entire plea-bargaining system in this State by eroding public trust in the fairness and integrity of the process. *People v. Parker*,

271 A.D.2d 63, 71 (4th Dept. 2000). A motion to withdraw a guilty plea that is premised on something other than a renewed claim of innocence does provide a legal basis for relief. Such claims must be carefully reviewed by the courts because they are occasionally meritorious. *Britt v. Legal Aid Society*, 95 N.Y.2d 443 (2000); *People v. Flowers*, 30 N.Y.2d 315 6 (1972); *People v. Beasley*, 25 N.Y.2d 483 (1969); *People v. Berger*, 9 N.Y.2d 692 (1961). Review of these post-plea claims under CPL § 220.60 is an integral part of a criminal courts judge's oversight and supervision of "the delicate balancing of public and private interests in the process of plea bargaining." *People v. Selikoff*, 35 N.Y.2d 227, 243 (1974). A criminal defendant's decision to plead guilty or stand trial must be the product of a free and voluntary choice among the available alternatives, and must never be the result of any other influence. See *Boykin v. Alabama*, 395 U.S. 238 (1969).

Here, this same principle should logically apply to appellant's decision to exercise his statutory right to move to withdraw the guilty plea pursuant to CPL § 220.60 or, alternatively, to stand by the original plea. This critical decision must likewise remain unaffected by influences emanating from the court. For this reason, the sentencing court's decision should be rejected as contrary to public policy in this State.

In the event that this Court does not agree that the sentencing court should have exercised its discretion to vacate the plea, appellant is requesting that

13



it be permitted in the interest of justice pursuant to *C.P.L.* § 470.15 (6).

## POINT II

## APPELLANT WAS DEPRIVED OF THE
## EFFECTIVE ASSISTANCE OF COUNSEL.

A. Pursuant to *People v. Griffin*, ineffectiveness is reviewable if the claim infects the integrity of the plea.

Appellant asserts that he received constitutionally ineffective assistance of counsel because his attorney at the plea hearing failed to recognize and/or argue that the court had given the appellant sentencing advice that was incorrect as a matter of law. It is anticipated that the People assert that defendant forfeited the ineffectiveness claim by pleading guilty. Rather, the Court of Appeals has tated that such a claim is not forfeited. Claims related to the integrity of the criminal justice system, and "rights of a constitutional dimension that go to the very heart of the process," survive a guilty plea. *People v. Griffin*, 46 NYLJ, 120259452186 at 5 (April 13, 2013), citing *People v Hansen*, 95 NY2d 227, 230-231 (2000); see also *People v.Taylor*, 65 NY2d at 5 (a guilty plea "does not preclude certain rights of constitutional dimension"). The *Hansen* court opined that the "critical distinction is between defects implicating the integrity of the process, which may survive a guilty plea, and less fundamental flaws, such as evidentiary or technical matters, which do not." *Hanson, 95 NY2d.* at 231.

14

Here, and as explained by the Court of Appeals in the authorities cited above, claims to counsel are deeply intertwined with the integrity of the process in Supreme Court that defendant's guilty plea is no bar to appellate review. *Griffin* at 6. It is further anticipated that the People will rely on *People v. Petgen,* 55 NY2d 529 (1982) to argue against reviewability. The *Griffin* court found that such reliance can be misplaced. In *Petgen*, the Court found that, as a result of a guilty plea, defendant forfeited his claim that counsel was ineffective. However, in *Petgen* there was no suggestion that the ineffective assistance of counsel claim infected the plea. Furthermore, *Petgen* cannot support the argument that a plea forfeits an ineffectiveness claim in all instances. *Griffin* 46 NYLJ at 6.

B. The error in sentencing law should have been recognized and addressed.

Here, appellant's first attorney, the one who was later relieved, was standing next to the appellant when the judge told him that he could order a consecutive sentence in violation of Penal Law, section 70.25(2). There should be no criminal conviction. Apparently, counsel's questionable actions were even noticed by the appellant. Specifically, the attorney who represented appellant during the plea was removed from the case. It is suggested that an effective attorney would have taken the appropriate action and at least requested an adjournment to determine the extent of appellant's impairment.

In *Strickland v. Washington*, 466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052

(1984), the Court set forth the criteria to be utilized in determining when a defendant's conviction must be reversed because he did not receive the effective assistance of counsel guaranteed by the Sixth Amendment. The benchmark for judging such a claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694.

The second prong of the *Strickland* test requires that prejudice must be proved; it is not presumed. *Id.* at 692-693, 104 S.Ct. at 2067, 80 L.Ed.2d 696-697. Specifically, a defendant alleging actual ineffectiveness must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

Here, the *Strickland* threshold is realized because if counsel had not erred, the plea would not have been entered thereby resulting in a different outcome.

C. The plea was infected by counsel's ineffectiveness because its integrity was compromised.

Appellant pled to a B class violent felony as a non-predicate offender. The crime carries a sentencing range of 5 to 25 years. *P.L.*, 70.02(3)(a). He was

sentenced to an determinate term of 15 years. More importantly, the constitutional

components of the plea process were compromised. *Santobello v. New York*, 404

U.S. 254, 262 (1971). Counsel was unaware of the ingredients of the sentencing

guidelines. The right to effective assistance of counsel is guaranteed by the Federal

and State Constitutions. *US Const,*. 6th Amend; *NY Const.*, Art. I, @ 6.

A defendant in a criminal matter is entitled to adequate and effective

assistance at all stages of a proceeding. *Quartararo v. Fogg*, 679 F.Supp. 212, 239-

43 (E.D.N.Y. 1988). Since the role of a trial attorney is to ensure full an adequate

representation, it is necessary to make use of all available evidence to insure that

the adversarial process works properly in presenting the best defense possible.

Here, counsel was ineffective during the plea negotiation phase of the

process. If the evidence, the law, and the circumstances of a particular case, viewed

in totality and as of the time of the representation, reveal that the attorney provided

meaningful representation, the constitutional requirement will have been met.

*People v. Baldi*, 54 NY2d 137, 146-147. A contention of ineffective assistance of

trial counsel requires proof of less than meaningful representation, rather than

simple disagreement with strategies and tactics. *People v. Benn*, 68 NY2d 941. An

attorney may fail to make proper inquiry of the factual basis for a hearing. To

prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant

to demonstrate the absence of strategic or other legitimate explanations for

17

counsel's failure at a particular hearing. *People v. Rivera*, 71 NY2d 705, 707; 530 NYS2d 52, 54 (1988).

In this case, defense counsel was unable to recognize and address the constitutional infringement perpetrated upon the defendant when he admitted his guilt. This ineffectiveness compromised the integrity of the conviction and it constitutes a denial of meaningful representation pursuant to *Strickland/Baldi.*

POINT III

THIS COURT SHOULD MODIFY THE SENTENCE.

As argued above in Points I and II, this case should be remanded. If this Court is not inclined to agree, the following is offered to reduce the sentence as harsh and excessive. Reviewability of a negotiated sentence survives a guilty plea. *People v. Lynn*, 28 NY2d 196 (1971); *People v. Pollenz*, 67 NY2d 264 (1986). This Court is empowered with "broad plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though sentence may be within the permissible statutory range and such sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court." *People v. Hearn*, 669 NYS2d 984, 248 AD2d 889 (1998); see also, *People v. Harmon*, 695 NYS2d 758, 264 AD2d 941 (1999): *People v. Sheppard*, 708 NYS2d 740, 273 AD2d 498 (2000).

At sentencing, appellant's new attorney attempted to request a lesser

sentence despite the fact that his motion to withdraw had been denied. Specifically, he advised that appellant is 35 years old, has a 3 year old daughter and no criminal record. He is married and his wife, who suffers from a fatal heart condition, was supportive and in the courtroom at the time of the sentencing. He was remorseful and apologized to the victim's family. T. 12/23/14, 4-5.

