UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CRAIG E. GABBIDON,

                Petitioner,

-against-

WILLIAM A. LEE, Superintendent of
Eastern Correctional Facility,
                Respondent.
----------------------------------------------------------X

AFFIDAVIT IN ANSWER
TO A PETITION FOR A
WRIT OF HABEAS
CORPUS
28 U.S.C. §2254
18-CV-2248 (VB)

STATE OF NEW YORK  )
                       ) SS:
COUNTY OF DUTCHESS)

    KIRSTEN A. RAPPLEYEA, being duly sworn, deposes and says:

    1.    I am an Assistant District Attorney of Dutchess County representing Respondent herein and I am submitting this Affidavit in opposition to Petitioner's Petition for a Writ of Habeas Corpus, 28 U.S.C. §2254.

    2.    Petitioner is presently confined at Eastern Correctional Facility located in Napanoch, New York, pursuant to a judgment of the County Court of Dutchess County (Greller, J.) rendered December 23, 2014, convicting him, upon his plea of guilty, of the Class B Violent Felony of Criminal Sexual Act in the First Degree (N.Y. Penal Law §130.50 (2)) and sentencing him to a determinate term of fifteen (15) year in prison followed by ten (10) year post release supervision. Petitioner's judgment of conviction was affirmed by the Appellate Division,

Second Department. He is currently serving that sentence. A copy of Petitioner's commitment to the State Department of Correctional Services is attached as Exhibit 1.

3. This is the only conviction that is the subject of this petition.

4. Petitioner was charged under Dutchess County Superseding Indictment No. 121/2013 with one count of the Class B Violent Felony of Criminal Sexual Act in the First Degree (N.Y.P.L. §130.50 (2)), one count of the Class B Violent Felony of Rape in the First Degree (N.Y.P.L. §130.35 (2)), two counts of the Class E Felony of Criminal Sexual Act in the Third Degree (N.Y.P.L. §130.40 (2)), and one count of the Class A Misdemeanor of Endangering the Welfare of a Child (N.Y.P.L. §260.10 (1)). A copy of that Indictment is attached as Exhibit 2.

5. The Bill of Particulars specified that on March 3, 2013 between the hours of 2:00 p.m. and 8:00 p.m. at 4171 Albany Post Road in Hyde Park, New York, petitioner purchased alcohol for YR and her friend at a liquor Store in the City of Poughkeepsie. YR became extremely intoxicated from the alcohol petitioner had purchased for her. Petitioner placed YR and her friend in his truck and drove them to a motel in Hyde Park. Petitioner carried YR into the motel as she was too intoxicated to walk. While in the motel, petitioner removed YR's clothing and subjected her to contact between his penis and her anus, her vagina and her mouth. He did so for his own sexual gratification. YR was incapable of

consenting to these acts because she was less than seventeen years old, having been born on November 7, 1996, and because she was physically helpless because she was intoxicated. A copy of the Bill of Particulars is attached as Exhibit 3.

6. The District Attorney's records indicate that on June 11, 2014, the day pre-trial Huntley and Sandoval hearings were to be held in this case, and while petitioner was represented by the Public Defender of Dutchess County, he appeared in the Dutchess County Court (Greller, J.), and entered a plea of guilty to one count of Criminal Sexual Act in the First Degree pursuant to count one of the Indictment. A copy of the transcript of that proceeding is attached as Exhibit 4.

7. The District Attorney's records indicate that thereafter, petitioner complained about counsel who represented him at the plea; the Court relieved the Public Defender and appointed attorney Eric S. Shiller to represent petitioner pursuant to New York County Law Article 18-B. Attorney Shiller then filed a Motion to Withdraw the Guilty Plea in which petitioner alleged that he had been pressured and badgered by one of the Assistant Public Defenders who represented him to enter the guilty plea. Attached as Exhibits 5, 6 and 7 are copies of Petitioner's Motion and Supporting documents, the District Attorney's Answer and the petitioner's Reply.

8. By Order dated October 15, 2014, a copy of which is attached as Exhibit 8, the Dutchess County Court (Greller, J.) denied that motion.

9. The District Attorney's records indicate that on December 23, 2014, petitioner appeared in County Court with attorney Shiller and Judge Greller sentenced petitioner to a determinate term of 15 years in prison to be followed by 10 post release supervision and directed him to pay the mandatory surcharge and fees. A copy of the transcript of that proceeding is attached as Exhibit 9. It should be noted that when the term of post release supervision was imposed, the defense made no complaint.

10. Petitioner took a direct appeal from this judgment to the New York State Supreme Court, Appellate Division, Second Judicial Department. On that appeal, his assigned appellate counsel raised the following three points: (1) The Lower Court Erred in Denying the Motion to Withdraw Because it Failed to Recognize its Own Misstatement of Sentencing Law; (2) Appellant Was Deprived of the Effective Assistance of Counsel; and (3) This Court Should Modify the Sentence. Copies of the Appellant's and Respondent's Briefs are attached as Exhibits 10 and 11.

11. By Decision/Order dated December 2, 2015, a copy of which is attached as Exhibit 12, the Appellate Division affirmed petitioner's judgment of conviction. People v. Gabbidon, 134 A.D.3d 736, 19 N.Y.S.3d 786 (2d Dept. 2015).

12. The District Attorney's records indicate that by letter dated January 31, 2016, a copy of which is attached as Exhibit 13, petitioner sought leave to appeal to the New York Court of Appeals. By letter dated February 8, 2016, the Hon. Janet DiFiore, Chief Judge of the New York Court of Appeals was assigned to consider petitioner's leave application. See Exhibit 14 annexed hereto. A copy of the District Attorney's response to Chief Judge Janet DiFiore is attached as Exhibit 15.

