```
COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
- - - - - - - - - - - - - - - - - - - - - X

PEOPLE OF THE STATE OF NEW YORK,       PLEA OF GUILTY

        -against-                      INDEX #2014/0536

CRAIG E. GABBIDON,                     SUP IND. #121/2013

        Defendant.                     NYSID #124392692
                                       CC #66273589H
                                       d/o/b  6/27/79

- - - - - - - - - - - - - - - - - - - - - X
```

Dutchess County Courthouse
10 Market Street
Poughkeepsie, New York  12601
June 11, 2014


BEFORE:  HONORABLE STEPHEN L. GRELLER
         County Court Judge


APPEARANCES:

   WILLIAM V. GRADY, ESQUIRE
   District Attorney of Dutchess County
   236 Main Street
   Poughkeepsie, New York  12601
   BY:  ALLISON J. STUART, ESQUIRE
        Assistant District Attorney


   THOMAS N. N. ANGELL, ESQUIRE
   Public Defender of Dutchess County
   22 Market Street
   Poughkeepsie, New York  12601
   BY:  SUSAN MUNGAVIN, ESQUIRE, and ALEX ROSEN,
        ESQ., Assistant Public Defenders


   CRAIG E. GABBIDON, Defendant


                              Barbara B. Dalzell
                              Official Court Reporter

```
 1    (June 11, 2014, 2:33 P.M. in court, attorneys
 2    present.)
 3              THE COURT:  Can I have a sidebar with
 4         the attorneys?
 5    (Off the record discussion at the sidebar between
 6    the attorneys and the Court.)
 7    (Defendant enters the courtroom.)
 8              THE COURT:  This is the matter of People
 9         versus Craig Gabbidon.
10         This matter is scheduled today for a
11         combined Huntley and Sandoval Hearing
12         pursuant to this Court's previously entered
13         order.
14         It's my understanding, after discussing
15         this matter with the attorneys, that we have
16         a proposed disposition.
17         Is that correct?
18              MS. MUNGAVIN:  We do, Your Honor.
19              THE COURT:  It's my understanding that
20         Mr. Gabbidon will agree to withdraw his
21         previously entered plea of not guilty to
22         Superseding Indictment #121 for the year
23         2013, and in its stead plead guilty to the
24         first count which charges criminal sexual act
25         in the first degree, in full satisfaction of
```

1   the remaining counts of the indictment of
2   which there are five counts.
3           Is that correct?
4           MS. MUNGAVIN: Yes, Your Honor.
5           THE COURT: Is that correct, Mr.
6   Gabbidon?
7           THE DEFENDANT: Yes, sir.
8           THE COURT: Mr. Gabbidon, the Clerk of
9   the Court is going to swear you in.
10          CRAIG GABBIDON, the defendant, having
11  been duly sworn by the Clerk of the Court,
12  responded as follows:
13          THE COURT CLERK: Please state your full
14  name for the record.
15          THE DEFENDANT: Craig Elazie Gabbidon.
16          THE COURT CLERK: Your date of birth,
17  sir?
18          THE DEFENDANT: 6/27/1979.
19          THE COURT CLERK: Thank you.
20          THE COURT: Mr. Gabbidon, it's my
21  understanding at this time you wish to
22  withdraw your previously entered plea of not
23  guilty to Superseding Indictment #121 for the
24  year 2013 and in its stead plead guilty to
25  the first count of that indictment, which

PEO. V. GABBIDON - PLEA OF GUILTY              4

1    charges you with the crime of criminal sexual
2    act in the first degree in full satisfaction
3    of the entire indictment.
4         Is that correct, sir?
5         THE DEFENDANT: Yes, sir.
6         THE COURT: Okay. Mr. Gabbidon, the
7    first count of Superseding Indictment #121
8    for the year 2013 charges you with the crime
9    of criminal sexual act in the first degree, a
10   Class B violent felony, in violation of
11   Section 130.50, Subdivision 2, of the Penal
12   Law.
13        And that count alleges that you, in the
14   Town of Hyde Park, County of Dutchess, State
15   of New York, on March 3, 2013, engaged in
16   anal sexual conduct with another person, to
17   wit, I will use the initials, YR, who was
18   incapable of consent by reason of being
19   physically helpless.
20        How do you plead to that count, sir?
21        THE DEFENDANT: Guilty, Your Honor.
22        THE COURT: Before I accept your guilty
23   plea, I'm going to ask you some questions to
24   make sure that I know that you understand
25   what you're doing and that you're doing this

1  voluntarily.

