Mailed 5/28/15 + 35 days = 7/2/15 (Tech Dr,
+ 30 days more = 8/1/15 (Drop Dead) (Saturday)

To be submitted

# THE SUPREME COURT OF THE STATE OF NEW YORK
## APPELLATE DIVISION: SECOND DEPARTMENT

APPEAL NUMBER 2015-00872

---

## THE STATE OF NEW YORK

v.

## CRAIG GABBIDON

IND. #
(S) 12/2013

---

## BRIEF OF APPELLANT

---

DEL ATWELL
Attorney for Appellant
39 5th Street
East Hampton, NY 11937
(631) 267-2067

# TABLE OF CONTENTS

STATEMENT PURSUANT TO C.P.L.R. 5531 ............................. 3

PRELIMINARY STATEMENT ............................................. 4

QUESTIONS PRESENTED ............................................... 3

STATEMENT OF FACTS ............................................... 5

LEGAL ARGUMENT ................................................... 6

POINT I

THE LOWER COURT ERRED IN DENYING THE MOTION TO WITHDRAW BECAUSE IT FAILED TO RECOGNIZE ITS OWN MISTATEMENT OF SENTENCING LAW.

> A. Pursuant to Penal Law, section 70.25 (2), the trial court incorrectly advised that consecutive sentences were available.

> B. The plea should be withdrawn.

POINT II

APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL.

> A Pursuant to *People v. Griffin*, ineffectiveness is reviewable if the claim infects the integrity of the plea.

> B. The error in sentencing law should have been recognized and addressed.

> C. The plea was infected by counsel's ineffectiveness because its integrity was compromised.

POINT III

THIS COURT SHOULD MODIFY THE SENTENCE.

CONLUSION ................................................................................. 20

CERTIFICATE OF COMPLIANCE ........................................... 20

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : SECOND DEPARTMENT
_____

THE PEOPLE OF THE STATE OF NEW YORK,

    *-against-*

CRAIG GABBIDON
_____

### STATEMENT PURSUANT TO RULE 5531

1. The indictment number in the court below was 121-13.

2. The full names of the original parties were: People of the State of New York against Craig Gabbidon. This appeal is on behalf of Craig Gabbidon.

3. This action was commenced in County Court, Dutchess County.

4. This action was commenced by the filing of an indictment.

5. This appeal is from a judgment convicting appellant of criminal sexual act in the 1st degree.

6. This is an appeal from a judgment of conviction rendered December 23, 2014.

7. Appellant has been granted permission to appeal as a poor person. The appendix method is not being used.

## PRELIMINARY STATEMENT

This is an appeal from a judgment of the County Court, Dutchess County, rendered December 23, 2014, convicting appellant after a guilty plea of criminal sexual act in the 1st degree. He was sentenced to a determinate term of 15 years incarceration.

A timely Notice of Appeal was filed and this court granted defendant permission to appeal as a poor person. No stay of proceedings has been sought.

## QUESTIONS PRESENTED

1. Did the lower court err in denying the motion to withdraw because it failed to recognize its own misstatement of sentencing law?

    a. Pursuant to Penal Law, section 70.25 (2), did the trial court incorrectly advise that consecutive sentences were available?

    b. Should the plea be withdrawn?

2. Was appellant denied the effective assistance of counsel?

    a. Pursuant to *People v. Griffin*, is ineffectiveness reviewable if the claim infects the integrity of the plea?

    b. Should the error in sentencing law have been recognized and addressed?

    c. Was the plea infected by counsel's ineffectiveness because its integrity was compromised.

3. Should this court modify the sentence?

## STATEMENT OF FACTS

On March 3, 2013, at approximately 8:00 p.m., it was alleged that appellant bought alcohol for two minor females at a local liquor store. One of the girls became extremely intoxicated. She alleged that appellant drove her to a hotel and carried her into the room due to her state of unconsciousness. Once in the room, it was charged that appellant removed her clothing and subjected her to sexual contact. The contact took place between his penis and her vagina, anus and mouth. Afterward, he took her home. Appellant was arrested shortly thereafter because the other girl's mother called police when she did not return home. PSR, 5.

