**PURSUANT TO § 50-b OF THE NEW YORK STATE CIVIL RIGHTS LAW,
THIS DOCUMENT IS NOT AVAILABLE FOR PUBLIC INSPECTION
IN THAT IT IDENTIFIES THE VICTIM OF A SEX OFFENSE**

STATE OF NEW YORK: COUNTY COURT
DUTCHESS COUNTY
_____x

THE PEOPLE OF THE STATE OF NEW YORK,

       - against -

CRAIG GABBIDON,

           Defendant.
_____x

AFFIRMATION IN ANSWER TO
A MOTION TO VACATE A
JUDGMENT OF CONVICTION

CPL § 440.10

Superceding Ind. # 121/13

       BRIDGET RAHILLY STELLER, being duly licensed to practice law in the State
of New York, hereby affirms under penalty of perjury:

       1. That she is the Chief Assistant District Attorney of Dutchess County and
makes this affirmation in answer to defendant's pro se motion seeking an Order Vacating his
judgment of conviction on the ground that the judgment of conviction was obtained in violation
of his constitutional rights.

       2. The District Attorney submits that the motion ought to be denied on both
procedural and substantive grounds.

       3. The District Attorney's records indicate that defendant-appellant was charged
by Superceding Indictment with one count of the Class B Violent Felony of Criminal Sexual Act
in the First Degree, one count of the  in the Class B Violent Felony of Rape in the First Degree,
two counts of the Class E Felony of Criminal Sexual Act in the Third Degree, and one count of
the Class A Misdemeanor of Endangering the Welfare of a Child.  Copies of that Indictment and
Bill of Particulars are attached as Exhibits 1 and 2.

4. The District Attorney's records indicate that on June 11, 2004, the day pre-trial Huntley and Sandoval hearings were to be held in this case, and while defendant Gabbidon represented by the Public Defender of Dutchess County, he appeared in this Court (Greller, J.), and entered a plea of guilty to one count of Criminal Sexual Act in the First Degree. A copy of the transcript of that proceeding is attached as Exhibit 3.

5. The District Attorney's records indicate that thereafter, defendant Gabbidon complained about counsel who represented him at the plea; the Court relieved the Public Defender and appointed attorney Eric S. Shiller to represent defendant Gabbidon. Attorney Shiller then filed a Motion to Withdraw the Guilty Plea in which defendant alleged that he had been pressured and badgered by one of the Assistant Public Defenders who represented him to enter the guilty plea. Attached as Exhibits 4, 5 and 6 are copies of the defendant's Motion and Supporting documents, the District Attorney's Answer and the defendant's Reply.

6. The District Attorney's records indicate that by Order dated October 15, 2014, a copy of which is attached as Exhibit 7, this Court (Greller, J.) denied that motion.

7. The District Attorney's records indicate that on December 23, 2014, defendant Gabbidon appeared in County Court with his attorney, Mr. Shiller, and Judge Greller sentenced defendant to a determinate term of 15 years in prison to be followed by ten post release supervision and directed him to pay the mandatory surcharge and fees. A copy of the transcript of that proceeding is attached as Exhibit 8.

8. The District Attorney's records indicate that defendant Gabbidon took an appeal to the New York State Supreme Court, Appellate Division, Second Judicial Department and his assigned appellate counsel filed a brief raising the following three points: (1) The Lower

Court Erred in Denying the Motion to Withdraw Because it Failed to Recognize its Own

Misstatement of Sentencing Law; (2) Appellant Was Deprived of the Effective Assistance of

Counsel; and (3) This Court Should Modify the Sentence. Copies of the Appellant's and

Respondent's Briefs are attached as Exhibits 9 and 10.

9. The District Attorney's records indicate that by Decision/Order dated

December 2, 2015, a copy of which is attached as Exhibit 11, the Appellate Division affirmed

defendant Gabbidon's judgment of conviction. 134 A.D.3d 736.

10. The District Attorney's records indicate that by letter dated January 31, 2016,

a copy of which is attached as Exhibit 12, defendant Gabbidon sought leave to appeal to the

Court of Appeals. A copy of the District Attorney's response to Chief Judge Janet DiFiore is

attached as Exhibit 13.

11. The District Attorney's records indicate that by Certificate dated March 31,

2016, Chief Judge DiFiore denied that application. 27 N.Y.3d 964. See Exhibit 14.

12. Defendant now seeks an Order Vacating his judgment of conviction (CPL §

440.10 (1) (h) on the ground that the judgment was obtained in violation of his rights under both

the federal and state constitution.

13. The District Attorney denies defendant Gabbidon's allegations and submits

that the motion ought to be denied on procedural and/or substantive grounds.

14. Criminal Procedure Law § 440.10 (2) ( c ) provides:

> Notwithstanding the provisions of subdivision one, the
> court must deny a motion to vacate a judgment when:
>   . . .
> ( c ) Although sufficient facts appear on the record of the
> proceedings underlying the judgment to have permitted, upon

appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

15. Criminal Procedure Law § 440.10 (3) (a) provides:

Notwithstanding the provisions of subdivision one, the court may deny a motion to vacate a judgment when:
(a) Although facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review of such ground or issue upon an appeal from the judgment, the defendant unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined on appeal. . . .

16. Criminal Procedure Law § 440.30 (4) provides:

Upon considering the merits of the motion, the court may deny it without conducting a hearing if:
(a) The moving papers do not allege a ground constituting legal basis for the motion; or
(b) The motion is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts, as required by subdivision one; or
( c ) An allegation of fact essential to support the motion is conclusively refuted by unquestionable documentary proof; or
(d) An allegation of fact essential to support the motion (I) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true.

17. Here defendant Gabbidon alleges that his guilty plea was not intelligently, knowingly and voluntarily entered because the Court did not fully advise him concerning the scope of the post release supervision component of his sentence. That claim is not entirely accurate; the Court's advice concerning post release supervision is contained in the plea

transcript and, in any event, defendant has not explained how any period of post release

supervision could affect him.  On this record, defendant's claim at page 6 of his Memorandum of

Law that he was tricked lacks any ring of truth.

        18.  Specifically, during the plea colloquy, the following questions were asked and

answers given:

        THE COURT: Are you a citizen of the United States?
        THE DEFENDANT: No, sir.
        THE COURT: Where are you a citizen of?
        THE DEFENDANT: Jamaica.
        THE COURT: Do you understand there are collateral
consequences to this plea of guilty?
        THE DEFENDANT: Yes, sir.
        THE COURT: Ms. Mungavin [defense counsel], tell me,
put on the record, if you would, what you have explained to your
client as to the collateral consequences of this plea?
        MS. MUNGAVIN: Judge, I have explained to Mr.
Gabbidon a number of times, we have discussed this, that since he
is not a citizen, and this is a crime of moral turpitude, it is likely
that he would be deported when he is released from prison.
        THE COURT: Did Mr. Rosen [defense counsel] also
discuss this with him?
        MS. MUNGAVIN: I'm not sure if Mr. Rosen talked to him
about it.  I have talked to him a number of times.  I have talked to
his family as well, Judge.
        THE COURT: Do you understand what your attorney said
about possibly being deported?
        THE DEFENDANT: Yes, sir.
        THE COURT: Okay.  I need to tell you, Mr. Gabbidon, that
by pleading to this crime, which is criminal sexual act in the first
degree, or any crime under this indictment, you will be deported.
It's a crime of moral turpitude.  You will serve whatever time you
serve in state's prison and you will be deported.
        Do you understand that?
        THE DEFENDANT: Yes, sir.
        THE COURT: With full knowledge of that are you willing
to go ahead with this plea?
        THE DEFENDANT: Yes.
        Do you understand that the maximum penalty for this

crime is 25 years in state's prison?

