12

*Supplated Plus*

**DEL ATWELL**
ATTORNEY AT LAW

2015 NY APP DIV LEXIS 8944
19 NYS3d 784

39 5TH STREET
EAST HAMPTON, NY 11937
(631) 267-2067

January 31, 2016

Clerk of the Court
Chief Judge
Court of Appeals of the State of New York
20 Eagle Street
Albany, NY 12207

Re: People v. Gabbidon-2015-00872 (leave application)

Honorable Judge,

Pursuant to Section 460.20 of the Criminal Procedure Law, appellant respectfully prays for the issuance of a certificate granting permission to appeal and certifying that there is a question of law in the above captioned case which should to be reviewed by the Court of Appeals. Appellant requests that an appeal be allowed to this court from an Order of the Supreme Court, Appellate Division, Second Department, dated December 2, 2015, affirming the Order of the County Court, Dutchess County, rendered December 23, 2014, convicting sexual criminal act in the 1st degree upon his guilty plea.

An application has not been made to a Judge of the Appellate Division.

The Appellate Division incorrectly opined that the trial court correctly advised that consecutive sentences were available and that the issue is unreviewable because it was not specifically raised in the motion to withdraw the plea. Rather, a conviction resulting from a plea can violate public policy because it upsets the "'reasonable assurance of certainty' provided by the negotiated sentence" and thereby threatens to destabilize the entire plea-bargaining system in this State by eroding public trust in the fairness and integrity of the process. *People v. Parker*, 271 A.D.2d 63, 71 (4th Dept. 2000). A motion to withdraw a guilty plea that is premised on something other than a renewed claim of innocence does provide a legal basis for relief. Such claims must be carefully reviewed by the courts because they are occasionally meritorious. *Britt v. Legal Aid Society*, 95 N.Y.2d 443 (2000); *People v. Flowers*, 30 N.Y.2d 315 6 (1972); *People v. Beasley*, 25 N.Y.2d 483 (1969); *People v. Berger*, 9 N.Y.2d 692 (1961). Review of these post-plea claims under CPL § 220.60 is an integral part of a criminal courts judge's oversight and supervision of "the delicate balancing of public and private interests in the process of plea bargaining." *People v. Selikoff*, 35 N.Y.2d 227, 243 (1974).

Here, the appellant made the appropriate motion several weeks before sentence was imposed and defense counsel moved, in writing, to vacate the plea. It was specifically stated in the written motion. It appears this Appellate Division is

confused because the specificity was not voiced in open court and therefore is not contained in the transcript. The motion to withdraw was made shortly after the plea, is in writing, and contains the specific grounds supporting the motion. *People v Ranieri*, 43 AD2d 1012 (4th Dept 1974). Further, even if this Court does not agree that the Appellate Division should have exercised its discretion to review, appellant is requesting that it be permitted in the interest of justice pursuant to *C.P.L.* § 470.15 (6).

The record reveals that the trial court incorrectly advised appellant regarding sentence as a matter of law. Specifically, both counts were B class violent felonies which, for a first-time offender, carry a minimum of 5 and a maximum of 25 years imprisonment. *P.L.*, 70.02(3)(a). The sentencing court advised that it could impose the 25 year determinate maximum permitted by statute regarding each offense and then order that they run consecutively thereby totaling 50 years incarceration. By statute, the charges cannot run consecutively pursuant to Penal Law section 70.25(2) which states in relevant part:

When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences, except if one or more of such sentences is for a

violation of section 270.20 of this chapter, *must run concurrently*, *PL*, 70.25(2); (emphasis added).

