*updated*
*PCU*



**Appellate Division**
**Supreme Court of the State of New York**
**Second Judicial Department**
**45 Monroe Place**
**Brooklyn, N.Y. 11201**
**(718) 875-1300**

MEL E. HARRIS
KAREN HOCHBERG TOMMER
MARIA T. FASULO
DEPUTY CLERKS

RANDALL T. ENG
PRESIDING JUSTICE

APRILANNE AGOSTINO
CLERK OF THE COURT

DARRELL M. JOSEPH
KENNETH BAND
ASSOCIATE DEPUTY CLERKS

September 12, 2017

Craig E. Gabbidon
15A0150
Coxsackie C.F.
P.O. Box 999
Coxsackie, N.Y. 12051

Re:   2015-00872
People v Gabbidon, Craig E.
Ind. 121/13
J - 12/23/2014 - County Dutchess

Dear Sir/Madam:

We have received your motion for a writ of error coram nobis.

The application will be placed on the motion calendar for 11/17/17.

Yours truly,

CLERK'S OFFICE

---

NOTICE TO:   William V. Grady w/papers & Del Atwell w/papers

Dear Sir/Madam:

The above mentioned application will be placed on the motion calendar for 11/17/17.

Please serve upon the parties and file with the Court a response in the form of an affidavit or affirmation expressing your views, if any, on or before the date that this matter has been placed on the motion calendar. **Please take notice that the return time has been increased to EIGHT weeks due to the regular need to request more time to respond. Counsel should submit copies of any relevant correspondence with the defendant.**

**Yours truly,**

**CLERK'S OFFICE**

*Note to all parties: On the return date all motions and proceedings are deemed submitted. Oral argument is not permitted (22NYCRR 670.5[b]).*

CRAIG E. GABBIDON15A0150

COXSACKIE CORRECTIONAL FAC.

P.O. BOX 999

COXSACKIE, NEW YORK 12051

CLERK OF THE COURT

APPELLATE DIVISION

SECOND DEPARTMENT

45 Monroe Place

Brooklyn, NY. 11201

Date: _August 9,_ 2017

Dear Clerk of the Court:

Please find enclosed a Writ of Error Coram Nobis, claiming ineff-
ective assistance of appellate Counsel.

I hope the submitted papers are in order and well received by
your office.

If there are any problems please let me know as soon as possible.

I was presented with a illegal plea offer only to be sentenced
to a term not apart of my plea.

         If possible please acknowledge receipt of this
letter.

         I thank you in advance

                              Sincerely yours

                              Craig Gabbidon

cc: file

RECEIVED 17 AUG 15 AM 9:55 APPELLATE DIVISION SECOND DEPARTMENT

# SUPREME COURT OF THE STATE OF NEW YORK
# APPELLATE DIVISION: SECOND DEPARTMENT

## THE PEOPLE OF THE STATE OF NEW YORK,

-----------------------------AGAINST-----------------------------

## CRAIG E. GABBIDON

# WRIT OF ERROR
# CORAM NOBIS

### INDICTMENT NO. 121-2013
### APP. NO. 2015-00872

RECEIVED
'17 AUG 15 AM 9:55
APPELLATE DIVISION
SECOND DEPARTMENT

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
---------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,
                                    Respondent,

                                                    NOTICE OF MOTION FOR
                                                    WRIT OF ERROR CORAM
                                                    NOBIS

        -against-
                                                    Dutchess County
                                                    Ind. No. 121-2013
                                                    App. No. 2015-00872

CRAIG E. GABBIDON,
                        Defendant-Appellant,
---------------------------------------------x

State of New York)
                 ) ss:
County of Greene )

        PLEASE TAKE NOTICE, that upon the annexed affidavit of Craig

E. Gabbidon, being duly sworn on the __9__ day of _August_ 2017, and

upon all exhibits attached and proceedings heretofore and herein,

defendant-appellant will move this Court at a term thereof, to be

held at the Appellate Division: Second Department, located at 45

Monroe Place, Brooklyn, New York, 11201, on the __23__ day of _August_

2017 at 10:00 O'clock in the forenoon of that day for an order va-

cating the Judgment of Conviction, Decision and Order of this Court

affirming his conviction, and granting such other and further relief

as may be just upon the ground that he was denied his right to the

effective assistance of counsel under the Fifth, Sixth and Fourtee-

nth Amendments of the United States Constitution, and Article 1, §

6 of the New York State Constitution on his direct appeal to this

Court Because: (a) the assistance provided by appellate Counsel was

so nominal it amounted to the substantial equivalent of being ass-
igned no counsel at all; and/or (b) if the assistance of appellate
counsel was something more than nominal, it still did not reach a
level of performance sufficient to satisfy an objective standard
of reasonableness, and there is a "reasonable probability" that but
for counsel's deficient performance, the outcome of defendant-appe-
llant appeal would have been different.

**PLEASE TAKE FURTHER NOTICE**, this motion is in the nature of a
Writ of Error Coram Nobis, and the answering papers, if any, shall
be filed with proof of service on the undersigned in accordance
with the provisions of 22 N.Y.C.R.R.§ 2214A. This motion is submit-
ted od the papers and personal appearance in opposition is neither
required nor permitted.

Date ___August 9___ ,2017
Coxsackie, N.Y. 12051

Craig Gabbidon, Din#75A0150
Appellant-Defendant, Pro se
Coxsackie Correctional Fac.
P.O. Box 999
Cocsackie, New York 12051


To:    Hon. William V. Grady
       District Attorney of Dutchess County
       236 Main Street
       Poughkeepsie, New York 12601

       Clerk of the Court
       Appellate Division: Second Department
       45 Monroe Place
       Brooklyn, New York 11201

Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. 01LE6265486
My Commission Expires 07/09/20

-2-

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
_____X

THE PEOPLE OF THE STATE OF NEW YORK,
                              Respondant,

                                                    **AFFIDAVIT SUPPORTING**
                                                    **MOTION FOR WRIT OF**
                                                    **ERROR CORAM NOBIS**

              -against-
                                                    Dutchess County
                                                    Ind. No. 121-2013
                                                    App. No. 2015-00872

CRAIG E. GABBIDON,
                    Defendant-Appellant,
_____X

State of New York)
                 ) ss:
County of Greene )

     I, Craig E. Gabbidon, being duly sworn, deposes and say:

     1.   I am the above name appellant in the above-entitled
action and I make this affidavit in support of a Petition for a
Writ of Error Coram Nobis upon the following grounds:

     (a)   Appellant was denied of his right to the effective
assistance of counsel on an appeal as of right in violation of his
State and Federal Constitutional rights; and

     (b)   Appellate counsel unjustifiabililty failed to raise a
merotorious issue on appeal, and if raised, would have resulted in
a reversal of the judgment or the plea being vacated; and

     2.   Appellant will demonstrate he is entitled to a **de novo**
appeal from the judgment rendered. ...

     3.  On appeal, counsel raised three issues, none of which
would have given appellant a revesal or vacation of the judgment

-3-

rendered in the Supreme Court of the State of New York, County of Dutchess. The issue raised by appellate counsel are as follows: (a) THE LOWER COURT ERROR IN DENYING THE MOTION TO WITHDRAW BECAUSE IT FAILED TO RECOGNIZE ITS OWN MISSTATEMENT OF SENTENCING LAW, (b) APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF TRAIL COUNSEL, AND (c) THE COURT SHOULD MODIFY THE SENTENCE.

## COURT'S DECISION

This Court affirmed the conviction rendered on December 23, 2014, in the Supreme Court of the State of New York, County of Dutchess, with or without an opinion (Exhibit A).

