to get a receiving response. As of right now, it is unknown to Me on what is going on with My Appeal.

Please be Advise, that I am you for any information you Can provide at this time, As I am in the process of Completing a pro se Supplement Motion to ask the Court permission to file a Supplement brief, but with no updates or notification from My attorney. IM not sure what is being done.

I would like to know if My brief was filed or if there as been any extension granted for any reason I don't know no of, it would be grately appreciated for any information you Can help With in this Matter. I ask the Court to Please have Mr. Atwell, Correspond with Me VIa, Mail or Visit as soon as possible.


Thank you,

Sincerly,

Mr. Gabbidon

(2)

# EXHIBIT



REQUESTING ASSISTANCE FROM THE COURT



CRAIG GABBIDON/DIN 15-A-0150
COXSACKIE CORRECTIONAL FACILITY
P.O. BOX 999
COXSACKIE, N.Y. 12051-0999

APPELLATE DIVISION, SUPREME COURT
 Second Judicial Department
   State of New York
   45 Monroe Place
   Brooklyn, N.Y. 11201

Date: 2/18/16

Ind. No. 121-2013
   App. No. 2015-00872

Dear Clerk,

     Defendant-Appellant, is writing to you asking for your help
in the matter at hand. I ask if you can please imformed me of the
process of case, I would like to know if Del Atwell, has filed a
notice of appeal with the court of appeals. As you may know from
my many letters, I has not been in communication with Mr. Atwell,
NOT ONCE or EVER. Please I ask, I Beg you for any imformation you
can provide me with, will be greatly appreciated. Due to the lack
of communication, I im left in the dark and with no help I need ,
your assisstance in the matter. To my understanding, I have 30 days
to file my Notice of Appeal with the Court of Appeals, but not
hearing from mr. atwell has left me uninformed. Please I most know
this imformation as soon as possible, as I don't know how much time
I have left.

                                    Sincerly,

-------------------------------------------------------------------
SWORN TO BEFORE ME THIS

   18th DAY OF February 2016        Jackie A. Lewis
                                    Notary Public, State of New York
                                    Qualified in Albany County
                                    No. 01LE5976626
   NOTARY PUBLIC                    My Commission Expires 07/09/20  16

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF _GREENE_____   )

 

I, __CRAIG GABBIDON_____ being duly sworn, deposes and says:

1. I am over eighteen (18) years of age and resides at the Coxsackie Correctional Facility, P.O.Box: 0999, Coxsackie, New York 12051-0999.

2. On __2/18_____, 20 16 , I placed and submitted a true and exact copy of the within document(s) which consist of the following: _REQUESTING ASSISSTANCE_____

_____

_____

in a properly sealed, post paid wrapper and deposited same in an official depository of the United States Postal Service, said box being under exclusive care of the New York State Department of Correctional Services and is one established for the purpose of mailing correspondence, addressed for delivery to the following parties.

_APPELLATE DIVISION, SUPREME CT_
Second Judicial Department
_State of New York_
45 MOnroe Pl, Brooklyn, N.Y. 11201
APP. No. 2015-00872

_____

_____

SWORN TO BEFORE ME THIS
18th DAY OF February 2016

_A. Lewis_
NOTARY PUBLIC

Respectfully Submitted,

CRAIG GABBIDON
Din # 15-A-0150
Coxsackie Correctional Facility
P.O.Box: 0999
Coxsackie, New York 12051-0999

Jackie A. Lewis
Notary Public, State of New York
Qualified in Greene County
No. 01LE6090823
My Commission Expires 07/06/20__



# EXHIBIT

# R

LETTER REGARDING MY ATTORNEY DEL ATWELL, NEGLIGENCE AND
UNPROFESSIONAL ETHICS TO THE COURT.



COXSACKIE CORRECTIONAL FACILITY
P.O. BOX 999
COXSACKIE, N.Y. 12051-0999
CRAIG GABBIDON/DIN# 15-A-0150


APPELLATE DIVISION, SUPREME COURT
 SECOND JUDICIAL DEPARTMENT
  STATE OF NEW YORK
   45 MONROE PLACE
BROOKLYN, N.Y. 11201                         Date: Jan 19 2016

Re: People v. Gabbidon
App. Div. Docket No. 2015-00872
Ind. No. 121-2013


Dear Clerk,

     I defendant-appellant, write to you this letter in regards to
my Attorney Del Atwell, Esq,. Please be advised, that Defendant/
Appellant has not at anytime heard from my lawyer. However, with
my many attempt by writing to my lawyer, I have ask my family to
contacted him on my behalf and to please have him write to me. My
wife Luz Gabbidon, has called, Phone number (518) 650-4910, My sis-
ter has called Phone number (305) 490-4918 and my brother has call-
ed Phone number (845) 821-0993. with this many attempt, I have yet
to here from Mr. Atwell, These number is for verification of the
many attempt in the matter. Please feel free to contact them.
Additionally, with no help or communication from my lawyer in which
     I have wrote him asking for his assisstance in the matters per-
taining to my case. So I write to the court of Appeal seeking help
not only in the matters of my attorney unprofessional ethics but
with the help of providing me with all copies of my case, transcripts
grand jury minutes, police report, investigation report and all files
pertaining to case number 121-2013.
Due to my attorney negligence and lack of communication, I was not
     aware of the filing period set forth in the court of appeal on
asking a timely permission to file a notice of pro se suplemental

(1)

motion. I would like to informed the court, that in respect to
your response to my brief, defendant/appellant was never given any
copies of the district attorney's response nor was I ever notified.
Mr. Atwell, withheld these information from me. My attorney is unpro-
fessional and as not provided me with meaningful represetation,.
Enclose or copies of the letters i have wrote to Mr. Atwell, in my
attempt to establish contact with him. I was still ignored in all
attempted.

Lastly, I ask the court of appeal to please provide me with the
information on filing how to file an appeal on it's decision an order.
Thank you for your time and patience im this matter.

Sincerly,

SWORN TO BEFORE ME THIS
_____ Day of January 2016
_____
NOTARY PUBLIC

Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. 01LE6265486
My Commission Expires 07/09/20

(2)

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           )   ss.:
COUNTY OF ~ GREENE          )

I, Craig Gobbdon _____ being duly sworn, deposes and says:

1.    I am over eighteen (18) years of age and resides at the
Coxsackie Correctional Facility, P.O.Box: 0999, Coxsackie, New York 12051-0999.

