**PURSUANT TO § 50-b OF THE NEW YORK STATE CIVIL RIGHTS LAW,
THIS DOCUMENT IS NOT AVAILABLE FOR PUBLIC INSPECTION
IN THAT IT IDENTIFIES THE VICTIM OF A SEX OFFENSE**

STATE OF NEW YORK: SUPREME COURT
APPELLATE DIVISION: SECOND JUDICIAL DEPARTMENT
————————————————————————————x

THE PEOPLE OF THE STATE OF NEW YORK,

              Respondent,

      - against -

CRAIG E. GABBIDON,

         Defendant-Appellant.

————————————————————————————x

AFFIRMATION IN ANSWER TO
A REQUEST OF THIS COURT
– MOTION FOR A WRIT OF
ERROR CORAM NOBIS
APPELLATE DIVISION
# 2015-00872

DUTCHESS COUNTY
SUP. IND. # 121/13

BRIDGET RAHILLY STELLER, being duly licensed to practice law in the State of New York, hereby affirms under penalty of perjury:

1. That she is a Chief Assistant District Attorney of Dutchess County and makes this affirmation in response to a request of this Court by letter dated September 12, 2017, concerning defendant-appellant's pro se Motion for a Writ of Error Coram Nobis.

2. The District Attorney submits that the motion ought to be summarily denied because appellate counsel functioned appropriately based on the applicable law and record on appeal.

3. The District Attorney's records indicate that defendant-appellant was charged by Superceding Indictment with one count of the Class B Violent Felony of Criminal Sexual Act in the First Degree, one count of the in the Class B Violent Felony of Rape in the First Degree, two counts of the Class E Felony of Criminal Sexual Act in the Third Degree, and one count of

the Class A Misdemeanor of Endangering the Welfare of a Child.  Copies of that Indictment and Bill of Particulars are attached as Exhibits 1 and 2.

4.  The District Attorney's records indicate that on June 11, 2014, the day pre-trial Huntley and Sandoval hearings were to be held in this case, and while defendant Gabbidon represented by the Public Defender of Dutchess County, he appeared in County Court (Greller, J.), and entered a plea of guilty to one count of Criminal Sexual Act in the First Degree. A copy of the transcript of that proceeding is attached as Exhibit 3.

5.  The District Attorney's records indicate that thereafter, defendant Gabbidon complained about counsel who represented him at the plea; the Court relieved the Public Defender and appointed attorney Eric S. Shiller to represent defendant Gabbidon.  Attorney Shiller then filed a Motion to Withdraw the Guilty Plea in which defendant alleged that he had been pressured and badgered by one of the Assistant Public Defenders who represented him to enter the guilty plea.  Attached as Exhibits 4, 5 and 6 are copies of the defendant's Motion and Supporting documents, the District Attorney's Answer and the defendant's Reply.

6.  The District Attorney's records indicate that by Order dated October 15, 2014, a copy of which is attached as Exhibit 7, this Court (Greller, J.) denied that motion.

7.  The District Attorney's records indicate that on December 23, 2014, defendant Gabbidon appeared in County Court with attorney Shiller and Judge Greller sentenced defendant to a determinate term of 15 years in prison to be followed by ten post release supervision and directed him to pay the mandatory surcharge and fees.  A copy of the transcript of that proceeding is attached as Exhibit 8. It should be noted that when the term of post release supervision was imposed, the defense made no complaint.

8. The District Attorney's records indicate that defendant Gabbidon took an appeal to this Court and his assigned appellate counsel filed a brief raising the following three points: (1) The Lower Court Erred in Denying the Motion to Withdraw Because it Failed to Recognize its Own Misstatement of Sentencing Law; (2) Appellant Was Deprived of the Effective Assistance of Counsel; and (3) This Court Should Modify the Sentence. Copies of the Appellant's and Respondent's Briefs are attached as Exhibits 9 and 10.

9. The District Attorney's records indicate that by Decision/Order dated December 2, 2015, a copy of which is attached as Exhibit 11, the Appellate Division affirmed defendant Gabbidon's judgment of conviction. 134 A.D.3d 736.

10. The District Attorney's records indicate that by letter dated January 31, 2016, a copy of which is attached as Exhibit 12, defendant Gabbidon sought leave to appeal to the Court of Appeals. A copy of the District Attorney's response to Chief Judge Janet DiFiore is attached as Exhibit 13.

11. The District Attorney's records indicate that by Certificate dated March 31, 2016, Chief Judge DiFiore denied that application. 27 N.Y.3d 964. See Exhibit 14.

12. The District Attorney's records indicate that Defendant then returned to the County Court where he sought an Order Vacating his judgment of conviction (CPL § 440.10 (1) (h)) on the ground that the judgment was obtained in violation of his rights under both the federal and state constitution. Attached as Exhibits 15, 16 and 17 are copies of the defendant's motion and supporting documents, the District Attorney's Answer and the Defendant's Reply respectively. In his Memorandum of Law in Support of that motion, defendant alleged that his plea was involuntary because the post release term imposed exceeded the period mentioned

during the plea colloquy.

13. The District Attorney's records indicate that by Decision and Order dated January 21, 2017, a copy of which is attached as Exhibit 18, Dutchess County Court Judge Edward T. McLoughlin denied that motion. After noting that the facts needed to support the argument appeared on the record and could have been raised on direct appeal, the Court pointed out:

> . . . that at the time of the defendant's plea on June 11, 2014, it was made abundantly clear that because the defendant was not a U.S. citizen, he would be subject to deportation upon his release from the New York State Correctional System. Therefore, the amount of post release supervision time ultimately imposed would prove to be academic.

Exhibit 18 at p. 5.

14. The District Attorney's records indicate that Defendant Gabbidon then sought leave to appeal to this Court from that January 21, 2017, Order and by Decision and Order dated April 11, 2017, a copy of which is attached as Exhibit 19, Associate Justice Reinaldo E. Rivera denied that application.

15. The District Attorney's records indicate that Defendant Gabbidon then sought leave to appeal to the Court of Appeals from that April 11, 2017, Decision and Order and by Order dated June 14, 2017, a copy of which is attached as Exhibit 20, Chief Judge DiFiore dismissed that application.

16. Defendant Gabbidon has now returned to this Court with a Motion for a Writ of Error Coram Nobis (People v. Bachert, 69 N.Y.2d 593 (1987)), alleging that he received ineffective assistance of appellate counsel. He complains that assigned appellate counsel failed

to consult with him concerning the issues to be raised and filed a brief which failed to contain a meritorious issue relating to the length of post release supervision mentioned at plea and the term actually imposed at sentencing and raised less promising issues.

17. The District Attorney denies defendant Gabbidon's allegations that his appellate counsel was ineffective.

18. Moreover, the District Attorney contends that in making this Motion defendant fails to appreciate the role of appellate counsel and the constraints placed upon appellate counsel.

19. The Supreme Court has recognized that the role of appellate counsel "'requires that he support his client's appeal to the best of his ability.'" Jones v. Barnes, 463 U.S. 745,754 (1983), quoting Anders v. California, 386 U.S. 738, 744 (1967). In determining that an indigent criminal defendant ought to have the services of counsel on his original appeal as of right, the Supreme Court "recognized the superior ability of trained counsel in the 'examination into the record, research of the law, and marshaling of arguments on the appellant's behalf.'" Jones v. Barnes, 463 U.S. at 751, quoting Douglas v. California, 372 U.S. 353, 358 (1963). The New York State Court of Appeals has also recognized that defendants in criminal cases have the right to effective assistance of counsel. In evaluating counsel's performance, the "focus is on the fairness of the proceedings as a whole" (People v. Stultz supra, 2 N.Y.2d at 284) and the standard to be applied is whether the defendant received meaningful assistance of counsel. Id. at 284-85.