The Supreme Court has noted that "circumstances in aggravation or mitigation are to be determined by the court after consideration of several items: the trial record; the probation officer's report; statements in aggravation or mitigation submitted by the parties, the victim, or the victim's family; and any further evidence introduced at the sentencing hearing." *Cunningham v. California*, 549 U.S. 270, 277 (2007).

Here, it appears the sentencing court did not consider the factors mentioned by the Court and rather, was influenced by a personal sense of morality. It is well settled that a sentence whose object is retribution rather than reformation and rehabilitation is excessive. *People v. Stewart*, 394 N.Y.S.2d 690 (1997). Finally, C.P.L. 470.15(6)(b) provides for relief from a sentence that, though legal, is unduly harsh or severe. Although excessive, the appellant's sentence is statutorily legal. However, it is harsh and excessive and the court should exercise its discretion to remand, reduce and/or modify defendant's sentence. *People v. Seneca*, 44 A.D. 2d 899, 356 N.Y.S.2d 148 (1974); CPL 470.15(3).

## CONCLUSION

For the reasons stated, Defendant-Appellant respectfully requests that the conviction be modified, vacated and/or remanded to the trial court.

Respectfully submitted,

_____

Del Atwell, Esq.

## CERTIFICATE OF COMPLIANCE

It is hereby certified that this brief conforms to CPLR 5529 and sections 670.10.1, 670.10.3 of the rules of this Court. It was prepared on a computer utilizing a helve, 14 point proportionally spaced typeface. It is double paced and contains 4052 words.

_____

Del Atwell, Esq.

Dated: May 29, 2015

# EXHIBIT



-------------------------------------------------------------

MOTION TO VACATED JUDGMENT, 440.10

-------------------------------------------------------------

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
---------------------------------------- X
THE PEOPLE OF THE STATE OF NEW YORK,

                     Respondent

               -against-

CRAIG GABBIDON,

               Defendant

---------------------------------------- X

NOTICE TO ATTORNEY
GENERAL TO INTERVENE
N.Y.C.P.L.R. 1012(b)

Ind. No. 121-2013

S I R S :

     PLEASE TAKE NOTICE, that the above entitled action involving the constitutionality of a statute of this state/rule or regulation adopted pursuant to this State, to wit: Penal Law 130.50(2), 130.35(2), 130.40(2), and 260.10(1), is pending in this court, and the State of New York is not presently a party to that action. Upon application pursuant to N.Y.C.P.L.R 1012(b) you will be permitted to intervene as a party in support of the constitutionality of Penal Law 130.50(2), 130.35(2), 130.40(2), and 260.10(1).

Dated: 9/16/16

       Coxsackie, New York

                              Respectfully Submitted

TO:  Hon. Eric T. Schneiderman
      Attorney General of the State
      of New York
      Albany, New York 12224-0341

      Supreme Court Clerk
      Dutchess County
      10 Market Street
      Poughkeepsie, NY 12601

      William v. Grady, Dist. Att.
      Dutchess County
      236 Main St.,
      Poughkeepsie, NY 12601

      personal file: c/g

CRAIG GABBIDON/15A0150
DEFENDANT

Coxsackie, C.F.
P.O. BOX 999
Coxsackie, NY 12051-0999

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-----------------------------------------X

PEOPLE OF THE STATE OF NEW YORK,

      -against-

CRAIG GABBIDON,

----------------------------------- Defendant. ------X

NOTICE OF MOTION
TO VACATE JUDGMENT

Ind. # 121/2013

Hon. Stephen Greller

C.P.L. 440.10(1)(h)

     PLEASE TAKE NOTICE that upon the annexed affidavit of Craig Gabbidon, duly sworn to the ___16th___ day of September, 2016, and documents attached thereto and upon the accusatory instrument and all the proceedings heretofore had herein, a motion will be made in the County Court of Dutchess, thereof, at the Courthouse located at 10 Market Street, Poughkeepsie, New York, on the ___29___ day of September, 2016, or thereafter at 10 O'clock in the forenoon of that day, or as soon thereafter as counsel can be heard, for:

(1) an order vacating the judgment heretofore entered against the above named defendant on the December 23, 2014, on the following grounds:    The judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States;

(2) an order, pursuant to N.Y. Crim. Proc. Law § 440.30(5), to

produce the defendant at any hearing to be conducted for the

purpose of determining this motion; and

(3) such other and further relief as to the court may seem

just and proper.


Dated: September 16 , 2016

_____
Craig Gabbidon 15A0150
Coxsackie Corr. Fac.
P.O. BOX 999
Coxsackie, N.Y. 12051



Sent to:   William V. Grady
           District Attorney of Dutchess County
           236 Main Street
           Poughkeepsie, New York 12601


           Hon. Eric T. Schneiderman
           Attorney General of the State
           of New York
           Albany, New York 12224-0341


-2-

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK,

    -against-

CRAIG GABBIDON,

              Defendant.
-------------------------------------------X

AFFIDAVIT IN SUPPORT
OF MOTION TO VACATE
JUDGMENT UPON THE
GROUND THAT THE JUD-
GMENT WAS OBTAINED IN
VIOLATION OF HIS CON-
STITUTIONAL RIGHT

Ind. No. 121/2013

STATE OF NEW YORK    )
                      )ss.:
COUNTY OF GREENE    )

    Craig Gabbidon, being duly sworn, deposes and says that:

    I am the defendant in the above-captioned matter, proceeding pro se and make this affidavit in support of a motion to vacate judgment of conviction upon the ground that it was obtained in violation of a right of the defendant under the Constitution of the State of New York and United States of America, as provided for by N.Y. Crim. Proc. Law § 440.10(1)(h) and the Fourteenth Amendment along with the Sixth Amendment of Federal Constitution.

## STATEMENT OF FACTS

On the date of March 3, 2013 the crimes of Penal Law 130.50(2), 130.35(2), 130.40(2) and 260.10(1) were alleged to have been committed by the defendant against Yolanda Reyes. The defendant was arrested on October 1, 2013 and subsequently indicted for the above stated penal law violations.

On the date of June 11, 2014, under the urging of his defense counsel Susan Mungavin and Alex Rosen, the defendant was convinced to plead guilty to one count of the indictment penal law 130.50(2), in full satisfaction of the indictment.

On the date of June 16, 2014 not more than 4 days later the defendant tried to withdraw said plea by sending a letter to this court and to defense counsels (see ex-A)

On June 25, 2014 Defense Counsel responded to the letter from the defendant and took no position to his intention to withdraw his plea, however, she requested that the court appoint new counsel (see ex-B).

On the date of July 1, 2014, this court appointed Mr. Eric S. Shiller of P.O. BOX 1601, Newberg, N.Y. 12551. (see ex-C).

On the date of September 10, 2014, defense counsel Mr. Shiller filed with this court a formal motion to withdraw guilty plea and the affirmation in support. (see ex-C)

The People represented by Alison J. Stuart, ADA responsed in

-2-

opposition to said motion.

Ultimately on October 15, 2014 this court denied defendant's motion to have his guilty plea withdrawn, having found that the ground submitted by defendant were without merit.

On the date of December 23, 2014 this court sentenced the defendant to a prison term of 15 years and 10 years post release supervision.

Defendant filed a timely notice of appeal and had his conviction affirmed by the Second Department on December 2, 2015. Leave to appeal to the Court of Appeals was denied on March 31, 2016. To date no federal attack of the conviction has been instituted.