13. By Certificate dated March 31, 2016, Chief Judge DiFiore denied that application. People v. Gabbidon, 27 N.Y.3d 964, 56 N.E.2d 905 (2016). See Exhibit 16. Petitioner did not file a Petition for a Writ of Certiorari in the United States Supreme Court.

14. The District Attorney's records indicate that petitioner then returned to the Dutchess County Court where he sought an Order Vacating his judgment of conviction pursuant to New York Criminal Procedure Law §440.10 (1) (h) on the ground that the judgment was obtained in violation of his rights under both the federal and state constitution. Attached hereto as Exhibits 17, 18 and 19 are copies of petitioner's motion dated September 16, 2016, the District Attorney's Answer and supporting documents and petitioner's reply respectively. In his Memorandum of Law in Support of that motion, petitioner alleged that his plea was involuntary because the post release term imposed exceeded the period mentioned by the Court

during the plea colloquy. He further argued that the Assistant Public Defender who represented him at the time of his plea failed to provide him with the effective assistance of counsel because she failed to object to the proposed incorrect term of post release supervision.

15. By Decision and Order dated January 21, 2017, a copy of which is attached as Exhibit 20, Dutchess County Court Judge Edward T. McLoughlin denied that motion. After noting that the facts needed to support the argument appeared on the record and could have been raised on direct appeal (People v. Cooks, 67 N.Y.2d 100, 500 N.Y.S.2d 503 (1986)), the County Court stated:

> . . . that at the time of the defendant's plea on June 11, 2014, it was made abundantly clear that because the defendant was not a U.S. citizen, he would be subject to deportation upon his release from the New York State Correctional System. Therefore, the amount of post release supervision time ultimately imposed would prove to be academic.

Exhibit 20 at p. 5.

14. Petitioner sought leave to appeal to the New York State Supreme Court, Appellate Division, Second Judicial Department from that January 21, 2017 Decision and Order. See Leave Application attached as Exhibit 21. By Decision and Order dated April 11, 2017, a copy of which is attached as Exhibit 22, Associate Justice Reinaldo E. Rivera denied that application. People v. Gabbidon, 2017 N.Y. App. Div. LEXIS 6053 (N.Y. App. Div. 2d Dept. Apr. 11, 2017).

15. Petitioner then sought leave to appeal to the New York Court of Appeals (Exhibit 23 annexed hereto) from that April 11, 2017 Decision and Order and by Order dated June 14, 2017, a copy of which is attached as Exhibit 24, Chief Judge DiFiore dismissed that application because the Order was not appealable pursuant to New York C.P.L. §450.90 (1).

16. On August 15, 2017, the *pro se* Petitioner returned to the New York State Supreme Court, Appellate Division, Second Judicial Department and filed a Motion for a Writ of Error Coram Nobis (People v. Bachert, 69 N.Y.2d 593, 516 N.Y.S.2d 623 (1987)), claiming that he received ineffective assistance of counsel. Petitioner argued that assigned appellate counsel (a.) failed to consult with him concerning issues to be raised, (b.) filed an Appellant's Brief which failed to contain a meritorious issue relating to the length of post release supervision mentioned at the plea and the term actually imposed at sentencing, and (c.) raised less promising issues. See Petitioner's Motion for a Writ of Error Coram Nobis annexed hereto as Exhibit 25.

17. The District Attorney filed an Affirmation in Answer to Petitioner's Motion on November 17, 2017. By Decision and Order dated January 31, 2018, the Appellate Division, Second Department denied petitioner's application for a Writ of Error Coram Nobis. People v. Gabbidon, 157 A.D.3d 964, 67 N.Y.S.3d 500 (2d Dept. 2018). A copy of the District Attorney's affirmation in answer thereto and

the Order of the Appellate Division denying said motion are annexed hereto as Exhibits 26 & 27.

18. Petitioner did not seek leave to appeal the denial of said motion to the New York Court of Appeals pursuant to New York C.P.L. §450.90 (1). See People v. Stultz, 2 N.Y.3d 277, 778 N.Y.S.2d 431 (2004).

19. Petitioner filed a Writ of Habeas Corpus on March 13, 2018 raising three grounds which appear to be grounds he raised on his direct appeal to the Appellate Division, in his motion to vacate his judgment of conviction in the Dutchess County Court, and in his motion for a writ of error coram nobis in the Appellate Division. The petition appears to be timely.

20. The Respondent submits that none of the grounds raised by petitioner states a basis upon which relief may be granted in this proceeding. A review of the state court record will establish that petitioner is not being held in violation of any right protected by the United States constitution and petitioner's claims lack merit.

21. By Order of this Court (Briccetti, U.S.D.J.) dated March 26, 2018, Respondent was directed to file and serve an answer to the petition on or before May 24, 2018.

22. The legal arguments in support of Respondent's arguments concerning this petition are set forth in the accompanying Memorandum of Law.

23. The factual statements in the affidavit are based on the public record

in petitioner's case and on information and belief, and the undersigned attorney for the Respondent declares that it is true and correct to the best of her knowledge.

WHEREFORE, for all the foregoing reasons, the Respondent prays that the writ of habeas corpus be, in all respects denied, and the petition be dismissed.

Dated: Poughkeepsie, New York
May 15, 2018

Respectfully submitted,

WVG  4262
KAR  5839

WILLIAM V. GRADY
Dutchess County District Attorney
Attorney for Respondent

BY: KIRSTEN A. RAPPLEYEA
Assistant District Attorney of Counsel
236 Main Street
Poughkeepsie, New York 12601
(845) 486-2300