2  First of all, do you realize that
3  instead of pleading guilty, you could have a
4  jury trial?

5  THE DEFENDANT: Yes, sir.

6  THE COURT: Do you also understand that
7  by pleading guilty, you are waiving your
8  right to the hearing, that was a Huntley
9  Hearing, that was scheduled to begin today at
10 approximately two o'clock?

11 THE DEFENDANT: Yes, sir.

12 THE COURT: The first thing that would
13 happen at a jury trial, sir, is we would
14 select a jury. We would do that by your
15 attorney, the Assistant District Attorney,
16 and me asking potential jurors questions. As
17 you went along, you and your attorney would
18 be able to excuse people from serving on the
19 jury. There would come a point that twelve
20 people would be sworn to be jurors and they
21 would be the jury in your case.

22 Do you understand that?

23 THE DEFENDANT: Yes, sir.

24 THE COURT: The prosecutor would be
25 obligated to prove every element of the crime

1   charged against you beyond a reasonable
2   doubt. The prosecutor would attempt to do
3   that by calling witnesses to testify and by
4   offering whatever other evidence there might
5   be.
6       Your attorney would be able to
7   cross-examine the witnesses, she would be
8   able to challenge the admissibility of the
9   other evidence, and at the end of the case
10  she could argue to the jury as to what weight
11  or what consideration they should give to the
12  evidence.
13      Do you understand that?
14      THE DEFENDANT: Yes, sir.
15      THE COURT: The way the trial would
16  proceed is that the prosecutor would go first
17  and present evidence which is referred to as
18  the People's case.
19      After that, your attorney could argue
20  immediately to the jury that the People did
21  not prove your guilt beyond a reasonable
22  doubt or instead your attorney could first
23  present witnesses or other evidence on your
24  behalf.
25      And if you had witnesses who were

1   reluctant to come to court, your attorney
2   could issue a subpoena, which is a court
3   order directing that they come here and
4   testify.
5        Do you understand that?
6        THE DEFENDANT: Yes, sir.
7        THE COURT: If you wanted to testify at
8   the trial, that, of course, would be your
9   right.
10       On the other hand, if you did not want
11  to testify, the jury could not hold that
12  against you. That's because you have a
13  constitutional right to remain silent, a
14  right not to incriminate yourself, and you
15  would have no obligation to prove anything at
16  a trial.
17       Do you understand that?
18       THE DEFENDANT: Yes, sir.
19       THE COURT: At the end of the trial,
20  after hearing arguments on your behalf from
21  your attorney, you could not be convicted of
22  this crime or any related crime unless all
23  twelve jurors agreed that the People had
24  proved your guilt beyond a reasonable doubt.
25       Do you understand that?

1   THE DEFENDANT: Yes, sir.

2   THE COURT: Instead of a jury trial, you
3   could have a nonjury trial. The presentation
4   of evidence would take place in the same
5   manner that I just described, except the
6   decision as to whether your guilt had been
7   proved beyond a reasonable doubt would be
8   made by me alone rather than a jury.

9   Do you understand that?

10   THE DEFENDANT: Yes, sir.

11   THE COURT: And in pleading guilty, you
12   are giving up your right to a trial, your
13   right to remain silent, and your right not to
14   incriminate yourself with respect to this
15   charge.

16   Do you understand that?

17   THE DEFENDANT: Yes, sir.

18   THE COURT: Have you discussed your
19   guilty plea with Ms. Mungavin and Mr. Rosen?

20   THE DEFENDANT: Yes, sir.

21   THE COURT: Have you discussed with them
22   what happened back in March of 2013?

23   THE DEFENDANT: Yes, sir.

24   THE COURT: Have you talked to your
25   lawyers about whatever factual or legal

1  issues there might be in your case including
2  any and all possible defenses you may have?
3          THE DEFENDANT: Yes, sir.
4          THE COURT: Have you had enough time to
5  discuss everything about this case with your
6  attorneys?
7          THE DEFENDANT: Yes, sir.
8          THE COURT: Are you satisfied with their
9  advice and services?
10         THE DEFENDANT: Yes, sir.
11         THE COURT: And based upon your own
12 knowledge as to what happened as well as your
13 conversations with your attorneys, have you
14 concluded that it is in your best legal
15 interests to plead guilty today?
16         THE DEFENDANT: Yes, sir.
17         THE COURT: Are you pleading guilty
18 voluntarily?
19         THE DEFENDANT: Yes, sir.
20         THE COURT: Are you pleading guilty
21 because you are, in fact, guilty?
22         THE DEFENDANT: Yes, sir.
23         THE COURT: Do you feel you have been
24 threatened, coerced, forced, or pressured by
25 anybody into pleading guilty?