Forensic testing was conducted utilizing DNA analysis obtained from appellant and the complaining witness. The tests concluded that "genetic information was insufficient to generate a profile from the vagina swabs-sperm fraction, anal swabs non-sperm fraction, vulvar swabs sperm fraction, oral swabs sperm fraction and the swabs of the red marks on the [the victim's] right shoulder." "Forensic DNA analysis is a possibility in this case." PSR, 5.

On June 11, 2014, appellant chose not to proceed to trial and entered a negotiated guilty plea. He was advised of his right to a jury trial, his right to call witnesses at trial, his right to remain silent and his right against self incrimination. He was advised that by pleading guilty he was giving up all these rights and he would be admitting to the crime of criminal sexual act in the 1st degree, a class B

5

violent felony. The trial court accepted his plea of guilty. T. 6/11/14, 4-15.

After the plea hearing, defense counsel was relieved and new counsel entered. Counsel filed a motion to withdraw the plea which was denied. Sentence was imposed subjecting appellant to a determinate term of 15 years incarceration. T. 12/23/14, 3-5, 9.

## ARGUMENT

### POINT I

THE LOWER COURT ERRED IN DENYING THE MOTION TO WITHDRAW BECAUSE IT FAILED TO RECOGNIZE ITS OWN MISTATEMENT OF SENTENCING LAW.

A. Pursuant to Penal Law, section 70.25 (2), the trial court incorrectly advised that consecutive sentences were available.

The record reveals that the plea hearing was conducted on June 11, 2014 and appellant was represented by the Public Defenders' Office of Dutchess County. The sentencing hearing did not take place until over 6 months later and prior counsel had been relieved. On December 23, 2014, appellant was represented by an independent lawyer not affiliated with the County Public Defender. In the interim between plea and sentence, new counsel filed a motion to withdraw the plea entered when appellant was represented by the Public Defender. Specifically, at the sentencing hearing, counsel advised the court that the motion to withdraw was made because appellant "maintained his innocence" and that he was "coerced into

6

the same for both offenses (under the first prong of the statute), or if the actus reus for one offense is, by definition, a material element of the second offense (under the second prong)." *Id.* at 87 N.Y.2d 643.

However, the court in *Laureano*, did leave the determination to a mere theoretical analysis. Rather, it placed an obligation to prove that concurrent sentences are not required upon the People. The formula goes on to conclude that if the *actus reus* is not the same, "then the People have satisfied their obligation of showing that concurrent sentences are not required. If the statutory elements do overlap under either prong of the statute, the People may not yet establish the legality of consecutive sentencing by showing that the 'acts or omissions' committed by defendant were separate and distinct acts." *Id.*

Here, neither the People nor the court offered an explanation as to why concurrent sentences for the charges were not required to run concurrently. The black letter law of Penal Law 70.25(2) and the Court of Appeals holding in *Laureano* was ignored. Even if some reasoned legal authority where offered to rationalize consecutive sentences, the integrity of the sentence is tainted because the obligation to provide correct legal advice regarding the potential sentencing consequences was not fulfilled.

As charged in this case, criminal sexual act in the 1st degree requires in relevant part as follows:

9

A person is guilty of criminal sexual act in the first degree when he or she engages in <u>oral sexual conduct</u> or <u>anal sexual conduct</u> with another person:

2. Who is incapable of consent by reason of being physically helpless ...

*P.L.*, 130.50, 2.

As charged in this case, rape in the 1st degree requires in relevant part as follows:

A person is guilty of rape in the first degree when he or she engages in <u>sexual intercourse</u> with another person:

2. Who is incapable of consent by reason of being physically helpless ...

*P.L.*, 130.35, 2.