      THE DEFENDANT: Yes, sir.

      THE COURT: Do you also understand that the maximum penalty for the second count, which is rape in the first degree, is also 25 years?

      THE DEFENDANT: Yes, sir.

      THE COURT: Do you understand that because of the nature of the allegations in the superseding indictment, you could be sentenced consecutively?

      THE DEFENDANT: Yes, sir.

      THE COURT: Your attorney, the Assistant District Attorney, have been discussing this case and had a conference with me earlier this afternoon.

      It's my understanding at the time of sentence I would cap your sentence at 15 years' determinative in state's prison, plus post release supervision, and I believe the post release supervision is, bear with me a minute, I believe it's between two and a half and five years in post release supervision.

      Do you understand that?

      THE DEFENDANT: Yes, sir.

Exhibit 3 at pp. 12 - 14.

      19.  On December 23, 2014, defendant Gabbidon appeared in County Court for sentencing.  Near the beginning of the proceeding, the prosecutor read a statement from the victim who concluded her statement with the following: "I would just ask that we go with the fifteen years determinate which was agreed upon with ten years post -release supervision. Exhibit 8 at p. 3.  Defense counsel did not refer to the period of post release supervision in his remarks.  Instead, he asked the Court to be lenient and impose less than the bargained for 15 year determinate sentence, Id. at 4-5.  When defendant addressed the Court, he maintained that he was innocent and blamed one of the Assistant Public Defenders for coercing his guilty plea, but he too never mentioned the period of post release supervision.  Id at 5-6.  When the Court addressed the defendant, after rejecting defendant's claim that he was falsely accused, and noting

defendant's "history of non-compliance with the law" and sentenced him to a determinate term of fifteen years with ten years post release supervision. Id. at 6-9.  Significantly, neither defendant Gabbidon nor his attorney objected to the term of post release supervision.

20.  Although defendant Gabbidon took an appeal to the Appellate Division in which he raised three points, he made no complaint about the ten year period of post release supervision.

21.  Since the facts relating to defendant's claim that his guilty plea was not knowingly, voluntarily and intelligently entered because the length of the period of post release supervision imposed at sentence exceeded the period mentioned at the guilty plea appear on the Record, this motion ought to be denied pursuant to CPL § 440.10 (2) ( c ).  See People v. Stewart, 16 N.Y.3d 839, 840-41 (2011) ) ("As far back as 1986, this Court had made clear that '[w]hen, as will usually be the case, sufficient facts appear on the record to permit the question to be reviewed, sufficiency of the plea allocution can be reviewed only on direct appeal.'") See also Smalls v. Lee, 2016 U.S. Dist. LEXIS 129881, 12-CV-2083 (KMK) (LMS)  (S.D.N.Y. 9/22/16) at p. 20.

22.  Moreover, as argued in paragraphs _____ infra, because of defendant's immigration status, the term of post release supervision is a non-issue in his case and therefore, any statements relating to it could have had no impact on the plea itself.  In sum, on this record and because id defendant's immigration statue, issues relating to post release supervision could not impact the knowing, intelligent and voluntary nature of the guilty plea itself.

23.  Next defendant alleges that he received ineffective assistance of counsel because the attorney(s) who represented him at the guilty plea was unaware that the authorized

period of post release supervision was a period ranging between five and twenty years. There is no basis on this record for this speculation. It should be noted that after the guilty plea was entered, defendant complained about his attorneys. The Court relieved them and while represented by new counsel, defendant filed a Motion top Withdraw his Guilty Plea. Significantly, he raised no issue relating to post release supervision in that motion and at sentencing, he raised no complaint about the length of the period of post release supervision and he raised no issue relating to post release supervision on his direct appeal.

24. First, defendant has not established with sworn allegations of fact that at the time he entered this guilty plea his attorney was unaware of the authorized period for post release supervision. His argument is based on speculation and therefore it ought to be summarily rejected. See CPL § 440.30 (4) (b).

25. Second, this prong of the motion ought to be denied pursuant to CPL § 440.10 (3) because defendant unjustifiably failed to place the facts necessary to review this claim on the record and as a result, this specific claim could not have been determined on the appeal which defendant Gabbidon took and perfected.

26. In any event, the record reveals that the term of post release supervision will have no effect on defendant Gabbidon. Therefore, nothing related to post release supervision can impact the representation provided to him.

27. If this Court considers this claim on the merits, the claim should be rejected because the record establishes that defendant received meaningful assistance of counsel (state standard) (see People v. Benevento, 91 N.Y.2d 708, 713-15 (1998); People v. Baldi, 54 N.Y.2d 137, 147 (1981); People v. Watson, ____ A.D.3d ____, 2010-05881 (2d Dept. 7/5/12) (mem.)), and

that counsel's performance could not be characterized as either deficient or prejudicial to the

defendant (federal standard).  See Strickland v. Washington, 466 U.S. 688 (1984).  See also

People v. Brooks, 36 A.D.3d 929, 930 (2d Dept.) (mem.), appeal denied 9 N.Y.3d 840 (2007);

People v. Sierre, 173 A.D.2d 211 (1st Dept.) (mem.), appeal denied 78 N.Y.2d 974 (1991).

28.  As a practical matter, the record establishes that the period of post release

supervision was a non-issue in this case and the Court specifically advised defendant at the time

he entered his guilty plea, that upon release from prison, he would be deported. Exhibit 3 at p.

13.

29.  Almost six years ago, in Premo v. Moore, 562 U.S. 115, 124 (2011), in

reviewing a claim of ineffective assistance of counsel in a federal habeas corpus proceeding, the

Supreme Court recognized:

> Acknowledging guilt and accepting responsibility by an
> early plea respond to certain basic premises in the law and its
> function.  Those principles are eroded if a guilty plea is too easily
> set aside based on facts and circumstances not apparent to a
> competent attorney when actions and advice leading to the plea
> took place.  Plea bargains are the result of complex negotiations
> suffused with uncertainty, and defense attorneys must make careful
> strategic choices in balancing opportunities and risks.  The
> opportunities, of course, include pleading guilty to a lesser charge
> and obtaining a lesser sentence, as compared with what might be
> the outcome not only at trial but also from a later plea offer if the
> case grows stronger and prosecutors find stiffened resolve. . . .

30.  This ruling was consistent with the Court's previous ruling in Hill v.

Lockhart, 474 U.S. 52, 59 (1985) that in order to establish that counsel was ineffective in a

conviction based on a guilty plea, a defendant must not only show that counsel's advice was not

within the standards of reasonable competence and that there is a reasonable probability that

based on counsel's incorrect advice, there is a reasonable probability that he would have insisted on pleading guilty.

31. Here defendant has not and cannot met his burden of establishing that counsel was ineffective.

32. Defendant faces mandatory deportation upon release from prison; he was convicted of engaging in anal sexual conduct with a minor who was physically helpless by reason of intoxication. See Exhibits 1, 2 and 3. Therefore, this conviction is for an aggravated felony as defined in 8 U.S.C § 1101 (a) (43) (A) and he is deportable under 8 U.S.C. § 1227 (a) (2) (A) ( iii ). See Silva v. Gonzales, 455 F.3d 26, 29 (1ˢᵗ Cir. 2006). See also Ashton v. Gonzales, 431 F.3d 95 (2d Cir. 2005). As the Supreme Court recognized in Padilla v. Kentucky, 559 U.S. 356, 363-64 (2010) "if a non-citizen commits a removable offense after the 1996 effective date of these amendments [110 Stat. 3009-596] his removal is practically inevitable . . . ."