The appellant faced separate charges that were committed through a single act or omission. The Court of Appeals has succinctly set forth the formula for determining whether the general rule requires that multiple sentences must be concurrent. *People v. Laureano*, 87 N.Y.2d 640, 642 N.Y.S.2d 150 (1996). In *Laureano*, it was reasoned that "in determining whether concurrent sentences are required, the sentencing court must first examine the statutory definitions of the crimes for which defendant has been convicted. Because both prongs of Penal Law 70.25(2) refer to the 'act or omission' that is, the 'actus reus' that constitutes the offense, the court must determine whether the actus reus element, is by definition, the same for both offenses (under the first prong of the statute), or if the actus reus for one offense is, by definition, a material element of the second offense (under the second prong)." *Id.* at 87 N.Y.2d 643. However, the court in *Laureano*, did leave the determination to a mere theoretical analysis. Rather, it placed an obligation to prove that concurrent sentences are not required upon the People. The formula goes on to conclude that if the *actus reus* is not the same, "then the People have satisfied their obligation of showing that concurrent sentences are not required. If the statutory elements do overlap under either prong of the statute, the People may not

yet establish the legality of consecutive sentencing by showing that the 'acts or omissions' committed by defendant were separate and distinct acts." *Id.*

Here, neither the People nor the court offered an explanation as to why concurrent sentences for the charges were not required to run concurrently. The black letter law of Penal Law 70.25(2) and the Court of Appeals holding in *Laureano* was ignored. Even if some reasoned legal authority where offered to rationalize consecutive sentences, the integrity of the sentence is tainted because the obligation to provide correct legal advice regarding the potential sentencing consequences was not fulfilled.

Only a concurrent, rather than a consecutive sentence was warranted for convictions on both counts. The offenses do not exist independently of the each other because they both were committed through a single actus reus. Therefore, appellant could never have been exposed to consecutive terms.

Further reasons for error are detailed in the enclosed appellant's brief. A photocopy of the decision and order of the Appellate Division and copies of all briefs are submitted herewith.

## CONCLUSION

Based upon the above mentioned arguments and those arguments contained

in the appellate brief, appellant respectfully prays that leave to the Court of Appeals

be granted.

Respectfully submitted,

Del Atwell
Attorney for Appellant

THE COURT OF APPEALS
THE STATE OF NEW YORK

---

THE PEOPLE OF THE STATE OF NEW YORK          AFFIRMATION

CRAIG GABBIDON

---

Del Atwell, Esq., an attorney duly admitted to practice before the Courts of
the State of New York, affirms the following under the penalty of perjury:

1. I am appellate attorney for the appellant in the above captioned action and
am fully familiar with the facts and circumstances of this case.

2. Service of the Appellate Division order was not effected pursuant to *CPLR*
5513, 5514. Specifically, "a copy of the judgment or order appealed from and
written notice of its entry" was not served on pursuant to *CPLR,* 5513(b). Further, an
official copy of the decision was not forwarded by the Appellate Division.

3. Therefore, the time period within which to move is intact.

WHEREFORE, it is respectfully requested that this court deem the
motion timely.

                                        _____
                                        Del Atwell
                                        Attorney for Appellant

THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

THE PEOPLE OF THE STATE OF NEW YORK          PROOF OF SERVICE

V.

CRAIG GABBIDON

---

I, Del Atwell, affirm that on February 1, 2016, I served via first class mail

a copy of the within request for leave to appeal to:

Dutchess County District Attorney
236 Main Street
Poughkeepsie, NY 12601

Craig Gabbidon 15A0150
PO Box 999
Coxsackie, NY 12051-0999


Del Atwell

Supreme Court of the State of New York
Appellate Division: Second Judicial Department

D47266
T/htr

_____AD3d_____

Submitted – October 7, 2015

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.

2015-00872

DECISION & ORDER

The People, etc., respondent, v Craig E. Gabbidon,
appellant.

(Ind. No. 121/13)

Del Atwell, East Hampton, N.Y., for appellant.

William V. Grady, District Attorney, Poughkeepsie, N.Y. (Kirsten A. Rappleyea of counsel), for respondent.

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered December 23, 2014, convicting him of criminal sexual act in the first degree, upon his plea of guilty, and imposing sentence.