## PROCEDURAL HISTORY

4.    I was charged by indictment No. 121-2013, with the crimes of Penal Law §130.50(2), Penal Law §130.35(2), two counts of Penal Law §130.40(2), and Penal Law §260.10(2) and was convicted in Dutchess County, Supreme Court by a guilty plea of one count of Penal Law § 130.50(2).

5.    The plea agreement contained a determinate sentence to be "capped at 15 years of State Prison and two(2) and a Half(1/2) to 5yrs post-release supervision". (Which is a illegal PRS)

6.    On December 23, 2014, I was sentenced by the Hon. Judge Greller, to a totally different sentence of 15yrs determinate and 10yrs post-release supervision, in total violation of the agreed

-4-

upon sentencing range.

7.    I filed a timely notice of appeal and a poor person status was granted to me with the assignment of counsel, Del Atwell, 39 5th Street, East Hampton, N.Y. 11937.

8.    This Court affirmed defendant-appellant conviction in a published opinion as People v. Gabbidon, 134 A.D.3d 736, 19 N.Y.S.3d 786. defendant-Appellant then applied to the New York State Court of Appeals for leave to appeal this Court's Decision and Order of affirmation. That application was then denied on March 31, 2016. People v. Gabbidon, 27 N.Y.3d 964, 56 N.E.3d 905, 36 N.Y.S.3d 625.

9.    No prior application has been made to any Court to review the adeuacy of the representation defendant-appellant received upon his direct appeal to this Court.

## FACTS

### INADEQUACY OF BRIEF FILED BY APPELLATE COUNSEL:

10.    As priviously set forth, the appeal herein was perfected by assigned counsel without the benefit of any correspondence between counsel and appellant. During the period between the date counsel was assigned and the date upon which the appeal was perfected, assigned counsel never discuss the specific issues which would be included in his brief, nor did defendant-appellant have the opportunity to review the brief prior to its submission to the Court. The brief,

-5-

as submitted, did not present well-reasoned points for arguments
to this Court.

"On May 29, 2015, appellate counsel submitted and raised Three
(3) issues on direct appeal that were without merit. i.e. the lower
Court committed error in not recognizing it's own misstatment of
sentencing law, and deined appellant!s motion to withdraw his guilty
pleq based an that error; Appointed counsel (Susan Mungavin) from
the Dutchess County Public Defender's Office should have recognized
that the Court's advise was incorrect as a matter of law; the brief
contained a final issue, that the sentence as harsh and excessive".
The brief was poorly drafted, without merit and clearly misguided
as to the facts, 'cause the motion to withdraw the guilty plea never
asserted the grounds raised in appellate counsel's drafted brief.
See Ex- B.

Since counsel's appointment, defendant-appellant has contacted
counsel on numerous different occasions and has not been able to
get a respond nor was he ever informed of the substantive and proce-
dural issues that would be presented in the brief prepared by appel-
late counsel on behalf of defendant-appellant. See Latters as Ex- C.
D. E. F. G. H. I. J. K. L. M. AND N.

The only response received from appellate counsel was his ter-
mination letter dated May 6, 2016, See Ex- O.

Defendant-Appellant, went as far as contacting the Clerk of the
Court Aprilanne Agostino, due to Mr. Atwell, Unprofessional ethics.
See Ex- P. Q. and R.

-6-

## Meritorious Issues Ignored By Appellate Counsel:

Assigned counsel did not only inadequately represent defend-
ant-appellant upon appeal by making poorly drafted arguments un-
supported by the record, but also omitted meritorious arguments
upon which a reversal of the conviction whould have been obtained,
or the plea being vacated. Both facts in the record and prior de-
cisional law in the jurisdiction supported these issues. In some
instances the arguments should have been obvious from even a cas-
ual reading of the record, but were ignored on direct appeal.

"The plea agreement stated that defendant-appellant would be
sentenced to a period of post-release supervision ranging from
two (2) and a half (1/2) to five (5) yrs, Not ten (10), unbeknown
to the Court and Court Officers the plea agreement was in violation
of statutary Law, and was illegally enforced and hastely formed."

Sadly enough, Defense Counsel, The Prosecutor, and Judge
Greller, with his legal support staff all sanctioned this illegal
plea components. The Court with the ultimate sanctioning of any
agreements failed to ensure that defendant-appellant receive due
process of law.

Lastly, these issues of the plea containing an illegal com-
ponent should have been discovered by at least one (1) of the Court
appointed legal professionals. The defendant-appellant had the right
to be represented by a compotent counsel, before, during and after
his plea.

-7-

WHEREFORE, it is respectfully requested that an Order issues from this Court vacating the judgment of conviction the prior Decision and Order of this Court affirming the conviction of your deponent upon the grounds that he was deprived of the effective assistance of appellate counsel, and granting such other and further relief as may be just in the premises.

Date: August 9, 2017

Craig E. Gabbidon, 15A0150
Defendant-Appellant, Pro se
Coxsackie Correctional Fac.
P.O. Box 999
Coxsac, New York 12051

SWORN TO BEFORE ME THIS

_____ DAY OF _____ 2017

_____
NOTARY PUBLIC

Janelle A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. OILE6265486
My Commission Expires 07/09/20

-8-

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT

THE PEOPLE OF THE STATE OF NEW YORK,
                    Respondent,

                                        MEMORANDUM OF LAW

        -against-                       Dutchess County
                                        Ind. No. 121-2013
                                        App. No. 2015-00872

CRAIG  E. GABBIDON,
                Defendant,
_____

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of appellant's motion for a Writ of Error Coram Nobis. The motion is based upon the grounds that appellant was denied his State and Federal rights to the effective assistance of appellate counsel during his direct appeal to this Court from a judgement of conviction, entered in the Supreme Court, County of Dutchess, for the crime of: Criminal Sexual act in the 1st, Penal Law §130.50 sub2.

## STATEMENT OF FACTS

The facts, which provide the basis for the arguments contain within this Memorandum of Law, have already been detailed in appellant's affidavit submitted herewith and support of the instant motion. In the interest of brevity, appellant dose not reprint them here. Instead, appellant incorporates those facts into Memorandum of Law by reference, and re-alleges them as fully as if set forth here. Numbers in parenthesis preceded by "A" refer to the appellant's Exhibit "A" submitted herewith.

On or about September 29, 2016, appellant brought a Motion to
Vacated Judgment under the provisions § 440.10(1)(h) of the Crimi-
nal Procedure Law to the Supreme Court of the State of New York,
County of Dutchess, at a term thereof, raising the sole issues of
him being deprived of his Statutory rights to Due Process of Law,
and the Ineffective Assistance of Trial counsel under the Consti-
tution of this State and of the United States of America.

"Appellant was deined of his rights to Due Process of Law,
Under Article 1, § 6 of the New York Constitution, and the Fifth,
Sixth, and Fourteenth Amendment of the United State Constitution."
See Ex- S.

In response to appellant's motion to vacated judgment, the
People argued that appellant's claim must be summarily deined based
on the procedural bars contained in CPL § 440.10(1) and (2), or in
the alternative, the motion ought to be deined pursuant to CPL §
440.30(4)(a), (b) and (d). Also, the People Claiming that the app-
ellant's immigration status, the term of post-release supervision
is a non-issue in his case and therefore, preclude appellant the
right to enjoying the protection of our Constitution both State
and Federal.

The People further contended appellant could have with due
diligence made such facts of the issue appearing on the record, on
direct appeal, failure to raise such ground or issue upon an appeal
actually perfected by him. CPL § 440.10(2)(c). See Ex- T.