2.    On January 19, 2016, I placed and submitted a true and
exact copy of the within document(s) which consist of the
following: "Re: "Letter regarding my attorney Deb Atwell Esq.
negligence and unprofessional ethic to the Court of appeal"

in a properly sealed, post paid, wrapper and deposited same in an official
depository of the United States Postal Service, said box being under exclusive care
of the New York State Department of Correctional Services and is one established
for the purpose of mailing correspondence, addressed for delivery to the following
parties.

Appellate Division Supreme Court
Second Judicial Department
45 Monroe Place
Brooklyn  NY 11201

SWORN TO BEFORE ME THIS                    Respectfully Submitted,
19th DAY OF January 2016

J. Lewis
NOTARY PUBLIC                              Craig Gobbdon
                                           Din # 15-A-0150
                                           Coxsackie Correctional Facility
Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. 01LE5885496
My Commission Expires 07/09/20  16
                                           P.O.Box: 0999
                                           Coxsackie, New York 12051-0999

# EXHIBIT

# S

NOTICE OF MOTION TO VACATE JUDGMENT OF CONVICTION
WITH AFFIDAVIT IN SUPPORT OF MOTION TO VACATE.

**EX-S**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------- X
THE PEOPLE OF THE STATE OF NEW YORK,

                              Respondent.

          -against-

CRAIG GABBIDON,

                    Defendant

-------------------------------------- X

        S I R S :

NOTICE TO ATTORNEY
GENERAL TO INTERVENE
N.Y.C.P.L.R. 1012(b)

Ind. No. 121-2013

        PLEASE TAKE NOTICE, that the above entitled action involving
the constitutionality of a statute of this state/rule or regulation
adopted pursuant to this State, to wit: Penal Law 130.50(2), 130.35(2),
130.40(2), and 260.10(1), is pending in this court, and the State
of New York is not presently a party to that action. Upon application
pursuant to N.Y.C.P.L.R 1012(b) you will be permitted to intervene
as a party in support of the constitutionality of Penal Law 130.50(2),
130.35(2), 130.40(2), and 260.10(1).

Dated: 9/16/16

        Coxsackie, New York

TO:  Hon. Eric T. Schneiderman
     Attorney General of the State
     of New York
     Albany, New York 12224-0341

     Supreme Court Clerk
     Dutchess County
     10 Market Street
     Poughkeepsie, NY 12601

     William v. Grady, Dist. Att.
     Dutchess County
     236 Main St.,
     Poughkeepsie, NY 12601

     personal file: c/g

                              Respectfully Submitted

                         CRAIG GABBIDON/15A0150
                         DEFENDANT

                         Coxsackie, C.F.
                         P.O. BOX 999
                         Coxsackie, NY 12051-0999

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
----------------------------------------X

PEOPLE OF THE STATE OF NEW YORK,

                                        NOTICE OF MOTION
                                        TO VACATE JUDGMENT

     -against-
                                        Ind. # 121/2013

                                        Hon. Stephen Greller

CRAIG GABBIDON,
                        Defendant.      C.P.L. 440.10(1)(h)
----------------------------------------X


     PLEASE TAKE NOTICE that upon the annexed affidavit of Craig

Gabbidon, duly sworn to the 16 day of September, 2016, and doc-

uments attached thereto and upon the accusatory instrument and all

the proceedings heretofore had herein, a motion will be made in

the County Court of Dutchess, thereof, at the Courthouse located

at 10 Market Street, Poughkeepsie, New York, on the 29 day of

September, 2016, or thereafter at 10 O'clock in the forenoon of

that day, or as soon thereafter as counsel can be heard, for:


(1) an order vacating the judgment heretofore entered against the

above named defendant on the December 23, 2014, on the following

grounds:     The judgment was obtained in violation of a right

             of the defendant under the constitution of this

             state or of the United States;

(2) an order, pursuant to N.Y. Crim. Proc. Law § 440.30(5), to

produce the defendant at any hearing to be conducted for the

purpose of determining this motion; and

(3) such other and further relief as to the court may seem

just and proper.


Dated:   September 16 , 2016

Craig Gabbidon 15A0150
Coxsackie Corr. Fac.
P.O. BOX 999
Coxsackie, N.Y. 12051



Sent to:   William V. Grady
           District Attorney of Dutchess County
           236 Main Street
           Poughkeepsie, New York 12601


           Hon. Eric T. Schneiderman
           Attorney General of the State
           of New York
           Albany, New York 12224-0341

-2-

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
----------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK,

     -against-

                                   AFFIDAVIT IN SUPPORT
                                   OF MOTION TO VACATE
                                   JUDGMENT UPON THE
                                   GROUND THAT THE JUD-
CRAIG GABBIDON,                        GMENT WAS OBTAINED IN
                                   VIOLATION OF HIS CON-
                Defendant.         STITUTIONAL RIGHT
----------------------------------------------X  Ind. No. 121/2013


STATE OF NEW YORK     )
                     )ss.:
COUNTY OF GREENE    )


    Craig Gabbidon, being duly sworn, deposes and says that:

    I am the defendant in the above-captioned matter, proceeding pro se and make this affidavit in support of a motion to vacate judgment of conviction upon the ground that it was obtained in violation of a right of the defendant under the Constitution of the State of New York and United States of America, as provided for by N.Y. Crim. Proc. Law § 440.10(1)(h) and the Fourteenth Amendment along with the Sixth Amendment of Federal Constitution.


## STATEMENT OF FACTS

On the date of March 3, 2013 the crimes of Penal Law 130.50(2), 130.35(2), 130.40(2) and 260.10(1) were alleged to have been committed by the defendant against Yolanda Reyes. The defendant was arrested on October 1, 2013 and subsequently indicted for the above stated penal law violations.

On the date of June 11, 2014, under the urging of his defense counsel Susan Mungavin and Alex Rosen, the defendant was convinced to plead guilty to one count of the indictment penal law 130.50(2), in full satisfaction of the indictment.

On the date of June 16, 2014 not more than 4 days later the defendant tried to withdraw said plea by sending a letter to this court and to defense counsels (see ex-A)

On June 25, 2014 Defense Counsel responded to the letter from the defendant and took no position to his intention to withdraw his plea, however, she requested that the court appoint new counsel (see ex-B).