20. In evaluating defendant Gabbidon's complaint that his appellate counsel was ineffective, the standard outlined by the Court of Appeals for considering complaints about the assistance rendered by counsel should be considered.

An "essential ingredient in our system of criminal jurisprudence, rooted deeply in our context of a fair trial within the adversarial context" is the right to the assistance of counsel guaranteed under both the Federal and State Constitutions. The constitutional mandate extends to the giving of "effective" aid which generally means "the reasonably competent services of an attorney devoted to the client's best interests" [the right means more than just having a person with a law degree nominally represent (defendant) upon a trial and ask questions"]. The fundamental right to the effective assistance of counsel recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial" in an adversarial system of justice.

The phrase "effective assistance" is not, however, amenable to precise demarcation in all cases (see People v. Baldi, 54 N.Y.2d 137, 146 ["(w)hat constitutes effective assistance varies according to the unique circumstances of each representation"]. Thus, this court has long applied a flexible standard to analyze claims based on a deprivation of rights guaranteed under the New York State Constitution due to counsel's alleged ineffectiveness. As we have held, [s]o long as the evidence, the law and the circumstances of a particular case, viewed in the totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met." The core of the inquiry is whether defendant received "meaningful representation."

In applying this standard, counsel's efforts should not be second guessed with the clarity of hindsight to determine how the defense might have been more effective. The Constitution guarantees the defendant a fair trial, not necessarily a perfect one.

People v. Benevento, 91 N.Y.2d 708, 711-12 (1998). See People v. Stultz, 2 N.Y.2d 277 (2004).

21.   Moreover, the United States Supreme Court has recognized that appellate counsel need not present all nonfrivolous appealable issues "if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983). "Experienced advocates since beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at

most, a few key issues." Id. at 751-52.

22. Here, defendant's complaints cannot withstand analysis since the record indicates that assigned appellate counsel functioned as a single minded counsel.

23. Here, the District Attorney submits that when appellate counsel's performance is considered in light of the Record on Appeal, and the law applicable at the time of the representation, the only conclusion that can be reached is that counsel performed effectively and rendered meaningful assistance to defendant Gabbidon.

24. First, it was the role of counsel to review the record and select the arguments which he believed had the greatest chance of success. Assuming, arguendo, that counsel did not consult with defendant Gabbidon concerning the issues to be raised by counsel, that did not render counsel ineffective. He was not required to consult with defendant. The brief which he filed demonstrates that he was familiar with the Record on Appeal including defendant's guilty plea, his Motion to Withdraw that guilty plea and the defendant's sentencing.

25. Here, the Record established that it was during the plea colloquy, the following questions were asked and answers given:

> THE COURT: Are you a citizen of the United States?
> THE DEFENDANT: No, sir.
> THE COURT: Where are you a citizen of?
> THE DEFENDANT: Jamaica.
> THE COURT: Do you understand there are collateral consequences to this plea of guilty?
> THE DEFENDANT: Yes, sir.
> THE COURT: Ms. Mungavin [defense counsel], tell me, put on the record, if you would, what you have explained to your client as to the collateral consequences of this plea?
> MS. MUNGAVIN: Judge, I have explained to Mr. Gabbidon a number of times, we have discussed this, that since he is not a citizen, and this is a crime of moral turpitude, it is likely

that he would be deported when he is released from prison.

THE COURT: Did Mr. Rosen [defense counsel] also discuss this with him?

MS. MUNGAVIN: I'm not sure if Mr. Rosen talked to him about it. I have talked to him a number of times. I have talked to his family as well, Judge.

THE COURT: Do you understand what your attorney said about possibly being deported?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. I need to tell you, Mr. Gabbidon, that by pleading to this crime, which is criminal sexual act in the first degree, or any crime under this indictment, you will be deported. It's a crime of moral turpitude. You will serve whatever time you serve in state's prison and you will be deported.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: With full knowledge of that are you willing to go ahead with this plea?

THE DEFENDANT: Yes.

. . .

THE COURT: Your attorney, the Assistant District Attorney, have been discussing this case and had a conference with me earlier this afternoon.

It's my understanding at the time of sentence I would cap your sentence at 15 years' determinative in state's prison, plus post release supervision, and I believe the post release supervision is, bear with me a minute, I believe it's between two and a half and five years in post release supervision.

Do you understand that?

THE DEFENDANT: Yes, sir.

Exhibit 3 at pp. 12 - 14.

26. The record reveals that when the plea of guilty was entered defendant

Gabbidon was well aware of the fact that post release supervision would not apply to him

because he would be deported before he was subject to post release supervision. As a result,

when appellate counsel reviewed the Record, he could conclude that nothing related to post

release supervision presented a significant issue here.

27. In sum, on this record and because of defendant Gabbidon's immigration statue, issues relating to post release supervision could not impact the knowing, intelligent and voluntary nature of the guilty plea itself.

28. Appellate counsel, in reviewing the Record, could readily determine that when the Court accepted defendant's guilty plea, the Court advised defendant Gabbidon of the Parker warning and specifically told him that the Court's sentencing promise would be void under certain circumstances:

> I also want you to know if between now and the sentence date it's learned that you fail to cooperate with, mislead or lie to the Probation Officer who will interview you for the presentence report . . . You would not be allowed to withdraw your guilty plea and you would be subject to a more severe sentence.
> Do you understand that?
> THE DEFENDANT: Yes.

Exhibit 3 at pp. 13-14.

29. While sworn, during the plea colloquy, defendant had admitted that he had engaged in anal sexual conduct with a person whose initials were "YR;" there was contact between defendant's penis and the girl's anus at a time when she was unconscious due to her consumption of alcohol. She had not consented to that sexual contact. Exhibit 3 at pp. 16-18. The Pre Sentence Report indicates that the Probation Officer interviewed defendant Gabbidon on December 17, 2014, i.e. slightly more than two months after the County Court denied defendant's Motion to Withdraw his guilty plea. The Probation Officer reported that defendant Gabbidon stated that he had done nothing illegal. He told the Probation Officer that he had taken two girls to a motel and had waited there for them to become sober at which time he planned to take them home. While at the motel, the victim, "YR" 'was sleeping and began to act out

sexually and played with herself.'" He explained that his DNA was found on "YR"'s vagina and anus, telling the Probation Officer that he had masturbated in the bathroom and "YR" had used the toilet. He also told the Probation Officer that his attorney had coerced him to plead guilty. Pre Sentence Report at p. 6. At sentencing, attorney Shiller, (defendant's new or second attorney) referred to defendant's statement reported in the Pre Sentence Report when he asked the Court to impose less than the bargained for 15 year term. See Exhibit 8 at pp. 4-5.

30. On this Record, Appellate counsel could properly be concerned that if the case was returned to the County Court, that Court could determine that defendant Gabbidon violated the Parker warnings and could sentence him to a lengthier determinate sentence to be followed by the same term of post release supervision. Given the defendant's sworn admission to the facts of the crime during the plea colloquy, the Court could readily conclude that defendant Gabbidon's preposterous explanation to the Probation Officer was a lie or at the very least designed to mislead. Given the risks presented by taking presenting the argument which defendant now argues should have been raised, and while recognizing that the term of post release supervision was a non-issue because of defendant Gabbidon's immigration issues, appellate counsel could reasonably elect to forego issues relating to post release supervision and focus on the issues which he believed had a greater chance of success.