-3-

---------------------------------------------------------------

PEOPLE OF THE STATE OF NEW YORK,

    -against-

CRAIG GABBIDON

               Defendant.

---------------------------------------------------------------


---------------------------------------------------------------

M E M O R A N D U M   O F   L A W

---------------------------------------------------------------

There can be no question that a plea of guilty must be voluntary, knowingly and intelligently entered by a defendant. The defendant must be made aware of all of the direct consequences, along with some of the collateral consequences. This gives the defendant the ability to make choices he can live with.

Post Release Supervision is a direct consequence of a conviction, which the defendant who pleads guilty has the right to know it's terms, <u>People v. Catu</u>, 4 N.Y.3d 242, 825 N.E.2d 1081, 792 N.Y.S.2d 887 (2005), <u>People v. Hill</u>, 9 N.Y.3d 189, 879 N.E.2d 152, 849 N.Y.S.2d 13 (2007). As the Court of Appeals explained in "<u>People v. Catu</u>, because a defendant pleading guilty to a determinate sentence must be made aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among the alternative course of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction." The Court further indicated "In that the constitutional defect lies in the plea itself and not in the resulting sentence, Vacatur of the plea is the remedy for a <u>Catu</u> error since it returns a defendant to his or her status before the constitutional infirmity occured. See <u>People v. Selikoff</u>, 35 N.Y.2d 227, 360 N.Y.S.2d 623, 318 N.E.2d 784 (1974).

The Court in this matter when explaining the maximum sentence that the defendant would be exposed to indicated a "cap of fifteen

-5-

(15) years determinate sentence in state prison and between two (2) and a half (1/2) to five (5) years postrelease supervision. (see ex-D). This Court was mistaken as to the maximum punishment of the postrelease supervision that could be imposed, Penal Law 70. 80(4) establishes that the amount of postrelease supervision the defendant would be exposed to is five (5) to twenty (20) years, not two (2) and a half (1/2) to five (5) years for the crime of Penal Law 130.50(2). This Court mislead the defendant and raises substantial doubt that had the defendant known the true amount of postrelease supervision he was subjected to by pleading guilty, never would he have accepted such plea. While the Court imposed a legal term of postrelease supervision, the offer made by the Court to induce defendant to plead guilty was illegal. Defendant was tricked!

Now comes the claim of ineffective assistance of counsel. Defendant was represented by two Court-Appointed attorneys from the Dutchess County public Defenders office and one independent attorney appointed through the 18B County Law. Neither representation afforded defendant with effective assistance of counsel. Defendant had the right to be represented by competent counsel who was familiar with the legal principles and issues governing the plea he was accepting and to benefit from the expertise of said counsel. (see People v Baldi, 54 N.Y.2d 137, 429 N.E.2d 400, 444 N.Y.S.2d 893.

-6-

Here, defendant's first attorney, who was later relieved, was standing next to the defendant when this Court in this matter when explaining the maximum sentence that the defendant would be exposed to (15) years determinative in state's prison, plus postrelease, supervision, and "I believe the postrelease supervision is, bear with me a minute, I believe it's between two (2) and a half (1/2) and five (5) years in postrelease supervision" in violation of Penal Law 70.80(4).

In Strickland v. Washington, 466 U.S. 688, 80 L.Ed.2d 764, 104 S.Ct. 2052 (1984), the Court set forth the criteria to be utilized in determining when defendant's conviction must be reversed because he did not receive the effective assistance of counsel guaranteed by the Sixth Amendment. The benchmark for judging such a claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694.

The second prong of the Strickland test requires that prejudice must be proved; it is not presumed. Id. at 692-693, 104 S.Ct. at 2067, 80 L.Ed.2d 696-697. Specifically, a defendant alleging actual ineffectiveness must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

-7-

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

Here, the Strickland threshold is realized because if counsel had not been incompetent, the plea would not have been entered thereby resulting in a different outcome

The plea was infected by counsel's ineffectiveness because its integrity was compromised.

Defendant plea to a B class violent felony as a non-predicate offender. The crime carries a sentence range of five (5) to twenty-five (25) years. P.L., 70.02(3)(a) and postrelease supervision range of five (5) to twenty (20) years. P.L., 70.80(4). More importantly, the Constitutional components of the plea process were compromised. Santobello v. New York, 404 U.S. 254, 262(1971). Counsel was unaware of the ingredients of the sentencing guidelines. The right to effective assistance of counsel is guaranteed by the Federal and State Constituions. US Const,. 6th Amend; NY Const., Art. 1, @ 6.

A defendant in a criminal matter is entitled to adequate and effective assistance at all stages of a proceeding. Quartararo v. Fogg, 679 F.Supp. 212, 239-43 (E.D.N.Y. 1988). Since the role of a trial attorney is to ensure full an adequate representation, it is necessary to make use of all available evidence to ensure that the adversarial process work properly in presenting the best defense Possible.

Here, counsel was ineffective during the plea negotiation

-8-

phase of the process. If the evidence, the law, and the circum-
stances of a particular case, viewed in totality and as of the time
of the representation, reveal that the attorney provided meaningful
representation, the constitutional requirement wil have been met.
People v. Baldi, 54 NY2d 137, 146-147. A contention of ineffective
assistance of trial counsel requires proof of less than meaningful
representation, rather than simple disagreement with strategies
and tactics. People v. Benn, 68 NY2d 941. An attorney may fail to
make proper inquiry of the factual basis for a hearing. To prevail
on a claim of ineffective assistance of counsel, it is incumbent on
defendant to demonstrate the absence of strategic or other legitimate
explanations for counsel's failure at a particular hearing. Peopel
v. Rivera, 71 NY2d 705, 707; 530 NYS2d 52, 54 (1988).

In this case, defense counsel's was unable to recognize and
address the constituional infringement perpetrated upon the defendant
when he admitted his guilt. This ineffectiveness compromised the
integrity of the conviction and it constitutes a denial of meaningful
representation pursuant to Strickland/Baldi.

-9-

A plea may be withdrawn by a defendant if it was induced by an unfulfilled sentence promised by the court, See People v. Fredrick, 45 N.Y.2d 520, 410 N.Y.S.2d 555. The issue should not be raised for the first time on appeal See People v. Mackey, 77 N,Y.2d 846, 569 N.E.2d 442, 567 N.Y.S.2d 639, People v. Lopez, 71 N.Y.2d 662, People v. Pellegrino, 60 NY2d 636; People v. Warren, 47 NY2d 740. This Court promised the defendant that his Postrelease supervision would be capped at five years, and was unable to fulfill it's promise, in fact the court was without jurisdiction and authority to make such an offer. Because a guilty plea is equivalent to a conviction after trial, failure to move to withdraw or vacate in the trial court will likely result in the conviction being affirmed on appeal. People v. Lopez, 71 NY2d 662, 529 N.Y.S.2d 465

Suffice it to mention that when the defendant entered into the court room and was prepared to accept a negoiated plea, the court went on record to establish that the offer (as illegal) was discussed by the Court, ADA and defense counsel, and the best of which was produced was a sentence which violated the constitutional rights of the defendant and denied him due process of law.

-10-

# C O N C L U S I O N

BASED ON THE AFOREMENTIONED FACTS, LEGAL ARGUMENTS AND CONCLUSIONS
OF LAW DEFENDANT WILL PRAY THAT THIS COURT GRANT THIS MOTION AND
VACATE THE JUDGMENT AND CONVICTION AND ANY OTHER RELIEF TO THIS
COURT MAY BE JUST AND PROPER, OR DEFENDANT WILL BE PLACED IN A
POSITION TO SEEK APPELLATE REVIEW OF THIS COURT'S ACTIONS IF THIS
COURT DENYAS THE RELIEF REQUESTED HEREIN.