1  THE DEFENDANT: No, sir.
2  THE COURT: During the past six months
3  have you been treated for any alcohol or drug
4  abuse or undergone any counseling for any
5  psychological or emotional problems?
6  THE DEFENDANT: No, sir.
7  THE COURT: Are you presently under the
8  care of a doctor for any reason?
9  THE DEFENDANT: Could you repeat the
10 question?
11 THE COURT: Yes. Are you presently
12 seeing a doctor at the jail?
13 THE DEFENDANT: Not really, no. I --
14 MS. MUNGAVIN: Just regular --
15 THE COURT: Are you taking any
16 medication?
17 THE DEFENDANT: Yes, sir.
18 THE COURT: What type of medication do
19 you take?
20 THE DEFENDANT: Blood pressure medicine.
21 THE COURT: Okay. What do you take? Do
22 you remember the name of it?
23 THE DEFENDANT: Lisinopril, Norvasc. I
24 don't remember the last one. It's a yellow
25 pill. It's a water pill. I don't remember

1   the name of it.
2       THE COURT: Do you take them on a daily
3   basis?
4       THE DEFENDANT: Yes, sir.
5       THE COURT: Do you take them at night or
6   during the day?
7       THE DEFENDANT: Every afternoon.
8       THE COURT: Did you take yours yet
9   today?
10      THE DEFENDANT: Yes, sir.
11      THE COURT: Do you believe as you stand
12  here this afternoon that you are completely
13  clearheaded and understand everything that is
14  happening?
15      THE DEFENDANT: Yes, sir.
16      THE COURT: Now, in addition to the
17  sentence to be imposed, a felony conviction
18  has other consequences.
19      For example, if you are convicted of
20  another felony sometime in the next ten
21  years, the sentence for that future felony
22  would be more severe because of this
23  conviction, you also lose certain civil
24  rights, and a felony conviction is an
25  impediment, that means a bar, to receiving

1   certain kinds of licenses.
2           Do you understand that?
3           THE DEFENDANT: Yes, sir.
4           THE COURT: Are you a citizen of the
5   United States?
6           THE DEFENDANT: No, sir.
7           THE COURT: Where are you a citizen of?
8           THE DEFENDANT: Jamaica.
9           THE COURT: Do you understand there are
10  collateral consequences to this plea of
11  guilty?
12          THE DEFENDANT: Yes, sir.
13          THE COURT: Ms. Mungavin, tell me, put
14  on the record, if you would, what you have
15  explained to your client as to the collateral
16  consequences of this plea.
17          MS. MUNGAVIN: Judge, I have explained
18  to Mr. Gabbidon a number of times, we have
19  discussed this, that since he is not a
20  citizen, and this is a crime of moral
21  turpitude, it is likely that he would be
22  deported when he is released from prison.
23          THE COURT: Did Mr. Rosen also discuss
24  this with him?
25          MS. MUNGAVIN: I am not sure if

1  Mr. Rosen talked to him about it. I have
2  talked to him a number of times. I have
3  talked to his family as well, Judge.
4      THE COURT: Do you understand what your
5  attorney said about possibly being deported?
6      THE DEFENDANT: Yes, sir.
7      THE COURT: Okay. I need to tell you,
8  Mr. Gabbidon, that by pleading to this crime,
9  which is criminal sexual act in the first
10 degree, or any crime under this indictment,
11 you will be deported. It's a crime of moral
12 turpitude. You will serve whatever time you
13 serve in state's prison and you will be
14 deported.
15     Do you understand that?
16     THE DEFENDANT: Yes, sir.
17     THE COURT: With full knowledge of that,
18 are you willing to go ahead with this plea?
19     THE DEFENDANT: Yes.
20     THE COURT: Do you understand that the
21 maximum penalty for this crime is 25 years in
22 state's prison?
23     THE DEFENDANT: Yes, sir.
24     THE COURT: Do you also understand that
25 the maximum penalty for the second count,

1    which is rape in the first degree, is also 25
2    years?
3         THE DEFENDANT: Yes, sir.
4         THE COURT: Do you understand that
5    because of the nature of the allegations in
6    the superseding indictment, you could be
7    sentenced consecutively?
8         THE DEFENDANT: Yes, sir.
9         THE COURT: Your attorney, the Assistant
10   District Attorney, have been discussing this
11   case and had a conference with me earlier
12   this afternoon.
13        It's my understanding at the time of
14   sentence I would cap your sentence at 15
15   years' determinative in state's prison, plus
16   postrelease supervision, and I believe the
17   postrelease supervision is, bear with me a
18   minute, I believe it's between two and a half
19   and five years in postrelease supervision.
20        Do you understand that?
21        THE DEFENDANT: Yes, sir.
22        THE COURT: In addition, you would be
23   required to pay certain surcharges as a sex
24   offender surcharge, sex offender fees, the
25   total of which is $1,425.