Here, the facts of this case allege that the victim was extremely intoxicated. By her own admission, she does not "recall anything that happened." PSR. 5-7. Because of the allegation, the People choose to indict appellant for those sexual offenses relative to a victim who is rendered "physically helpless." This is the exact language used in Penal Law, sections 130.50 and 130.35. The elements of both offenses are otherwise identical. The *actus reus* [wrong] that constitutes both offenses are, by definition, the same. Further, the *actus reus* for both offenses are, by definition, a material elements of each other. *People v. Laureano*, 87 N.Y.2d at 643; *Penal Law* 70.25(2).

It is anticipated that the People may argue that the offenses are different

10

because criminal sexual act in the 1st degree contemplates oral or anal sexual conduct and rape in the 1st degree contemplates sexual intercourse. By statutory definition, sexual intercourse occurs upon *any penetration* ... P.L., 130.00; (emphasis added).

[handwritten margin notes: "Both contemplates", "penis → anus", "penis → vagina", "2 sep. acts"]

Only a concurrent, rather than a consecutive sentence was warranted for convictions on both counts. The offenses do not exist independently of the each other because they both were committed through a single actus reus. Therefore, appellant could never have been exposed to consecutive terms.

B. The plea should be withdrawn.

C.P.L. § 220.60 (4) provides that any time prior to the imposition of sentence, the court, in its discretion, may permit a defendant to withdraw a plea of guilty and reinstate the indictment as it existed at the time the plea of guilty was entered.

Here, the appellant made the appropriate motion at the appropriate time. Several weeks before sentence was imposed, defense counsel moved, in writing, to vacate the plea. The strength of the motion depends on the detail of supporting facts. A motion to withdraw is given greater consideration when it is made shortly after the plea, is in writing, and contains specific allegations supporting the motion. *People v Ranieri*, 43 AD2d 1012 (4th Dept 1974).

Here, this is not an instance where the defendant simply wishes to withdraw

11

the plea because of second thoughts. It is recognized that the application is within the court's sound discretion and that such motions are not readily granted. *People v Lisbon*, 187 AD2d 457 (2d Dept 1992); *People v Alexander*, 97 NY2d 482 (2002). Usually, they are not allowed, absent some new information/evidence or mistake in the inducement to plea. *People v D'Adamo*, 281 AD2d 751 (3d Dept 2001); *People v Stephens*, 291 AD2d 841 (4th Dept 2002). However, it is error for the court to summarily deny a motion without a hearing where the defendant's motion raises a genuine issue of fact. *People v Brown*, 14 NY3d 113 (2010).

Here, the obvious issue of fact is evidenced by the fact that that the judge who convicted the appellant offered advice which was an incorrect statement of statutory sentencing law [He stated correctly!]. In this situation, the plea cannot be said to be a knowing and voluntary decision thereby verifying the possibility of withdrawal. *People v Britt*, 200 AD2d 401 (1st Dept 1994). Specifically, but for the incorrect sentencing information, defendant would not have entered the guilty plea. The easiest and most available resolution would have been to grant the motion and allow the appellant to go to trial.

A conviction resulting from a plea can violate public policy because it upsets the "'reasonable assurance of certainty' provided by the negotiated sentence" and thereby threatens to destabilize the entire plea-bargaining system in this State by eroding public trust in the fairness and integrity of the process. *People v. Parker*,

271 A.D.2d 63, 71 (4th Dept. 2000). A motion to withdraw a guilty plea that is premised on something other than a renewed claim of innocence does provide a legal basis for relief. Such claims must be carefully reviewed by the courts because they are occasionally meritorious. *Britt v. Legal Aid Society*, 95 N.Y.2d 443 (2000); *People v. Flowers*, 30 N.Y.2d 315 6 (1972); *People v. Beasley*, 25 N.Y.2d 483 (1969); *People v. Berger*, 9 N.Y.2d 692 (1961). Review of these post-plea claims under CPL § 220.60 is an integral part of a criminal courts judge's oversight and supervision of "the delicate balancing of public and private interests in the process of plea bargaining." *People v. Selikoff*, 35 N.Y.2d 227, 243 (1974). A criminal defendant's decision to plead guilty or stand trial must be the product of a free and voluntary choice among the available alternatives, and must never be the result of any other influence. See *Boykin v. Alabama*, 395 U.S. 238 (1969).