33. Here, since the defendant's removal is virtually inevitable by virtue of his aggravated felony conviction and both his attorney and the Court advised him that he would be deported upon release from prison, (Exhibit 3 at pp. 12-13) he cannot establish that he was adversely impacted by anything relating to post release supervision since he should be deported before he is subject to such supervision.

34. As the Supreme Court recognized in North Carolina v. Alford, 400 U.S. 25, 31 (1970) the test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant." Here, the objective facts as well as the defendant's sworn statements during the plea colloquy refute defendant's present complaints that he received ineffective assistance of counsel or that he

received less than meaningful assistance from his attorney. See People v. Benevento, 91 N.Y.2d 708, 712 (1998); People v. Baldi, 54 N.Y.2d 137, 147 (1998).

35.  The District Attorney submits that no hearing is required to determine this motion. See People v. Satterfield, 66 N.Y.2d 796, 799 (1985).

36.  In sum, the District Attorney submits that this motion ought to be summarily denied based on the procedural bars contained in CPL § 440.10 (1) and (2), or in the alternative, the motion ought to be denied pursuant to CPL § 440.30 (4) (a), (b) and (d).

Wherefore, for all the foregoing reasons, your affirmant respectfully requests that the motion be, in all respects, summarily denied.

Dated: October 12, 2016
     Poughkeepsie, New York

BRIDGET RAHILLY STELLER

1

PURSUANT TO §50-B OF THE NEW YORK STATE CIVIL RIGHTS LAW, THIS DOCUMENT IS NOT AVAILABLE FOR PUBLIC INSPECTION IN THAT IT IDENTIFIES THE VICTIM OF A SEX OFFENSE.

STATE OF NEW YORK: COUNTY OF DUTCHESS
COUNTY COURT
-------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

- against -

**SUPERSEDING**
**INDICTMENT 121/2013**

CRAIG E. GABBIDON

Defendant.
-------------------------------------------------------------X

Dated the 22nd day of January, 2014

THE GRAND JURY OF THE COUNTY OF DUTCHESS, by this Indictment, accuses CRAIG E. GABBIDON of the crime of CRIMINAL SEXUAL ACT IN THE FIRST DEGREE, A CLASS B VIOLENT FELONY, in violation of §130.50, subdivision 2, of the Penal Law of the State of New York, committed as follows:

The said defendant, in the Town of Hyde Park, County of Dutchess and State of New York, on March 3, 2013, engaged in anal sexual conduct with another person, to wit: Yolanda Reyes, who is incapable of consent by reason of being physically helpless.

## SECOND COUNT

AND THE GRAND JURY AFORESAID, by this Indictment, further accuses CRAIG E. GABBIDON of the crime of RAPE IN THE FIRST DEGREE, A CLASS B VIOLENT FELONY, in violation of §130.35, subdivision (2) , of the Penal Law of the State of New York, committed as follows: .

The said defendant, in the Town of Hyde Park, County of Dutchess and State of New York, on March 3, 2013, engaged in sexual intercourse with another person, to wit: Yolanda Reyes, who was incapable of consent by reason of being physically helpless.

## THIRD COUNT

AND THE GRAND JURY AFORESAID, by this Indictment, further accuses CRAIG E. GABBIDON of the crime of CRIMINAL SEXUAL ACT IN THE THIRD DEGREE, A CLASS E FELONY, in violation of §130.40, subdivision 2, of the Penal Law of the State of New York, committed as follows:

The said defendant, in the Town of Hyde Park, County of Dutchess and State of New York, on March 3, 2013, being more than twenty-one (21) years old, engaged in anal sexual conduct with another person, to wit: Yolanda Reyes, who was less than seventeen (17) years old.

## FOURTH COUNT

AND THE GRAND JURY AFORESAID, by this Indictment, further accuses CRAIG E. GABBIDON of the crime of CRIMINAL SEXUAL ACT IN THE THIRD DEGREE, A CLASS E FELONY, in violation of §130.40, subdivision 2, of the Penal Law of the State of New York, committed as follows:

The said defendant, in the Town of Hyde Park, County of Dutchess and State of New York, on March 3, 2013, being more than twenty-one (21) years old, engaged in oral sexual conduct with another person, to wit: Yolanda Reyes, who was less than seventeen (17) years old.

## FIFTH COUNT

AND THE GRAND JURY AFORESAID, by this Indictment, further accuses CRAIG E. GABBIDON of the crime of ENDANGERING THE WELFARE OF A CHILD, A CLASS A MISDEMEANOR, in violation of §260.10, subdivision 1, of the Penal Law of the State of New York, committed as follows:

The said defendant, in the County of Dutchess and State of

New York, on March 3, 2013, knowingly acted in a manner likely to be injurious to the physical, mental and moral welfare of a child, to wit: Yolanda Reyes, who was a child less than seventeen (17) years old.

MARJORIE J. SMITH
Acting District Attorney

A TRUE BILL

THERESA MAHER
Foreperson of the Grand Jury
Sixth Term - 2013

## PEOPLE v. CRAIG E. GABBIDON

### ALIBI DEMAND
### CPL §250.20

PLEASE TAKE NOTICE, that if you or any of you intends to offer a trial defense, that at the time of the commission of the crime or crimes charged you were at some place or places other than the scene of the crime or crimes, and to call witnesses in support of such defense, you must, within eight (8) days from the date of service hereof, serve upon the District Attorney of Dutchess County, and file a copy thereof with the Court, a "Notice of Alibi" reciting:

(a)   The place or places where you claim to have been at the time of the commission of the alleged crime or crimes.

(b)   The names, the residential addresses, the places of employment, and the addresses thereof, of every such alibi witness upon whom you intend to rely.

PLEASE TAKE FURTHER NOTICE, that if at trial you call such an alibi witness without having served the demanded Notice of Alibi, or if having served such a notice, you call a witness not specified therein, the People will move to exclude any testimony of such witness relating to the alibi defense.

Yours, etc.,

WILLIAM V. GRADY
Dutchess County District Attorney
236 Main Street
Poughkeepsie, New York  12601

2

PURSUANT TO §50-B OF THE NEW YORK STATE CIVIL RIGHTS LAW, THIS DOCUMENT IS NOT AVAILABLE FOR PUBLIC INSPECTION IN THAT IT IDENTIFIES THE VICTIM OF A SEX OFFENSE.

STATE OF NEW YORK:  COUNTY OF DUTCHESS
COUNTY COURT
------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

         - against -           **BILL OF PARTICULARS**
                             SUPERSEDING
                             IND. #121/2013

CRAIG E. GABBIDON
            Defendant.
------------------------------------------------------------X

    The Plaintiff, as and for its Bill of Particulars, alleges:

           **As to all counts of the Superseding Indictment:**

    A.  The date when the crimes were committed was on March 3, 2013.

    B.  The time when the crimes were committed was on about and between 2:00 in the afternoon and 8:00 in the evening.

    C.  The place where the crimes were committed was in the Town of Hyde Park, County of Dutchess and State of New York, more particularly at 4171 Albany Post Road.

           Substance of Defendant's Conduct as to
           All Counts of the Superseding Indictment

    On the above date, time and place, the said defendant purchased alcohol for Yolanda Reyes and her friend at a liquor store in the City of Poughkeepsie. Yolanda Reyes became extremely intoxicated off of the alcohol the Defendant purchased for her. The Defendant placed Yolanda and her friend in his truck and drove them to a motel in Hyde Park. The Defendant carried Yolanda in the motel as she was too intoxicated to walk. While in the motel, the Defendant removed Yolanda's clothing and subjected her to contact between his penis and her anus, her vagina and her mouth. He did so for the purpose of his own sexual gratification. Yolanda Reyes was incapable of consenting to these acts as she was less than seventeen (17) years old, having been born on

November 7, 1996, and because she was physically helpless because she was intoxicated.