ORDERED that the judgment is affirmed.

The defendant's contention that the County Court misinformed him of his maximum sentencing exposure were he to proceed to trial is unpreserved for appellate review, since the defendant did not raise this specific ground in his motion to withdraw his plea (see People v Williams, 129 AD3d 1000; People v King, 115 AD3d 986; People v Delarosa, 104 AD3d 956). In any event, the court properly informed the defendant that consecutive sentences could be imposed if he were convicted of the first two counts of the indictment, since each count as charged involved a separate sexual act constituting a distinct offense (see People v Colon, 61 AD3d 772, 773; People v Dallas, 31 AD3d 573, 574; People v Gersten, 280 AD2d 487).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel due to his counsel's failure to recognize and address the purported error regarding his maximum sentencing exposure, since, as noted above, the County Court properly informed the defendant of his maximum sentencing exposure (see People v Cromwell, 99 AD3d 1017; People v

Page 1.

December 2, 2015

PEOPLE v GABBIDON, CRAIG E.

*Royster*, 40 AD3d 885, 886). Furthermore, the record demonstrates that the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (*see People v Ford*, 86 NY2d 397, 404; *People v Modica*, 64 NY2d 828, 829; *People v Baldi*, 54 NY2d 137, 147). There is nothing in the record to support the defendant's claim that counsel's performance was deficient (*see Hill v Lockhart*, 474 US 52, 58; *Strickland v Washington*, 466 US 668, 687).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80).

MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.

ENTER:

Aprilanne Agostino
Clerk of the Court

December 2, 2015

Page 2.

PEOPLE v GABBIDON, CRAIG E.

13

_Updated Pleas_

# THE DISTRICT ATTORNEY OF DUTCHESS COUNTY

236 MAIN STREET
POUGHKEEPSIE, N.Y. 12601
(845) 486-2300
FAX (845) 486-2324

**WILLIAM V. GRADY**
DISTRICT ATTORNEY

**BRIDGET R. STELLER**
Chief Assistant District Attorney

**BUREAU CHIEFS**
Frank F. Chase
Matthew A. Weishaupt
Kristine M. Whelan
Robert J. Knapp
Anthony P. Parisi

February 24, 2016

Honorable Janet DiFiore
Chief Judge of the Court of Appeals
Court of Appeals Hall
20 Eagle Street
Albany, NY 12207-1095

> Re:   People v. Craig E. Gabbidon
> Appellate Division Docket No. 2015-00872
> Dutchess County Indictment No. 121/2013

Dear Chief Judge DiFiore,

I am writing in response to Appellant Craig Gabbidon's application

seeking leave to appeal to this Court from a Decision and Order of the

Appellate Division, Second Judicial Department dated December 2, 2015,

affirming appellant's judgment of conviction of criminal sexual act in the

first degree and the imposition of a fifteen year sentence followed by ten

years post release supervision. The Appellate Division held that Gabbidon's

contention that the County Court "misinformed him of his maximum

sentencing exposure were he to proceed to trial" was unpreserved for

1

Hon. Janet DiFiore                          February 24, 2016
People v. Craig Gabbidon

appellate review since he did not specifically raise that claim in his motion

to withdraw his guilty plea. <u>People v. Gabbidon</u>, 19 N.Y.S.2d 786, 2015

N.Y. App. Div. LEXIS 8944 (2d Dept. 2015). The Appellate Division

nevertheless found that the County Court had "properly informed defendant

that consecutive sentences could be imposed if he was convicted of the first

two counts of the indictment, since each count as charged involved a

separate sexual act constituting a distinct offense." <u>Id.</u> For these reasons,

Respondent submits that this application ought to be denied.

Criminal Procedure Law §470.35 (1) concerns appeals to this Court

from an intermediate appellate court's order of affirmance. It permits this

Court to consider questions of law not raised in the intermediate appellate

court in addition to those raised on the appeal below, provided the issue was

raised in the trial court in a manner which satisfies the preservation

requirement of CPL §470.05(2). <u>People v. Dekle</u>, 56 N.Y.2d 835 (1981).