-10-

## POINT ONE

### THE APPELLANT HAS THE RIGHT TO CHALLENGE THE INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

Appellant has the right to challenge the ineffective assistance of appellate counsel collaterally by bringing a motion for a Writ of Error Coram Nobis in the Appellate Court where the ineffective assistance occurred. People v. Bachert, 69 N.Y.2d 593, 516 N.Y.S.2d 623 (1987). There is no time on the filing of collateral attacks on judgment of conviction. Cf. People v. Jackson, 78 N.Y.2d 638 (1991)

Appellant's appeal was heard and disposed of within the jurisdiction of, of in the Appellate Division, Second Department contends this is the appropriate forum in which he can challenge the effective assistance of appellate counsel.

## POINT TWO

### APPELLANT'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL ON HIS STATE COURT DIRECT APPEAL WAS VIOLATED WHEN HIS ASSIGNED APPELLATE COUNSEL OMITTED SIGNIFICANT AND OBVIOUS ISSUES WHILE PURSUING ISSUES THAT WERE CLEARLY AND SIGNIFICANTLY WEAKER.

It is well established that every state criminal has a due process right to the effective assistance of counsel at direct appeal in a criminal case. see Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830 (1985); see also Strickland v. Washinton, 466 U.S. 668, 104 S.Ct. 2052 (1984).

This requires counsel to act as an advocate, not merely as amicus curiae, and to marshal legal arguments on appellant's behalf

in order that he might have a full and fair resolution and consi-
deration of his appeal. see Ellis v. United States, 356 U.S. 674,
78 S.Ct. 974 (1958). This also "requires that he supports his
client's appeal to the best of his ability" and the brief he sub-
mits must reflect more than "a detached evalution of the appellant's
claim." see Evtts v. Lucey, supra at 394

The ommission of a meritorious claim cannot be excused simply
because an intermediate appellate counsel would have rejected it.

In fact, the omission of a meritorious claim cannot be excused
even when the claim was presented in a pro se supplemental brief
and specifically rejected by the appellate court:

> "It is quite possible than an attorney would
> have found other arguments or would have
> articulate in the presentetion of the case
> on appeal. "Jenkins v. Coombe, 821 F.2d 158,
> 161 (2nd Cir, 1987), cert. den., 484 U.S.
> 1008, 108 S.Ct. 704(1988).

## Weakness Of The Issues Raised By Appellate Counsel:

Appellate counsel presented to the court an issue that was mis-
takenly referenced to defendant-appellant's motion to withdraw his
guilty plea in the lower court. Mr. Del Atwell, without the benefit
of conferring with his client, presented to the Appellate Court an
issue alleged to have been litigated by defense counsel (18B) which
purportedly claimed that the reason for asking for the plea back
was because the Court mistakenly advised he could receive consecu-
tive sentences.

However, this statement is misguided. At no time did defendant-appellant offer such arguments for withdrawing his guilty plea, where appellate counsel got this misguided information from is a mystery to the appellant. The only issues contained in the motion to withdraw the plea in the lower Court pertained to defense counsel Susan Mungavin and coercion. This is obivously a case of incompetetence and borderline sabotage.

Worthy of mention is the fact that ADA Bridget Rahilly Steller, in her 'Affirmation In Answer To A Motion To Vacate A Judgment' dated October 12, 2016, indicates that "defendant Gabbidon took an appeal to the Appellate Division in which he raised three points, he made no complaint about the ten (10) years period of PRS."

She further cites (People v. Stewart, 16 N.Y.3d 839, 840-41 (2011) ("As far back as 1986, This Court has made it clear that '[w]hen, as will usually be the case, sufficient facts appear on the record to permit the question to be reviewed, sufficency of the plea allocution can be reviewed only on direct appeal.") This argument supports appellant's reasons for moving in the form of a Writ of Error Coram Nobis, because counsel on appeal shouls have read the transcripts and detected the problem with the plea and the actual sentence. The plea says one thing and the sentence actually meaded out say another. In the interest of justice this Court should not allow this wrong to go uncorrected. This action of the sentencing court to indicate a certain range of PRS (which is illegal) and then simply choose a number so harsh and excessive of (10yrs was never

-13-

mention in the plea minutes) is baffeling. This is the issues an
effective appellate counsel should have identified, researched and
briefed, anything less was and is without merit. Again, if counsel
would have opened a line of communication with appellant, the oppo-
rtunity to achieve a more favorable result would have been possible
instead of having raised issues without any substance.

Counsel proceeded toraise issues that were clearly and signi-
ficantly weaker, and totally unpreserved for review. No attempt was,
nor could have been made to provide the Appellate Court with a rea-
son for reviewing them in the interest of justice, because appellate
counsel refused and ignored appellant's attempts to correspond per-
taining to his direct appeal.

## Meritorious Not Raised By Counsel:

Assigned counsel did not only submit substandard representation,
submit poorly drafted arguments unsupported by the record, but also
completely failed in his duty to marshal arguments on appellant's
behalf, and as a result, did not afford appellant the quality of
representation to which he was Constitutionally entitled. Most
Notably, counsel did not raise the solidly meritorious arguments
regarding:

"That the trial Court judgment was obtained in violation of
appellant's rights to Due Process Under the Fifth, Sixth and
Fourteenth amendment of this State and of the United States of
America."

-14-

## POINT ONE

DID THE TRIAL COURT VIOLATE APPELLANT RIGHTS
TO DUE PROCESS OF LAW UNDER THE FIFTH, SIXTH
AND FOURTEENTH AMEND. BY WRONGFULLY ADVISING
HIM OF THE AMOUNT OF POSTRELEASE SUPERVISION
HE WOULD BE SUBJECTED TOO?

In order for a guilty plea to be Voluntarily, Knowingly, and
intelligently entered in a criminal case, the defendant must be
advised about the consequences of a guilty, or more specifically,
the direct consequences of that plea. The defendant-apellant must
be made awware of all of the direct consequences, along with some
of the collateral consequences. This give the defendant-appellant
the ability to make choices he can live with.

Post-release supervision is a direct consequence of a convic-
tion, which the defendant-appellant who plead guilty has the right
to know it's terms, <u>see</u> <u>People v. Catu</u>, 4 N.Y.3d 242, 792 N.Y.s.2d
887, 825 N.E.2d 1081 (2005), <u>People v. Hill</u>, 9 N.Y.3d 189, 849
N.Y.S.2d 13, 879 N.E.2d 152 (2007). As the Court of Appeals explain-
ed in "<u>People v. Catu</u>," because a defendant-appellant pleading guilty
to a determinate sentence must be made aware of the Post-release
supervision component of that sentence in order to Voluntarily,
Knowingly, and Intelligently choose among the alternative courses
of action, the failure of a Court to advise of post-release super-
vision requires a reversal of the conviction, i.e., vacatur of the
plea. "The Court further indicated in that the Constitutional de-
fect lies in the plea itself and not in the resulting sentence,

-15-

vacatur of the plea is the remedy for a __Catu__ error since it returns a defendant to his or her original status before the Constitutional infirmity occured. __See People v. Selikoff__, 35 N.Y.2d 227, 360 N.Y.S. 2d 623, 318 N.E.2d 784 (1974).

Here, County Court erroneously incorrectly informed that he would receive two (2) and a (1/2) to five (5) years of post-release supervision, when by operation of law he was required to receive a term of five (5) to (20) years of post-release supervision. See People v. Miller, 62 A.D,3d 1047, 878 N.Y.S.2d 489 (2009).