On the date of July 1, 2014, this court appointed Mr. Eric S. Shiller of P.O. BOX 1601, Newberg, N.Y. 12551. (see ex-C).

On the date of September 10, 2014, defense counsel Mr. Shiller filed with this court a formal motion to withdraw guilty plea and the affirmation in support. (see ex-C)

The People represented by Alison J. Stuart, ADA responsed in

opposition to said motion.

Ultimately on October 15, 2014 this court denied defendant's motion to have his guilty plea withdrawn, having found that the ground submitted by defendant were without merit.

On the date of December 23, 2014 this court sentenced the defendant to a prison term of 15 years and 10 years post release supervision.

Defendant filed a timely notice of appeal and had his conviction affirmed by the Second Department on December 2, 2015. Leave to appeal to the Court of Appeals was denied on March 31, 2016. To date no federal attack of the conviction has been instituted.

-3-

---

PEOPLE OF THE STATE OF NEW YORK,

    -against-

CRAIG GABBIDON
           Defendant.

---

---

## M E M O R A N D U M   O F   L A W

---

There can be no question that a plea of guilty must be voluntary, knowingly and intelligently entered by a defendant. The defendant must be made aware of all of the direct consequences, along with some of the collateral consequences. This gives the defendant the ability to make choices he can live with.

Post Release Supervision is a direct consequence of a conviction, which the defendant who pleads guilty has the right to know it's terms, People v. Catu, 4 N.Y.3d 242, 825 N.E.2d 1081, 792 N.Y.S.2d 887 (2005), People v. Hill, 9 N.Y.3d 189, 879 N.E.2d 152, 849 N.Y.S.2d 13 (2007).  As the Court of Appeals explained in "People v. Catu, because a defendant pleading guilty to a determinate sentence must be made aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among the alternatives course of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction." The Court further indicated "In that the constitutional defect lies in the plea itself and not in the resulting sentence, Vacatur of the plea is the remedy for a Catu error since it returns a defendant to his or her status before the constitutional infirmity occured. See People v. Selikoff, 35 N.Y.2d 227, 360 N.Y.S.2d 623, 318 N.E.2d 784 (1974).

The Court in this matter when explaining the maximum sentence that the defendant would be exposed to indicated a "cap of fifteen

(15) years determinate sentence in state prison and between two (2)
and a half (1/2) to five (5) years postrelease supervision.
(see ex-D). This Court was mistaken as to the maximum punishment
of the postrelease supervision that could be imposed, Penal Law 70.
80(4) establishes that the amount of postrelease supervision the
defendant would be exposed to is five (5) to twenty (20) years, not
two (2) and a half (1/2) to five (5) years for the crime of Penal
Law 130.50(2). This Court mislead the defendant and raises substan-
tial doubt that had the defendant known the true amount of postre-
lease supervision he was subjected to by pleading guilty, never
would he have accepted such plea. While the Court imposed a legal
term of postrelease supervision, the offer made by the Court to
induce defendant to plead guilty was illegal. Defendant was tricked!

Now comes the claim of ineffective assistance of counsel.
Defendant was represented by two Court-Appointed attorneys from the
Dutchess County public Defenders office and one independent attorney
appointed through the 18B County Law. Neither representation afforded
defendant with effective assistance of counsel. Defendant had the
right to be represented by competent counsel who was familiar with
the legal principles and issues governing the plea he was accepting
and to benefit from the expertise of said counsel. (see People v
Baldi, 54 N.Y.2d 137, 429 N.E.2d 400, 444 N.Y.S.2d 893.

-6-

Here, defendant's first attorney, who was later relieved, was
standing next to the defendant when this Court in this matter when
explaining the maximum sentence that the defendant would be exposed
to (15) years determinative in state's prison, plus postrelease,
supervision, and "I believe the postrelease supervision is, bear
with me a minute, I believe it's between two (2) and a half (1/2)
and five (5) years in postrelease supervision" in violation of Penal
Law 70.80(4).

In Strickland v. Washington, 466 U.S. 688, 80 L.Ed.2d 764, 104
S.Ct. 2052 (1984), the Court set forth the criteria to be utilized
in determining when defendant's conviction must be reversed because
he did not receive the effective assistance of counsel guaranteed
by the Sixth Amendment. The benchmark for judging such a claim is
whether counsel's conduct so undermined the proper functioning of
the adversarial process that, but for counsel's unprofessional errors,
the result of the proceeding would have been different. A reasonable
probability is a probability sufficient to undermine confidence in
the outcome. Id. at 694.

The second prong of the Strickland test requires that prejudice
must be proved; it is not presumed. Id. at 692-693, 104 S.Ct. at 2067,
80 L.Ed.2d 696-697. Specifically, a defendant alleging actual ineffec-
tiveness must show that there is a "reasonable probability that,
but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

Here, the Strickland threshold is realized because if counsel had not been incompetent, the plea would not have been entered thereby resulting in a different outcome

The plea was infected by counsel's ineffectiveness because its integrity was compromised.

Defendant plea to a B class violent felony as a non-predicate offender. The crime carries a sentence range of five (5) to twenty-five (25) years. P.L., 70.02(3)(a) and postrelease supervision range of five (5) to twenty (20) years. P.L., 70.80(4). More importantly, the Constitutional components of the plea process were compromised. Santobello v. New York, 404 U.S. 254, 262(1971). Counsel was unaware of the ingredients of the sentencing guidelines. The right to effective assistance of counsel is guaranteed by the Federal and State Constituions. US Const,. 6th Amend; NY Const., Art. 1, § 6.

A defendant in a criminal matter is entitled to adequate and effective assistance at all stages of a proceeding. Quartararo v. Fogg, 679 F.Supp. 212, 239-43 (E.D.N.Y. 1988). Since the role of a trial attorney is to ensure full an adequate representation, it is necessary to make use of all available evidence to ensure that the adversarial process work properly in presenting the best defense Possible.