31. While here defendant Gabbidon complains about the issues which counsel raised, he has failed to establish, on this Record and at the time counsel perfected this appeal that the issues defendant now presents had a greater chance of success on appeal than the numerous arguments which appellate counsel raised in his brief.

32. In sum, defendant Gabbidon received meaningful assistance of appellate

counsel whose strategic determinations were justified based on the record, the law, and accepted standards of appellate practice. See generally People v. Rua, 198 A.D.2d 311 (2d Dept. 1993) (mem.); People v. Durio, 175 A.D.2d 842, 844 (2d Dept. 1991) (mem.); People Nazzrio, 168 A.D.2d 643 (2d Dept. 1990) (mem.). Assigned counsel should not be second guessed. Since defendant Gabbidon has failed to overcome the presumption that his attorney performed his duties properly (see People v. Rivera, 71 N.Y.2d 705, 709 (1998)), he is not entitled to a Writ of Error Coram Nobis.

   Wherefore, for all the foregoing reasons, your affirmant respectfully requests that the motion be, in all respects, denied.

Dated: November 14, 2017
   Poughkeepsie, New York

           BRIDGET RAHILLY STELLER

1

PURSUANT TO §50-B OF THE NEW YORK STATE CIVIL RIGHTS LAW, THIS DOCUMENT IS NOT AVAILABLE FOR PUBLIC INSPECTION IN THAT IT IDENTIFIES THE VICTIM OF A SEX OFFENSE.

STATE OF NEW YORK: COUNTY OF DUTCHESS
COUNTY COURT
-----------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK

       - against -

CRAIG E. GABBIDON
              Defendant.
-----------------------------------------------------------------x

**SUPERSEDING
INDICTMENT 121/2013**

Dated the 22nd day of January, 2014

THE GRAND JURY OF THE COUNTY OF DUTCHESS, by this indictment, accuses CRAIG E. GABBIDON of the crime of CRIMINAL SEXUAL ACT IN THE FIRST DEGREE, A CLASS B VIOLENT FELONY, in violation of §130.50, subdivision 2, of the Penal Law of the State of New York, committed as follows:

The said defendant, in the Town of Hyde Park, County of Dutchess and State of New York, on March 3, 2013, engaged in anal sexual conduct with another person, to wit: Yolanda Reyes, who is incapable of consent by reason of being physically helpless.

## SECOND COUNT

AND THE GRAND JURY AFORESAID, by this Indictment, further accuses CRAIG E. GABBIDON of the crime of RAPE IN THE FIRST DEGREE, A CLASS B VIOLENT FELONY, in violation of §130.35, subdivision (2) , of the Penal Law of the State of New York, committed as follows:

The said defendant, in the Town of Hyde Park, County of Dutchess and State of New York, on March 3, 2013, engaged in sexual intercourse with another person, to wit: Yolanda Reyes, who was incapable of consent by reason of being physically helpless.

## THIRD COUNT

AND THE GRAND JURY AFORESAID, by this Indictment, further accuses

CRAIG E. GABBIDON of the crime of CRIMINAL SEXUAL ACT IN THE THIRD

DEGREE, A CLASS E FELONY, in violation of §130.40, subdivision 2, of the Penal Law

of the State of New York, committed as follows:

> The said defendant, in the Town of Hyde Park, County of
> Dutchess and State of New York, on March 3, 2013, being more than
> twenty-one (21) years old, engaged in anal sexual conduct with another
> person, to wit: Yolanda Reyes, who was less than seventeen (17) years
> old.

## FOURTH COUNT

AND THE GRAND JURY AFORESAID, by this Indictment, further accuses

CRAIG E. GABBIDON of the crime of CRIMINAL SEXUAL ACT IN THE THIRD

DEGREE, A CLASS E FELONY, in violation of §130.40, subdivision 2, of the Penal Law

of the State of New York, committed as follows:

> The said defendant, in the Town of Hyde Park, County of
> Dutchess and State of New York, on March 3, 2013, being more than
> twenty-one (21) years old, engaged in oral sexual conduct with another
> person, to wit: Yolanda Reyes, who was less than seventeen (17) years
> old.

## FIFTH COUNT

AND THE GRAND JURY AFORESAID, by this Indictment, further accuses

CRAIG E. GABBIDON of the crime of ENDANGERING THE WELFARE OF A CHILD, A

CLASS A MISDEMEANOR, in violation of §260.10, subdivision 1, of the Penal Law of

the State of New York, committed as follows:

> The said defendant, in the County of Dutchess and State of

New York, on March 3, 2013, knowingly acted in a manner likely to be injurious to the physical, mental and moral welfare of a child, to wit: Yolanda Reyes, who was a child less than seventeen (17) years old.

MARJORIE J. SMITH
Acting District Attorney

A TRUE BILL

THERESA MAHER
Foreperson of the Grand Jury
Sixth Term - 2013

## PEOPLE v. CRAIG E. GABBIDON

ALIBI DEMAND
CPL §250.20

PLEASE TAKE NOTICE, that if you or any of you intends to offer a trial defense, that at the time of the commission of the crime or crimes charged you were at some place or places other than the scene of the crime or crimes, and to call witnesses in support of such defense, you must, within eight (8) days from the date of service hereof, serve upon the District Attorney of Dutchess County, and file a copy thereof with the Court, a "Notice of Alibi" reciting:

(a)  The place or places where you claim to have been at the time of the commission of the alleged crime or crimes.

(b)  The names, the residential addresses, the places of employment, and the addresses thereof, of every such alibi witness upon whom you intend to rely.

PLEASE TAKE FURTHER NOTICE, that if at trial you call such an alibi witness without having served the demanded Notice of Alibi, or if having served such a notice, you call a witness not specified therein, the People will move to exclude any testimony of such witness relating to the alibi defense.

Yours, etc.,

WILLIAM V. GRADY
Dutchess County District Attorney
236 Main Street
Poughkeepsie, New York  12601

2

PURSUANT TO §50-B OF THE NEW YORK STATE CIVIL RIGHTS LAW, THIS DOCUMENT IS NOT AVAILABLE FOR PUBLIC INSPECTION IN THAT IT IDENTIFIES THE VICTIM OF A SEX OFFENSE.

STATE OF NEW YORK:  COUNTY OF DUTCHESS
COUNTY COURT
-----------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

- against -

**BILL OF PARTICULARS**
SUPERSEDING
IND. #121/2013

CRAIG E. GABBIDON

Defendant.
-----------------------------------------------------------X

The Plaintiff, as and for its Bill of Particulars, alleges:

### As to all counts of the Superseding Indictment:

A.  The date when the crimes were committed was on March 3, 2013.

B.  The time when the crimes were committed was on about and between 2:00 in the afternoon and 8:00 in the evening.

C.  The place where the crimes were committed was in the Town of Hyde Park, County of Dutchess and State of New York, more particularly at 4171 Albany Post Road.

### Substance of Defendant's Conduct as to
### All Counts of the Superseding Indictment

On the above date, time and place, the said defendant purchased alcohol for Yolanda Reyes and her friend at a liquor store in the City of Poughkeepsie. Yolanda Reyes became extremely intoxicated off of the alcohol the Defendant purchased for her. The Defendant placed Yolanda and her friend in his truck and drove them to a motel in Hyde Park. The Defendant carried Yolanda in the motel as she was too intoxicated to walk. While in the motel, the Defendant removed Yolanda's clothing and subjected her to contact between his penis and her anus, her vagina and her mouth. He did so for the purpose of his own sexual gratification. Yolanda Reyes was incapable of consenting to these acts as she was less than seventeen (17) years old, having been born on

November 7, 1996, and because she was physically helpless because she was intoxicated.