Dated: September  /6 , 2016                    Craig Gabbidon 15A1050
                                              Coxsackie Corr. Fac.
                                              P.O. BOX 999
                                              Coxsackie, N.Y. 12051


SWORN TO BEFORE ME THIS  16th DAY

OF SEPTEMBER, 2016


N O T A R Y     P U B L I C

Jackie A. Lewis
Notary Public, State of New York
Qual...                                 –11–
... Expires 11/29/...

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
)  ss.:  Ind. No. 121-2013
COUNTY OF GREENE )  People v. Gabbidon

I, __CRAIG GABBIDON__ being duly sworn, deposes and says:

1. I am over eighteen (18) years of age and resides at the Coxsackie Correctional Facility, P.O.Box: 0999. Coxsackie, New York 12051-0999.

2. On __SEPTEMBER__ 16 , 20 16 , I placed and submitted a true and exact copy of the within document(s) which consist of the following: "Notice of motion to vacate judgement of conviction with affidavit in support of motion to vacate judgement of conviction, 440.10(1)(h)." ("with attached exhibits A, B, C and D.")

in a properly sealed, post paid wrapper and deposited same in an official depository of the United States Postal Service, said box being under exclusive care of the New York State Department of Correctional Services and is one established for the purpose of mailing correspondence, addressed for delivery to the following parties.

Hon. Eric T. Schneiderman
Attorney General of the State of
New York
Albany, NY 12224-0341

William v. Grady, Dist. Att.
Dutchess County
236 Main Street
Poughkeepsie, New York 12601

Supreme Court Clerk
Dutchess County
10 Market street
Poughkeepsie, New York 12601

SWORN TO BEFORE ME THIS
16ᵀᴴ DAY OF September 2016

NOTARY PUBLIC

Jephta A. Lewis
Notary Public, State of New York

Respectfully Submitted,

__CRAIG GABBIDON__
Din # 15-A-0150
Coxsackie Correctional Facility
P.O.Box: 0999
Coxsackie, New York 12051-0999

June 16, 2014
Hon. Stephen Greller
10 Market Street
Poughkeepsie, NY 12601

Dear Judge Greller:

On June 11, 2014, I pleaded guilty before your honor and **I now wish to immediately withdraw that plea under CPL section 220.60[3]** and request a new attorney be appointed so I may proceed with hearings and a jury trial. It is my fear that my attorney is far too intimidated by the court, the prosecutor and the charges to proceed to trial and represent me effectively.

I wish to **withdraw** my guilty plea because it was based on misinformation provided by my attorney who stated that if I went to trial I would be found guilty and sentenced consecutively on all counts including the class B felonies which carry up to 25 years each. After doing some research, I realized that is not possible because each of the alleged acts in the indictment have a single **"actus reas"** and constituted a single transaction although charged under different theories in different counts of the indictment. I would have to be sentenced to concurrent prison time if I was convicted under **CPL section 70.25[2]** which says **sentences must be concurrent** where a single act constitutes two offenses or where a single act constitutes one of the offenses and a material element of the other. I am also asking to withdraw this plea **because I am innocent** but my fear of being sentenced to 50 years or more terrified me so much that I pled guilty to something **I did not do**. It is my understanding that the evidence against me alleges that there was **no** penetration orally, vaginally or anally.

The bottom line is I pled guilty because my attorney led me to believe I would be convicted and sentenced to 25 years consecutively on the class B felonies even though it is alleged to be one victim and one transaction. **People versus Singh, 109 A.D.3d 1010.**

Please assign me new counsel and permit me to withdraw this plea based on incorrect information provided by my attorney.

Sincerely,

Craig Elazie Gabbidon





MARCUS J. MOLINARO
COUNTY EXECUTIVE

THOMAS N. N. ANGELL
PUBLIC DEFENDER

# COUNTY OF DUTCHESS
### OFFICE OF THE PUBLIC DEFENDER

June 25, 2014

Hon. Stephen L. Greller
Dutchess County Court
10 Market Street, 4th Floor
Poughkeepsie, NY 12601

Re:   People v. Gabbidon
Dutchess County Court

Dear Judge Greller:

We are in receipt of Craig Gabbidon's letter dated June 16, 2014. Mr. Gabbidon makes two applications in said letter.

Our office takes no position with respect to Mr. Gabbidon's application to withdraw his guilty plea pursuant to New York State Criminal Procedure Law section 220.60[3].

Since Alexander Rosen, Esq. and I are no longer able to communicate with Mr. Gabbidon, we join in his application for the appointment of new counsel forthwith.

I remain,

Very truly yours,

Susan Mraz Mungavin
Senior Assistant Public Defender

SMM/mar
CC:   Craig Gabbidon
Allison Stuart, A.D.A
Pamela Francis, Dutchess County Probation





STATE OF NEW YORK
COUNTY COURT OF THE
COUNTY OF DUTCHESS
10 MARKET STREET
POUGHKEEPSIE, NEW YORK 12601

(845) 431-1758

HON. STEPHEN L. GRELLER
COUNTY COURT JUDGE

WAYNE R. WITHERWAX, ESQ.
PRINCIPAL LAW CLERK

July 1, 2014

Eric S. Shiller, Esq.
P.O. Box 1601
Newburgh, NY 12551

RE:    People v. Craig Gabbidon
       Superceding Ind. No. 121/2013

Dear Mr. Shiller:

    The Court hereby appoints you to represent the above-named defendant on the matter
currently pending before us.

    Mr. Gabbidon was previously represented by the Public Defender.  Upon receipt of this
letter, I would ask you to please contact their office and arrange to obtain their file.

    We have scheduled this matter for your first appearance for Wednesday, July 9, 2014 at
9:15 a.m.  If that date presents a conflict, please contact Mr. Hogg, our Court Clerk to pick a
convenient date in the near future.

    Thank you for your assistance in this matter.

Very truly yours,

Stephen L. Greller
County Court Judge

SLG/kh
cc:    Susan Mraz Mungavin, Esq.
       Allison Stuart, Esq.
       Craig Gabbidon



STATE OF NEW YORK
COUNTY COURT: COUNTY OF DUTCHESS
------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK
                        Plaintiff,

                                              NOTICE OF MOTION TO
                                              WITHDRAW PLEA

                - against -                   Indictment # 121/2013

                                              (Hon. Stephen L. Greller)
CRAIG E. GABIDDON,
                        Defendant.
------------------------------------------------------------------X

SIRS:

     PLEASE TAKE NOTICE that upon the annexed Affirmation of Craig E.

Gabiddon, the defendant,  and upon all papers and proceedings heretofore had herein,

Eric S. Shiller, Esq., attorney of record for the defendant will move this Court at a term

thereof to be held in the Dutchess County Court, located at 10 Market Street,

Poughkeepsie, New York on the 18th day of September, 2014, at 9:00 o'clock in the

forenoon of that day, or as soon thereafter as counsel may be heard for an order granting

the following relief:

1.    For an order pursuant to Criminal Procedure Law §220.60(3) permitting

the defendant to withdraw his prior guilty plea for the reasons set forth

in the attached affirmation of the defendant, CRAIG E. GABIDDON.

     PLEASE TAKE FURTHER NOTICE that the defendant reserves the right to

make any and all further motions necessary in order to protect his rights under the United

States and New York State Constitutions and under all federal and state statutes upon

learning that grounds for such exist.

     As to each of the above requests, for such other and further relief as the Court

1



may deem just and proper.