1    In addition, you would be required to
2    register as a sex offender.
3    Do you understand all of that?
4    THE DEFENDANT: Yes, sir.
5    THE COURT: I told your attorney I'm
6    going to assume that is the sentence that
7    would be imposed.
8    On the other hand, if after reading the
9    presentence report or otherwise learning
10   something about you I find in good conscience
11   I cannot impose that sentence, then I would
12   give you the opportunity to withdraw your
13   guilty plea and we would start all over
14   again.
15   Do you understand that?
16   THE DEFENDANT: Yes, sir.
17   THE COURT: I also want you to know if
18   between now and the sentence date it's
19   learned that you fail to cooperate with,
20   mislead or lie to the Probation Officer who
21   will interview you for the presentence
22   report, or if you commit a new offense or are
23   appropriately arrested for a new offense,
24   which does not mean convicted, or if you
25   deliberately fail or refuse to appear here

1   for sentence, if any one of those things
2   occurred, you would not be allowed to
3   withdraw your guilty plea and you would be
4   subject to a more severe sentence.
5       Do you understand that?
6       THE DEFENDANT: Yes.
7       THE COURT: Have you understood
8   everything I have said so far?
9       THE DEFENDANT: Yes, sir.
10      THE COURT: Do you have any questions
11  you would like to ask either myself or Ms.
12  Mungavin?
13      THE DEFENDANT: No, sir.
14      THE COURT: Then I'm going to ask you
15  once again, how do you plead to the crime of
16  criminal sexual act in the first degree, a
17  Class B violent felony?
18      THE DEFENDANT: Guilty, sir.
19      THE COURT: Tell me what you did under
20  the first count in the Town of Hyde Park on
21  March 3, 2013, with regard to a young person
22  by the initials YR that makes you guilty of
23  this crime.
24      THE DEFENDANT: I engaged in anal sexual
25  conduct with a person being physically

1    helpless.
2    THE COURT: This took place in the Town
3    of Hyde Park?
4    THE DEFENDANT: Yes, sir.
5    THE COURT: Day or night?
6    THE DEFENDANT: Day.
7    THE COURT: And at the time you said you
8    engaged in anal sexual contact, do you admit
9    that there was contact between your penis and
10   this girl's anus?
11   THE DEFENDANT: Yes, sir.
12   THE COURT: And at the time you had that
13   contact, this girl was physically helpless,
14   in other words she was unconscious; is that
15   correct?
16   THE DEFENDANT: Yes, sir.
17   THE COURT: And was she unconscious
18   because of the consumption of alcohol?
19   THE DEFENDANT: Yes, sir.
20   THE COURT: Any questions based upon
21   that?
22   MS. STUART: No, Judge.
23   THE COURT: And at the time you
24   committed this act, you had no permission or
25   authority to do this, did you?

1    THE DEFENDANT: No, sir.

2    THE COURT: And she did not consent; is

3 that correct?

4    THE DEFENDANT: No, sir.

5    THE COURT: I find that the defendant

6 has pled guilty knowingly and voluntarily and

7 admitted the essential elements of the crime

8 of which he now stands convicted.

9    MS. MUNGAVIN: Judge, I should have put

10 on the record that Mr. Gabbidon's wife, Luz

11 Gabbidon, and his sister-in-law are present

12 in the courtroom.

13    THE COURT: Do you have any idea when we

14 can do this?

15    THE COURT CLERK: 7/14.

16    THE COURT: Does that work for you?

17    MS. MUNGAVIN: Yes, Judge.

18    THE COURT: Okay. The sentence will be

19 July 14th.

20    MS. MUNGAVIN: Judge, I will talk to

21 Probation, but I ask that Probation notify me

22 when they go to see him to do the presentence

23 interview.

24    THE COURT: Why don't you just mention

25 it to Mr. Callahan.

1        MS. MUNGAVIN: Okay, thank you.
2        THE COURT CLERK: Bail conditions, Your
3    Honor?
4        THE COURT: None.
5        MS. MUNGAVIN: Thank you, Judge.
6        THE COURT: Thank you, Ms. Mungavin.
7
8    (2:55 P.M. adjourned.)
9
10                          ---------
11
12        This is to certify that the foregoing
13    is an accurate transcription of my
14    stenographic notes as transcribed by me.
15
16        *Barbara B. Dalzell*
           _____
17            Barbara B. Dalzell
              Official Court Reporter
18
19
20
21
22
23
24
25