Here, this same principle should logically apply to appellant's decision to exercise his statutory right to move to withdraw the guilty plea pursuant to CPL § 220.60 or, alternatively, to stand by the original plea. This critical decision must likewise remain unaffected by influences emanating from the court. For this reason, the sentencing court's decision should be rejected as contrary to public policy in this State.

In the event that this Court does not agree that the sentencing court should have exercised its discretion to vacate the plea, appellant is requesting that

13

it be permitted in the interest of justice pursuant to *C.P.L.* § 470.15 (6).

## POINT II

### APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL.

A. Pursuant to *People v. Griffin*, ineffectiveness is reviewable if the claim infects the integrity of the plea.

Appellant asserts that he received constitutionally ineffective assistance of counsel because his attorney at the plea hearing failed to recognize and/or argue that the court had given the appellant sentencing advice that was incorrect as a matter of law. It is anticipated that the People assert that defendant forfeited the ineffectiveness claim by pleading guilty. Rather, the Court of Appeals has tated that such a claim is not forfeited. Claims related to the integrity of the criminal justice system, and "rights of a constitutional dimension that go to the very heart of the process," survive a guilty plea. *People v. Griffin*, 46 NYLJ, 120259452186 at 5 (April 13, 2013), citing *People v Hansen*, 95 NY2d 227, 230-231 (2000); see also *People v. Taylor*, 65 NY2d at 5 (a guilty plea "does not preclude certain rights of constitutional dimension"). The *Hansen* court opined that the "critical distinction is between defects implicating the integrity of the process, which may survive a guilty plea, and less fundamental flaws, such as evidentiary or technical matters, which do not." *Hanson*, 95 NY2d. at 231.

Here, and as explained by the Court of Appeals in the authorities cited above, claims to counsel are deeply intertwined with the integrity of the process in Supreme Court that defendant's guilty plea is no bar to appellate review. *Griffin* at 6. It is further anticipated that the People will rely on *People v. Petgen*, 55 NY2d 529 (1982) to argue against reviewability. The *Griffin* court found that such reliance can be misplaced. In *Petgen*, the Court found that, as a result of a guilty plea, defendant forfeited his claim that counsel was ineffective. However, in *Petgen* there was no suggestion that the ineffective assistance of counsel claim infected the plea. Furthermore, *Petgen* cannot support the argument that a plea forfeits an ineffectiveness claim in all instances. *Griffin* 46 NYLJ at 6.

B. The error in sentencing law should have been recognized and addressed.

Here, appellant's first attorney, the one who was later relieved, was standing next to the appellant when the judge told him that he could order a consecutive sentence in violation of Penal Law, section 70.25(2). There should be no criminal conviction. Apparently, counsel's questionable actions were even noticed by the appellant. Specifically, the attorney who represented appellant during the plea was removed from the case. It is suggested that an effective attorney would have taken the appropriate action and at least requested an adjournment to determine the extent of appellant's impairment.

In *Strickland v. Washington*, 466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052

(1984), the Court set forth the criteria to be utilized in determining when a defendant's conviction must be reversed because he did not receive the effective assistance of counsel guaranteed by the Sixth Amendment. The benchmark for judging such a claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694.

The second prong of the *Strickland* test requires that prejudice must be proved; it is not presumed. *Id.* at 692-693, 104 S.Ct. at 2067, 80 L.Ed.2d 696-697. Specifically, a defendant alleging actual ineffectiveness must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

Here, the *Strickland* threshold is realized because if counsel had not erred, the plea would not have been entered thereby resulting in a different outcome.

C. The plea was infected by counsel's ineffectiveness because its integrity was compromised.

Appellant pled to a B class violent felony as a non-predicate offender. The crime carries a sentencing range of 5 to 25 years. *P.L.*, 70.02(3)(a). He was

sentenced to an determinate term of 15 years. More importantly, the constitutional components of the plea process were compromised. *Santobello v. New York*, 404 U.S. 254, 262 (1971). Counsel was unaware of the ingredients of the sentencing guidelines. The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions. *US Const,*. 6th Amend; *NY Const.*, Art. I, @ 6.