Dated:     January 22, 2014
           Poughkeepsie, New York


                              WILLIAM V. GRADY
                              Dutchess County District Attorney

                         BY:  ALLISON J. STUART
                              Senior Assistant District Attorney
                              236 Main Street
                              Poughkeepsie, New York  12601

3

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
- - - - - - - - - - - - - - - - - X

PEOPLE OF THE STATE OF NEW YORK,          PLEA OF GUILTY

                 -against-                INDEX #2014/0536

CRAIG E. GABBIDON,                        SUP IND. #121/2013

                 Defendant.               NYSID #124392692
                                          CC #66273589H
                                          d/o/b  6/27/79


- - - - - - - - - - - - - - - - - X

                 Dutchess County Courthouse
                 10 Market Street
                 Poughkeepsie, New York  12601
                 June 11, 2014


BEFORE:  HONORABLE STEPHEN L. GRELLER
                 County Court Judge


APPEARANCES:

         WILLIAM V. GRADY, ESQUIRE
         District Attorney of Dutchess County
         236 Main Street
         Poughkeepsie, New York  12601
         BY:  ALLISON J. STUART, ESQUIRE
              Assistant District Attorney


         THOMAS N. N. ANGELL, ESQUIRE
         Public Defender of Dutchess County
         22 Market Street
         Poughkeepsie, New York  12601
         BY:  SUSAN MUNGAVIN, ESQUIRE, and ALEX ROSEN,
              ESQ., Assistant Public Defenders


         CRAIG E. GABBIDON, Defendant


                          Barbara B. Dalzell
                          Official Court Reporter

```
 1    (June 11, 2014, 2:33 P.M. in court, attorneys

 2    present.)

 3              THE COURT:  Can I have a sidebar with

 4         the attorneys?

 5    (Off the record discussion at the sidebar between

 6    the attorneys and the Court.)

 7    (Defendant enters the courtroom.)

 8              THE COURT:  This is the matter of People

 9         versus Craig Gabbidon.

10              This matter is scheduled today for a

11         combined Huntley and Sandoval Hearing

12         pursuant to this Court's previously entered

13         order.

14              It's my understanding, after discussing

15         this matter with the attorneys, that we have

16         a proposed disposition.

17              Is that correct?

18              MS. MUNGAVIN:  We do, Your Honor.

19              THE COURT:  It's my understanding that

20         Mr. Gabbidon will agree to withdraw his

21         previously entered plea of not guilty to

22         Superseding Indictment #121 for the year

23         2013, and in its stead plead guilty to the

24         first count which charges criminal sexual act

25         in the first degree, in full satisfaction of
```

1          the remaining counts of the indictment of

2          which there are five counts.

3                    Is that correct?

4                    MS. MUNGAVIN: Yes, Your Honor.

5                    THE COURT:  Is that correct, Mr.

6          Gabbidon?

7                    THE DEFENDANT: Yes, sir.

8                    THE COURT:  Mr. Gabbidon, the Clerk of

9          the Court is going to swear you in.

10                    CRAIG GABBIDON, the defendant, having

11         been duly sworn by the Clerk of the Court,

12         responded as follows:

13                    THE COURT CLERK:  Please state your full

14         name for the record.

15                    THE DEFENDANT:  Craig Elazie Gabbidon.

16                    THE COURT CLERK:  Your date of birth,

17         sir?

18                    THE DEFENDANT:  6/27/1979.

19                    THE COURT CLERK:  Thank you.

20                    THE COURT:  Mr. Gabbidon, it's my

21         understanding at this time you wish to

22         withdraw your previously entered plea of not

23         guilty to Superseding Indictment #121 for the

24         year 2013 and in its stead plead guilty to

25         the first count of that indictment, which

1          charges you with the crime of criminal sexual

2          act in the first degree in full satisfaction

3          of the entire indictment.

4                    Is that correct, sir?

5                    THE DEFENDANT:  Yes, sir.

6                    THE COURT:  Okay.  Mr. Gabbidon, the

7          first count of Superseding Indictment #121

8          for the year 2013 charges you with the crime

9          of criminal sexual act in the first degree, a

10         Class B violent felony, in violation of

11         Section 130.50, Subdivision 2, of the Penal

12         Law.

13                   And that count alleges that you, in the

14         Town of Hyde Park, County of Dutchess, State

15         of New York, on March 3, 2013, engaged in

16         anal sexual conduct with another person, to

17         wit, I will use the initials, YR, who was

18         incapable of consent by reason of being

19         physically helpless.

20                   How do you plead to that count, sir?

21                   THE DEFENDANT:  Guilty, Your Honor.

22                   THE COURT:  Before I accept your guilty

23         plea, I'm going to ask you some questions to

24         make sure that I know that you understand

25         what you're doing and that you're doing this

1      voluntarily.

2              First of all, do you realize that

3      instead of pleading guilty, you could have a

4      jury trial?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Do you also understand that

7      by pleading guilty, you are waiving your

8      right to the hearing, that was a Huntley

9      Hearing, that was scheduled to begin today at

10     approximately two o'clock?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  The first thing that would

13     happen at a jury trial, sir, is we would

14     select a jury.  We would do that by your

15     attorney, the Assistant District Attorney,

16     and me asking potential jurors questions.  As

17     you went along, you and your attorney would

18     be able to excuse people from serving on the

19     jury.  There would come a point that twelve

20     people would be sworn to be jurors and they

21     would be the jury in your case.

22             Do you understand that?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  The prosecutor would be

25     obligated to prove every element of the crime

1      charged against you beyond a reasonable

2      doubt.  The prosecutor would attempt to do

3      that by calling witnesses to testify and by

4      offering whatever other evidence there might

5      be.

6           Your attorney would be able to

7      cross-examine the witnesses, she would be

8      able to challenge the admissibility of the

9      other evidence, and at the end of the case

10     she could argue to the jury as to what weight

11     or what consideration they should give to the

12     evidence.

13          Do you understand that?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  The way the trial would

16     proceed is that the prosecutor would go first

17     and present evidence which is referred to as

18     the People's case.

19          After that, your attorney could argue

20     immediately to the jury that the People did

21     not prove your guilt beyond a reasonable

22     doubt or instead your attorney could first

23     present witnesses or other evidence on your

24     behalf.

25          And if you had witnesses who were

1       reluctant to come to court, your attorney

2       could issue a subpoena, which is a court

3       order directing that they come here and

4       testify.

5              Do you understand that?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  If you wanted to testify at

8       the trial, that, of course, would be your

9       right.

10             On the other hand, if you did not want

11      to testify, the jury could not hold that

12      against you.  That's because you have a

13      constitutional right to remain silent, a

14      right not to incriminate yourself, and you

15      would have no obligation to prove anything at

16      a trial.

17             Do you understand that?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  At the end of the trial,

20      after hearing arguments on your behalf from

21      your attorney, you could not be convicted of

22      this crime or any related crime unless all

23      twelve jurors agreed that the People had

24      proved your guilt beyond a reasonable doubt.

25             Do you understand that?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Instead of a jury trial, you

3     could have a nonjury trial.  The presentation

4     of evidence would take place in the same

5     manner that I just described, except the

6     decision as to whether your guilt had been

7     proved beyond a reasonable doubt would be

8     made by me alone rather than a jury.