Here, appellant's application poses no question of law for the Court of

Appeals to consider, since appellant did not properly raise his instant

argument as required in his motion to withdraw his guilty plea. <u>See People v.

De Jesus</u>, 69 N.Y.2d 855 (1987).

2

Hon. Janet DiFiore                               February 24, 2016
People v. Craig Gabbidon

The only allegations contained in appellant's motion were that his

attorney had "pressured and badgered" him to accept the People's offer and

plead guilty and that he was, in fact, innocent of the charges. Since appellant

failed to raise the issue of "consecutive sentencing" in that motion, the

argument was not properly preserved and this Court may not consider it at

this time.

Nevertheless, the Appellate Division correctly determined that

appellant could have received consecutive sentences of up to twenty-five

years if he was convicted, after trial, of the top two counts of Superseding

Indictment No. 121/2013, both B violent felonies. Appellant was charged

under count one with Criminal Sexual Act in the First Degree for engaging

in "anal sexual conduct" with the victim. Anal sexual conduct is defined as

"contact between anus and penis." PL §130.00 (2)(b). Count two charged

appellant with Rape in the First Degree for engaging in "sexual intercourse"

with the victim. Sexual intercourse means "any penetration, however slight,

of the penis into the vaginal opening." CJI 2d[NY] PL 130.35 (2). By

definition, therefore, anal sexual contact and sexual intercourse are two

separate sexual acts, constituting two distinct criminal offenses.

Hon. Janet DiFiore                          February 24, 2016
People v. Craig Gabbidon

     Since a court can legally impose consecutive sentences when each

count involves a separate act constituting a distinct offense (People v. Colon,

61 A.D.2d 772, 773 (2d Dept.), app. denied, 13 N.Y.2d 743 (2009); People

v. Dallas, 31 A.D.3d 573 (2d Dept.), app. denied, 7 N.Y.3d 866 (2006);

People v. Gersten, 280 A.D.487 (2d Dept.), app. denied, 96 N.Y2d 901

(2001)), the County Court properly advised appellant at the time of his plea

that he could receive consecutive sentences if convicted of counts one and

two of the indictment.

     For the reasons set forth above and in Respondent's Brief at pages 14-

25, the Appellate Division's Decision and Order was proper. I ask that the

Court of Appeals deny appellant's application for leave to appeal.


                          Very truly yours,

                          Kirsten A. Rappleyea
                          Assistant District Attorney


Cc:   Del Atwell, Esq.
       39 5th Street
       East Hampton, NY 11937

14

People v. Gabbidon, 2016 N.Y. LEXIS 874

Document: People v. Gabbidon, 2016 N.Y. LEXIS 874   Actions ▾

Go to ▾  🔍 Search Document •••

◀ Results list

▶

🅰 People v. Gabbidon, 2016 N.Y. LEXIS 874

Copy Citation

Court of Appeals of New York

March 31, 2016, Decided

No Number in Original

**Reporter**
2016 N.Y. LEXIS 874 * | 27 N.Y.3d 964 | 56 N.E.3d 905 | 2016 NY Slip Op 97347(U)

People v Gabbidon (Craig)

**Notice:** DECISION WITHOUT PUBLISHED OPINION

**Prior History:** Decision Reported Below: 2d Dept: 134 AD3d 736, 19 N.Y.S.3d 786 (Dutchess) [*1] .
People v. Gabbidon, 134 A.D.3d 736, 19 N.Y.S.3d 786, 2015 N.Y. App. Div. LEXIS 8544, 2015 NY Slip Op 8857 (2015)

**Judges:** DiFiore ▾, Ch. J.

## Opinion

Applications for Criminal Leave to appeal denied

❯ ⓢ LexisNexis⁻

R. RELX Group™