The Court in this matter when explaining the maximum post-release supervision that the defendant-appellant would be exposed to indicated a "cap" of fifteen (15) yrs determinate sentence in state prison and two (2) and a half (1/2) to five (5) yrs of PRS. "NOT TEN".

The supreme Court, County of Dutchess, was clearly mistaken as to the maximum of PRS that could be imposed in this case, see PL 70. 80(4), which established that the amount of PRS the defendant-appellant could and would be exposed to is five (5) to twenty (20) yrs, not two (2) and a half (1/2) to five (5) yrs for the crime of PL 130.50(2).

The Court miclead the defendant-appellant and raised subtantial doubt that had the defendant-appellant known the true amount of PRS he would have been subjected to by pleading guilty, he never would have accepted such plea deal. While the Court imposed a legal term of PRS, the offer made on the record by the Court to induce defendant-appellant to plead guilty was illegal and violated defendant-appellant's Due Process of Law.

-16-

## POINT TWO

### DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

Defendant-Appellant was denied the effective assistance of trial counsel.

Defendant-Appellant was represented by two (2) Court-Appointed attorney's from the Dutchess County Public Defender's Office and one (1) independent attorney appointed through the 18B County Law. Neither representation offorded defendant-appellant with the effective assistance that he deserve.

Defendant-Appellant had the right to be represented by competent counsel who must be familiar with the legal priciples and issues governing the plea he was accepting and to benefit from the expertise of said counsel. see **People v. Baldi**, 54 N.Y.2d 137, 429 N.E.2d 400, 444 N.Y.S.2d 893.

Here, defendant-appellant's first attorney's, who was later relieved, was standing next to the defendant-appellant when the Supreme Court, County of Dutchess, Hon. Judge Greller, in this matter when explaining the maximum post-release supervision that the defendant-appellant would be exposed to :
The Court: "I believe it's between two (2) and a half (1/2) to five (5) yrs PRS" which violated **Penal Law 70.80(4)**. 6/11/14, Pg14

A plea may by withdrawn by the defendant-if it was induce by an unfulfilled sentence promised by the Court, See **People v. Fredrick**, 45 N.Y.2d 520, 410 N.Y.S.2d 555. The issue should not be

-17-

raised for the first time on appeal, see People v. Mackey, 77 N.Y.
2d 846, 569 N.E.2d 442, 567 N.Y.S.2d 639; People v. Lopez, 71 N.Y.
2d 662; People v. Pellegrino, 60 N.Y.2d 636; People v. Warren, 47
N.Y.2d 740. This Court promised the defendant-appellant that his
post-release supervision would be as low as two (2) and a (1/2) yrs,
and was unable to fulfill it's promise. In fact, this Court was
without jurisdiction and authority to make such and offer. Because
a guilty plea is equvalent to a conviction after trial, failure to
move to withdraw or vacate in the trial court will likely result
in the conviction being affirmed an appeal. People v. Lopez, 71
N.Y.2d 662, 529 N.Y.S.2d 465.

Suffice it to mention that when the defendant-appellant entered
into the Courtroom and was prepared to accepted a negoiated plea,
the Court went on record to established that the offer (as illegal)
was discussed by the Court, ADA and defense counsel, and the best
of which was produced was a sentence which violate the appellant's
Due Process of Law.

In conclusion, appellate counsel cannot be presumed to have
provided the effective assistance when counsel clearly failed to
raise issues which would have been reversed, if raised on direct
appeal, and as a result of this, appellate counsel should be held
ineffective, and appellant be granted a new appeal.

-18-

### C O N C L U S I O N

FOR THE FORGOING REASONS AS RAISED IN
POINT ONE AND TWO, APPELLATE COUNSEL
SHOULD BE HELD INEFFECTIVE AND APPEL-
LANT BE GRANTED A NEW APPEAL.

Date: August 9, 2017

Respectfully Submitted,
Craig E. Gabbidon 15A0150
Coxsackie Corr. Fac.
P.O. Box 999
Coxsackie, New York 12051

SWORN TO BEFORE ME THIS

9th DAY OF August 2017

N O T A R Y  P U B L I C

Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County,
No. 01LE6265486
My Commission Expires 07/09/20

−19−

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK                    }

                                     }   ss.:   People v. Gabbidon E. Craig
                                                App. No. 2015-00872
___ GREENE _____                  }          Ind. No. 121-2013

I, __Craig E. Gabbidon__ being duly sworn, depose and say:

1.    I am over eighteen (18) years of age and reside at the Coxsackie Correctional Facility, P.O. Box: 0999, Coxsackie New York 12051-0999.

2.    On August __9__, 20_17_, I placed and submitted a true and exact copy of the within document(s) which consist of the following: __"Notice of Motion For Writ__ __of Error Coram Nobis For Ineffective Assistance of Appellate__ __Counsel."__

in a properly sealed, postpaid, wrapper and deposited same in an official depository of the United States Postal Service, said box being under exclusive care of the New York State Department of Correctional Services and is one established for the purpose of mailing correspondence, addressed for delivery to the following parties.

APPELLATE DIVISION, SUPREME CT.        Dutchess County Dist. Att.
Second Judicial Department            William v. Grady
State of New York                     236 Main Street
45 Monroe Place                       Poughkeepsie, New York 12601
Brooklyn, New York 11201


SWORN TO BEFORE ME THIS                Respectfully Submitted,
___9th_DAY OF _August_ 20_17_.
                                       _Craig E. Gabbidon_
NOTARY PUBLIC
                                       DIN # _15-A-0150_

George A. Lewis
Notary Public, State of New York       Coxsackie Correctional Facility
Qualified in Albany County
No. 01LE6265486        -20-            P.O. Box: 0999
My Commission Expires 07/09/20
                                       Coxsackie New York 12051-0999



# EXHIBIT

# A

DECISION AND ORDER



# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D47266
T/htr

_____AD3d_____

Submitted - October 7, 2015

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.

2015-00872

DECISION & ORDER

The People, etc., respondent, v Craig E. Gabbidon,
appellant.

(Ind. No. 121/13)

Del Atwell, East Hampton, N.Y., for appellant.

William V. Grady, District Attorney, Poughkeepsie, N.Y. (Kirsten A. Rappleyea of
counsel), for respondent.

Appeal by the defendant from a judgment of the County Court, Dutchess County
(Greller, J.), rendered December 23, 2014, convicting him of criminal sexual act in the first degree,
upon his plea of guilty, and imposing sentence.

ORDERED that the judgment is affirmed.

The defendant's contention that the County Court misinformed him of his maximum
sentencing exposure were he to proceed to trial is unpreserved for appellate review, since the
defendant did not raise this specific ground in his motion to withdraw his plea (*see People v
Williams*, 129 AD3d 1000; *People v King*, 115 AD3d 986; *People v Delarosa*, 104 AD3d 956). In
any event, the court properly informed the defendant that consecutive sentences could be imposed
if he were convicted of the first two counts of the indictment, since each count as charged involved
a separate sexual act constituting a distinct offense (*see People v Colon*, 61 AD3d 772, 773; *People
v Dallas*, 31 AD3d 573, 574; *People v Gersten*, 280 AD2d 487).

Contrary to the defendant's contention, he was not deprived of the effective assistance
of counsel due to his counsel's failure to recognize and address the purported error regarding his
maximum sentencing exposure, since, as noted above, the County Court properly informed the

December 2, 2015

Page 1.