Here, counsel was ineffective during the plea negotiation

–8–

phase of the process. If the evidence, the law, and the circum-
stances of a particular case, viewed in totality and as of the time
of the representation, reveal that the attorney provided meaningful
representation, the constitutional requirement wil have been met.
People v. Baldi, 54 NY2d 137, 146-147. A contention of ineffective
assistance of trial counsel requires proof of less than meaningful
representation, rather than simple disagreement with strategies
and tactics. People v. Benn, 68 NY2d 941. An attorney may fail to
make proper inquiry of the factual basis for a hearing. To prevail
on a claim of ineffective assistance of counsel, it is incumbent on
defendant to demonstrate the absence of strategic or other legitimate
explanations for counsel's failure at a particular hearing. Peopel
v. Rivera, 71 NY2d 705, 707; 530 NYS2d 52, 54 (1988).

    In this case, defense counsel's was unable to recognize and
address the constituional infringement perpetrated upon the defendant
when he admitted his guilt. This ineffectiveness compromised the
integrity of the conviction and it constitutes a denial of meaningful
representation pursuant to Strickland/Baldi.

A plea may be withdrawn by a defendant if it was induced
by an unfulfilled sentence promised by the court, See People
v. Fredrick, 45 N.Y.2d 520, 410 N.Y.S.2d 555, The issue should
not be raised for the first time on appeal See People v. Mackey,
77 N.Y.2d 846, 569 N.E.2d 442, 567 N.Y.S.2d 69٩, People v. Lopez,
71 N.Y.2d 662٦ People v. Pellegrino, 60 NY2d 636; People v. Warren,
47 NY2d 740. This Court promised the defendant that his Postrel-
ease supervision would be capped at five years, and was unable to
fulfill it's promise, in fact the court was without jurisdiction
and authority to make such an offer. Because a guilty plea is
equivalent to a conviction after trial, failure to move to with-
draw or vacate in the trial court will likely result in the convi-
ction being affirmed on appeal. People v. Lopez, 71 NY2d 662, 529
N.Y.S.2d 465

Suffice it to mention that when the defendant entered into
the court room and was prepared to accept a negoiated plea, the
court went on record to establish that the offer (as illegal) was
discussed by the Court, ADA and defense counsel, and the best of
which was produced was a sentence which violated the constitutional
rights of the defendant and denied him due process of law.

## C O N C L U S I O N

BASED ON THE AFOREMENTIONED FACTS, LEGAL ARGUMENTS AND CONCLUSIONS

OF LAW DEFENDANT WILL PRAY THAT THIS COURT GRANT THIS MOTION AND

VACATE THE JUDGMENT AND CONVICTION AND ANY OTHER RELIEF TO THIS

COURT MAY BE JUST AND PROPER, OR DEFENDANT WILL BE PLACED IN A

POSITION TO SEEK APPELLATE REVIEW OF THIS COURT'S ACTIONS IF THIS

COURT DENY'S THE RELIEF REQUESTED HEREIN.


Dated: September _16_ , 2016

Craig Gabbidon 15A1050
Coxsackie Corr. Fac.
P.O. BOX 999
Coxsackie, N.Y. 12051


SWORN TO BEFORE ME THIS _16th_DAY

OF SEPTEMBER, 2016


N O T A R Y      P U B L I C

Jennifer A. Lewis
Notary Public State of New York
Qualified in ......
My Commission Expires ......

-11-

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK _____ )
                          ) ss.:      Ind. No. 121-2013
COUNTY OF GREENE _____   )           People v. Gabbidon


    I, __CRAIG GABBIDON_____ being duly sworn, deposes and says:
1.   I am over eighteen (18) years of age and resides at the
Coxsackie Correctional Facility, P.O.Box. 0999. Coxsackie, New
York 12051-0999

    2.   On __SEPTEMBER__ 16 , 20 16 , I placed and submitted a true and
exact   copy   of   the   within   document(s)   which   consist   of   the
following: "Notice of motion to vacate judgement of conviction
with affidavit in support of motion to vacate judgement of con-
viction, 440.10(1)(h)." "(with attached exhibits A, B, C and D.")

in a properly sealed, post paid wrapper and deposited same in an official
depository of the United States Postal Service, said box being under exclusive care
of the New York State Department of Correctional Services and is one established
for the purpose of mailing correspondence, addressed for delivery to the following
parties.

__Hon. Eric T. Schneiderman___    __William V. Grady, Dist. Att.__
__Attorney General of the State of__   __Dutchess County__
__New York__                      __236 Main Street__
__Albany, NY 12224-0341__         __Poughkeepsie, New York 12601__

__Supreme Court Clerk__
__Dutchess County__
__10 Market Street__
__Poughkeepsie, New York 12601__


SWORN TO BEFORE ME THIS           Respectfully Submitted,
16th DAY OF September 2016

_____
NOTARY PUBLIC                     __CRAIG GABBIDON__
  Jackie A. Travis                Din # 15-A-0150
  Notary Public State of New York
  Qualified in ...                Coxsackie Correctional Facility
  My Commission Expires 07/... 20  P.O.Box: 0999
                                  Coxsackie, New York 12051-0999

June 16, 2014
Hon. Stephen Greller
10 Market Street
Poughkeepsie, NY 12601

Dear Judge Greller:

On June 11, 2014, I pleaded guilty before your honor and I **now wish to immediately withdraw that plea under CPL section 220.60[3]** and request a new attorney be appointed so I may proceed with hearings and a jury trial. It is my fear that my attorney is far too intimidated by the court, the prosecutor and the charges to proceed to trial and represent me effectively.

I wish to **withdraw my guilty plea** because it was based on misinformation provided by my attorney who stated that if I went to trial I would be found guilty and sentenced consecutively on all counts including the class B felonies which carry up to 25 years each. After doing some research, I realized that is not possible because each of the alleged acts in the indictment have a single **"actus reas"** and constituted a single transaction although charged under different theories in different counts of the indictment. I would have to be sentenced to concurrent prison time if I was convicted under **CPL section 70.25[2]** which says **sentences must be concurrent** where a single act constitutes two offenses or where a single act constitutes one of the offenses and a material element of the other. I am also asking to withdraw this plea **because I am innocent** but my fear of being sentenced to 50 years or more terrified me so much that I pled guilty to something **I did not do**. It is my understanding that the evidence against me alleges that there was no penetration orally, vaginally or anally.

The bottom line is I pled guilty because my attorney led me to believe I would be convicted and sentenced to 25 years consecutively on the class B felonies even though it is alleged to be one victim and one transaction. **People versus Singh, 109 A.D.3d 1010.**

Please assign me new counsel and permit me to withdraw this plea based on incorrect information provided by my attorney.