Dated:       January 22, 2014
             Poughkeepsie, New York


                    WILLIAM V. GRADY
                    Dutchess County District Attorney

               BY:   ALLISON J. STUART
                     Senior Assistant District Attorney
                     236 Main Street
                     Poughkeepsie, New York  12601

3

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
- - - - - - - - - - - - - - - - - - - X

PEOPLE OF THE STATE OF NEW YORK,          PLEA OF GUILTY

            -against-                     INDEX #2014/0536

CRAIG E. GABBIDON,                        SUP IND. #121/2013

            Defendant.                    NYSID #12439269Z
                                          CC #66273589H
                                          d/o/b  6/27/79


- - - - - - - - - - - - - - - - - - - X

                    Dutchess County Courthouse
                    10 Market Street
                    Poughkeepsie, New York  12601
                    June 11, 2014


BEFORE:  HONORABLE STEPHEN L. GRELLER
                    County Court Judge


APPEARANCES:

        WILLIAM V. GRADY, ESQUIRE
        District Attorney of Dutchess County
        236 Main Street
        Poughkeepsie, New York  12601
        BY:  ALLISON J. STUART, ESQUIRE
             Assistant District Attorney


        THOMAS N. N. ANGELL, ESQUIRE
        Public Defender of Dutchess County
        22 Market Street
        Poughkeepsie, New York  12601
        BY:  SUSAN MUNGAVIN, ESQUIRE, and ALEX ROSEN,
             ESQ., Assistant Public Defenders


        CRAIG E. GABBIDON, Defendant


                        Barbara B. Dalzell
                        Official Court Reporter

1    (June 11, 2014, 2:33 P.M. in court, attorneys

2        present.)

3                    THE COURT:  Can I have a sidebar with

4            the attorneys?

5    (Off the record discussion at the sidebar between

6    the attorneys and the Court.)

7    (Defendant enters the courtroom.)

8                    THE COURT:  This is the matter of People

9            versus Craig Gabbidon.

10                   This matter is scheduled today for a

11           combined Huntley and Sandoval Hearing

12           pursuant to this Court's previously entered

13           order.

14                   It's my understanding, after discussing

15           this matter with the attorneys, that we have

16           a proposed disposition.

17                   Is that correct?

18                   MS. MUNGAVIN:  We do, Your Honor.

19                   THE COURT:  It's my understanding that

20           Mr. Gabbidon will agree to withdraw his

21           previously entered plea of not guilty to

22           Superseding Indictment #121 for the year

23           2013, and in its stead plead guilty to the

24           first count which charges criminal sexual act

25           in the first degree, in full satisfaction of

1      the remaining counts of the indictment of

2      which there are five counts.

3              Is that correct?

4              MS. MUNGAVIN:  Yes, Your Honor.

5              THE COURT:  Is that correct, Mr.

6      Gabbidon?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Mr. Gabbidon, the Clerk of

9      the Court is going to swear you in.

10             CRAIG GABBIDON, the defendant, having

11     been duly sworn by the Clerk of the Court,

12     responded as follows:

13             THE COURT CLERK:  Please state your full

14     name for the record.

15             THE DEFENDANT:  Craig Elazie Gabbidon.

16             THE COURT CLERK:  Your date of birth,

17     sir?

18             THE DEFENDANT:  6/27/1979.

19             THE COURT CLERK:  Thank you.

20             THE COURT:  Mr. Gabbidon, it's my

21     understanding at this time you wish to

22     withdraw your previously entered plea of not

23     guilty to Superseding Indictment #121 for the

24     year 2013 and in its stead plead guilty to

25     the first count of that indictment, which

1          charges you with the crime of criminal sexual

2          act in the first degree in full satisfaction

3          of the entire indictment.

4                  Is that correct, sir?

5                  THE DEFENDANT:  Yes, sir.

6                  THE COURT:  Okay.  Mr. Gabbidon, the

7          first count of Superseding Indictment #121

8          for the year 2013 charges you with the crime

9          of criminal sexual act in the first degree, a

10         Class B violent felony, in violation of

11         Section 130.50, Subdivision 2, of the Penal

12         Law.

13                 And that count alleges that you, in the

14         Town of Hyde Park, County of Dutchess, State

15         of New York, on March 3, 2013, engaged in

16         anal sexual conduct with another person, to

17         wit, I will use the initials, YR, who was

18         incapable of consent by reason of being

19         physically helpless.

20                 How do you plead to that count, sir?

21                 THE DEFENDANT:  Guilty, Your Honor.

22                 THE COURT:  Before I accept your guilty

23         plea, I'm going to ask you some questions to

24         make sure that I know that you understand

25         what you're doing and that you're doing this

1        voluntarily.

2                First of all, do you realize that

3        instead of pleading guilty, you could have a

4        jury trial?

5                THE DEFENDANT:  Yes, sir.

6                THE COURT:  Do you also understand that

7        by pleading guilty, you are waiving your

8        right to the hearing, that was a Huntley

9        Hearing, that was scheduled to begin today at

10       approximately two o'clock?

11               THE DEFENDANT:  Yes, sir.

12               THE COURT:  The first thing that would

13       happen at a jury trial, sir, is we would

14       select a jury.  We would do that by your

15       attorney, the Assistant District Attorney,

16       and me asking potential jurors questions.  As

17       you went along, you and your attorney would

18       be able to excuse people from serving on the

19       jury.  There would come a point that twelve

20       people would be sworn to be jurors and they

21       would be the jury in your case.

22               Do you understand that?

23               THE DEFENDANT:  Yes, sir.

24               THE COURT:  The prosecutor would be

25       obligated to prove every element of the crime

1          charged against you beyond a reasonable

2          doubt.  The prosecutor would attempt to do

3          that by calling witnesses to testify and by

4          offering whatever other evidence there might

5          be.

6               Your attorney would be able to

7          cross-examine the witnesses, she would be

8          able to challenge the admissibility of the

9          other evidence, and at the end of the case

10         she could argue to the jury as to what weight

11         or what consideration they should give to the

12         evidence.

13              Do you understand that?

14              THE DEFENDANT:  Yes, sir.

15              THE COURT:  The way the trial would

16         proceed is that the prosecutor would go first

17         and present evidence which is referred to as

18         the People's case.

19              After that, your attorney could argue

20         immediately to the jury that the People did

21         not prove your guilt beyond a reasonable

22         doubt or instead your attorney could first

23         present witnesses or other evidence on your

24         behalf.

25              And if you had witnesses who were

1    reluctant to come to court, your attorney

2    could issue a subpoena, which is a court

3    order directing that they come here and

4    testify.

5              Do you understand that?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  If you wanted to testify at

8    the trial, that, of course, would be your

9    right.

10             On the other hand, if you did not want

11   to testify, the jury could not hold that

12   against you.  That's because you have a

13   constitutional right to remain silent, a

14   right not to incriminate yourself, and you

15   would have no obligation to prove anything at

16   a trial.

17             Do you understand that?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  At the end of the trial,

20   after hearing arguments on your behalf from

21   your attorney, you could not be convicted of

22   this crime or any related crime unless all

23   twelve jurors agreed that the People had

24   proved your guilt beyond a reasonable doubt.