Dated: Poughkeepsie, New York
       September 10, 2014

                           Respectfully Submitted,

                           ERIC S. SHILLER, ESQ.
                           *Attorney for the Defendant*
                           ERIC S. SHILLER LAW OFFICE, P.C.
                           54 Noxon Street
                           P.O. Box 774
                           Poughkeepsie, New York 12602

To:    Honorable Stephen L. Greller
        Dutchess County Court
        10 Market Street
        Poughkeepsie, NY 12601

        Allison J. Stuart, Esq.
        Office of the Dutchess County District Attorney
        236 Main Street
        Poughkeepsie, NY 12601

STATE OF NEW YORK
COUNTY COURT: COUNTY OF DUTCHESS
----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK
                        Plaintiff,

                                                    AFFIRMATION

        - against -
                                                    Indictment # 121/2013


CRAIG E. GABIDDON,
                        Defendant.
----------------------------------------------------------------X


        CRAIG E. GABIDDON, being duly sworn, deposes and states the

following:

1.      I am the defendant in this matter, and pled guilty to the charge of

Criminal Sexual Act in the First Degree, a class B violent felony, in violation of Penal Law

§130.50(2) on June 11, 2014.

2.      My lawyer at the time of my plea, Susan Mungavin, Esq. of the Dutchess County

Public Defender's Office pressured and badgered me to accept the proposed disposition and

plead guilty.  Ms. Mungavin pressured me by telling me that if I did not accept the plea offer

that I would never see my family again.  Additionally in pressuring me to plead guilty, my

lawyer went as far as bringing my wife, Luz Gabiddon into the County courthouse lockup

on June 11, 2014 to pressure me as well into accepting the plea offer.  With these tactics

used by my lawyer, I did not have a clear mind and I was coerced into pleading guilty.

3.      I, Craig E. Gabiddon, further contend and state definitively that I am not guilty of

the charge, and maintain my constitutional right to have my suppression hearing and my

jury trial in this matter.  I would not have waived the right to a hearing in this

matter and would not have waived my right to a jury trial in this matter, absent the extreme

3

pressure my lawyer, Susan Mungavin, Esq. placed on me.

WHEREFORE, it is respectfully requested that the motion to withdraw my plea be granted in its entirety.

_____
CRAIG E. GABIDDON

Sworn to before me this
10th day of September, 2014

_____
NOTARY PUBLIC

ERIC S SHILLER
NOTARY PUBLIC STATE OF NEW YORK
ORANGE COUNTY
LIC. #02SH6061664
COMM. EXP. 11-2-14

14

1    which is rape in the first degree, is also 25

2    years?

3        THE DEFENDANT:  Yes, sir.

4        THE COURT:  Do you understand that

5    because of the nature of the allegations in

6    the superseding indictment, you could be

7    sentenced consecutively?

8        THE DEFENDANT:  Yes, sir.

9        THE COURT:  Your attorney, the Assistant

10   District Attorney, have been discussing this

11   case and had a conference with me earlier

12   this afternoon.

13       It's my understanding at the time of

14   sentence I would cap your sentence at 15

15   years' determinative in state's prison, plus

16   postrelease supervision, and I believe the

17   postrelease supervision is, bear with me a

18   minute, I believe it's between two and a half

19   and five years in postrelease supervision.

20       Do you understand that?

21       THE DEFENDANT:  Yes, sir.

22       THE COURT:  In addition, you would be

23   required to pay certain surcharges as a sex

24   offender surcharge, sex offender fees, the

25   total of which is $1,425.



# EXHIBIT



------------------------------------------------------------

WRIT OF ERROR CORAM NOBIS, CLAIMING INEFFECTIVE ASSISTANCE OF
COUNSEL.

------------------------------------------------------------

CRAIG E. GABBIDON15A0150

COXSACKIE CORRECTIONAL FAC.

P.O. BOX 999

COXSACKIE, NEW YORK 12051

CLERK OF THE COURT

APPELLATE DIVISION                    Date: _August 9,_____ 2017

SECOND DEPARTMENT

45 Monroe Place

Brooklyn, NY. 11201


        Dear Clerk of the Court:


Please find enclosed a Writ of Error Coram Nobis, claiming ineff-
ective assistance of appellate Counsel.

I hope the submitted papers are in order and well received by
your office.

If there are any problems please let me know as soon as possible.

I was presented with a illegal plea offer only to be sentenced
to a term not apart of my plea.

                If possible please acknowledge receipt of this
letter.

        I thank you in advance


                                Sincerely yours,


                        Craig Gabbidon


cc: file

# SUPREME COURT OF THE STATE OF NEW YORK
# APPELLATE DIVISION: SECOND DEPARTMENT

## THE PEOPLE OF THE STATE OF NEW YORK,

----------------------------AGAINST----------------------------

## CRAIG E. GABBIDON

# WRIT OF ERROR CORAM NOBIS

## INDICTMENT NO. 121-2013
## APP. NO. 2015-00872

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
——————————————————————————————————X

THE PEOPLE OF THE STATE OF NEW YORK,
                         Respondent,

                  -against-

CRAIG E. GABBIDON,
                  Defendant-Appellant,
————————————————————————————————————X

NOTICE OF MOTION FOR
WRIT OF ERROR CORAM
NOBIS

Dutchess County
Ind. No. 121-2013
App. No. 2015-00872

State of New York)
                 ) ss:
County of Greene )

 **PLEASE TAKE NOTICE,** that upon the annexed affidavit of Craig
E. Gabbidon, being duly sworn on the ___9___ day of _August_ 2017, and
upon all exhibits attached and proceedings heretofore and herein,
defendant-appellant will move this Court at a term thereof, to be
held at the Appellate Division: Second Department, located at 45
Monroe Place, Brooklyn, New York, 11201, on the ___23__ day of _August_,
2017 at 10:00 O'clock in the forenoon of that day for an order va-
cating the Judgment of Conviction, Decision and Order of this Court
affirming his conviction, and granting such other and further relief
as may be just upon the ground that he was denied his right to the
effective assistance of counsel under the Fifth, Sixth and Fourtee-
nth Amendments of the United States Constitution, and Article 1, §
6 of the New York State Constitution on his direct appeal to this
Court Because: (a) the assistance provided by appellate Counsel was

so nominal it amounted to the substantial equivalent of being ass-
igned no counsel at all; and/or (b) if the assistance of appellate
counsel was something more than nominal, it still did not reach a
level of performance sufficient to satisfy an objective standard
of reasonableness, and there is a "reasonable probability" that but
for counsel's deficient performance, the outcome of defendant-appe-
llant appeal would have been different.

**PLEASE TAKE FURTHER NOTICE**, this motion is in the nature of a
Writ of Error Coram Nobis, and the answering papers, if any, shall
be filled with proof of service on the undersigned in accordance
with the provisions of 22 N.Y.C.R.R.§ 2214A. This motion is submit-
ted od the papers and personal appearance in opposition is neither
required nor permitted.