A defendant in a criminal matter is entitled to adequate and effective assistance at all stages of a proceeding. *Quartararo v. Fogg*, 679 F.Supp. 212, 239-43 (E.D.N.Y. 1988). Since the role of a trial attorney is to ensure full an adequate representation, it is necessary to make use of all available evidence to insure that the adversarial process works properly in presenting the best defense possible.

Here, counsel was ineffective during the plea negotiation phase of the process. If the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met. *People v. Baldi*, 54 NY2d 137, 146-147. A contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics. *People v. Benn*, 68 NY2d 941. An attorney may fail to make proper inquiry of the factual basis for a hearing. To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for

counsel's failure at a particular hearing. *People v. Rivera*, 71 NY2d 705, 707; 530 NYS2d 52, 54 (1988).

In this case, defense counsel was unable to recognize and address the constitutional infringement perpetrated upon the defendant when he admitted his guilt. This ineffectiveness compromised the integrity of the conviction and it constitutes a denial of meaningful representation pursuant to *Strickland/Baldi*.

### POINT III

### THIS COURT SHOULD MODIFY THE SENTENCE.

As argued above in Points I and II, this case should be remanded. If this Court is not inclined to agree, the following is offered to reduce the sentence as harsh and excessive. Reviewability of a negotiated sentence survives a guilty plea. *People v. Lynn*, 28 NY2d 196 (1971); *People v. Pollenz*, 67 NY2d 264 (1986). This Court is empowered with "broad plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though sentence may be within the permissible statutory range and such sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court." *People v. Hearn*, 669 NYS2d 984, 248 AD2d 889 (1998); see also, *People v. Harmon*, 695 NYS2d 758, 264 AD2d 941 (1999): *People v. Sheppard*, 708 NYS2d 740, 273 AD2d 498 (2000).

At sentencing, appellant's new attorney attempted to request a lesser

sentence despite the fact that his motion to withdraw had been denied. Specifically, he advised that appellant is 35 years old, has a 3 year old daughter and no criminal record. He is married and his wife, who suffers from a fatal heart condition, was supportive and in the courtroom at the time of the sentencing. He was remorseful and apologized to the victim's family. T. 12/23/14, 4-5.

The Supreme Court has noted that "circumstances in aggravation or mitigation are to be determined by the court after consideration of several items: the trial record; the probation officer's report; statements in aggravation or mitigation submitted by the parties, the victim, or the victim's family; and any further evidence introduced at the sentencing hearing." *Cunningham v. California*, 549 U.S. 270, 277 (2007).

Here, it appears the sentencing court did not consider the factors mentioned by the Court and rather, was influenced by a personal sense of morality. It is well settled that a sentence whose object is retribution rather than reformation and rehabilitation is excessive. *People v. Stewart*, 394 N.Y.S.2d 690 (1997). Finally, C.P.L. 470.15(6)(b) provides for relief from a sentence that, though legal, is unduly harsh or severe. Although excessive, the appellant's sentence is statutorily legal. However, it is harsh and excessive and the court should exercise its discretion to remand, reduce and/or modify defendant's sentence. *People v. Seneca*, 44 A.D. 2d 899, 356 N.Y.S.2d 148 (1974); CPL 470.15(3).

19

## CONCLUSION

For the reasons stated, Defendant-Appellant respectfully requests that the conviction be modified, vacated and/or remanded to the trial court.

Respectfully submitted,

_____
Del Atwell, Esq.

## CERTIFICATE OF COMPLIANCE

It is hereby certified that this brief conforms to CPLR 5529 and sections 670.10.1, 670.10.3 of the rules of this Court. It was prepared on a computer utilizing a helve, 14 point proportionally spaced typeface. It is double paced and contains 4052 words.

_____
Del Atwell, Esq.

Dated: May 29, 2015