9          Do you understand that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  And in pleading guilty, you

12     are giving up your right to a trial, your

13     right to remain silent, and your right not to

14     incriminate yourself with respect to this

15     charge.

16          Do you understand that?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Have you discussed your

19     guilty plea with Ms. Mungavin and Mr. Rosen?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Have you discussed with them

22     what happened back in March of 2013?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Have you talked to your

25     lawyers about whatever factual or legal

1          issues there might be in your case including

2          any and all possible defenses you may have?

3                    THE DEFENDANT:  Yes, sir.

4                    THE COURT:  Have you had enough time to

5          discuss everything about this case with your

6          attorneys?

7                    THE DEFENDANT:  Yes, sir.

8                    THE COURT:  Are you satisfied with their

9          advice and services?

10                   THE DEFENDANT:  Yes, sir.

11                   THE COURT:  And based upon your own

12         knowledge as to what happened as well as your

13         conversations with your attorneys, have you

14         concluded that it is in your best legal

15         interests to plead guilty today?

16                   THE DEFENDANT:  Yes, sir.

17                   THE COURT:  Are you pleading guilty

18         voluntarily?

19                   THE DEFENDANT:  Yes, sir.

20                   THE COURT:  Are you pleading guilty

21         because you are, in fact, guilty?

22                   THE DEFENDANT:  Yes, sir.

23                   THE COURT:  Do you feel you have been

24         threatened, coerced, forced, or pressured by

25         anybody into pleading guilty?

1                    THE DEFENDANT:  No, sir.

2                    THE COURT:  During the past six months

3        have you been treated for any alcohol or drug

4        abuse or undergone any counseling for any

5        psychological or emotional problems?

6                    THE DEFENDANT:  No, sir.

7                    THE COURT:  Are you presently under the

8        care of a doctor for any reason?

9                    THE DEFENDANT:  Could you repeat the

10       question?

11                   THE COURT:  Yes.  Are you presently

12       seeing a doctor at the jail?

13                   THE DEFENDANT:  Not really, no.  I --

14                   MS. MUNGAVIN:  Just regular --

15                   THE COURT:  Are you taking any

16       medication?

17                   THE DEFENDANT:  Yes, sir.

18                   THE COURT:  What type of medication do

19       you take?

20                   THE DEFENDANT:  Blood pressure medicine.

21                   THE COURT:  Okay.  What do you take?  Do

22       you remember the name of it?

23                   THE DEFENDANT:  Lisinopril, Norvasc.  I

24       don't remember the last one.  It's a yellow

25       pill.  It's a water pill.  I don't remember

1          the name of it.

2                    THE COURT:  Do you take them on a daily

3          basis?

4                    THE DEFENDANT:  Yes, sir.

5                    THE COURT:  Do you take them at night or

6          during the day?

7                    THE DEFENDANT:  Every afternoon.

8                    THE COURT:  Did you take yours yet

9          today?

10                    THE DEFENDANT:  Yes, sir.

11                    THE COURT:  Do you believe as you stand

12          here this afternoon that you are completely

13          clearheaded and understand everything that is

14          happening?

15                    THE DEFENDANT:  Yes, sir.

16                    THE COURT:  Now, in addition to the

17          sentence to be imposed, a felony conviction

18          has other consequences.

19                    For example, if you are convicted of

20          another felony sometime in the next ten

21          years, the sentence for that future felony

22          would be more severe because of this

23          conviction, you also lose certain civil

24          rights, and a felony conviction is an

25          impediment, that means a bar, to receiving

1       certain kinds of licenses.

2               Do you understand that?

3               THE DEFENDANT:  Yes, sir.

4               THE COURT:  Are you a citizen of the

5       United States?

6               THE DEFENDANT:  No, sir.

7               THE COURT:  Where are you a citizen of?

8               THE DEFENDANT:  Jamaica.

9               THE COURT:  Do you understand there are

10      collateral consequences to this plea of

11      guilty?

12              THE DEFENDANT:  Yes, sir.

13              THE COURT:  Ms. Mungavin, tell me, put

14      on the record, if you would, what you have

15      explained to your client as to the collateral

16      consequences of this plea.

17              MS. MUNGAVIN:  Judge, I have explained

18      to Mr. Gabbidon a number of times, we have

19      discussed this, that since he is not a

20      citizen, and this is a crime of moral

21      turpitude, it is likely that he would be

22      deported when he is released from prison.

23              THE COURT:  Did Mr. Rosen also discuss

24      this with him?

25              MS. MUNGAVIN:  I am not sure if

1     Mr. Rosen talked to him about it.  I have

2     talked to him a number of times.  I have

3     talked to his family as well, Judge.

4          THE COURT:  Do you understand what your

5     attorney said about possibly being deported?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Okay.  I need to tell you,

8     Mr. Gabbidon, that by pleading to this crime,

9     which is criminal sexual act in the first

10    degree, or any crime under this indictment,

11    you will be deported.  It's a crime of moral

12    turpitude.  You will serve whatever time you

13    serve in state's prison and you will be

14    deported.

15          Do you understand that?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  With full knowledge of that,

18    are you willing to go ahead with this plea?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Do you understand that the

21    maximum penalty for this crime is 25 years in

22    state's prison?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Do you also understand that

25    the maximum penalty for the second count,

PEO. V. GABBIDON - PLI OF GUILTY          14

1    which is rape in the first degree, is also 25

2    years?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Do you understand that

5    because of the nature of the allegations in

6    the superseding indictment, you could be

7    sentenced consecutively?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Your attorney, the Assistant

10   District Attorney, have been discussing this

11   case and had a conference with me earlier

12   this afternoon.

13             It's my understanding at the time of

14   sentence I would cap your sentence at 15

15   years' determinative in state's prison, plus

16   postrelease supervision, and I believe the

17   postrelease supervision is, bear with me a

18   minute, I believe it's between two and a half

19   and five years in postrelease supervision.

20             Do you understand that?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  In addition, you would be

23   required to pay certain surcharges as a sex

24   offender surcharge, sex offender fees, the

25   total of which is $1,425.

1          In addition, you would be required to

2     register as a sex offender.

3          Do you understand all of that?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  I told your attorney I'm

6     going to assume that is the sentence that

7     would be imposed.

8          On the other hand, if after reading the

9     presentence report or otherwise learning

10    something about you I find in good conscience

11    I cannot impose that sentence, then I would

12    give you the opportunity to withdraw your

13    guilty plea and we would start all over

14    again.

15         Do you understand that?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  I also want you to know if

18    between now and the sentence date it's

19    learned that you fail to cooperate with,

20    mislead or lie to the Probation Officer who

21    will interview you for the presentence

22    report, or if you commit a new offense or are

23    appropriately arrested for a new offense,

24    which does not mean convicted, or if you

25    deliberately fail or refuse to appear here

1        for sentence, if any one of those things

2        occurred, you would not be allowed to

3        withdraw your guilty plea and you would be

4        subject to a more severe sentence.

5                Do you understand that?

6                THE DEFENDANT:  Yes.

7                THE COURT:  Have you understood

8        everything I have said so far?

9                THE DEFENDANT:  Yes, sir.

10               THE COURT:  Do you have any questions

11       you would like to ask either myself or Ms.

12       Mungavin?

13               THE DEFENDANT:  No, sir.

14               THE COURT:  Then I'm going to ask you

15       once again, how do you plead to the crime of

16       criminal sexual act in the first degree, a

17       Class B violent felony?

18               THE DEFENDANT:  Guilty, sir.

19               THE COURT:  Tell me what you did under

20       the first count in the Town of Hyde Park on

21       March 3, 2013, with regard to a young person

22       by the initials YR that makes you guilty of

23       this crime.