PEOPLE v GABBIDON, CRAIG E.

defendant of his maximum sentencing exposure (*see People v Cromwell,* 99 AD3d 1017; *People v Royster,* 40 AD3d 885, 886). Furthermore, the record demonstrates that the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (*see People v Ford,* 86 NY2d 397, 404; *People v Modica,* 64 NY2d 828, 829; *People v Baldi,* 54 NY2d 137, 147). There is nothing in the record to support the defendant's claim that counsel's performance was deficient (*see Hill v Lockhart,* 474 US 52, 58; *Strickland v Washington,* 466 US 668, 687).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.

ENTER:

Aprilanne Agostino
Clerk of the Court

December 2, 2015

PEOPLE v GABBIDON, CRAIG E.

Page 2.

# EXHIBIT

# B

NOTICE OF MOTION TO WITHDRAW PLEA



STATE OF NEW YORK
COUNTY COURT: COUNTY OF DUTCHESS
------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK
                    Plaintiff,

                                                    NOTICE OF MOTION TO
                                                    WITHDRAW PLEA

            - against -                             Indictment # 121/2013

CRAIG E. GABIDDON,                                  (Hon. Stephen L. Greller)
                    Defendant.
------------------------------------------------------------X

SIRS:

        PLEASE TAKE NOTICE that upon the annexed Affirmation of Craig E.

Gabiddon, the defendant,  and upon all papers and proceedings heretofore had herein,

Eric S. Shiller, Esq., attorney of record for the defendant will move this Court at a term

thereof to be held in the Dutchess County Court, located at 10 Market Street,

Poughkeepsie, New York on the 18th day of September, 2014, at 9:00 o'clock in the

forenoon of that day, or as soon thereafter as counsel may be heard for an order granting

the following relief:

1.      For an order pursuant to Criminal Procedure Law §220.60(3) permitting

the defendant to withdraw his prior guilty plea for the reasons set forth

in the attached affirmation of the defendant, CRAIG E. GABIDDON.

        PLEASE TAKE FURTHER NOTICE that the defendant reserves the right to

make any and all further motions necessary in order to protect his rights under the United

States and New York State Constitutions and under all federal and state statutes upon

learning that grounds for such exist.

        As to each of the above requests, for such other and further relief as the Court

1

may deem just and proper.

Dated: Poughkeepsie, New York
             September 10, 2014

                                        Respectfully Submitted,

                                        ERIC S. SHILLER, ESQ.
                                        *Attorney for the Defendant*
                                        ERIC S. SHILLER LAW OFFICE, P.C.
                                        54 Noxon Street
                                        P.O. Box 774
                                        Poughkeepsie, New York 12602

To:    Honorable Stephen L. Greller
       Dutchess County Court
       10 Market Street
       Poughkeepsie, NY 12601

       Allison J. Stuart, Esq.
       Office of the Dutchess County District Attorney
       236 Main Street
       Poughkeepsie, NY 12601

STATE OF NEW YORK
COUNTY COURT: COUNTY OF DUTCHESS
-------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK
                                    Plaintiff,

                                                              AFFIRMATION
                - against -
                                                              Indictment # 121/2013

CRAIG E. GABIDDON,
                                    Defendant.
-------------------------------------------------------------X

        CRAIG E. GABIDDON, being duly sworn, deposes and states the

following:

1.      I am the defendant in this matter, and pled guilty to the charge of

Criminal Sexual Act in the First Degree, a class B violent felony, in violation of Penal Law

§130.50(2) on June 11, 2014.

2.      My lawyer at the time of my plea, Susan Mungavin, Esq. of the Dutchess County

Public Defender's Office pressured and badgered me to accept the proposed disposition and

plead guilty.  Ms. Mungavin pressured me by telling me that if I did not accept the plea offer

that I would never see my family again.  Additionally in pressuring me to plead guilty, my

lawyer went as far as bringing my wife, Luz Gabiddon into the County courthouse lockup

on June 11, 2014 to pressure me as well into accepting the plea offer.  With these tactics

used by my lawyer, I did not have a clear mind and I was coerced into pleading guilty.

3.      I, Craig E. Gabiddon, further contend and state definitively that I am not guilty of

the charge, and maintain my constitutional right to have my suppression hearing and my

jury trial in this matter.  I would not have waived the right to a hearing in this

matter and would not have waived my right to a jury trial in this matter, absent the extreme

3

pressure my lawyer, Susan Mungavin, Esq. placed on me.

WHEREFORE, it is respectfully requested that the motion to withdraw my plea be granted in its entirety.

CRAIG E. GABIDDON

Sworn to before me this
/6ᵗʰ day of September, 2014

NOTARY PUBLIC

ERIC S SHILLER
NOTARY PUBLIC STATE OF NEW YORK
ORANGE COUNTY
LIC. #02SH6051094
COMM. EXP.

4

# EXHIBIT



# C

INTRODUCTION LETTER



Craig Gabbidon 15A0150
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, N.Y. 12051


                                    Date: May 6, 2015


Del Atwell, Esq
39  5th Street
East Hampton, N.Y. 11937

                    People v. Gabbidon
                    App. No. 2015-00872


Dear Mr Atwell:

        I hope when you gets this letter, it gets to you in the best
of health. Sir. My Name is Craig Gabbidon, I am currently incarce-
rated at the Coxsackie Correctional Facility. I would please like
to introduce myself to you again, Sir. On my receiving of the court
Decision and Order informing me of my poor person relief last mon-
th, I sent you an introductionery letter to which I have not heard
anything back from you.

        Please contact me as soon as possible. I would like to be ac-
tively involved in my direct appeal.

        ANNEXED HERETO PLEASE FIND AFFIDAVIT OF SERVICE BY MAIL


                        Respectfully Submitted,

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK}
                          SS:
COUNTY OF GREENE )

People v. Gabbidon
App. No. 2015-00872

I, CRAIG GABBIDON, being duly sworn, deposes, that on this
____6____ day of May, 2015, I served the forgoing # 1 page legal doc-
ument, entitled, "My second introduction concerning the assigned
representation, "upon Del Atwell, Esq, by depositing the same in the
postal services here at the Coxsackie Correctional Facility, in a
properly addressed envelope, to be duly Mailed via the United States
postal service to the address set forth below, being the address
designated for that purpose.

Dated: 5/6/15
          Coxsackie, new york

Respectfully Submitted

CRAIG GABBIDON/15A0450
Defendant

Del Atwell, Esq
39  5th Street
East Hampton, New York
11937

Coxsackie, C.F.
P.O. BOX 999
Coxsackie, NY 12051-0999

personal file; c/g

Sworn to before me this
____6____ day of May, 2015

_____
NOTARY PUBLIC

Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. 01LE6265486
My Commission Expires 07/09/20

# EXHIBIT





Craig Gabbidon 15A0150
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051

Date:May 28, 2015

Del Atewll, Esq
39  5th Street
East Hampton, N.Y. 11937

People v. Gabbidon
App. No. 2015-00872

Dear Mr. Atwell:

Please contact me as soon as possible when you receive this
letter. I am concern of my legal liberties, due to the fact that
since being assigned to my case by the Appellate Division: Second
Dept., on April 13, 2015, I have yet to here anything from you ei-
ther via mail or visit. So far, I have sent you two (2) letters
introducing myself, and without a courtesy of a response on either.
I am left completely in the dark as to any issues you are likely
to rasied on my direct appeal.

Please be advise, please do not submitted my brief before I
may inspect and read it. Sir...PLEASE.

Thank you for your time and understanding to this matter.

ANNEXED HERETO PLEASE FIND AFFIDAVIT OF SERVICE BY MAIL

Respectfully Submitted,

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                   ) ss.:
COUNTY OF ___GREENE___ )

People v. Gabbidon
App. No. 2015-00872

I, Craig Gabbidon _____ being duly sworn, deposes and says:
1.   I am over eighteen (18) years of age and resides at the Coxsackie Correctional Facility, P.O.Box: 0999, Coxsackie, New York 12051-0999.