Sincerely,

Craig Elazie Gabbidon

MARCUS J. MOLINARO
COUNTY EXECUTIVE



THOMAS N. N. ANGELL
PUBLIC DEFENDER

## COUNTY OF DUTCHESS
OFFICE OF THE PUBLIC DEFENDER

June 25, 2014

Hon. Stephen L. Greller
Dutchess County Court
10 Market Street, 4th Floor
Poughkeepsie, NY 12601

      Re:    People v. Gabbidon
               Dutchess County Court

Dear Judge Greller:

      We are in receipt of Craig Gabbidon's letter dated June 16, 2014. Mr. Gabbidon makes two applications in said letter.

      Our office takes no position with respect to Mr. Gabbidon's application to withdraw his guilty plea pursuant to New York State Criminal Procedure Law section 220.60[3].

      Since Alexander Rosen, Esq. and I are no longer able to communicate with Mr. Gabbidon, we join in his application for the appointment of new counsel forthwith.

      I remain,

                              Very truly yours,

                              Susan Mraz Mungavin
                              Senior Assistant Public Defender

SMM/mar
CC:    Craig Gabbidon
        Allison Stuart, A.D.A
        Pamela Francis, Dutchess County Probation





STATE OF NEW YORK
COUNTY COURT OF THE
COUNTY OF DUTCHESS
10 MARKET STREET
POUGHKEEPSIE, NEW YORK 12601

(845) 431-1758

HON. STEPHEN L. GRELLER
COUNTY COURT JUDGE

WAYNE R. WITHERWAX, ESQ.
PRINCIPAL LAW CLERK

July 1, 2014

Eric S. Shiller, Esq.
P.O. Box 1601
Newburgh, NY 12551

RE:   People v. Craig Gabbidon
      Superceding Ind. No. 121/2013

Dear Mr. Shiller:

The Court hereby appoints you to represent the above-named defendant on the matter currently pending before us.

Mr. Gabbidon was previously represented by the Public Defender. Upon receipt of this letter, I would ask you to please contact their office and arrange to obtain their file.

We have scheduled this matter for your first appearance for Wednesday, July 9, 2014 at 9:15 a.m. If that date presents a conflict, please contact Mr. Hogg, our Court Clerk to pick a convenient date in the near future.

Thank you for your assistance in this matter.

Very truly yours,

Stephen L. Greller
County Court Judge

SLG/kh

cc:   Susan Mraz Mungavin, Esq.
      Allison Stuart, Esq.
      Craig Gabbidon



STATE OF NEW YORK
COUNTY COURT: COUNTY OF DUTCHESS
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK
                    Plaintiff,

                                                    NOTICE OF MOTION TO
                                                    WITHDRAW PLEA

            - against -                             Indictment # 121/2013

CRAIG E. GABIDDON,                                  (Hon. Stephen L. Greller)
                    Defendant.
-------------------------------------------------------------------X

SIRS:

        PLEASE TAKE NOTICE that upon the annexed Affirmation of Craig E.

Gabiddon, the defendant,  and upon all papers and proceedings heretofore had herein,

Eric S. Shiller, Esq., attorney of record for the defendant will move this Court at a term

thereof to be held in the Dutchess County Court, located at 10 Market Street,

Poughkeepsie, New York on the 18th day of September, 2014, at 9:00 o'clock in the

forenoon of that day, or as soon thereafter as counsel may be heard for an order granting

the following relief:

1.      For an order pursuant to Criminal Procedure Law §220.60(3) permitting

the defendant to withdraw his prior guilty plea for the reasons set forth

in the attached affirmation of the defendant, CRAIG E. GABIDDON.

        PLEASE TAKE FURTHER NOTICE that the defendant reserves the right to

make any and all further motions necessary in order to protect his rights under the United

States and New York State Constitutions and under all federal and state statutes upon

learning that grounds for such exist.

        As to each of the above requests, for such other and further relief as the Court

1



may deem just and proper.

Dated: Poughkeepsie, New York
      September 10, 2014

                                Respectfully Submitted,

                                ERIC S. SHILLER, ESQ.
                                *Attorney for the Defendant*
                                ERIC S. SHILLER LAW OFFICE, P.C.
                                54 Noxon Street
                                P.O. Box 774
                                Poughkeepsie, New York 12602

To:    Honorable Stephen L. Greller
       Dutchess County Court
       10 Market Street
       Poughkeepsie, NY 12601

       Allison J. Stuart, Esq.
       Office of the Dutchess County District Attorney
       236 Main Street
       Poughkeepsie, NY 12601

STATE OF NEW YORK
COUNTY COURT: COUNTY OF DUTCHESS
----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK
                        Plaintiff,

                                                        AFFIRMATION

          - against -
                                                        Indictment # 121/2013

CRAIG E. GABIDDON,
                        Defendant.
----------------------------------------------------------------X

        CRAIG E. GABIDDON, being duly sworn, deposes and states the

following:

1.      I am the defendant in this matter, and pled guilty to the charge of

Criminal Sexual Act in the First Degree, a class B violent felony, in violation of Penal Law

§130.50(2) on June 11, 2014.

2.      My lawyer at the time of my plea, Susan Mungavin, Esq. of the Dutchess County

Public Defender's Office pressured and badgered me to accept the proposed disposition and

plead guilty. Ms. Mungavin pressured me by telling me that if I did not accept the plea offer

that I would never see my family again. Additionally in pressuring me to plead guilty, my

lawyer went as far as bringing my wife, Luz Gabiddon into the County courthouse lockup

on June 11, 2014 to pressure me as well into accepting the plea offer. With these tactics

used by my lawyer, I did not have a clear mind and I was coerced into pleading guilty.

3.      I, Craig E. Gabiddon, further contend and state definitively that I am not guilty of

the charge, and maintain my constitutional right to have my suppression hearing and my

jury trial in this matter. I would not have waived the right to a hearing in this

matter and would not have waived my right to a jury trial in this matter, absent the extreme

                                        3

pressure my lawyer, Susan Mungavin, Esq. placed on me.

WHEREFORE, it is respectfully requested that the motion to withdraw my plea be

granted in its entirety.