25             Do you understand that?

1            THE DEFENDANT:  Yes, sir.

2            THE COURT:  Instead of a jury trial, you

3    could have a nonjury trial.  The presentation

4    of evidence would take place in the same

5    manner that I just described, except the

6    decision as to whether your guilt had been

7    proved beyond a reasonable doubt would be

8    made by me alone rather than a jury.

9            Do you understand that?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  And in pleading guilty, you

12   are giving up your right to a trial, your

13   right to remain silent, and your right not to

14   incriminate yourself with respect to this

15   charge.

16           Do you understand that?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  Have you discussed your

19   guilty plea with Ms. Mungavin and Mr. Rosen?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  Have you discussed with them

22   what happened back in March of 2013?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  Have you talked to your

25   lawyers about whatever factual or legal

```
 1          issues there might be in your case including

 2          any and all possible defenses you may have?

 3                    THE DEFENDANT:  Yes, sir.

 4                    THE COURT:  Have you had enough time to

 5          discuss everything about this case with your

 6          attorneys?

 7                    THE DEFENDANT:  Yes, sir.

 8                    THE COURT:  Are you satisfied with their

 9          advice and services?

10                    THE DEFENDANT:  Yes, sir.

11                    THE COURT:  And based upon your own

12          knowledge as to what happened as well as your

13          conversations with your attorneys, have you

14          concluded that it is in your best legal

15          interests to plead guilty today?

16                    THE DEFENDANT:  Yes, sir.

17                    THE COURT:  Are you pleading guilty

18          voluntarily?

19                    THE DEFENDANT:  Yes, sir.

20                    THE COURT:  Are you pleading guilty

21          because you are, in fact, guilty?

22                    THE DEFENDANT:  Yes, sir.

23                    THE COURT:  Do you feel you have been

24          threatened, coerced, forced, or pressured by

25          anybody into pleading guilty?
```

1              THE DEFENDANT:  No, sir.

2              THE COURT:  During the past six months

3    have you been treated for any alcohol or drug

4    abuse or undergone any counseling for any

5    psychological or emotional problems?

6              THE DEFENDANT:  No, sir.

7              THE COURT:  Are you presently under the

8    care of a doctor for any reason?

9              THE DEFENDANT:  Could you repeat the

10   question?

11             THE COURT:  Yes.  Are you presently

12   seeing a doctor at the jail?

13             THE DEFENDANT:  Not really, no.  I --

14             MS. MUNGAVIN:  Just regular --

15             THE COURT:  Are you taking any

16   medication?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  What type of medication do

19   you take?

20             THE DEFENDANT:  Blood pressure medicine.

21             THE COURT:  Okay.  What do you take?  Do

22   you remember the name of it?

23             THE DEFENDANT:  Lisinopril, Norvasc.  I

24   don't remember the last one.  It's a yellow

25   pill.  It's a water pill.  I don't remember

1          the name of it.

2                    THE COURT:  Do you take them on a daily

3          basis?

4                    THE DEFENDANT:  Yes, sir.

5                    THE COURT:  Do you take them at night or

6          during the day?

7                    THE DEFENDANT:  Every afternoon.

8                    THE COURT:  Did you take yours yet

9          today?

10                   THE DEFENDANT:  Yes, sir.

11                   THE COURT:  Do you believe as you stand

12         here this afternoon that you are completely

13         clearheaded and understand everything that is

14         happening?

15                   THE DEFENDANT:  Yes, sir.

16                   THE COURT:  Now, in addition to the

17         sentence to be imposed, a felony conviction

18         has other consequences.

19                   For example, if you are convicted of

20         another felony sometime in the next ten

21         years, the sentence for that future felony

22         would be more severe because of this

23         conviction, you also lose certain civil

24         rights, and a felony conviction is an

25         impediment, that means a bar, to receiving

1           certain kinds of licenses.

2                   Do you understand that?

3                   THE DEFENDANT:  Yes, sir.

4                   THE COURT:  Are you a citizen of the

5           United States?

6                   THE DEFENDANT:  No, sir.

7                   THE COURT:  Where are you a citizen of?

8                   THE DEFENDANT:  Jamaica.

9                   THE COURT:  Do you understand there are

10          collateral consequences to this plea of

11          guilty?

12                  THE DEFENDANT:  Yes, sir.

13                  THE COURT:  Ms. Mungavin, tell me, put

14          on the record, if you would, what you have

15          explained to your client as to the collateral

16          consequences of this plea.

17                  MS. MUNGAVIN:  Judge, I have explained

18          to Mr. Gabbidon a number of times, we have

19          discussed this, that since he is not a

20          citizen, and this is a crime of moral

21          turpitude, it is likely that he would be

22          deported when he is released from prison.

23                  THE COURT:  Did Mr. Rosen also discuss

24          this with him?

25                  MS. MUNGAVIN:  I am not sure if

1     Mr. Rosen talked to him about it.  I have

2     talked to him a number of times.  I have

3     talked to his family as well, Judge.

4          THE COURT:  Do you understand what your

5     attorney said about possibly being deported?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Okay.  I need to tell you,

8     Mr. Gabbidon, that by pleading to this crime,

9     which is criminal sexual act in the first

10    degree, or any crime under this indictment,

11    you will be deported.  It's a crime of moral

12    turpitude.  You will serve whatever time you

13    serve in state's prison and you will be

14    deported.

15          Do you understand that?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  With full knowledge of that,

18    are you willing to go ahead with this plea?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Do you understand that the

21    maximum penalty for this crime is 25 years in

22    state's prison?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Do you also understand that

25    the maximum penalty for the second count,

1   which is rape in the first degree, is also 25

2   years?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Do you understand that

5   because of the nature of the allegations in

6   the superseding indictment, you could be

7   sentenced consecutively?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Your attorney, the Assistant

10  District Attorney, have been discussing this

11  case and had a conference with me earlier

12  this afternoon.

13         It's my understanding at the time of

14  sentence I would cap your sentence at 15

15  years' determinative in state's prison, plus

16  postrelease supervision, and I believe the

17  postrelease supervision is, bear with me a

18  minute, I believe it's between two and a half

19  and five years in postrelease supervision.

20         Do you understand that?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  In addition, you would be

23  required to pay certain surcharges as a sex

24  offender surcharge, sex offender fees, the

25  total of which is $1,425.

1          In addition, you would be required to

2     register as a sex offender.

3          Do you understand all of that?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  I told your attorney I'm

6     going to assume that is the sentence that

7     would be imposed.

8          On the other hand, if after reading the

9     presentence report or otherwise learning

10    something about you I find in good conscience

11    I cannot impose that sentence, then I would

12    give you the opportunity to withdraw your

13    guilty plea and we would start all over

14    again.

15         Do you understand that?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  I also want you to know if

18    between now and the sentence date it's

19    learned that you fail to cooperate with,

20    mislead or lie to the Probation Officer who

21    will interview you for the presentence

22    report, or if you commit a new offense or are

23    appropriately arrested for a new offense,

24    which does not mean convicted, or if you

25    deliberately fail or refuse to appear here

1          for sentence, if any one of those things

2          occurred, you would not be allowed to

3          withdraw your guilty plea and you would be

4          subject to a more severe sentence.

5              Do you understand that?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Have you understood

8          everything I have said so far?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Do you have any questions

11         you would like to ask either myself or Ms.

12         Mungavin?

13             THE DEFENDANT:  No, sir.

14             THE COURT:  Then I'm going to ask you

15         once again, how do you plead to the crime of

16         criminal sexual act in the first degree, a

17         Class B violent felony?

18             THE DEFENDANT:  Guilty, sir.

19             THE COURT:  Tell me what you did under

20         the first count in the Town of Hyde Park on

21         March 3, 2013, with regard to a young person

22         by the initials YR that makes you guilty of

23         this crime.