Date August 9 ,2017
    Coxsackie, N.Y. 12051


Craig Gabbidon, Din#75A0150
Appellant-Defendant, Pro se
Coxsackie Correctional Fac.
P.O. Box 999
Cocsackie, New York 12051


To:    Hon. William V. Grady
       District Attorney of Dutchess County
       236 Main Street
       Poughkeepsie, New York 12601

       Clerk of the Court
       Appellate Division: Second Department
       45 Monroe Place
       Brooklyn, New York 11201

Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. 01LE6265486
My Commission Expires 07/09/20 20

-2-

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT ____X

**THE PEOPLE OF THE STATE OF NEW YORK,**
                    Respondant,

                                          AFFIDAVIT SUPPORTING
                                          MOTION FOR WRIT OF
                                          ERROR CORAM NOBIS

            -against-                     Dutchess County
                                          Ind. No. 121-2013
                                          App. No. 2015-00872

**CRAIG E. GABBIDON,**
                    Defendant-Appellant,
_____X

State of New York)
                 ) ss:
County of Greene )

    I, Craig E. Gabbidon, being duly sworn, deposes and say:

    1.   I am the above name appellant in the above-entitled
action and I make this affidavit in support of a Petition for a
Writ of Error Coram Nobis upon the following grounds:

    (a)    Appellant was denied of his right to the effective
assistance of counsel on an appeal as of right in violation of his
State and Federal Constitutional rights; and

    (b)   Appellate counsel unjustifiabililty failed to raise a
merotorious issue on appeal, and if raised, would have resulted in
a reversal of the judgment or the plea being vacated; and

    2.   Appellant will demonstrate he is entitled to a **de novo**
appeal from the judgment rendered.

    3.   On appeal, counsel raised three issues, none of which
would have given appellant a revesal or vacation of the judgment

                          -3-

rendered in the Supreme Court of the State of New York, County of Dutchess. The issue raised by appellate counsel are as follows: (a) THE LOWER COURT ERROR IN DENYING THE MOTION TO WITHDRAW BECAUSE IT FAILED TO RECOGNIZE ITS OWN MISSTATEMENT OF SENTENCING LAW, (b) APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF TRAIL COUNSEL, AND (c) THE COURT SHOULD MODIFY THE SENTENCE.

## COURT'S DECISION

This Court affirmed the conviction rendered on December 23, 2014, in the Supreme Court of the State of New York, County of Dutchess, with or without an opinion (Exhibit A).

## PROCEDURAL HISTORY

4.   I was charged by indictment No. 121-2013, with the crimes of Penal Law §130.50(2), Penal Law §130.35(2), two counts of Penal Law §130.40(2), and Penal Law §260.10(2) and was convicted in Dutchess County, Supreme Court by a guilty plea of one count of Penal Law § 130.50(2).

5.   The plea agreement contained a determinate sentence to be "capped at 15 years of State Prison and two(2) and a Half(1/2) to 5yrs post-release supervision". (Which is a illegal PRS)

6.   On December 23, 2014, I was sentenced by the Hon. Judge Greller, to a totally different sentence of 15yrs determinate and 10yrs post-release supervision, in total violation of the agreed

-4-

upon sentencing range.

    7.    I filed a timely notice of appeal and a poor person status was granted to me with the assignment of counsel, Del Atwell, 39 5th Street, East Hampton, N.Y. 11937.

    8.    This Court affirmed defendant-appellant conviction in a published opinion as People v. Gabbidon, 134 A.D.3d 736, 19 N.Y.S.3d 786. defendant-Appellant then applied to the New York State Court of Appeals for leave to appeal this Court's Decision and Order of affirmation. That application was then denied on March 31, 2016. People v. Gabbidon, 27 N.Y.3d 964, 56 N.E.3d 905, 36 N.Y.S.3d 625.

    9.    No prior application has been made to any Court to review the adeuacy of the representation defendant-appellant received upon his direct appeal to this Court.

## FACTS

### INADEQUACY OF BRIEF FILED BY APPELLATE COUNSEL:

    10.    As priviously set forth, the appeal herein was perfected by assigned counsel without the benefit of any correspondence between counsel and appellant. During the period between the date counsel was assigned and the date upon which the appeal was perfected, assigned counsel never discuss the specific issues which would be included in his brief, nor did defendant-appellant have the opportunity to review the brief prior to its submission to the Court. The brief,

as submitted, did not present well-reasoned points for arguments
to this Court.

"On May 29, 2015, appellate counsel submitted and raised Three
(3) issues on direct appeal that were without merit. i.e. the lower
Court committed error in not recognizing it's own misstatment of
sentencing law, and deined appellant's motion to withdraw his guilty
pleq based an that error; Appointed counsel (Susan Mungavin) from
the Dutchess County Public Defender's Office should have recognized
that the Court's advise was incorrect as a matter of law; the brief
contained a final issue, that the sentence as harsh and excessive".
The brief was poorly drafted, without merit and clearly misguided
as to the facts, 'cause the motion to withdraw the guilty plea never
asserted the grounds raised in appellate counsel's drafted brief.
See Ex- B.

Since counsel's appointment, defendant-appellant has contacted
counsel on numerous different occasions and has not been able to
get a respond nor was he ever informed of the substantive and proce-
dural issues that would be presented in the brief prepared by appel-
late counsel on behalf of defendant-appellant. **See Latters as Ex- C.
D. E. F. G. H. I. J. K. L. M. AND N.**

The only response received from appellate counsel was his ter-
mination letter dated May 6, 2016, See Ex- O.

Defendant-Appellant, went as far as contacting the Clerk of the
Court Aprilanne Agostino, due to Mr. Atwell, Unprofessional ethics.
See Ex- P. Q. and R.

-6-

**Meritorious Issues Ignored By Appellate Counsel:**

Assigned counsel did not only inadequately represent defend-
ant-appellant upon appeal by making poorly drafted arguments un-
supported by the record, but also omitted meritorious arguments
upon which a reversal of the conviction whould have been obtained,
or the plea being vacated. Both facts in the record and prior de-
cisional law in the jurisdiction supported these issues. In some
instances the arguments should have been obvious from even a cas-
ual reading of the record, but were ignored on direct appeal.

"The plea agreement stated that defendant-appellant would be
sentenced to a period of post-release supervision ranging from
two (2) and a half (1/2) to five (5) yrs, Not ten (10), unbeknown
to the Court and Court Officers the plea agreement was in violation
of statutory Law, and was illegally enforced and hastely formed."

Sadly enough, Defense Counsel, The Prosecutor, and Judge
Greller, with his legal support staff all sanctioned this illegal
plea components. The Court with the ultimate sanctioning of any
agreements failed to ensure that defendant-appellant receive due
process of law.

Lastly, these issues of the plea containing an illegal com-
ponent should have been discovered by at least one (1) of the Court
appointed legal professionals. The defendant-appellant had the right
to be represented by a compotent counsel, before, during and after
his plea.

-7-

**WHEREFORE,** it is respectfully requested that an Order issues from this Court vacating the judgment of conviction the prior Decision and Order of this Court affirming the conviction of your deponent upon the grounds that he was deprived of the effective assistance of appellate counsel, and granting such other and further relief as may be just in the premises.

Date: August 9, 2017

Craig E. Gabbidon, 15A0150
Defendant-Appellant, **Pro se**
Coxsackie Correctional Fac.
P.O. Box 999
Coxsac, New York 12051

SWORN TO BEFORE ME THIS

9th DAY OF August 2017

NOTARY PUBLIC

Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. 01LE6265486
My Commission Expires 07/09/20

-8-

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT

**THE PEOPLE OF THE STATE OF NEW YORK,**
                    Respondent,

                                              **MEMORANDUM OF LAW**

        -against-                             Dutchess County
                                              Ind. No. 121-2013
                                              App. No. 2015-00872


**CRAIG  E. GABBIDON,**
                Defendant,

---

### PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of appellant's motion for a Writ of Error Coram Nobis. The motion is based upon the grounds that appellant was denied his State and Federal rights to the effective assistance of appellate counsel during his direct appeal to this Court from a judgement of conviction, entered in the Supreme Court, County of Dutchess, for the crime of: Criminal Sexual act in the 1st, Penal Law §130.50 sub2.

### STATEMENT OF FACTS

The facts, which provide the basis for the arguments contain within this Memorandum of Law, have already been detailed in appellant's affidavit submitted herewith and support of the instant motion. In the interest of brevity, appellant dose not reprint them here. Instead, appellant incorporates those facts into Memorandum of Law by reference, and re-alleges them as fully as if set forth here. Numbers in parenthesis preceded by "A" refer to the appellant's Exhibit "A" submitted herewith.