24               THE DEFENDANT:  I engaged in anal sexual

25       conduct with a person being physically

1      helpless.

2             THE COURT:   This took place in the Town

3      of Hyde Park?

4             THE DEFENDANT:   Yes, sir.

5             THE COURT:   Day or night?

6             THE DEFENDANT:   Day.

7             THE COURT:   And at the time you said you

8      engaged in anal sexual contact, do you admit

9      that there was contact between your penis and

10     this girl's anus?

11            THE DEFENDANT:   Yes, sir.

12            THE COURT:   And at the time you had that

13     contact, this girl was physically helpless,

14     in other words she was unconscious; is that

15     correct?

16            THE DEFENDANT:   Yes, sir.

17            THE COURT:   And was she unconscious

18     because of the consumption of alcohol?

19            THE DEFENDANT:   Yes, sir.

20            THE COURT:   Any questions based upon

21     that?

22            MS. STUART:   No, Judge.

23            THE COURT:   And at the time you

24     committed this act, you had no permission or

25     authority to do this, did you?

1          THE DEFENDANT:  No, sir.

2          THE COURT:  And she did not consent; is

3     that correct?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  I find that the defendant

6     has pled guilty knowingly and voluntarily and

7     admitted the essential elements of the crime

8     of which he now stands convicted.

9          MS. MUNGAVIN:  Judge, I should have put

10    on the record that Mr. Gabbidon's wife, Luz

11    Gabbidon, and his sister-in-law are present

12    in the courtroom.

13         THE COURT:  Do you have any idea when we

14    can do this?

15         THE COURT CLERK:  7/14.

16         THE COURT:  Does that work for you?

17         MS. MUNGAVIN:  Yes, Judge.

18         THE COURT:  Okay.  The sentence will be

19    July 14th.

20         MS. MUNGAVIN:  Judge, I will talk to

21    Probation, but I ask that Probation notify me

22    when they go to see him to do the presentence

23    interview.

24         THE COURT:  Why don't you just mention

25    it to Mr. Callahan.

PEO. V. GABBIDON - PLE OF GUILTY          19

1                    MS. MUNGAVIN:  Okay, thank you.

2                    THE COURT CLERK:  Bail conditions, Your

3          Honor?

4                    THE COURT:  None.

5                    MS. MUNGAVIN:  Thank you, Judge.

6                    THE COURT:  Thank you, Ms. Mungavin.

7

8          (2:55 P.M. adjourned.)

9

10                                       --------

11

12                    This is to certify that the foregoing

13          is an accurate transcription of my

14          stenographic notes as transcribed by me.

15

16                    _____

17                    Barbara B. Dalzell
                       Official Court Reporter

18

19

20

21

22

23

24

25

4

STATE OF NEW YORK
COUNTY COURT: COUNTY OF DUTCHESS
------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK
Plaintiff,

                               **NOTICE OF MOTION TO**
                               **WITHDRAW PLEA**

         - against -

                               Indictment # 121/2013

**CRAIG E. GABIDDON,**               (Hon. Stephen L. Greller)
            **Defendant.**
------------------------------------------------------------X

SIRS:

     **PLEASE TAKE NOTICE** that upon the annexed Affirmation of Craig E.

Gabiddon, the defendant, and upon all papers and proceedings heretofore had herein,

Eric S. Shiller, Esq., attorney of record for the defendant will move this Court at a term

thereof to be held in the Dutchess County Court, located at 10 Market Street,

Poughkeepsie, New York on the 18th day of September, 2014, at 9:00 o'clock in the

forenoon of that day, or as soon thereafter as counsel may be heard for an order granting

the following relief:

1.    For an order pursuant to Criminal Procedure Law §220.60(3) permitting

the defendant to withdraw his prior guilty plea for the reasons set forth

in the attached affirmation of the defendant, CRAIG E. GABIDDON.

     PLEASE TAKE FURTHER NOTICE that the defendant reserves the right to

make any and all further motions necessary in order to protect his rights under the United

States and New York State Constitutions and under all federal and state statutes upon

learning that grounds for such exist.

     As to each of the above requests, for such other and further relief as the Court

may deem just and proper.

Dated: Poughkeepsie, New York
        September 10, 2014

                                    Respectfully Submitted,

                                    ERIC S. SHILLER, ESQ.
                                    *Attorney for the Defendant*
                                    ERIC S. SHILLER LAW OFFICE, P.C.
                                    54 Noxon Street
                                    P.O. Box 774
                                    Poughkeepsie, New York 12602

To:     Honorable Stephen L. Greller
        Dutchess County Court
        10 Market Street
        Poughkeepsie, NY 12601

        Allison J. Stuart, Esq.
        Office of the Dutchess County District Attorney
        236 Main Street
        Poughkeepsie, NY 12601

STATE OF NEW YORK
COUNTY COURT: COUNTY OF DUTCHESS
-----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK
                           Plaintiff,

                                                    **AFFIRMATION**

                  - against -

                                                    Indictment # 121/2013

CRAIG E. GABIDDON,
                           Defendant.
-----------------------------------------------------------------X

         CRAIG E. GABIDDON, being duly sworn, deposes and states the

following:

1.      I am the defendant in this matter, and pled guilty to the charge of

Criminal Sexual Act in the First Degree, a class B violent felony, in violation of Penal Law

§130.50(2) on June 11, 2014.

2.      My lawyer at the time of my plea, Susan Mungavin, Esq. of the Dutchess County

Public Defender's Office pressured and badgered me to accept the proposed disposition and

plead guilty. Ms. Mungavin pressured me by telling me that if I did not accept the plea offer

that I would never see my family again. Additionally in pressuring me to plead guilty, my

lawyer went as far as bringing my wife, Luz Gabiddon into the County courthouse lockup

on June 11, 2014 to pressure me as well into accepting the plea offer. With these tactics

used by my lawyer, I did not have a clear mind and I was coerced into pleading guilty.

3.      I, Craig E. Gabiddon, further contend and state definitively that I am not guilty of

the charge, and maintain my constitutional right to have my suppression hearing and my

jury trial in this matter. I would not have waived the right to a hearing in this

matter and would not have waived my right to a jury trial in this matter, absent the extreme

3

pressure my lawyer, Susan Mungavin, Esq. placed on me.

WHEREFORE, it is respectfully requested that the motion to withdraw my plea be

granted in its entirety.

CRAIG E. GABIDDON

Sworn to before me this
10⁷ᵗ day of September, 2014

NOTARY PUBLIC

ERIC S SHILLER
NOTARY PUBLIC STATE OF NEW YORK
ORANGE COUNTY
LIC. #02SH6081684
COMM. EXP. 9/3/2014

4

5

STATE OF NEW YORK : COUNTY OF DUTCHESS

-------------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK

- against -                                          ANSWER IN RESPONSE
                                                    TO MOTION TO
                                                    WITHDRAW PLEA

**CRAIG E. GABBIDON**

                                                    SUPERCEDING
                                                    INDICTMENT #121/2013

                                Defendant.

-------------------------------------------------------------------x

      **Allison J. Stuart**, being duly licensed to practice law in the State of New York, hereby affirms under penalty of perjury:

      1. I am an Assistant District Attorney in Dutchess County and make this affirmation in answer to the defendant's motion, supported by the affirmation of Craig E. Gabbidon, seeking various forms of relief.

      2. I am familiar with the facts and circumstances surrounding this matter since I was assigned by the District Attorney to prosecute this case.