2.   On May 28 _____, 20 15, I placed and submitted a true and exact copy of the within document(s) which consist of the following: " To be notify of any and all issues that is likely to be raised and his (Defendant-appellant) direct appeal and to not Submitted the brief before Seeing or reading that said brief.

in a properly sealed, post paid wrapper and deposited same in an official depository of the United States Postal Service, said box being under exclusive care of the New York State Department of Correctional Services and is one established for the purpose of mailing correspondence, addressed for delivery to the following parties.

Del Atwell, Esq.
39 5th Street
East Hampton N.Y. 11937

SWORN TO BEFORE ME THIS
28th DAY OF May 2015

_____
NOTARY PUBLIC

Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. 01LE6265496
My Commission Expires 07/09/20 16

Respectfully Submitted,

Craig Gabbidon
Din # 15-A-0150
Coxsackie Correctional Facility
P.O.Box: 0999
Coxsackie, New York 12051-0999

# EXHIBIT



# E



Craig Gabbidon 15A0150
Coxsackie Correctional Facility
P.O.Box 999
Coxsackie, N.Y. 12051


                                                      June 14, 2015


Del Atwell, Esq
39  5th Street
East Hampton, N.Y. 11937

                  Re: App. No. 2015-00872


To Whom It May Concern:

      I am sending you a few copies of some papers I have, a letter
I sent to the Court, "Dutchess County" asking the Judge, Greller,
to withdraw my plea. As you may see thatthis letter was made a few
days after I was force to take the plea. I am sending you copies
of letters I receied from the attorney representing me at the time
of the plea, Susan Mungavin, in the letter I am sending you you
can clearly see the neglect in my case and the ineffectiveness of
her work. I hope these paper's matter in some way. I am hoping that
they do, I have received the brief of appellant in the mail, I am
naive and ignorant to the justice system and I do not know what to
do, I am currently in the BOX-SHU and charges that do not have any-
thing to do with me and my resorce in limited because I can't go
to the law libaray and I don't know if I should be putting together
a supplimental brief. I would like you advise or opinion on the
matter as soon as possible. I really need you help in fighting this
case because my family need me, my wife is in the hospital dying,
her health is getting worst and my kids have know one else to count
on. I can't talk to them because of were im at and they don't let
us use the phone. Sir, I am not making any copies of this letter

because I am hoping you are a husband and a father and you would
understand my pain. I really need you help in these matter as they
are very inportant to me in fighting this case.

Yours Truly,

CC:File/cg



# EXHIBIT

# F

ACKNOWLEDGED AND TO BE INFORMED OF ANY AND ALL DECISION THAT IS
LIKELY TO BE MADE.

Del Atwell
Attorney for Appellate
   39 5ᵗʰ Street
East Hampton N.Y. 11937



Date: July 1, 2015

RE: ACKnowledged and to be informed of any and
all decision that is likely to be involved.

Dear Sir/Madam,

         This letter is respectfully submitted to you in
regard to my previous attempt to established Contact.
As you may know by now, I have tried twice before
to established Contact with you and got no response. The
attempt in the two different occasion is pertaining to
my appellate Case and the brief that you sent me date, May
29, 2015. My interested in the matter is that you sent me
no instruction, nor advised me on any decision that you
are making, you make no previous attempt to ~~take~~ talk with me
nor introduce yourself as my attorney that was appointed
to me by the Appellate division, Second department.
Additionally, to my understanding it is prudent for the
lawyer to keep the Client informed of the progress of

(1)

the appeal and to discuss (either face to face or by letter) the issues that likely will be raised, but you have not made the attempted to do so.

I believe the attorney should consider additional contacts with the client as the brief and record are being assembled, and should send the client a copy of all brief being submitted on the appeal before the actual date of submission. I am asking to be acknowleged and to be involved in my appellate case and all decision and procedure that is being made at any appropriate time as it is necessary and important. I am asking you to please contact me as soon as possible and give me an up date on all that is being done pertaining to my appellate case. I am looking forword to hear from you. Thank you for your understanding and consideration in this matter.

Coxsackie, C.F.
P.O. Box 999
Coxsackie N.Y. 12051-0999

Respectfully Submitted
Craig Gabbidon 15-A-0150
Appellate

cc: Personal file: c/g

②

# EXHIBIT



DEFENDANT'S CONCERNS OF PARTICIPATION IN THE PERFECTING OF
THE APPELLATE BRIEF.



Del Atwell, esq.,
39 5th Street
East Hampton, NY 11937

---

A.D. NO. 2015-00872

The People , etc., respondent
v. Craig Gabbidon, defendant

(Ind. No. 121-2013)

        Re: Defendant's concerns of participating in the perfec-
        ting of the appellate brief.

Dear Del Atwell:

    On or about June 4, 2015 I received a copy of your proposed
appellate brief dated May 29, 2015.

    Concerning this matter, the defendant would like to state that
he is displeased that prior to the preparation of your proposed
brief being sent, that you have not made any contact with him, or
even sent an introductory letter informing that you have been assigned
as the individual attorney to perfect his appeal.

    Further, the defendant is displeased that you have not responded
to any of his letters that was written to you before and after you
have prepared the proposed brief, and thus I have not been advised
on any decisions you have made, or have been allowed to participate
in the perfecting of the appeal by submitting additional issues
of merit that have not been represented in your appellate brief.

    Mr. Atwell, it is my understanding that an attorney is to act
as an advocate on behalf of his client, which requires that he keep
his client informed of the progress of his appeal and to discuss
with him the issues that are likely to be raised on appeal, and
that he should consider additional issues that the client may have
as the brief is being assembled.

    The defendant is now concerned that one of hs issues that may
be of significant merit is not represented in your brief. This issue
concerns the defective indictment where the defendant was not given
notice of the grand jury proceedings against him and was denied
the right to testify. (See CPL § 190.50).

1

The defendant was also denied the right to counsel during the arraignment on his arrest in violation of his 6th Amendment right to counsel during a material stage of the criminal proceedings which has thereby served to abridge the defendant's right to testify before the grand jury. The defendant request that the arraignment of his arest transcripts are obtained and that he be provided with a copy. These transcripts will show that the defendant was not represented by counsel at such a critical stage of the criminal action action. The defendant further respectfully request that you explore these facts and research the law on the matter for consideration of raising such in the appellate brief.

Additionally, If for some reason you decide not to raise this issue, please instruct the defendant in the procedure of filing a supplemental brief.

Lastly, It would be greatly appreciated if you could respond to the defendant's concerns in a timely matter.

ANNEXED HERETO PLEASE FIND AFFIDAVIT OF SERVICE BY MAIL

DATED: 9/10/15

Coxsackie, New York

Respectfully Submitted

CRAIG GABBIDON/15A0150
DEFENDANT-APPELLANT
Coxsackie, C.F.
P.O. BOX 999
Coxsackie, NY 12051-0999

2

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )

      ss:     A.D. NO. 2015-00872

COUNTY OF GREENE )     (Ind. No. 121-2013)


  I, CRAIG GABBIDON, being duly sworn, deposes and says that

on this _10_ day of September, 2015, I served the attached legal

document, entitled: "Defendant's concerns of participating in the

perfecting of the appellate brief," upon Del Atwell, appellate attor-

ney, by depositing the same, in the postal receptacles here at the

Coxsackie Correctional Facility, in a properly addressed envelope,

to be duly mailed via the United States Postal service, to the address

set forth below, being the address designated for that purpose.