_____
CRAIG L. GABIDDON


Sworn to before me this
10th day of September, 2014

_____
NOTARY PUBLIC

ERIC S SHILLER
NOTARY PUBLIC STATE OF NEW YORK
ORANGE COUNTY
LIC. #0SH6001584
COMM. EXP.

14

1  which is rape in the first degree, is also 25

2  years?

3      THE DEFENDANT:  Yes, sir.

4      THE COURT:  Do you understand that

5  because of the nature of the allegations in

6  the superseding indictment, you could be

7  sentenced consecutively?

8      THE DEFENDANT:  Yes, sir.

9      THE COURT:  Your attorney, the Assistant

10  District Attorney, have been discussing this

11  case and had a conference with me earlier

12  this afternoon.

13      It's my understanding at the time of

14  sentence I would cap your sentence at 15

15  years' determinative in state's prison, plus

16  postrelease supervision, and I believe the

17  postrelease supervision is, bear with me a

18  minute, I believe it's between two and a half

19  and five years in postrelease supervision.

20      Do you understand that?

21      THE DEFENDANT:  Yes, sir.

22      THE COURT:  In addition, you would be

23  required to pay certain surcharges as a sex

24  offender surcharge, sex offender fees, the

25  total of which is $1,425.





# EXHIBIT

# T

PEOPLE AFFIRMATION IN ANSWER TO A MOTION TO VACATE A JUDGMENT OF CONVICTION.



**PURSUANT TO § 50-b OF THE NEW YORK STATE CIVIL RIGHTS LAW,
THIS DOCUMENT IS NOT AVAILABLE FOR PUBLIC INSPECTION
IN THAT IT IDENTIFIES THE VICTIM OF A SEX OFFENSE**

STATE OF NEW YORK: COUNTY COURT
DUTCHESS COUNTY

----------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,

      - against -

CRAIG GABBIDON,

              Defendant.

----------------------------------------x

AFFIRMATION IN ANSWER TO
A MOTION TO VACATE A
JUDGMENT OF CONVICTION

CPL § 440.10

Superceding Ind. # 121/13

      BRIDGET RAHILLY STELLER, being duly licensed to practice law in the State

of New York, hereby affirms under penalty of perjury:

      1. That she is the Chief Assistant District Attorney of Dutchess County and

makes this affirmation in answer to defendant's <u>pro se</u> motion seeking an Order Vacating his

judgment of conviction on the ground that the judgment of conviction was obtained in violation

of his constitutional rights.

      2. The District Attorney submits that the motion ought to be denied on both

procedural and substantive grounds.

      3. The District Attorney's records indicate that defendant-appellant was charged

by Superceding Indictment with one count of the Class B Violent Felony of Criminal Sexual Act

in the First Degree, one count of the in the Class B Violent Felony of Rape in the First Degree,

two counts of the Class E Felony of Criminal Sexual Act in the Third Degree, and one count of

the Class A Misdemeanor of Endangering the Welfare of a Child.  Copies of that Indictment and

Bill of Particulars are attached as Exhibits 1 and 2.

4. The District Attorney's records indicate that on June 11, 2004, the day pre-trial Huntley and Sandoval hearings were to be held in this case, and while defendant Gabbidon represented by the Public Defender of Dutchess County, he appeared in this Court (Greller, J.), and entered a plea of guilty to one count of Criminal Sexual Act in the First Degree. A copy of the transcript of that proceeding is attached as Exhibit 3.

5. The District Attorney's records indicate that thereafter, defendant Gabbidon complained about counsel who represented him at the plea; the Court relieved the Public Defender and appointed attorney Eric S. Shiller to represent defendant Gabbidon. Attorney Shiller then filed a Motion to Withdraw the Guilty Plea in which defendant alleged that he had been pressured and badgered by one of the Assistant Public Defenders who represented him to enter the guilty plea. Attached as Exhibits 4, 5 and 6 are copies of the defendant's Motion and Supporting documents, the District Attorney's Answer and the defendant's Reply.

6. The District Attorney's records indicate that by Order dated October15, 2014, a copy of which is attached as Exhibit 7, this Court (Greller, J.) denied that motion.

7. The District Attorney's records indicate that on December 23, 2014, defendant Gabbidon appeared in County Court with his attorney, Mr. Shiller, and Judge Greller sentenced defendant to a determinate term of 15 years in prison to be followed by ten post release supervision and directed him to pay the mandatory surcharge and fees. A copy of the transcript of that proceeding is attached as Exhibit 8.

8. The District Attorney's records indicate that defendant Gabbidon took an appeal to the New York State Supreme Court, Appellate Division, Second Judicial Department and his assigned appellate counsel filed a brief raising the following three points: (1) The Lower

Court Erred in Denying the Motion to Withdraw Because it Failed to Recognize its Own

Misstatement of Sentencing Law; (2) Appellant Was Deprived of the Effective Assistance of

Counsel; and (3) This Court Should Modify the Sentence. Copies of the Appellant's and

Respondent's Briefs are attached as Exhibits 9 and 10.

   9. The District Attorney's records indicate that by Decision/Order dated

December 2, 2015, a copy of which is attached as Exhibit 11, the Appellate Division affirmed

defendant Gabbidon's judgment of conviction. 134 A.D.3d 736.

   10. The District Attorney's records indicate that by letter dated January 31, 2016,

a copy of which is attached as Exhibit 12, defendant Gabbidon sought leave to appeal to the

Court of Appeals. A copy of the District Attorney's response to Chief Judge Janet DiFiore is

attached as Exhibit 13.

   11. The District Attorney's records indicate that by Certificate dated March 31,

2016, Chief Judge DiFiore denied that application. 27 N.Y.3d 964. See Exhibit 14.

   12. Defendant now seeks an Order Vacating his judgment of conviction (CPL §

440.10 (1) (h) on the ground that the judgment was obtained in violation of his rights under both

the federal and state constitution.

   13. The District Attorney denies defendant Gabbidon's allegations and submits

that the motion ought to be denied on procedural and/or substantive grounds.

   14. Criminal Procedure Law § 440.10 (2) ( c ) provides:

    Notwithstanding the provisions of subdivision one, the
    court must deny a motion to vacate a judgment when:

    . . .

    ( c ) Although sufficient facts appear on the record of the
    proceedings underlying the judgment to have permitted, upon

appeal from such judgment, adequate review of the ground or issue
raised upon the motion, no such appellate review or determination
occurred owing to defendant's . . . unjustifiable failure to raise such
ground or issue upon an appeal actually perfected by him.