24             THE DEFENDANT:  I engaged in anal sexual

25         conduct with a person being physically

1          helpless.

2                THE COURT:  This took place in the Town

3          of Hyde Park?

4                THE DEFENDANT:  Yes, sir.

5                THE COURT:  Day or night?

6                THE DEFENDANT:  Day.

7                THE COURT:  And at the time you said you

8          engaged in anal sexual contact, do you admit

9          that there was contact between your penis and

10         this girl's anus?

11               THE DEFENDANT:  Yes, sir.

12               THE COURT:  And at the time you had that

13         contact, this girl was physically helpless,

14         in other words she was unconscious; is that

15         correct?

16               THE DEFENDANT:  Yes, sir.

17               THE COURT:  And was she unconscious

18         because of the consumption of alcohol?

19               THE DEFENDANT:  Yes, sir.

20               THE COURT:  Any questions based upon

21         that?

22               MS. STUART:  No, Judge.

23               THE COURT:  And at the time you

24         committed this act, you had no permission or

25         authority to do this, did you?

1                 THE DEFENDANT:  No, sir.

2                 THE COURT:  And she did not consent; is

3        that correct?

4                 THE DEFENDANT:  No, sir.

5                 THE COURT:  I find that the defendant

6        has pled guilty knowingly and voluntarily and

7        admitted the essential elements of the crime

8        of which he now stands convicted.

9                 MS. MUNGAVIN:  Judge, I should have put

10       on the record that Mr. Gabbidon's wife, Luz

11       Gabbidon, and his sister-in-law are present

12       in the courtroom.

13                THE COURT:  Do you have any idea when we

14       can do this?

15                THE COURT CLERK:  7/14.

16                THE COURT:  Does that work for you?

17                MS. MUNGAVIN:  Yes, Judge.

18                THE COURT:  Okay.  The sentence will be

19       July 14th.

20                MS. MUNGAVIN:  Judge, I will talk to

21       Probation, but I ask that Probation notify me

22       when they go to see him to do the presentence

23       interview.

24                THE COURT:  Why don't you just mention

25       it to Mr. Callahan.

1           MS. MUNGAVIN:  Okay, thank you.

2           THE COURT CLERK:  Bail conditions, Your

3      Honor?

4           THE COURT:  None.

5           MS. MUNGAVIN:  Thank you, Judge.

6           THE COURT:  Thank you, Ms. Mungavin.

7

8      (2:55 P.M. adjourned.)

9

10                        - - - - - - - -

11

12           This is to certify that the foregoing

13      is an accurate transcription of my

14      stenographic notes as transcribed by me.

15

16      _____

17              Barbara B. Dalzell
                Official Court Reporter

18

19

20

21

22

23

24

25

4

STATE OF NEW YORK
COUNTY COURT: COUNTY OF DUTCHESS
--------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK
                        Plaintiff,

                                                    NOTICE OF MOTION TO
                                                    WITHDRAW PLEA

            - against -
                                                    Indictment # 121/2013

CRAIG E. GABIDDON,                                  (Hon. Stephen L. Greller)
                        Defendant.
--------------------------------------------------------------X

SIRS:

        **PLEASE TAKE NOTICE** that upon the annexed Affirmation of Craig E.

Gabiddon, the defendant, and upon all papers and proceedings heretofore had herein,

Eric S. Shiller, Esq., attorney of record for the defendant will move this Court at a term

thereof to be held in the Dutchess County Court, located at 10 Market Street,

Poughkeepsie, New York on the 18th day of September, 2014, at 9:00 o'clock in the

forenoon of that day, or as soon thereafter as counsel may be heard for an order granting

the following relief:

1.      For an order pursuant to Criminal Procedure Law §220.60(3) permitting

the defendant to withdraw his prior guilty plea for the reasons set forth

in the attached affirmation of the defendant, CRAIG E. GABIDDON.

        PLEASE TAKE FURTHER NOTICE that the defendant reserves the right to

make any and all further motions necessary in order to protect his rights under the United

States and New York State Constitutions and under all federal and state statutes upon

learning that grounds for such exist.

        As to each of the above requests, for such other and further relief as the Court

1

may deem just and proper.

Dated: Poughkeepsie, New York
      September 10, 2014

                           Respectfully Submitted,

                           ERIC S. SHILLER, ESQ.
                           *Attorney for the Defendant*
                           ERIC S. SHILLER LAW OFFICE, P.C.
                           54 Noxon Street
                           P.O. Box 774
                           Poughkeepsie, New York 12602

To:     Honorable Stephen L. Greller
        Dutchess County Court
        10 Market Street
        Poughkeepsie, NY 12601

        Allison J. Stuart, Esq.
        Office of the Dutchess County District Attorney
        236 Main Street
        Poughkeepsie, NY 12601

STATE OF NEW YORK
COUNTY COURT: COUNTY OF DUTCHESS
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK
                    Plaintiff,

                                                    **AFFIRMATION**

            - against -
                                                    **Indictment # 121/2013**

CRAIG E. GABIDDON,
                    Defendant.
-------------------------------------------------------------------X

        CRAIG E. GABIDDON, being duly sworn, deposes and states the

following:

1.      I am the defendant in this matter, and pled guilty to the charge of

Criminal Sexual Act in the First Degree, a class B violent felony, in violation of Penal Law

§130.50(2) on June 11, 2014.

2.      My lawyer at the time of my plea, Susan Mungavin, Esq. of the Dutchess County

Public Defender's Office pressured and badgered me to accept the proposed disposition and

plead guilty. Ms. Mungavin pressured me by telling me that if I did not accept the plea offer

that I would never see my family again. Additionally in pressuring me to plead guilty, my

lawyer went as far as bringing my wife, Luz Gabiddon into the County courthouse lockup

on June 11, 2014 to pressure me as well into accepting the plea offer. With these tactics

used by my lawyer, I did not have a clear mind and I was coerced into pleading guilty.

3.      I, Craig E. Gabiddon, further contend and state definitively that I am not guilty of

the charge, and maintain my constitutional right to have my suppression hearing and my

jury trial in this matter. I would not have waived the right to a hearing in this

matter and would not have waived my right to a jury trial in this matter, absent the extreme

                                            3

pressure my lawyer, Susan Mungavin, Esq. placed on me.

WHEREFORE, it is respectfully requested that the motion to withdraw my plea be

granted in its entirety.

CRAIG E. GABIDDON

Sworn to before me this
10th day of September, 2014

NOTARY PUBLIC

ERIC S SHILLER
NOTARY PUBLIC STATE OF NEW YORK
ORANGE COUNTY
LIC. #02SH5081859
COMM. EXP. 11/25/2014

4

5

STATE OF NEW YORK : COUNTY OF DUTCHESS
---------------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK

- against -                                            ANSWER IN RESPONSE
                                                       TO MOTION TO
                                                       WITHDRAW PLEA

**CRAIG E. GABBIDON**

                                                       SUPERCEDING
                                                       INDICTMENT #121/2013

                                    Defendant.
---------------------------------------------------------------------x


        **Allison J. Stuart**, being duly licensed to practice law in the State of

New York, hereby affirms under penalty of perjury:

        1. I am an Assistant District Attorney in Dutchess County and

make this affirmation in answer to the defendant's motion, supported by the

affirmation of Craig E. Gabbidon, seeking various forms of relief.

        2. I am familiar with the facts and circumstances surrounding this

matter since I was assigned by the District Attorney to prosecute this case.