-9-

On or about September 29, 2016, appellant brought a Motion to Vacated Judgment under the provisions § 440.10(1)(h) of the Criminal Procedure Law to the Supreme Court of the State of New York, County of Dutchess, at a term thereof, raising the sole issues of him being deprived of his Statutory rights to Due Process of Law, and the Ineffective Assistance of Trial counsel under the Constitution of this State and of the United States of America.

"Appellant was deined of his rights to Due Process of Law, Under Article 1, § 6 of the New York Constitution, and the Fifth, Sixth, and Fourteenth Amendment of the United State Constitution." See Ex- S.

In response to appellant's motion to vacated judgment, the People argued that appellant's claim must be summarily deined based on the procedural bars contained in CPL § 440.10(1) and (2), or in the alternative, the motion ought to be deined pursuant to CPL § 440.30(4)(a), (b) and (d). Also, the People Claiming that the appellant's immigration status, the term of post-release supervision is a non-issue in his case and therefore, preclude appellant the right to enjoying the protection of our Constitution both State and Federal.

The People further contended appellant could have with due diligence made such facts of the issue appearing on the record, on direct appeal, failure to raise such ground or issue upon an appeal actually perfected by him. CPL § 440.10(2)(c). See Ex- T.

-10-

## POINT ONE

THE APPELLANT HAS THE RIGHT TO CHALLENGE THE
INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

Appellant has the right to challenge the ineffective assistance of appellate counsel collaterally by bringing a motion for a Writ of Error Coram Nobis in the Appellate Court where the ineffective assistance occurred. People v. Bachert, 69 N.Y.2d 593, 516 N.Y.S.2d 623 (1987). There is no time on the filing of collateral attacks on judgment of conviction. Cf. People v. Jackson, 78 N.Y.2d 638 (1991)

Appellant's appeal was heard and disposed of within the jurisdiction of, of in the Appellate Division, Second Department contends this is the appropriate forum in which he can challenge the effective assistance of appellate counsel.

## POINT TWO

APPELLANT'S RIGHT TO THE EFFECTIVE ASSISTANCE
OF COUNSEL ON HIS STATE COURT DIRECT APPEAL
WAS VIOLATED WHEN HIS ASSIGNED APPELLATE COUN-
SEL OMITTED SIGNIFICANT AND OBVIOUS ISSUES
WHILE PURSUING ISSUES THAT WERE CLEARLY AND
SIGNIFICANTLY WEAKER.

It is well established that every state criminal has a due process right to the effective assistance of counsel at direct appeal in a criminal case. see Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830 (1985); see also Strickland v. Washinton, 466 U.S. 668, 104 S.Ct. 2052 (1984).

This requires counsel to act as an advocate, not merely as amicus curiae, and to marshal legal arguments on appellant's behalf

-11-

in order that he might have a full and fair resolution and consideration of his appeal. see **Ellis v. United States**, 356 U.S. 674, 78 S.Ct. 974 (1958). This also "requires that he supports his client's appeal to the best of his ability" and the brief he submits must reflect more than "a detached evalution of the appellant's claim." see **Evtts v. Lucey**, **supra** at 394

The ommission of a meritorious claim cannot be excused simply because an intermediate appellate counsel would have rejected it.

In fact, the omission of a meritorious claim cannot be excused even when the claim was presented in a pro se supplemental brief and specifically rejected by the appellate court:

> "It is quite possible than an attorney would
> have found other arguments or would have
> articulate in the presentetion of the case
> on appeal. "Jenkins v. Coombe, 821 F.2d 158,
> 161 (2nd Cir. 1987), cert. den., 484 U.S.
> 1008, 108 S.Ct. 704(1988).

## Weakness Of The Issues Raised By Appellate Counsel:

Appellate counsel presented to the court an issue that was mistakenly referenced to defendant-appellant's motion to withdraw his guilty plea in the lower court. Mr. Del Atwell, without the benefit of conferring with his client, presented to the Appellate Court an issue alleged to have been litigated by defense counsel (18B) which purportedly claimed that the reason for asking for the plea back was because the Court mistakenly advised he could receive consecutive sentences.

-12-

However, this statement is misguided. At no time did defendant-
appellant offer such arguments for withdrawing his guilty plea,
where appellate counsel got this misguided information from is a
mystery to the appellant. The only issues contained in the motion
to withdraw the plea in the lower Court pertained to defense counsel
Susan Mungavin and coercion. This is obivously a case of incompete-
tence and borderline sabotage.

Worthy of mention is the fact that ADA Bridget Rahilly Steller,
in her 'Affirmation In Answer To A Motion To Vacate A Judgment'
dated October 12, 2016, indicates that "defendant Gabbidon took an
appeal to the Appellate Division in which he raised three points,
he made no complaint about the ten (10) years period of PRS."

She further cites (People v. Stewart, 16 N.Y.3d 839, 840-41
(2011) ("As far back as 1986, This Court has made it clear that
'[w]hen, as will usually be the case, sufficient facts appear on
the record to permit the question to be reviewed, sufficency of the
plea allocution can be reviewed only on direct appeal.") This argu-
ment supports appellant's reasons for moving in the form of a Writ
of Error Coram Nobis, because counsel on appeal shouls have read
the transcripts and detected the problem with the plea and the act-
ual sentence. The plea says one thing and the sentence actually
meaded out say another. In the interest of justice this Court should
not allow this wrong to go uncorrected. This action of the sentencing
court to indicate a certain range of PRS (which is illegal) and then
simply choose a number so harsh and excessive of (10yrs was never

-13-

mention in the plea minutes) is baffeling. This is the issues an effective appellate counsel should have identified, researched and briefed, anything less was and is without merit. Again, if counsel would have opened a line of communication with appellant, the opportunity to achieve a more favorable result would have been possible instead of having raised issues without any substance.

Counsel proceeded to raise issues that were clearly and significantly weaker, and totally unpreserved for review. No attempt was, nor could have been made to provide the Appellate Court with a reason for reviewing them in the interest of justice, because appellate counsel refused and ignored appellant's attempts to correspond pertaining to his direct appeal.

**Meritorious Not Raised By Counsel:**

Assigned counsel did not only submit substandard representation, submit poorly drafted arguments unsupported by the record, but also completely failed in his duty to marshal arguments on appellant's behalf, and as a result, did not afford appellant the quality of representation to which he was Constitutionally entitled. Most Notably, counsel did not raise the solidly meritorious arguments regarding:

"That the trial Court judgment was obtained in violation of appellant's rights to Due Process Under the Fifth, Sixth and Fourteenth amendment of this State and of the United States of America."

-14-

## POINT ONE

**DID THE TRIAL COURT VIOLATE APPELLANT RIGHTS
TO DUE PROCESS OF LAW UNDER THE FIFTH, SIXTH
AND FOURTEENTH AMEND. BY WRONGFULLY ADVISING
HIM OF THE AMOUNT OF POSTRELEASE SUPERVISION
HE WOULD BE SUBJECTED TOO?**

In order for a guilty plea to be Voluntarily, Knowingly, and intelligently entered in a criminal case, the defendant must be advised about the consequences of a guilty, or more specifically, the direct consequences of that plea. The defendant-apellant must be made awware of all of the direct consequences, along with some of the collateral consequences. This give the defendant-appellant the ability to make choices he can live with.