      3. This affirmation is made upon information and belief, sources thereof being investigation into this matter by the District Attorney's Office, conversations with the arresting officer, court records pertaining hereto, and all papers and proceedings heretofore had herein.

      The Defendant moves this court for permission to withdraw his plea of guilty to Criminal Sexual Act in the First Degree, which occurred on June 11, 2014 before the Honorable Stephen L. Greller. In order for the court to consider

withdrawing a plea of guilty, there must be some evidence or claim of innocense, fraud or mistake in it's inducement. People v. Davis, 250 A.D.2d 939 (1998). In this case, the Defendant claims Susan Mungavin, Esq. pressured the defendant into pleading guilty by informing him of the sentence parameters (never seeing his family again) and by allowing his wife to see him in lock up upon his request whereby she spoke to him about his possible choices. The People submit that this does not satisfy the burden set forth in Davis.

First, with respect to a claim of innocense, the Defendant made a video recorded statement whereby he admits to the victim being intoxicated, taking her to a motel, getting her undressed and ejaculating on her. Further, the defendant is in possession of the DNA results that places his sperm in the anus, mouth and vagina of the victim. Therefore, the People submit that the defendant has not provided sufficient evidence to prove an assertion of innocense throughout this case.

Second, the defendant has not presented any evidence of fraud or mistake in terms of his plea. "Where a defendant has been fully informed of the rights he is waiving by pleading guilty and proceeds to admit the acts constituting the crime, a subsequent protestation of innocense which is not substantiated by any evidence is generally insufficient to support a request for vacatur of the plea." See, David at 940. In this case, the Court asked the defendant whether or not he was waiving his right to a Huntley hearing by pleading guilty, and the Defendant said yes. Further, the Court inquired about having a jury trial or a bench trial, whereby the People would have to prove every element beyond a reasonable doubt, and whether he understood that and still wanted to plead guilty, and the defendant answered in the affirmative. The Court further asked whether the defendant spoke with his attorneys about the case and all possible

-2-

defenses and having enough time to speak with them and he answered yes to those questions as well. The Court further inquired if the defendant was satisfied with the services of his attorney and that it is in his best legal interests to plead guilty and the defendant stated yes to those questions as well. The defendant acknowledged that he is pleading guilty voluntarily, because he is guilty, and that he was not threatened, coerced, forced, or pressured by anyone to plead guilty. The judge asked the defendant about any collateral consequences of pleading guilty with regards to his citizenship and was advised that this plea would result in deportation and the defendant understood this. The court advised the defendant of the sentencing parameters and the defendant acknowledged he understood. Lastly, the court asked the defendant what he did to make him guilty of the crime he was pleading to and he was able to tell the Court that he in fact had anal sexual contact with a female who was unconscious.

The defendant never stated that he was being pressured or coerced into pleading guilty and the Court outlined in detail every aspect of the plea. The People submit that the Defendant's contention that he was coerced into pleading guilty is without merit and the defendant's request to have his plea withdrawn should be denied.

- 3 -

WHEREFORE, for all the foregoing reasons, your affirmant respectfully

request that the defendant's motion be denied in all respects except as

hereinabove stated.

Dated:    September 16, 2014
              Poughkeepsie, New York


                            ALLISON J. STUART

6

STATE OF NEW YORK
COUNTY COURT: COUNTY OF DUTCHESS
--------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK
                    Plaintiff,

                                                    REPLY AFFIRMATION

          - against -
                                                    Indictment # 121/2013

CRAIG E. GABIDDON,                                  (Hon. Stephen L. Greller)
                    Defendant.
--------------------------------------------------------------X

SIRS:

          ERIC S. SHILLER, ESQ., being duly admitted to practice before the Courts

of the State of New York, under penalty of perjury hereby affirms that the statements

herein are true, except as to those facts stated upon information and belief which are

believed to be true.

          1.      Deponent is an attorney assigned to represent CRAIG E. GABIDDON, the

above named defendant in the above-entitled action.  This Affirmation is made in reply to

the Answer in Response of Alison J. Stuart, ADA, dated September 16, 2014.

                              **DEFENDANT'S REPLY**

          2.      In the People's answer in response in opposition to defendant's motion to

withdraw his plea, they cite *People v. Davis*, 250 A.D.2d 939 (1998) stating that there

must be a claim of innocence among other things stated by the defendant to withdraw a

defendant's plea.  Here, the People only focus on the fact that the defendant,

Craig E. Gabiddon moves the Court to withdraw his plea based on prior

counsel pressuring the defendant to plead guilty and the People therefore state that this

does not satisfy the burden as set forth in *Davis*.

However, the People intentionally fail to address the fact that in paragraph #3 of the defendant's affirmation supporting his motion to withdraw, Mr. Gabiddon clearly contends and states definitively that he is "not guilty of the charge" and therefore is innocent. This contention is in addition to Mr. Gabiddon's contention that prior counsel pressured him into pleading guilty despite his innocence however, the People do not address this and completely overlook defendant's contention of innocence. In order for the Court to consider granting a defendant's motion to withdraw a plea of guilty, there must be a claim of innocence. *People v. Cance*, 155 A.D.2d 764 (1989) as well as *People v. Davis*, 250 A.D.2d 939 (1998).

3.    In the People's Answer in response, ADA Stuart wrongly asserts that the defendant, Craig E. Gabiddon admitted in the recorded video statement that he ejaculated on the complainant, knowing that this is completely inaccurate however intentionally misstating the facts in an attempt to sway the Court. The defendant never admitted to ejaculating on the complainant in any way. Furthermore, the People in an attempt to sway the Court even more, they intentionally misconstrue the DNA results in an attempt to attack the defendant's contention of innocence here.

WHEREFORE, I respectfully request that the motion to withdraw the defendant's plea be granted in its entirety and for such other and further relief as the Court may deem just and proper.

Dated: Poughkeepsie, New York
     October 13, 2014

ERIC S. SHILLER, ESQ.
*Attorney for the Defendant*

2

To:   Honorable Stephen L. Greller
      Dutchess County Court
      10 Market Street
      Poughkeepsie, NY 12601

      Allison J. Stuart, Esq.
      Office of the Dutchess County District Attorney
      236 Main Street
      Poughkeepsie, NY 12601

7

COUNTY COURT   :   DUTCHESS COUNTY

PRESENT:     HON. STEPHEN L. GRELLER
             Dutchess County Court Judge

                                      DECISION AND ORDER
------------------------------------- MOTION TO WITHDRAW
                                      GUILTY PLEA

THE PEOPLE OF THE STATE OF NEW YORK    Superceding
                                       Ind. No. 121/2013
                         Plaintiff,    Index No. 2014/0536

                                       WILLIAM V. GRADY, ESQ.
         - against -                   District Attorney
                                       Allison J. Stuart, Esq.
     CRAIG E. GABBIDON,                Senior Assistant District
                                       Attorney for Plaintiff

                         Defendant.    ERIC S. SHILLER, ESQ.
                                       Attorney for the Defendant

-----------------------------------------
Notice of Motion _____ X
Affidavit in Support _____ X
Affirmation in Response _____ X
Reply Affirmation _____ X

     The foregoing documents were considered in deciding this

motion.

     The defendant has been indicted for Criminal Sex Act in the

First Degree, a Class B Violent Felony (Penal Law §130.50[2]); Rape

in the First Degree, a Class B Violent Felony (Penal Law §130.35[2];

two counts of Criminal Sexual Act in the Third Degree, a Class E

Felony (Penal Law §130.40[2]) and Endangering the Welfare of a

Child, a Class A Misdemeanor (Penal Law §260.10[1]).