Dated: 9/10/15

   Coxsackie, New York

Del Atwell, esq.,
39 5th Street
East Hampton, NY 11937
personal file: c/g

Respectfully submitted

CRAIG GABBIDON/15A0450
DEFENDANT-APPELLANT

Coxsackie, C.F.
P.O. BOX 999
Coxsackie, NY 12051-0999


     Sworn to before me this

     10 day of September, 2015

     NOTARY PUBLIC


Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. 01LE6265486
My Commission Expires 07/09/20__16

# EXHIBIT



ASSISTANCE TO PROVIDE APPELLANT-DEFENDANT WITH COPIES OF
HIS FILE.



Craig Gabbidon 15A0150
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, N.Y. 12051

September 10, 2015

Del Atwell, Esq
39  5th Street
East Hampton, New York 11937

Re; Assisstance to provide appellant-defendant with copies of
    his file.

Dear Mr. Atwell:

    Sir, as you know, I have tried everying to get in touch with
you, but to no avail. I have write, I have tried calling you from
the facility inmate phone, and I had my wife, My mother and my bro-
ther calling you and still yet, you have not return not one of
there messages or phone calls.

    Sir, the reason for those phone call was to help me retrieved
those file I have been trying to get.

    Furthermore, I has yet to receie a copies of the People resp-
onse to my brief nor has you respond to any of my correspondence
I have made to you over the months thats past.

    You are being very unprofessional and I don't believe you're
in my best interest nor have you ever.

    ANNEXED HERETO PLEASE FIND AFFIDAVIT OF SERVICE BY MAIL

                                        Thank You,

## AFFIDAVIT OF SERVICE BY MAIL

People v. Gabbidon
App. No. 2015-00872

STATE OF NEW YORK )
                          ss:
COUNTY OF GREEN    )


I, CRAIG GABBIDON, being duly sworn, deposes, that on this _10_ day of September, 2015, I served the foregoing #2 page legal documents, entitled: " Request for attorney's assisstance to prov- ide appellant-defendant with complete copy of his file pertain his case ", by depositing the same in the postal services here at the Coxsackie Correctional Facility, in a properly addressed envelope, to be duly mail via the united state postal service to the address set forth below, being the address designated for that purposed.

Date: 9/10/15                    Respectfully Submitted,

Coxsackie, New York          CRAIG GABBIDON/15-A-0150
                             DEFENDANT


Del Atwell, Esq              Coxsackie, C.F.
39  5th Street               P.O. BOX 999
East Hampton, New York       Coxsackie, NY 12051-0999
11937


Sworn to before me this
_10th_ day of September, 2015

NOTARY PUBLIC

Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. 01LE6265436
Commission Expires 07/09/20

# EXHIBIT



LETTER



Del Atwell, esq..
39  5th Street
East Hampton, NY 11937

A.D. No. 2015-00872
Ind. No. 121-2013

Dear Del Atwell, Esa:

        I'm writing to inquire about the Status
of My Criminal appeal you are Currently
representing Me on. However, I wrote Several
letters to you, as of yet, I Still have not
receive a response from you. As of right
now, it's unknown to Me on whats going
on with My liberty. If in the event I
don't receive a response from you. I have

(1)

no Choice in the Matter but to persued further action to the New York State Bar Association, with a formal Complaint. I leave this Situation with ten (10) business days to respond, before taking further action.

Sincerly,

Date: 10/15/15

~~Craig Gobble~~
Appellant-Defendant /15-4-0150

Coxsackie Correctional facility
P.O. Box 999
Coxsackie, NY 12051-0999

C.C: Del Atwell, ESQ
Personal file: C/g

(2)

# EXHIBIT



# J

LETTER REQUESTING DOCUMENTS

**EX-J**

Ind. No. 121-2013
A.D. No. 2015-00872

Appellant-Defendant
15-A-0150

Dear Mr Del Atwell, ESQ:

I am writing to you regrading your assisstance In this Matter, Mr. Atwell. I am requesting Copies of some of the legal papers you have on file for Me on the case. I am requesting of you if Possible, to Please send Me Copies of all statement that was Made by both the alleges victim. Copies that was taken by the Poughkeepsie ① Police Department and the Hyde Park ② Police Department. This is very important, I would really appreciate as it is very important to My case. I would like Copies of Police reports and Copies of the grand Jury Minutes, the Pre-sentence Minute and any other document you have. (legal).

Sincerly,
Craig Gabb?

Date: 10/21/15

C.C: Dell Atwell, ESQ

Coxsackie C. F.
P.O. Box 999
Coxsackie, NY 12051



# EXHIBIT

# K

REQUESTING OF LEGAL PAPERS



COXSACKIE CORRECTIONAL FACILITY
P.O. BOX 999
COXSACKIE, N.Y. 12051-0999
CRAIG GABBIDON DIN # 15-A-0150


DEL ATWELL, ESQ:
ATTORNEY FOR APPELLATE
39  5th STREET
EAST HAMPTON, N.Y. 11937

Date: Nov 19 2015


RE: Requesting of legal papers"


Dear Mr. Atwell,

        I want to thank you for your time and effort that you put
into my appellate brief, to my understanding, it is a good brief
and with outstanding research on the points that you have raised
so far, but their as been other issues that are of concern to me
that most be raised on a pro se, and for that to be done, Sir, I
would like copies of all legal paper works you have in your poss-
ession from the Dutchess County Court.EI am asking if you can ple-
ase provide me of an with the following documents below.

1) Police Reports of both police departments, ( Poughkeepsie P.D.
   an Hyde Park P.D.)

2) Statements of both alleged victims, ( before and after I made
   A statement),

3) Copies of the grand Jury Minutes, ( Date of december 5, 2013
   an January 22, 2014 ).

4) Pre-Sentencing minutes.

5) Copies from the lower court proceedings that show that I was
   arraigned without counsel during a material stage of the
   criminal proceedings.

6) I would like any copies you can or may provide me with that is
   pertaining to me not being notified of the grand jury proceeding.

7) I would like all available transcripts that you can or may make available to me be sent out to me at the adress below.

COXSACKIE CORRECTIONAL FACILITY
P.O. BOX 999
COXSACKIE, N.Y. 12051-0999

I am requesting that the arraignment transcripts be obtained and that a copy be to me, Plwase.

If for some reason you cannot provide me with the information i'm requesting, Please let me know as soon as possible at a timely manner.

Respectfully Submitted

CRAIG GABBIDON / 15-A-0150
DEFENDANT-APPELLANT

IND. No. 121-2013
A.D. No. 2015-00872

C.C: Filed c/g
Personal Filed, Del Atwell

# EXHIBIT



REQUESTING ASSISTANCE AND INFORMATION



COXSACKIE CORRECTIONAL FACILITY
P.O. BOX 999
COXSACKIE, N.Y. 12051-0999
CRAIG GABBIDON/DIN 15-A-0150


DEL ATWELL, ESQ,.
39 5th STREET
EAST HAMTON, N.Y. 11937                    Date: 2/18/16

Ind. No. 121-2013
App. No. 2015-00872


RE: Requesting Assisstance and Imformation,

Dear Mr, ATwell, Esq,

     I write to you requesting imformation about my appeals, I
am asking you if you have filed my Notice of Appeals with the
Court of Appeals to please let me know. Due to the lack of comm-
unication between you and myself, I am not sure of the status
of my case. I ask you to please notify me with the imformation
im asking you for, as there is a 30 days time period for it to be
file. I am also requesting a complete copy of my file be sent to
me and or send me the files so I can make copies and return them
back to you as soon as posible.