15.   Criminal Procedure Law § 440.10 (3) (a) provides:

Notwithstanding the provisions of subdivision one, the
court may deny a motion to vacate a judgment when:
(a) Although facts in support of the ground or issue raised
upon the motion could with due diligence by the defendant have
readily been made to appear on the record in a manner providing
adequate basis for review of such ground or issue upon an appeal
from the judgment, the defendant unjustifiably failed to adduce
such matter prior to sentence and the ground or issue in question
was not subsequently determined on appeal. . . .

16.   Criminal Procedure Law § 440.30 (4) provides:

Upon considering the merits of the motion, the court may
deny it without conducting a hearing if:
(a) The moving papers do not allege a ground constituting
legal basis for the motion; or
(b) The motion is based upon the existence or occurrence of
facts and the moving papers do not contain sworn allegations
substantiating or tending to substantiate all the essential facts, as
required by subdivision one; or
( c ) An allegation of fact essential to support the motion is
conclusively refuted by unquestionable documentary proof; or
(d) An allegation of fact essential to support the motion (I)
is contradicted by a court record or other official document, or is
made solely by the defendant and is unsupported by any other
affidavit or evidence, and (ii) under these and all the other
circumstances attending the case, there is no reasonable possibility
that such allegation is true.

17.   Here defendant Gabbidon alleges that his guilty plea was not intelligently,

knowingly and voluntarily entered because the Court did not fully advise him concerning the

scope of the post release supervision component of his sentence.  That claim is not entirely

accurate; the Court's advice concerning post release supervision is contained in the plea

transcript and, in any event, defendant has not explained how any period of post release

supervision could affect him. On this record, defendant's claim at page 6 of his Memorandum of

Law that he was tricked lacks any ring of truth.

       18. Specifically, during the plea colloquy, the following questions were asked and

answers given:

> THE COURT: Are you a citizen of the United States?
> THE DEFENDANT: No, sir.
> THE COURT: Where are you a citizen of?
> THE DEFENDANT: Jamaica.
> THE COURT: Do you understand there are collateral
> consequences to this plea of guilty?
> THE DEFENDANT: Yes, sir.
> THE COURT: Ms. Mungavin [defense counsel], tell me,
> put on the record, if you would, what you have explained to your
> client as to the collateral consequences of this plea?
> MS. MUNGAVIN: Judge, I have explained to Mr.
> Gabbidon a number of times, we have discussed this, that since he
> is not a citizen, and this is a crime of moral turpitude, it is likely
> that he would be deported when he is released from prison.
> THE COURT: Did Mr. Rosen [defense counsel] also
> discuss this with him?
> MS. MUNGAVIN: I'm not sure if Mr. Rosen talked to him
> about it. I have talked to him a number of times. I have talked to
> his family as well, Judge.
> THE COURT: Do you understand what your attorney said
> about possibly being deported?
> THE DEFENDANT: Yes, sir.
> THE COURT: Okay. I need to tell you, Mr. Gabbidon, that
> by pleading to this crime, which is criminal sexual act in the first
> degree, or any crime under this indictment, you will be deported.
> It's a crime of moral turpitude. You will serve whatever time you
> serve in state's prison and you will be deported.
> Do you understand that?
> THE DEFENDANT: Yes, sir.
> THE COURT: With full knowledge of that are you willing
> to go ahead with this plea?
> THE DEFENDANT: Yes.
> Do you understand that the maximum penalty for this

crime is 25 years in state's prison?

      THE DEFENDANT: Yes, sir.

      THE COURT: Do you also understand that the maximum penalty for the second count, which is rape in the first degree, is also 25 years?

      THE DEFENDANT: Yes, sir.

      THE COURT: Do you understand that because of the nature of the allegations in the superseding indictment, you could be sentenced consecutively?

      THE DEFENDANT: Yes, sir.

      THE COURT: Your attorney, the Assistant District Attorney, have been discussing this case and had a conference with me earlier this afternoon.

      It's my understanding at the time of sentence I would cap your sentence at 15 years' determinative in state's prison, plus post release supervision, and I believe the post release supervision is, bear with me a minute, I believe it's between two and a half and five years in post release supervision.

      Do you understand that?

      THE DEFENDANT: Yes, sir.

Exhibit 3 at pp. 12 - 14.

19. On December 23, 2014, defendant Gabbidon appeared in County Court for sentencing. Near the beginning of the proceeding, the prosecutor read a statement from the victim who concluded her statement with the following: "I would just ask that we go with the fifteen years determinate which was agreed upon with ten years post-release supervision. Exhibit 8 at p. 3. Defense counsel did not refer to the period of post release supervision in his remarks. Instead, he asked the Court to be lenient and impose less than the bargained for 15 year determinate sentence, Id. at 4-5. When defendant addressed the Court, he maintained that he was innocent and blamed one of the Assistant Public Defenders for coercing his guilty plea, but he too never mentioned the period of post-release supervision. Id. at 5-6. When the Court addressed the defendant, after rejecting defendant's claim that he was falsely accused, and noting

defendant's "history of non-compliance with the law" and sentenced him to a determinate term of fifteen years with ten years post release supervision. Id. at 6-9. Significantly, neither defendant Gabbidon nor his attorney objected to the term of post release supervision.

20. Although defendant Gabbidon took an appeal to the Appellate Division in which he raised three points, he made no complaint about the ten year period of post release supervision.

21. Since the facts relating to defendant's claim that his guilty plea was not knowingly, voluntarily and intelligently entered because the length of the period of post release supervision imposed at sentence exceeded the period mentioned at the guilty plea appear on the Record, this motion ought to be denied pursuant to CPL § 440.10 (2) ( c ). See People v. Stewart, 16 N.Y.3d 839, 840-41 (2011) ) ("As far back as 1986, this Court had made clear that '[w]hen, as will usually be the case, sufficient facts appear on the record to permit the question to be reviewed, sufficiency of the plea allocution can be reviewed only on direct appeal.'") See also Smalls v. Lee, 2016 U.S. Dist. LEXIS 129881, 12-CV-2083 (KMK) (LMS)  (S.D.N.Y. 9/22/16) at p. 20.