        3. This affirmation is made upon information and belief, sources

thereof being investigation into this matter by the District Attorney's Office,

conversations with the arresting officer, court records pertaining hereto, and all

papers and proceedings heretofore had herein.


        The Defendant moves this court for permission to withdraw his plea of

guilty to Criminal Sexual Act in the First Degree, which occurred on June 11,

2014 before the Honorable Stephen L. Greller. In order for the court to consider

withdrawing a plea of guilty, there must be some evidence or claim of innocense, fraud or mistake in it's inducement. People v. Davis, 250 A.D.2d 939 (1998). In this case, the Defendant claims Susan Mungavin, Esq. pressured the defendant into pleading guilty by informing him of the sentence parameters (never seeing his family again) and by allowing his wife to see him in lock up upon his request whereby she spoke to him about his possible choices. The People submit that this does not satisfy the burden set forth in Davis.

First, with respect to a claim of innocense, the Defendant made a video recorded statement whereby he admits to the victim being intoxicated, taking her to a motel, getting her undressed and ejaculating on her. Further, the defendant is in possession of the DNA results that places his sperm in the anus, mouth and vagina of the victim. Therefore, the People submit that the defendant has not provided sufficient evidence to prove an assertion of innocense throughout this case.

Second, the defendant has not presented any evidence of fraud or mistake in terms of his plea. "Where a defendant has been fully informed of the rights he is waiving by pleading guilty and proceeds to admit the acts constituting the crime, a subsequent protestation of innocense which is not substantiated by any evidence is generally insufficient to support a request for vacatur of the plea." See, David at 940. In this case, the Court asked the defendant whether or not he was waiving his right to a Huntley hearing by pleading guilty, and the Defendant said yes. Further, the Court inquired about having a jury trial or a bench trial, whereby the People would have to prove every element beyond a reasonable doubt, and whether he understood that and still wanted to plead guilty, and the defendant answered in the affirmative. The Court further asked whether the defendant spoke with his attorneys about the case and all possible

- 2 -

defenses and having enough time to speak with them and he answered yes to those questions as well. The Court further inquired if the defendant was satisfied with the services of his attorney and that it is in his best legal interests to plead guilty and the defendant stated yes to those questions as well. The defendant acknowledged that he is pleading guilty voluntarily, because he is guilty, and that he was not threatened, coerced, forced, or pressured by anyone to plead guilty. The judge asked the defendant about any collateral consequences of pleading guilty with regards to his citizenship and was advised that this plea would result in deportation and the defendant understood this. The court advised the defendant of the sentencing parameters and the defendant acknowledged he understood. Lastly, the court asked the defendant what he did to make him guilty of the crime he was pleading to and he was able to tell the Court that he in fact had anal sexual contact with a female who was unconscious.

The defendant never stated that he was being pressured or coerced into pleading guilty and the Court outlined in detail every aspect of the plea. The People submit that the Defendant's contention that he was coerced into pleading guilty is without merit and the defendant's request to have his plea withdrawn should be denied.

WHEREFORE, for all the foregoing reasons, your affirmant respectfully

request that the defendant's motion be denied in all respects except as

hereinabove stated.

Dated:    September 16, 2014
          Poughkeepsie, New York


                              ALLISON J. STUART

6

STATE OF NEW YORK
COUNTY COURT: COUNTY OF DUTCHESS
----------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK
           Plaintiff,

         - against -

CRAIG E. GABIDDON,
           Defendant.
----------------------------------------------------X

**REPLY AFFIRMATION**

Indictment # 121/2013

(Hon. Stephen L. Greller)

SIRS:

    ERIC S. SHILLER, ESQ., being duly admitted to practice before the Courts of the State of New York, under penalty of perjury hereby affirms that the statements herein are true, except as to those facts stated upon information and belief which are believed to be true.

    1.    Deponent is an attorney assigned to represent CRAIG E. GABIDDON, the above named defendant in the above-entitled action.  This Affirmation is made in reply to the Answer in Response of Alison J. Stuart, ADA, dated September 16, 2014.

### DEFENDANT'S REPLY

    2.    In the People's answer in response in opposition to defendant's motion to withdraw his plea, they cite *People v. Davis*, 250 A.D.2d 939 (1998) stating that there must be a claim of innocence among other things stated by the defendant to withdraw a defendant's plea.  Here, the People only focus on the fact that the defendant, Craig E. Gabiddon moves the Court to withdraw his plea based on prior counsel pressuring the defendant to plead guilty and the People therefore state that this does not satisfy the burden as set forth in *Davis*.

1

However, the People intentionally fail to address the fact that in paragraph #3 of the defendant's affirmation supporting his motion to withdraw, Mr. Gabiddon clearly contends and states definitively that he is "not guilty of the charge" and therefore is innocent.   This contention is in addition to Mr. Gabiddon's contention that prior counsel pressured him into pleading guilty despite his innocence however, the People do not address this and completely overlook defendant's contention of innocence. In order for the Court to consider granting a defendant's motion to withdraw a plea of guilty, there must be a claim of innocence. *People v. Cance*, 155 A.D.2d 764 (1989) as well as *People v. Davis*, 250 A.D.2d 939 (1998).

3.      In the People's Answer in response, ADA Stuart wrongly asserts that the defendant, Craig E. Gabiddon admitted in the recorded video statement that he ejaculated on the complainant, knowing that this is completely inaccurate however intentionally misstating the facts in an attempt to sway the Court. The defendant never admitted to ejaculating on the complainant in any way.   Furthermore, the People in an attempt to sway the Court even more, they intentionally misconstrue the DNA results in an attempt to attack the defendant's contention of innocence here.

WHEREFORE, I respectfully request that the motion to withdraw the defendant's plea be granted in its entirety and for such other and further relief as the Court may deem just and proper.

Dated: Poughkeepsie, New York
.    October 13, 2014·

ERIC S. SHILLER, ESQ.
*Attorney for the Defendant*

2

To:    Honorable Stephen L. Greller
       Dutchess County Court
       10 Market Street
       Poughkeepsie, NY 12601

       Allison J. Stuart, Esq.
       Office of the Dutchess County District Attorney
       236 Main Street
       Poughkeepsie, NY 12601

7

COUNTY COURT : DUTCHESS COUNTY

PRESENT:    HON. STEPHEN L. GRELLER
            Dutchess County Court Judge

                                        DECISION AND ORDER
------------------------------------    MOTION TO WITHDRAW
                                        GUILTY PLEA

THE PEOPLE OF THE STATE OF NEW YORK     Superceding
                                        Ind. No. 121/2013
                          Plaintiff,    Index No. 2014/0536

                                        WILLIAM V. GRADY, ESQ.
                                        District Attorney
        - against -                     Allison J. Stuart, Esq.
                                        Senior Assistant District
    CRAIG E. GABBIDON,                  Attorney for Plaintiff

                          Defendant.    ERIC S. SHILLER, ESQ.
                                        Attorney for the Defendant

------------------------------------
Notice of Motion _____ X
Affidavit in Support _____ X
Affirmation in Response _____ X
Reply Affirmation _____ X

    The foregoing documents were considered in deciding this motion.

    The defendant has been indicted for Criminal Sex Act in the First Degree, a Class B Violent Felony (Penal Law §130.50[2]); Rape in the First Degree, a Class B Violent Felony (Penal Law §130.35[2]; two counts of Criminal Sexual Act in the Third Degree, a Class E Felony (Penal Law §130.40[2]) and Endangering the Welfare of a Child, a Class A Misdemeanor (Penal Law §260.10[1]).