Post-release supervision is a direct consequence of a conviction, which the defendant-appellant who plead guilty has the right to know it's terms, <u>see</u> **People v. Catu**, 4 N.Y.3d 242, 792 N.Y.s.2d 887, 825 N.E.2d 1081 (2005), <u>People v. Hill</u>, 9 N.Y.3d 189, 849 N.Y.S.2d 13, 879 N.E.2d 152 (2007). As the Court of Appeals explained in "<u>People v. Catu</u>," because a defendant-appellant pleading guilty to a determinate sentence must be made aware of the Post-release supervision component of that sentence in order to Voluntarily, Knowingly, and Intelligently choose among the alternative courses of action, the failure of a Court to advise of post-release supervision requires a reversal of the conviction, i.e., vacatur of the plea. "The Court further indicated in that the Constitutional defect lies in the plea itself and not in the resulting sentence,

vacatur of the plea is the remedy for a Catu error since it returns a defendant to his or her original status before the Constitutional infirmity occured. See People v. Selikoff, 35 N.Y.2d 227, 360 N.Y.S. 2d 623, 318 N.E.2d 784 (1974).

Here, County Court erroneously incorrectly informed that he would receive two (2) and a (1/2) to five (5) years of post-release supervision, when by operation of law he was required to receive a term of five (5) to (20) years of post-release supervision. See People v. Miller, 62 A.D,3d 1047, 878 N.Y.S.2d 489 (2009).

The Court in this matter when explaining the maximum post-release supervision that the defendant-appellant would be exposed to indicated a "cap" of fifteen (15) yrs determinate sentence in state prison and two (2) and a half (1/2) to five (5) yrs of PRS. "NOT TEN".

The supreme Court, County of Dutchess, was clearly mistaken as to the maximum of PRS that could be imposed in this case, see PL 70. 80(4), which establiched that the amount of PRS the defendant-appellant could and would be exposed to is five (5) to twenty (20) yrs, not two (2) and a half (1/2) to five (5) yrs for the crime of PL 130.50(2).

The Court miclead the defendant-appellant and raised subtantial doubt that had the defendant-appellant known the true amount of PRS he would have been subjected to by pleading guilty, he never would have accepted such plea deal. While the Court imposed a legal term of PRS, the offer made on the record by the Court to induce defendant-appellant to plead guilty was illegal and violated defendant-appellant's Due Process of Law.

-16-

## POINT TWO

### DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

Defendant-Appellant was denied the effective assistance of trial counsel.

Defendant-Appellant was represented by two (2) Court-Appointed attorney's from the Dutchess County Public Defender's Office and one (1) independent attorney appointed through the 18B County Law. Neither representation offorded defendant-appellant with the effective assistance that he deserve.

Defendant-Appellant had the right to be represented by competent counsel who must be familiar with the legal priciples and issues governing the plea he was accepting and to benefit from the expertise of said counsel. see People v. Baldi, 54 N.Y.2d 137, 429 N.E.2d 400, 444 N.Y.S.2d 893.

Here, defendant-appellant's first attorney's, who was later relieved, was standing next to the defendant-appellant when the Supreme Court, County of Dutchess, Hon. Judge Greller, in this matter when explaining the maximum post-release supervision that the defendant-appellant would be exposed to :

The Court: "I believe it's between two (2) and a half (1/2) to five (5) yrs PRS" which violated Penal Law 70.80(4). 6/11/14, Pg14

A plea may by withdrawn by the defendant-if it was induce by an unfulfilled sentence promised by the Court, See People v. Fredrick, 45 N.Y.2d 520, 410 N.Y.S.2d 555. The issue should not be

-17-

raised for the first time on appeal, see People v. Mackey, 77 N.Y. 2d 846, 569 N.E.2d 442, 567 N.Y.S.2d 639; People v. Lopez, 71 N.Y. 2d 662; People v. Pellegrino, 60 N.Y.2d 636; People v. Warren, 47 N.Y. 740. This Court promised the defendant-appellant that his post-release supervision would be as low as two (2) and a (1/2) yrs, and was unable to fulfill it's promise. In fact, this Court was without jurisdiction and authority to make such and offer. Because a guilty plea is equvalent to a conviction after trial, failure to move to withdraw or vacate in the trial court will likely result in the conviction being affirmed an appeal. People v. Lopez, 71 N.Y.2d 662, 529 N.Y.S.2d 465.

Suffice it to mention that when the defendant-appellant entered into the Courtroom and was prepared to accepted a negoiated plea, the Court went on record to established that the offer (as illegal) was discussed by the Court, ADA and defense counsel, and the best of which was produced was a sentence which violate the appellant's Due Process of Law.

In conclusion, appellate counsel cannot be presumed to have provided the effective assistance when counsel clearly failed to raise issues which would have been reversed, if raised on direct appeal, and as a result of this, appellate counsel should be held ineffective, and appellant be granted a new appeal.

# C O N C L U S I O N

FOR THE FORGOING REASONS AS RAISED IN
POINT ONE AND TWO, APPELLATE COUNSEL
SHOULD BE HELD INEFFECTIVE AND APPEL-
LANT BE GRANTED A NEW APPEAL.

Date: August 9, 2017

Respectfully Submitted,
Craig E. Gabbidon 15A0150
Coxsackie Corr. Fac.
P.O. Box 999
Coxsackie, New York 12051

SWORN TO BEFORE ME THIS
9th DAY OF August 2017

N O T A R Y   P U B L I C

Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County,
No. O1LE6265486
My Commission Expires 07/09/20

-19-

### AFFIDAVIT OF SERIVICE

STATE OF NEW YORK         )

                               )  ss.:   People v. Gabbidon E. Craig

                                         App. No. 2015-00872

    ___GREENE___      )             Ind. No. 121-2013

      I,__Craig E. Gabbidon__ being duly sworn, depose and say:

      1.     I am over eighteen (18) years of age and reside at the Coxsackie Correctional Facility, P.O. Box: 0999, Coxsackie New York 12051-0999.

      2.     On August _9_, 20 17, I placed and submitted a true and exact copy of the within document(s) which consist of the following: "Notice of Motion For Writ of Error Coram Nobis For Ineffective Assistance of Appellate Counsel."

in a properly sealed, postpaid, wrapper and deposited same in an official depository of the United States Postal Service, said box being under exclusive care of the New York State Department of Correctional Services and is one established for the purpose of mailing correspondence, addressed for delivery to the following parties.

| | |
|---|---|
| APPELLATE DIVISION, SUPREME CT. | Dutchess County Dist. Att. |
| Second Judicial Department | William v. Grady |
| State of New York | 236 Main Street |
| 45 Monroe Place | Poughkeepsie, New York 12601 |
| Brooklyn, New York 11201 | |

SWORN TO BEFORE ME THIS

_9th_ DAY OF _August_ 20_17_.

NOTARY PUBLIC

Respectfully Submitted,

Craig E. Gabbidon

DIN #_15-A-0150_

Jeanne A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. 01LE6265486
My Commission Expires 07/09/20 20

-20-

Coxsackie Correctional Facility

P.O. Box: 0999

Coxsackie New York 12051-0999

CRAIG GABBIDON 15-A-0150

EASTERN Correctional Fac.

P. O. Box 338

Napanoch, New York 12458

7015 0640 0005 2457 6671

U.S. POSTAGE
PAID
NAPANOCH, NY
12458
MAR 09, 18
AMOUNT
**$0.00**
R2305K139818-05

1006        10007

**PRIORITY**
**★ MAIL ★**

TRACKED
★ ★ ★
INSURED
★

**UNITED STATES**
**POSTAL SERVICE®**

For Domestic and International Use     Label 107R, May 2014

RETURN RECEIPT
REQUESTED

2018 MAR 13 AM 3: 21

RE CE

MAR 13

CLE

United S

Southern

The Dis

United S

500

New York

USM P3
SDNY

EASTERN
CORRECTIONAL FACILITY
★

NEOPOST
03/09/2018
**US POSTAGE** $013.45°
ZIP 12458
041M11284360

Legal Mail