     Defendant was represented from the outset by the Public

Defender's office who made various pre-trial motions on his behalf.

The Court decided those motions and granted the defendant a series

of pre-trial hearings.

     Those pre-trial hearings were scheduled to begin on the day the

defendant appeared before me with counsel and pled guilty to the

first count of the indictment in full satisfaction of the
indictment.  The defendant's plea of guilty was entered on June 11,
2014.

DEFENDANT'S CLAIM

By letter dated June 16, 2014, the defendant wrote to the Court
seeking to withdraw his guilty plea and requesting a new attorney.

Subsequent to the receipt of that letter, the Court, pursuant
to the defendant's request, relieved the Public Defender's office
from representing him and appointed Eric S. Shiller, Esq. to
represent him.

The defendant now moves to withdraw his plea of guilty pursuant
to CPL §220.60[3].

The defendant argues in his affidavit dated September 10, 2014
that he should be permitted to withdraw his plea because of the
advise and tactics of his attorney.  He claims that the Public
Defender's office representative "pressured and badgered" him to
accept the proposed disposition and to plead guilty.  This purported
pressure included the defendant's wife visiting him at the
courthouse to "pressure" him into accepting the guilty plea.  He
claims that he did not have a clear mind and was coerced into
pleading guilty.

Further, the defendant claims that he is not guilty of the
charge and that he would not have waived his right to a suppression
hearing and to a jury trial but for the extreme pressure put on him
by his attorney, Susan Mungavin.

DISCUSSION

The decision to permit a defendant to withdraw his guilty plea rests with the sound discretion of the trial court.   CPL §220.60[3]; People v. Lisbon, 187 AD2d 457 (2nd Dept. 1992).   Likewise, the nature and extent of the fact finding procedures prerequisite to the disposition of such a motion also rests largely in the discretion of the judge to whom the motion to withdraw a guilty plea is made. People v. Tinsley, 35 NY2d 926.

As a general rule, where a defendant wishes to withdraw his guilty plea alleging complaints regarding his counsel, he should be represented by a different attorney.   People v. Dixon, 29 NY2d 55.

In the instant matter, the defendant has been appointed new counsel.   Only in the rare instance will the defendant be entitled to an evidentiary hearing when seeking to withdraw his guilty plea. Tinsley, supra.

It is generally sufficient to afford the defendant a reasonable opportunity to present his specific contentions by means of both written and oral applications.   People v. Cole, 295 AD2d 360 (2nd Dept. 2002) app. den. 98 NY2d 709.

It is also important to keep in mind that a guilty plea should mark the end of a criminal case, not a gateway to future litigation. People v. Alexander, 97 NY2d 482; People v. Taylor, 65 NY2d 1.

The submissions of counsel, the defendant's affidavit and the plea minutes are sufficient to permit the Court to make an informed determination on the present application.

Defendant's contentions that he did not wish to plead guilty, is innocent of the crime to which he plead guilty, and that he was forced to plead guilty by his attorney is all contrary to the sworn

statements made by the defendant at the time of his guilty plea.

In the plea colloquy, the following exchange occurred:

The Court:        Before I accept your guilty plea, I'm going to
                  ask you some questions to make sure I know that
                  you understand what you are doing and that you
                  are doing this voluntarily.

                  First of all, do you realize that instead of
                  pleading guilty, you could have jury trial?

The Defendant: Yes, Sir.

The Court:        Do you also understand that by pleading guilty,
                  you are waiving your right to the hearing, that
                  was a Huntley hearing, that was scheduled to
                  begin today at approximately two o'clock?

The Defendant: Yes, Sir. (Plea minutes, pp. 4-5)

Shortly thereafter the following colloquy occurred:

The Court:        Have you discussed your guilty plea with Ms.
                  Mungavin and Mr. Rosen?

The Defendant: Yes.

The Court:        Have you discussed with them what happened back
                  in March of 2013?

The Defendant: Yes, Sir.

The Court:        Have you talked to your lawyers about whatever
                  factual or legal issues there might be in your
                  case including any and all possible defenses you
                  may have?

The Defendant: Yes, Sir.

The Court:        Have you had enough time to discuss everything
                  about this case with your attorneys?

The Defendant: Yes, Sir.

The Court:        Are you satisfied with their advice and
                  services?

The Defendant: Yes, Sir.

The Court:        Based upon your own knowledge as to what
                  happened as well as your conversations with your
                  attorneys, have you concluded that it is in your
                  best legal interests to plead guilty today?

The Defendant: Yes, Sir.

The Court:      Are you pleading guilty voluntarily?

The Defendant: Yes, Sir.

The Court:      Are you pleading guilty because you are, in fact, guilty?

The Defendant: Yes, Sir.

The Court:      Do you feel you have been threatened, coerced, forced or pressured by anybody into pleading guilty?

The Defendant: No, Sir.

The minutes of the plea proceeding established that the plea was entered knowingly and voluntarily belying the defendant's claim of coercion. Cole, supra. The defendant's present protestations to the contrary, the plea proceedings demonstrate that he was satisfied with counsel's representation. Lisbon, supra.

The defendant's allegation that trial counsel coerced him into pleading guilty when he desired a full trial and that counsel portrayed no other option being available other than a plea of guilty are likewise refuted by the defendant's sworn statement during the plea allocution. People v. DeLeon, 254 AD2d 430 (2nd Dept. 1998) app. den. 92 NY2d 1030.

Defendant's assertion of innocense subsequent to his plea allocution does not necessitate a hearing on his motion to withdraw his guilty plea. The defendant's sworn statement during the plea colloquy reflects that he knowingly and voluntarily admitted committing the crime in question. His subsequent protestation of innocense, unsupported by any evidence beyond his own affidavit is insufficient to warrant a hearing on the issue. People v. DeFabritis, 296 AD2d 664 (3rd Dept. 2002) lev. den. 99 NY2d 557.

The record does not provide any support for the defendant's conclusory assertion prior to sentence that his attorney "pressured" him into entering his guilty plea, given his statements during the extensive plea colloquy to the contrary, his representation that he knowingly and voluntarily entered the plea and his admission that he committed the crime to which he plead guilty.  People v. Seger, 171 AD2d 892 (2nd Dept. 1991), app. dismd. 78 NY2d 1080.

An accused's claim that he was coerced by his attorney alleging that his attorney had warned him of the strength of the prosecutor's case and the likelihood of a lengthy sentence in the event he was convicted after trial does not constitute coercion on the part of counsel. People v. Samuel, 208 AD2d 776 (2nd Dept. 1994), lev. den. 84 NY2d 1038.  In Samuel, supra, the Court found that the defendant's claim of coercion was wholly belied by the fact that during his plea allocution, the defendant had unequivocally stated he had not been coerced into pleading guilty.  The same is true in the instant matter.

The arguments raised in the defendant's motion are not only not supported by the record of the defendant's plea allocution, but they are completely contradicted by the defendant's sworn statements during the allocution.

Accordingly, the defendant's motion to withdraw his guilty plea is denied.

This constitutes the decision and order of the Court.

Dated:   Poughkeepsie, New York
         October 15, 2014

HON. STEPHEN L. GRELLER
COUNTY COURT JUDGE

TO:   WILLIAM V. GRADY, ESQ.
      Dutchess County District Attorney
      Allison J. Stuart, Esq.
      Senior Assistant District Attorney
      236 Main Street
      Poughkeepsie, NY  12601

      Eric S. Shiller, Esq.
      54 Noxon Street
      P.O. Box 774
      Poughkeepsie, NY 12602

8