Thank you for yourrattention to this matter.

                              Sincerly


SWORN TO BEFORE ME THIS
18th DAY OF february 2016

         NOTARY PUBLIC

Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. 01LE6235486
My Commission Expires 07/09/20

STATE OF NEW YORK          )
                           )   ss.:
COUNTY OF ___GREENE___     )


I, _Craig Gabbidon_____ being duly sworn, deposes and says:

1.   I am over eighteen (18) years of age and resides at the Coxsackie Correctional Facility, P.O.Box: 0999. Coxsackie, New York 12051-0999.

2.   On _2/18/16_____, 20_16_, I placed and submitted a true and exact copy of the within document(s) which consist of the following: RE: "Requesting Assistance and Information."

_____

_____

in a properly sealed, post paid. wrapper and deposited same in an official depository of the United States Postal Service, said box being under exclusive care of the New York State Department of Correctional Services and is one established for the purpose of mailing correspondence, addressed for delivery to the following parties.

_Del Atwell Esq_____          _____
_39 5ᵗʰ Street_____          _____
_East Hampton, NY 11937_          _____

_App. No. 2015-00872___          _____

_____          _____

_____          _____


SWORN TO BEFORE ME THIS          Respectfully Submitted,
_18ᵗʰ_ DAY OF _February 2016_

_____          _Craig Gabbidon_____
NOTARY PUBLIC                      Din # _15-A-0150_____
                                   Coxsackie Correctional Facility
    Jackie A. Lewis                P.O.Box: 0999
 Notary Public, State of New York  Coxsackie, New York 12051-0999
  Qualified in Albany County
     No. 01LE6265484
My Commission Expires 07/09/26 16

# EXHIBIT



FREEDOM OF INFORMATION REQUEST

People V. Gabbidon
App. No. 2015-00872
Ind. No. 121-2013


EX-M

## FREEDOM OF INFORMATION REQUEST

To: Del Atwell, Esq
39 5th Street
East Hampton, N.Y. 11937

Date 2/24 20 16

From: Craig Gabbidon 15-A-0150
Correctional facility
Coxsackie, NY 12050

Dear Sir or Madam:

This is a request for Information under the Freedom Of Information Law, Pursuant to the Public Officer Law, Article 6, Section 84-90/ and the Personal Protection Privacy Law; Article 6-A Section 91-99/ Open Meeting Law, Article 7, Section 100-111/ and the U.S.C.A. 552.

I wish to obtain the following information and records:

" I hereby request of a Complete Copy of My records, and Copy of the People's response to My brief."

If any and/or all of my request is denied, please list the exemptions. If you determine that some portion of this request is exempt, I will expect, as the Act provides, that you will provide me with the remaining Non-Exempt portions or materials. I, of course reserve the right to appeal any determination to withhold any/all information and expect that you will provide me with the address and office where my appeal may be forwarded.

As your agency should be cognizant, the Amended Freedom Of Information Act requires that you shall reduce, or waive, search and/or copying fees when the release of the required information is in the Public interest. It is my belief that the above requested information falls into this category. In addition, the Act requires that you reply within five (5) days of my request being received. In the event that my request is denied please provide me with the name and address to whom I am to forward my appeal to and to the attention of.

Thank you for your time and anticipated cooperation in this matter.

STATE OF NEW YORK
COUNTY OF

Respectfully,

Craig Gabbidon 15-A-0150
Ind. No. 121-2013

Sworn before me this

24 Day of February, 20 16

NOTARY

Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. 01LE6260886
My Commission Expires 07/09/20 16

People v. Miller, 62 A.D.3d 1047, 878 N.Y.S.2d 489 (2009)

A defendant's decision to plead guilty to robbery in the second degree was not knowing, voluntary, and intelligent, requiring vacatur of the plea and reversal of the Judgment of Conviction, where the defendant, who was a second felony offender, was incorrectly informed that he would receive three years of PRS, when by operation of law he was required to receive a term of five years of PRS.

People v. Ciccarelli, 32 A.D.3d 1175, 822 N.Y.S.2d 186 (4th Dept. 2006)

The defendant was entitled to withdraw his guilty plea and to vacation of the entire sentence where the sentence was illegal because the minimum.

# EXHIBIT



# N

REQUESTING COPIES OF THE PEOPLE RESPONSE TO APPELLANT'S BRIEF

EX-N

COXSACKIE CORRECTIONAL FACILITY
P.O. BOX 999
COXSACKIE, N.Y. 12051
CRAIG GABBIDON/ DIN # 15-A-0150

March 4, 2016

DEL ATWELL, Esq
Attorney At Law

39 5th Street
East Hampton, NY 11937

                    Re: People V. Gabbidon
                    Ind. No. 121-2013
                    App. No. 2015-00872

Dear Sir/Madam,

    I am writing to you in regrads to your response of my letter
date on Feb 18, 2016, and that since then I have receive a copy
of the served application to the Court of Appeals on January 31,
2016. However, I am still waiting for a copy of the District Atto-
rney response to the Appellate Brief that was filed, and the copi-
es I have ask for of my case file. Once again I ask that you please
provide me with a complete copy of all documents and materials
that you have pertaining to my case. Therefore, I would appreciate
a response as soon as possible and look forward to hearing from you
shortly. If for any reason any portion of my request is being denied
or ignored, please inform me of the reason for it being denied and
ignored in writing and provide the name and address of the person
or body to whom I should contact directly.

Enclosed is a copy of the letter I recevied from the District attor-
ney's office directing me to you for the imformation I am requesting.

Janice A. Lewis
Notary Public, State of New York
Qu___ in Albany County
No. 01LE5265466
My Commission Expires 07/09/20

                    Respectfully Submitted,

ANNEXED HERETO PLEASE FIND AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK                     )
                                      )
                                      )  ss.:
COUNTY OF   GREENE                    )


I,  CRAIG GABBIDON                being duly sworn, deposes and says:

1.    I am over eighteen (18) years of age and resides at the Coxsackie Correctional Facility, P.O.Box: 0999, Coxsackie, New York 12051-0999.

2.    On  March 4           , 20 16  , I placed and submitted a true and exact copy of the within document(s) which consist of the following: " People V. Gabbidon "  Copies of District Attorney response to to Appellant Brief and copies of all legal documents and materials that is pertaining to my case.  Ind. No. 121-2013

in a properly sealed, post paid, wrapper and deposited same in an official depository of the United States Postal Service, said box being under exclusive care of the New York State Department of Correctional Services and is one established for the purpose of mailing correspondence, addressed for delivery to the following parties.

App. No. 2015-00872


DEL ATWELL, ATTORNEY AT LAW
39  5th Street
EAST HAMPTON, NY 11937


SWORN TO BEFORE ME THIS
8th DAY OF March 2016

NOTARY PUBLIC

Respectfully Submitted,

Craig Gabbidon
Din # 15 A 0150
Coxsackie Correctional Facility
P.O.Box: 0999
Coxsackie, New York 12051-0999

Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County
Commission Expires 07/09/__

# EXHIBIT



---

TERMINATION LETTER

---



DEL ATWELL
ATTORNEY AT LAW

39 5TH STREET
EAST HAMPTON, NY 11937
631-267-2067

May 6, 2016


Craig Gabbidon -15A0150
Coxsackie CF
PO Box 999
Coxcackie, NY 12051-0999


You are mistaken. You have been timely advised throughout. Once again, I am forwarding the Order Denying Leave sent on April 10, 2016. My representation as appellate counsel is now terminated.



# EXHIBIT

# P

LETTER TO THE APPELLATE COURT, CLERK OF THE COURT