22. Moreover, as argued in paragraphs _____ infra, because of defendant's immigration status, the term of post release supervision is a non-issue in his case and therefore, any statements relating to it could have had no impact on the plea itself. In sum, on this record and because id defendant's immigration statue, issues relating to post release supervision could not impact the knowing, intelligent and voluntary nature of the guilty plea itself.

23. Next defendant alleges that he received ineffective assistance of counsel because the attorney(s) who represented him at the guilty plea was unaware that the authorized

period of post release supervision was a period ranging between five and twenty years. There is no basis on this record for this speculation. It should be noted that after the guilty plea was entered, defendant complained about his attorneys. The Court relieved them and while represented by new counsel, defendant filed a Motion top Withdraw his Guilty Plea. Significantly, he raised no issue relating to post release supervision in that motion and at sentencing, he raised no complaint about the length of the period of post release supervision and he raised no issue relating to post release supervision on his direct appeal.

24. First, defendant has not established with sworn allegations of fact that at the time he entered this guilty plea his attorney was unaware of the authorized period for post release supervision. His argument is based on speculation and therefore it ought to be summarily rejected. See CPL § 440.30 (4) (b).

25. Second, this prong of the motion ought to be denied pursuant to CPL § 440.10 (3) because defendant unjustifiably failed to place the facts necessary to review this claim on the record and as a result, this specific claim could not have been determined on the appeal which defendant Gabbidon took and perfected.

26. In any event, the record reveals that the term of post release supervision will have no effect on defendant Gabbidon. Therefore, nothing related to post release supervision can impact the representation provided to him.

27. If this Court considers this claim on the merits, the claim should be rejected because the record establishes that defendant received meaningful assistance of counsel (state standard) (see People v. Benevento, 91 N.Y.2d 708, 713-15 (1998); People v. Baldi, 54 N.Y.2d 137, 147 (1981); People v. Watson, ___ A.D.3d ___, 2010-05881 (2d Dept. 7/5/12) (mem.)), and

that counsel's performance could not be characterized as either deficient or prejudicial to the

defendant (federal standard). <u>See Strickland v. Washington</u>, 466 U.S. 688 (1984). <u>See also</u>

<u>People v. Brooks</u>, 36 A.D.3d 929, 930 (2d Dept.) (mem.), <u>appeal denied</u> 9 N.Y.3d 840 (2007);

<u>People v. Sierre</u>, 173 A.D.2d 211 (1st Dept.) (mem.), <u>appeal denied</u> 78 N.Y.2d 974 (1991).

28.  As a practical matter, the record establishes that the period of post release

supervision was a non-issue in this case and the Court specifically advised defendant at the time

he entered his guilty plea, that upon release from prison, he would be deported. Exhibit 3 at p.

13.

29.  Almost six years ago, in <u>Premo v. Moore</u>, 562 U.S. 115, 124 (2011), in

reviewing a claim of ineffective assistance of counsel in a federal habeas corpus proceeding, the

Supreme Court recognized:

> Acknowledging guilt and accepting responsibility by an
> early plea respond to certain basic premises in the law and its
> function. Those principles are eroded if a guilty plea is too easily
> set aside based on facts and circumstances not apparent to a
> competent attorney when actions and advice leading to the plea
> took place. Plea bargains are the result of complex negotiations
> suffused with uncertainty, and defense attorneys must make careful
> strategic choices in balancing opportunities and risks. The
> opportunities, of course, include pleading guilty to a lesser charge
> and obtaining a lesser sentence, as compared with what might be
> the outcome not only at trial but also from a later plea offer if the
> case grows stronger and prosecutors find stiffened resolve. . . .

30.  This ruling was consistent with the Court's previous ruling in <u>Hill v.</u>

<u>Lockhart</u>, 474 U.S. 52, 59 (1985) that in order to establish that counsel was ineffective in a

conviction based on a guilty plea, a defendant must not only show that counsel's advice was not

within the standards of reasonable competence and that there is a reasonable probability that

based on counsel's incorrect advice, there is a reasonable probability that he would have insisted on pleading guilty.

31.  Here defendant has not and cannot met his burden of establishing that counsel was ineffective.

32.  Defendant faces mandatory deportation upon release from prison; he was convicted of engaging in anal sexual conduct with a minor who was physically helpless by reason of intoxication.  See Exhibits 1, 2 and 3.  Therefore, this conviction is for an aggravated felony as defined in 8 U.S.C § 1101 (a) (43) (A) and he is deportable under 8 U.S.C. § 1227 (a) (2) (A) ( iii ).  See Silva v. Gonzales, 455 F.3d 26, 29 (1ˢᵗ Cir. 2006).  See also Ashton v. Gonzales, 431 F.3d 95 (2d Cir. 2005).  As the Supreme Court recognized in Padilla v. Kentucky, 559 U.S. 356, 363-64 (2010) "if a non-citizen commits a removable offense after the 1996 effective date of these amendments [110 Stat. 3009-596] his removal is practically inevitable . . . ."

33.  Here, since the defendant's removal is virtually inevitable by virtue of his aggravated felony conviction and both his attorney and the Court advised him that he would be deported upon release from prison, (Exhibit 3 at pp. 12-13) he cannot establish that he was adversely impacted by anything relating to post release supervision since he should be deported before he is subject to such supervision.

34.  As the Supreme Court recognized in North Carolina v. Alford, 400 U.S. 25, 31 (1970) the test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant." Here, the objective facts as well as the defendant's sworn statements during the plea colloquy refute defendant's present complaints that he received ineffective assistance of counsel or that he

received less than meaningful assistance from his attorney. See People v. Benevento, 91 N.Y.2d 708, 712 (1998); People v. Baldi, 54 N.Y.2d 137, 147 (1998).

35. The District Attorney submits that no hearing is required to determine this motion. See People v. Satterfield, 66 N.Y.2d 796, 799 (1985).

36. In sum, the District Attorney submits that this motion ought to be summarily denied based on the procedural bars contained in CPL § 440.10 (1) and (2), or in the alternative, the motion ought to be denied pursuant to CPL § 440.30 (4) (a), (b) and (d).

Wherefore, for all the foregoing reasons, your affirmant respectfully requests that the motion be, in all respects, summarily denied.

Dated: October 12, 2016
       Poughkeepsie, New York

                                        BRIDGET RAHILLY STELLER