    Defendant was represented from the outset by the Public Defender's office who made various pre-trial motions on his behalf. The Court decided those motions and granted the defendant a series of pre-trial hearings.

    Those pre-trial hearings were scheduled to begin on the day the defendant appeared before me with counsel and pled guilty to the

first count of the indictment in full satisfaction of the indictment.  The defendant's plea of guilty was entered on June 11, 2014.

### DEFENDANT'S CLAIM

By letter dated June 16, 2014, the defendant wrote to the Court seeking to withdraw his guilty plea and requesting a new attorney.

Subsequent to the receipt of that letter, the Court, pursuant to the defendant's request, relieved the Public Defender's office from representing him and appointed Eric S. Shiller, Esq. to represent him.

The defendant now moves to withdraw his plea of guilty pursuant to CPL §220.60[3].

The defendant argues in his affidavit dated September 10, 2014 that he should be permitted to withdraw his plea because of the advise and tactics of his attorney.  He claims that the Public Defender's office representative "pressured and badgered" him to accept the proposed disposition and to plead guilty.  This purported pressure included the defendant's wife visiting him at the courthouse to "pressure" him into accepting the guilty plea.  He claims that he did not have a clear mind and was coerced into pleading guilty.

Further, the defendant claims that he is not guilty of the charge and that he would not have waived his right to a suppression hearing and to a jury trial but for the extreme pressure put on him by his attorney, Susan Mungavin.

DISCUSSION

The decision to permit a defendant to withdraw his guilty plea rests with the sound discretion of the trial court.   CPL §220.60[3]; People v. Lisbon, 187 AD2d 457 (2nd Dept. 1992).   Likewise, the nature and extent of the fact finding procedures prerequisite to the disposition of such a motion also rests largely in the discretion of the judge to whom the motion to withdraw a guilty plea is made. People v. Tinsley, 35 NY2d 926.

As a general rule, where a defendant wishes to withdraw his guilty plea alleging complaints regarding his counsel, he should be represented by a different attorney.   People v. Dixon, 29 NY2d 55.

In the instant matter, the defendant has been appointed new counsel.   Only in the rare instance will the defendant be entitled to an evidentiary hearing when seeking to withdraw his guilty plea. Tinsley, supra.

It is generally sufficient to afford the defendant a reasonable opportunity to present his specific contentions by means of both written and oral applications.   People v. Cole, 295 AD2d 360 (2nd Dept. 2002) app. den. 98 NY2d 709.

It is also important to keep in mind that a guilty plea should mark the end of a criminal case, not a gateway to future litigation. People v. Alexander, 97 NY2d 482; People v. Taylor, 65 NY2d 1.

The submissions of counsel, the defendant's affidavit and the plea minutes are sufficient to permit the Court to make an informed determination on the present application.

Defendant's contentions that he did not wish to plead guilty, is innocent of the crime to which he plead guilty, and that he was forced to plead guilty by his attorney is all contrary to the sworn

statements made by the defendant at the time of his guilty plea.

In the plea colloquy, the following exchange occurred:

The Court:        Before I accept your guilty plea, I'm going to
                  ask you some questions to make sure I know that
                  you understand what you are doing and that you
                  are doing this voluntarily.

                  First of all, do you realize that instead of
                  pleading guilty, you could have jury trial?

The Defendant: Yes, Sir.

The Court:        Do you also understand that by pleading guilty,
                  you are waiving your right to the hearing, that
                  was a Huntley hearing, that was scheduled to
                  begin today at approximately two o'clock?

The Defendant: Yes, Sir. (Plea minutes, pp. 4-5)

Shortly thereafter the following colloquy occurred:

The Court:        Have you discussed your guilty plea with Ms.
                  Mungavin and Mr. Rosen?

The Defendant: Yes.

The Court:        Have you discussed with them what happened back
                  in March of 2013?

The Defendant: Yes, Sir.

The Court:        Have you talked to your lawyers about whatever
                  factual or legal issues there might be in your
                  case including any and all possible defenses you
                  may have?

The Defendant: Yes, Sir.

The Court:        Have you had enough time to discuss everything
                  about this case with your attorneys?

The Defendant: Yes, Sir.

The Court:        Are you satisfied with their advice and
                  services?

The Defendant: Yes, Sir.

The Court:        Based upon your own knowledge as to what
                  happened as well as your conversations with your
                  attorneys, have you concluded that it is in your
                  best legal interests to plead guilty today?

The Defendant: Yes, Sir.

The Court:     Are you pleading guilty voluntarily?

The Defendant: Yes, Sir.

The Court:     Are you pleading guilty because you are, in fact, guilty?

The Defendant: Yes, Sir.

The Court:     Do you feel you have been threatened, coerced, forced or pressured by anybody into pleading guilty?

The Defendant: No, Sir.

The minutes of the plea proceeding established that the plea was entered knowingly and voluntarily belying the defendant's claim of coercion. Cole, supra. The defendant's present protestations to the contrary, the plea proceedings demonstrate that he was satisfied with counsel's representation. Lisbon, supra.

The defendant's allegation that trial counsel coerced him into pleading guilty when he desired a full trial and that counsel portrayed no other option being available other than a plea of guilty are likewise refuted by the defendant's sworn statement during the plea allocution. People v. DeLeon, 254 AD2d 430 (2nd Dept. 1998) app. den. 92 NY2d 1030.

Defendant's assertion of innocense subsequent to his plea allocution does not necessitate a hearing on his motion to withdraw his guilty plea. The defendant's sworn statement during the plea colloquy reflects that he knowingly and voluntarily admitted committing the crime in question. His subsequent protestation of innocense, unsupported by any evidence beyond his own affidavit is insufficient to warrant a hearing on the issue. People v. DeFabritis, 296 AD2d 664 (3rd Dept. 2002) lev. den. 99 NY2d 557.

The record does not provide any support for the defendant's conclusory assertion prior to sentence that his attorney "pressured" him into entering his guilty plea, given his statements during the extensive plea colloquy to the contrary, his representation that he knowingly and voluntarily entered the plea and his admission that he committed the crime to which he plead guilty. <u>People v. Seger</u>, 171 AD2d 892 (2nd Dept. 1991), app. dismd. 78 NY2d 1080.

An accused's claim that he was coerced by his attorney alleging that his attorney had warned him of the strength of the prosecutor's case and the likelihood of a lengthy sentence in the event he was convicted after trial does not constitute coercion on the part of counsel. <u>People v. Samuel</u>, 208 AD2d 776 (2nd Dept. 1994), lev. den. 84 NY2d 1038. In <u>Samuel</u>, <i>supra</i>, the Court found that the defendant's claim of coercion was wholly belied by the fact that during his plea allocution, the defendant had unequivocally stated he had not been coerced into pleading guilty. The same is true in the instant matter.

The arguments raised in the defendant's motion are not only not supported by the record of the defendant's plea allocution, but they are completely contradicted by the defendant's sworn statements during the allocution.

Accordingly, the defendant's motion to withdraw his guilty plea is denied.

This constitutes the decision and order of the Court.

Dated:   Poughkeepsie, New York
         October /5, 2014

                              HON. STEPHEN L. GRELLER
                              COUNTY COURT JUDGE

TO:   WILLIAM V. GRADY, ESQ.
      Dutchess County District Attorney
      Allison J. Stuart, Esq.
      Senior Assistant District Attorney
      236 Main Street
      Poughkeepsie, NY  12601

      Eric S. Shiller, Esq.
      54 Noxon Street
      P.O. Box 774
      Poughkeepsie, NY 12602

8