12

*Supplated Paus*

**DEL ATWELL**
ATTORNEY AT LAW

2/5 NY APP DIV LEXIS 8944

19 NY S3d 787

39 5TH STREET
EAST HAMPTON, NY 11937
(631) 267-2067

January 31, 2016

Clerk of the Court
Chief Judge
Court of Appeals of the State of New York
20 Eagle Street
Albany, NY 12207

Re: People v. Gabbidon-2015-00872 (leave application)

Honorable Judge,

Pursuant to Section 460.20 of the Criminal Procedure Law, appellant

respectfully prays for the issuance of a certificate granting permission to appeal and

certifying that there is a question of law in the above captioned case which should to

be reviewed by the Court of Appeals. Appellant requests that an appeal be allowed to

this court from an Order of the Supreme Court, Appellate Division, Second

Department, dated December 2, 2015, affirming the Order of the County Court,

Dutchess County, rendered December 23, 2014, convicting sexual criminal act in the

1st degree upon his guilty plea.

An application has not been made to a Judge of the Appellate Division.

The Appellate Division incorrectly opined that the trial court correctly advised that consecutive sentences were available and that the issue is unreviewable because it was not specifically raised in the motion to withdraw the plea. Rather, a conviction resulting from a plea can violate public policy because it upsets the "'reasonable assurance of certainty' provided by the negotiated sentence" and thereby threatens to destabilize the entire plea-bargaining system in this State by eroding public trust in the fairness and integrity of the process. *People v. Parker*, 271 A.D.2d 63, 71 (4th Dept. 2000). A motion to withdraw a guilty plea that is premised on something other than a renewed claim of innocence does provide a legal basis for relief. Such claims must be carefully reviewed by the courts because they are occasionally meritorious. *Britt v. Legal Aid Society*, 95 N.Y.2d 443 (2000); *People v. Flowers*, 30 N.Y.2d 315 6 (1972); *People v. Beasley*, 25 N.Y.2d 483 (1969); *People v. Berger*, 9 N.Y.2d 692 (1961). Review of these post-plea claims under CPL § 220.60 is an integral part of a criminal courts judge's oversight and supervision of "the delicate balancing of public and private interests in the process of plea bargaining." *People v. Selikoff*, 35 N.Y.2d 227, 243 (1974).

Here, the appellant made the appropriate motion several weeks before sentence was imposed and defense counsel moved, in writing, to vacate the plea. It was specifically stated in the written motion. It appears this Appellate Division is

confused because the specificity was not voiced in open court and therefore is not contained in the transcript. The motion to withdraw was made shortly after the plea, is in writing, and contains the specific grounds supporting the motion. *People v Ranieri*, 43 AD2d 1012 (4th Dept 1974). Further, even if this Court does not agree that the Appellate Division should have exercised its discretion to review, appellant is requesting that it be permitted in the interest of justice pursuant to *C.P.L.* § 470.15 (6).

The record reveals that the trial court incorrectly advised appellant regarding sentence as a matter of law. Specifically, both counts were B class violent felonies which, for a first-time offender, carry a minimum of 5 and a maximum of 25 years imprisonment. *P.L.*, 70.02(3)(a). The sentencing court advised that it could impose the 25 year determinate maximum permitted by statute regarding each offense and then order that they run consecutively thereby totaling 50 years incarceration. By statute, the charges cannot run consecutively pursuant to Penal Law section 70.25(2) which states in relevant part:

When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences, except if one or more of such sentences is for a

violation of section 270.20 of this chapter, *must run concurrently, PL*, 70.25(2);
(emphasis added).

The appellant faced separate charges that were committed through a single act or omission. The Court of Appeals has succinctly set forth the formula for determining whether the general rule requires that multiple sentences must be concurrent. *People v. Laureano*, 87 N.Y.2d 640, 642 N.Y.S.2d 150 (1996). In *Laureano,* it was reasoned that "in determining whether concurrent sentences are required, the sentencing court must first examine the statutory definitions of the crimes for which defendant has been convicted. Because both prongs of Penal Law 70.25(2) refer to the 'act or omission' that is, the 'actus reus' that constitutes the offense, the court must determine whether the actus reus element, is by definition, the same for both offenses (under the first prong of the statute), or if the actus reus for one offense is, by definition, a material element of the second offense (under the second prong)." *Id.* at 87 N.Y.2d 643. However, the court in *Laureano,* did leave the determination to a mere theoretical analysis. Rather, it placed an obligation to prove that concurrent sentences are not required upon the People. The formula goes on to conclude that if the *actus reus* is not the same, "then the People have satisfied their obligation of showing that concurrent sentences are not required. If the statutory elements do overlap under either prong of the statute, the People may not

yet establish the legality of consecutive sentencing by showing that the 'acts or omissions' committed by defendant were separate and distinct acts." *Id.*

Here, neither the People nor the court offered an explanation as to why concurrent sentences for the charges were not required to run concurrently. The black letter law of Penal Law 70.25(2) and the Court of Appeals holding in *Laureano* was ignored. Even if some reasoned legal authority where offered to rationalize consecutive sentences, the integrity of the sentence is tainted because the obligation to provide correct legal advice regarding the potential sentencing consequences was not fulfilled.

Only a concurrent, rather than a consecutive sentence was warranted for convictions on both counts. The offenses do not exist independently of the each other because they both were committed through a single actus reus. Therefore, appellant could never have been exposed to consecutive terms.

Further reasons for error are detailed in the enclosed appellant's brief. A photocopy of the decision and order of the Appellate Division and copies of all briefs are submitted herewith.

## CONCLUSION

Based upon the above mentioned arguments and those arguments contained in the appellate brief, appellant respectfully prays that leave to the Court of Appeals be granted.

Respectfully submitted,

Del Atwell
Attorney for Appellant

THE COURT OF APPEALS
THE STATE OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK      AFFIRMATION

CRAIG GABBIDON

Del Atwell, Esq., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following under the penalty of perjury:

1. I am appellate attorney for the appellant in the above captioned action and am fully familiar with the facts and circumstances of this case.

2. Service of the Appellate Division order was not effected pursuant to *CPLR* 5513, 5514. Specifically, "a copy of the judgment or order appealed from and written notice of its entry" was not served on pursuant to *CPLR*, 5513(b). Further, an official copy of the decision was not forwarded by the Appellate Division.

3. Therefore, the time period within which to move is intact.

WHEREFORE, it is respectfully requested that this court deem the motion timely.

Del Atwell
Attorney for Appellant

THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

THE PEOPLE OF THE STATE OF NEW YORK                PROOF OF SERVICE

V.

CRAIG GABBIDON

---

I, Del Atwell, affirm that on February 1, 2016, I served via first class mail

a copy of the within request for leave to appeal to:

Dutchess County District Attorney
236 Main Street
Poughkeepsie, NY 12601

Craig Gabbidon 15A0150
PO Box 999
Coxsackie, NY 12051-0999


---
Del Atwell

Supreme Court of the State of New York
Appellate Division: Second Judicial Department

D47266
T/htr

_____AD3d_____

Submitted - October 7, 2015

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.

2015-00872

DECISION & ORDER

The People, etc., respondent, v Craig E. Gabbidon,
appellant.

(Ind. No. 121/13)

Del Atwell, East Hampton, N.Y., for appellant.

William V. Grady, District Attorney, Poughkeepsie, N.Y. (Kirsten A. Rappleyea of counsel), for respondent.

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered December 23, 2014, convicting him of criminal sexual act in the first degree, upon his plea of guilty, and imposing sentence.

ORDERED that the judgment is affirmed.

The defendant's contention that the County Court misinformed him of his maximum sentencing exposure were he to proceed to trial is unpreserved for appellate review, since the defendant did not raise this specific ground in his motion to withdraw his plea (see People v Williams, 129 AD3d 1000; People v King, 115 AD3d 986; People v Delarosa, 104 AD3d 956). In any event, the court properly informed the defendant that consecutive sentences could be imposed if he were convicted of the first two counts of the indictment, since each count as charged involved a separate sexual act constituting a distinct offense (see People v Colon, 61 AD3d 772, 773; People v Dallas, 31 AD3d 573, 574; People v Gersten, 280 AD2d 487).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel due to his counsel's failure to recognize and address the purported error regarding his maximum sentencing exposure, since, as noted above, the County Court properly informed the defendant of his maximum sentencing exposure (see People v Cromwell, 99 AD3d 1017; People v

December 2, 2015

Page 1.

PEOPLE v GABBIDON, CRAIG E.

*Royster*, 40 AD3d 885, 886). Furthermore, the record demonstrates that the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (*see People v Ford*, 86 NY2d 397, 404; *People v Modica*, 64 NY2d 828, 829; *People v Baldi*, 54 NY2d 137, 147). There is nothing in the record to support the defendant's claim that counsel's performance was deficient (*see Hill v Lockhart*, 474 US 52, 58; *Strickland v Washington*, 466 US 668, 687).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80).

MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.

ENTER:

Aprilanne Agostino
Clerk of the Court

December 2, 2015

PEOPLE v GABBIDON, CRAIG B.

Page 2.

13

_Updated Plays_

## THE DISTRICT ATTORNEY OF DUTCHESS COUNTY
### 236 MAIN STREET
### POUGHKEEPSIE, N.Y. 12601
### (845) 486-2300
### FAX (845) 486-2324

**WILLIAM V. GRADY**
DISTRICT ATTORNEY

**BRIDGET R. STELLER**
Chief Assistant District Attorney

**BUREAU CHIEFS**
Frank F. Chase
Matthew A. Weishaupt
Kristine M. Whelan
Robert J. Knapp
Anthony P. Parisi

February 24, 2016

Honorable Janet DiFiore
Chief Judge of the Court of Appeals
Court of Appeals Hall
20 Eagle Street
Albany, NY 12207-1095

Re:   People v. Craig E. Gabbidon
       Appellate Division Docket No. 2015-00872
       Dutchess County Indictment No. 121/2013

Dear Chief Judge DiFiore,

I am writing in response to Appellant Craig Gabbidon's application

seeking leave to appeal to this Court from a Decision and Order of the

Appellate Division, Second Judicial Department dated December 2, 2015,

affirming appellant's judgment of conviction of criminal sexual act in the

first degree and the imposition of a fifteen year sentence followed by ten

years post release supervision. The Appellate Division held that Gabbidon's

contention that the County Court "misinformed him of his maximum

sentencing exposure were he to proceed to trial" was unpreserved for

Hon. Janet DiFiore                                    February 24, 2016
People v. Craig Gabbidon

appellate review since he did not specifically raise that claim in his motion
to withdraw his guilty plea. People v. Gabbidon, 19 N.Y.S.2d 786, 2015
N.Y. App. Div. LEXIS 8944 (2d Dept. 2015). The Appellate Division
nevertheless found that the County Court had "properly informed defendant
that consecutive sentences could be imposed if he was convicted of the first
two counts of the indictment, since each count as charged involved a
separate sexual act constituting a distinct offense." Id. For these reasons,
Respondent submits that this application ought to be denied.

Criminal Procedure Law §470.35 (1) concerns appeals to this Court
from an intermediate appellate court's order of affirmance. It permits this
Court to consider questions of law not raised in the intermediate appellate
court in addition to those raised on the appeal below, provided the issue was
raised in the trial court in a manner which satisfies the preservation
requirement of CPL §470.05(2). People v. Dekle, 56 N.Y.2d 835 (1981).
Here, appellant's application poses no question of law for the Court of
Appeals to consider, since appellant did not properly raise his instant
argument as required in his motion to withdraw his guilty plea. See People v.
De Jesus, 69 N.Y.2d 855 (1987).

2

Hon. Janet DiFiore                                    February 24, 2016
People v. Craig Gabbidon

The only allegations contained in appellant's motion were that his

attorney had "pressured and badgered" him to accept the People's offer and

plead guilty and that he was, in fact, innocent of the charges. Since appellant

failed to raise the issue of "consecutive sentencing" in that motion, the

argument was not properly preserved and this Court may not consider it at

this time.

Nevertheless, the Appellate Division correctly determined that

appellant could have received consecutive sentences of up to twenty-five

years if he was convicted, after trial, of the top two counts of Superseding

Indictment No. 121/2013, both B violent felonies. Appellant was charged

under count one with Criminal Sexual Act in the First Degree for engaging

in "anal sexual conduct" with the victim. Anal sexual conduct is defined as

"contact between anus and penis." PL §130.00 (2)(b). Count two charged

appellant with Rape in the First Degree for engaging in "sexual intercourse"

with the victim. Sexual intercourse means "any penetration, however slight,

of the penis into the vaginal opening." CJI 2d[NY] PL 130.35 (2). By

definition, therefore, anal sexual contact and sexual intercourse are two

separate sexual acts, constituting two distinct criminal offenses.

3

Hon. Janet DiFiore                               February 24, 2016
People v. Craig Gabbidon

     Since a court can legally impose consecutive sentences when each

count involves a separate act constituting a distinct offense (People v. Colon,

61 A.D.2d 772, 773 (2d Dept.), app. denied, 13 N.Y.2d 743 (2009); People

v. Dallas, 31 A.D.3d 573 (2d Dept.), app. denied, 7 N.Y.3d 866 (2006);

People v. Gersten, 280 A.D.487 (2d Dept.), app. denied, 96 N.Y2d 901

(2001)), the County Court properly advised appellant at the time of his plea

that he could receive consecutive sentences if convicted of counts one and

two of the indictment.

     For the reasons set forth above and in Respondent's Brief at pages 14-

25, the Appellate Division's Decision and Order was proper. I ask that the

Court of Appeals deny appellant's application for leave to appeal.

                             Very truly yours,

                             Kirsten A. Rappleyea
                             Assistant District Attorney

Cc:  Del Atwell, Esq.
      39 5th Street
      East Hampton, NY 11937

14

People v. Gabbidon, 2016 LEXIS 874

Lexis Advance®
Research

🔍

More ▾

Document: People v. Gabbidon, 2016 N.Y. LEXIS 874   Actions ▾

Go to ▾  🔍 Search Document  •••

◀

Results list

▶

🅐 **People v. Gabbidon, 2016 N.Y. LEXIS 874**

Copy Citation

Court of Appeals of New York

March 31, 2016, Decided

No Number In Original

**Reporter**
2016 N.Y. LEXIS 874 * | 27 N.Y.3d 964 | 55 N.E.3d 905 | 2016 NY Slip Op 97337(U)

People v Gabbidon (Craig)

Notice: DECISION WITHOUT PUBLISHED OPINION

Prior History: Decision Reported Below: 2d Dept; 134 AD3d 736, 19 N.Y.S.3d 786 (Quickcase) [*1] .
People v. Gabbidon, 134 A.D.3d 736, 19 N.Y.S.3d 786, 2015 N.Y. App. Div. LEXIS 8944, 2015 NY Slip Op 8657 (2015)

Judges: DiFiore ▾, Ch. J.

**Opinion**

Applications for Criminal Leave to appeal denied

🗄 ▾  ｜ 🖨 ▾ ｜

› 🌀 LexisNexis·

🔗 RELX Group®

15

RECEIVED

SEP 26 2016

CHAMBERS OF THE
HON. EDWARD T. McLOUGHLIN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------- X
THE PEOPLE OF THE STATE OF NEW YORK,

                              Respondent          NOTICE TO ATTORNEY
                                                  GENERAL TO INTERVENE
                                                  N.Y.C.P.L.R. 1012(b)

          -against-                               Ind. No. 121-2013

CRAIG GABBIDON,

                 Defendant
-------------------------------------- X

S I R S :

          PLEASE TAKE NOTICE, that the above entitled action involving

the constitutionality of a statute of this state/rule or regulation

adopted pursuant to this State, to wit: Penal Law 130.50(2), 130.35(2),

.0.40(2), and 260.10(1), is pending in this court  and the State

of New York is not presently a party to that action. Upon application

pursuant to N.Y.C.P.L.R 1012(b) you will be permitted to intervene

as a party in support of the constitutionality of Penal Law 130.50(2),

130.35(2), 130.40(2), and 260.10(1).

Dated: 9/16/16                              Respectfully Submitted

          Coxsackie, New York               CRAIG GABBIDON/15A0150
                                             DEFENDANT
                                             Coxsackie, C.F.
TO:  Hon. Eric T. Schneiderman               P.O. BOX 999
     Attorney General of the State           Coxsackie, NY 12051-0999
     of New York
     Albany, New York 12224-0341

     Supreme Court Clerk
     Dutchess County
     10 Market Street
     Poughkeepsie, NY 12601

     William v. Grady, Dist. Att.
     Dutchess County
     236 Main St.,
     Poughkeepsie, NY 12601

     personal file: c/g

DUTCHESS COUNTY
CLERK'S OFFICE
RECEIVED

2017 FEB 23  PM 4: 03

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
----------------------------------------------X

PEOPLE OF THE STATE OF NEW YORK,

      -against-

CRAIG GABBIDON,
                    Defendant.
----------------------------------------------X

NOTICE OF MOTION
TO VACATE JUDGMENT

Ind. # 121/2013

Hon. Stephen Greller

C.P.L. 440.10(1)(h)

    PLEASE TAKE NOTICE that upon the annexed affidavit of Craig Gabbidon, duly sworn to the 16th day of September, 2016, and documents attached thereto and upon the accusatory instrument and all the proceedings heretofore had herein, a motion will be made in the County Court of Dutchess, thereof, at the Courthouse located at 10 Market Street, Poughkeepsie, New York, on the 29 day of September, 2016, or thereafter at 10 O'clock in the forenoon of that day, or as soon thereafter as counsel can be heard, for:

(1) an order vacating the judgment heretofore entered against the above named defendant on the December 23, 2014, on the following grounds:    The judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States;

(2) an order, pursuant to N.Y. Crim. Proc. Law § 440.30(5), to

produce the defendant at any hearing to be conducted for the
purpose of determining this motion; and

(3) such other and further relief as to the court may seem
just and proper.


Dated:   September 16 , 2016

                                    Craig Gabbidon 15A0150
                                    Coxsackie Corr. Fac.
                                    P.O. BOX 999
                                    Coxsackie, N.Y. 12051



Sent to:    William V. Grady
            District Attorney of Dutchess County
            236 Main Street
            Poughkeepsie, New York 12601


            Hon. Eric T. Schneiderman
            Attorney General of the State
            of New York
            Albany, New York 12224-0341

-2-

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
PEOPLE OF THE STATE OF NEW YORK,

     -against-

 

CRAIG GABBIDON,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

AFFIDAVIT IN SUPPORT
OF MOTION TO VACATE
JUDGMENT UPON THE
GROUND THAT THE JUD-
GMENT WAS OBTAINED IN
VIOLATION OF HIS CON-
STITUTIONAL RIGHT

Ind. No. 121/2013

STATE OF NEW YORK    )
                       )ss.:
COUNTY OF GREENE    )

     Craig Gabbidon, being duly sworn, deposes and says that:

     I am the defendant in the above-captioned matter, proceeding

pro se and make this affidavit in support of a motion to vacate

judgment of conviction upon the ground that it was obtained in

violation of a right of the defendant under the Constitution of the

State of New York and United States of America, as provided for

by N.Y. Crim. Proc. Law § 440.10(1)(h) and the Fourteenth Ame-

ndment along with the Sixth Amendment of Federal Constitution.


## STATEMENT OF FACTS

On the date of March 3, 2013 the crimes of Penal Law 130.50(2), 130.35(2), 130.40(2) and 260.10(1) were alleged to have been committed by the defendant against Yolanda Reyes. The defendant was arrested on October 1, 2013 and subsequently indicted for the above stated penal law violations.

On the date of June 11, 2014, under the urging of his defense counsel Susan Mungavin and Alex Rosen, the defendant was convinced to plead guilty to one count of the indictment penal law 130.50(2), in full satisfaction of the indictment.

On the date of June 16, 2014 not more than 4 days later the defendant tried to withdraw said plea by sending a letter to this court and to defense counsels (see ex-A)

On June 25, 2014 Defense Counsel responded to the letter from the defendant and took no position to his intention to withdraw his plea, however, she requested that the court appoint new counsel (see ex-B).

On the date of July 1, 2014, this court appointed Mr. Eric S. Shiller of P.O. BOX 1601, Newberg, N.Y. 12551. (see ex-C).

On the date of September 10, 2014, defense counsel Mr. Shiller filed with this court a formal motion to withdraw guilty plea and the affirmation in support. (see ex-C)

The People represented by Alison J. Stuart, ADA responsed in

-2-

opposition to said motion.

Ultimately on October 15, 2014 this court denied defendant's motion to have his guilty plea withdrawn, having found that the ground submitted by defendant were without merit.

On the date of December 23, 2014 this court sentenced the defendant to a prison term of 15 years and 10 years post release supervision.

Defendant filed a timely notice of appeal and had his conviction affirmed by the Second Department on December 2, 2015. Leave to appeal to the Court of Appeals was denied on March 31, 2016. To date no federal attack of the conviction has been instituted.

-3-

WESTCHESTER COUNTY
CLERK'S OFFICE
RECEIVED

2017 FEB 23   PM 4:09

PEOPLE OF THE STATE OF NEW YORK,

-against-

CRAIG GABBIDON

Defendant.

MEMORANDUM   OF   LAW

-4-

There can be no question that a plea of guilty must be voluntary, knowingly and intelligently entered by a defendant. The defendant must be made aware of all of the direct consequences, along with some of the collateral consequences. This gives the defendant the ability to .make choices he can live with.

Post Release Supervision is a direct consequence of a conviction, which the defendant who pleads guilty has the right to know it's terms, People v. Catu, 4 N.Y.3d 242, 825 N.E.2d 1081, 792 N.Y.S.2d 887 (2005), People v. Hill, 9 N.Y.3d 189, 879 N.E.2d 152, 849 N.Y.S.2d 13 (2007). As the Court of Appeals explained in "People v. Catu, because a defendant pleading guilty to a determinate sentence must be made aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among the alternative course of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction." The Court further indicated "In that the constitutional defect lies in the plea itself and not in the resulting sentence,.Vacatur of the plea is the remedy for a Catu error since it returns a defendant to his or her status before the constitutional infirmity occured. See People v. Selikoff, 35 N.Y.2d 227, 360 N.Y.S.2d 623, 318 N.E.2d 784 (1974).

The Court in this matter when explaining the maximum sentence that the defendant would be exposed to indicated a "cap of fifteen

-5-

(15) years determinate sentence in state prison and between two (2) and a half (1/2) to five (5) years postrelease supervision. (see ex-D). This Court was mistaken as to the maximum punishment of the postrelease supervision that could be imposed, Penal Law 70. 80(4) establishes that the amount of postrelease supervision the defendant would be exposed to is five (5) to twenty (20) years, not two (2) and a half (1/2) to five (5) years for the crime of Penal Law 130.50(2). This Court mislead the defendant and raises substantial doubt that had the defendant known the true amount of postrelease supervision he was subjected to by pleading guilty, never would he have accepted such plea. While the Court imposed a legal term of postrelease supervision, the offer made by the Court to induce defendant to plead guilty was illegal. Defendant was tricked!

Now comes the claim of ineffective assistance of counsel. Defendant was represented by two Court-Appointed attorneys from the Dutchess County public Defenders office and one independent attorney appointed through the 18B County Law. Neither representation afforded defendant with effective assistance of counsel. Defendant had the right to be represented by competent counsel who was familiar with the legal principles and issues governing the plea he was accepting and to benefit from the expertise of said counsel. (see People v Baldi, 54 N.Y.2d 137, 429 N.E.2d 400, 444 N.Y.S.2d 893.

-6-

Here, defendant's first attorney, who was later relieved, was standing next to the defendant when this Court in this matter when explaining the maximum sentence that the defendant would be exposed to (15) years determinative in state's prison, plus postrelease, supervision, and "I believe the postrelease supervision is, bear with me a minute, I believe it's between two (2) and a half (1/2) and five (5) years in postrelease supervision" in violation of Penal Law 70.80(4).

In Strickland v. Washington, 466 U.S. 688, 80 L.Ed.2d 764, 104 S.Ct. 2052 (1984), the Court set forth the criteria to be utilized in determining when defendant's conviction must be reversed because he did not receive the effective assistance of counsel guaranteed by the Sixth Amendment. The benchmark for judging such a claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694.

The second prong of the Strickland test requires that prejudice must be proved; it is not presumed. Id. at 692-693, 104 S.Ct. at 2067, 80 L.Ed.2d 696-697. Specifically, a defendant alleging actual ineffectiveness must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

-7-

would have been different. A reasonable probability is a probability
sufficient to undermine confidence in the outcome." Id. at 694, 104
S.Ct. at 2068, 80 L.Ed.2d at 698.

Here, the Strickland threshold is realized because if counsel
had not been incompetent, the plea would not have been entered there-
by resulting in a different outcome

The plea was infected by counsel's ineffectiveness because its
integrity was compromised.

Defendant plea to a B class violent felony as a non-predicate
offender. The crime carries a sentence range of five (5) to twenty-
five (25) years. P.L., 70.02(3)(a) and postrelease supervision range
of five (5) to twenty (20) years. P.L., 70.80(4). More importantly,
the Constitutional components of the plea process were compromised.
Santobello v. New York, 404 U.S. 254, 262(1971). Counsel was unaware
of the ingredients of the sentencing guidelines. The right to effec-
tive assistance of counsel is guaranteed by the Federal and State
Constituions. US Const,. 6th Amend; NY Const., Art. 1, @ 6.

A defendant in a criminal matter is entitled to adequate and
effective assistance at all stages of a proceeding. Quartararo v.
Fogg, 679 F.Supp. 212, 239-43 (E.D.N.Y. 1988). Since the role of a
trial attorney is to ensure full an adequate representation, it is
necessary to make use of all available evidence to ensure that the
adversarial process work properly in presenting the best defense
Possible.

Here, counsel was ineffective during the plea negotiation

-8-

phase of the process. If the evidence, the law, and the circum-
stances of a particular case, viewed in totality and as of the time
of the representation, reveal that the attorney provided meaningful
representation, the constitutional requirement wil have been met.
People v. Baldi, 54 NY2d 137, 146-147. A contention of ineffective
assistance of trial counsel requires proof of less than meaningful
representation, rather than simple disagreement with strategies
and tactics. People v. Benn, 68 NY2d 941. An attorney may fail to
make proper inquiry of the factual basis for a hearing. To prevail
on a claim of ineffective assistance of counsel, it is incumbent on
defendant to demonstrate the absence of strategic or other legitimate
explanations for counsel's failure at a particular hearing. Peopel
v. Rivera, 71 NY2d 705, 707; 530 NYS2d 52, 54 (1988).

In this case, defense counsel's was unable to recognize and
address the constituional infringement perpetrated upon the defendant
when he admitted his guilt. This ineffectiveness compromised the
integrity of the conviction and it constitutes a denial of meaningful
representation pursuant to Strickland/Baldi.

A plea may be withdrawn by a defendant if it was induced by an unfulfilled sentence promised by the court, See <u>People v. Fredrick</u>, 45 N.Y.2d 520, 410 N.Y.S.2d 555. The issue should not be raised for the first time on appeal See <u>People v. Mackey</u>, 77 N.Y.2d 846, 569 N.E.2d 442, 567 N.Y.S.2d 639, <u>People v. Lopez</u>, 71 N.Y.2d 662; <u>People v. Pellegrino</u>, 60 NY2d 636; <u>People v. Warren</u>, 47 NY2d 740. This Court promised the defendant that his Postrelease supervision would be capped at five years, and was unable to fulfill it's promise, in fact the court was without jurisdiction and authority to make such an offer. Because a guilty plea is equivalent to a conviction after trial, failure to move to withdraw or vacate in the trial court will likely result in the conviction being affirmed on appeal. <u>People v. Lopez</u>, 71 NY2d 662, 529 N.Y.S.2d 465

Suffice it to mention that when the defendant entered into the court room and was prepared to accept a negoiated plea, the court went on record to establish that the offer (as illegal) was discussed by the Court, ADA and defense counsel, and the best of which was produced was a sentence which violated the constitutional rights of the defendant and denied him due process of law.

-10-

## C O N C L U S I O N

BASED ON THE AFOREMENTIONED FACTS, LEGAL ARGUMENTS AND CONCLUSIONS
OF LAW DEFENDANT WILL PRAY THAT THIS COURT GRANT THIS MOTION AND
VACATE THE JUDGMENT AND CONVICTION AND ANY OTHER RELIEF TO THIS
COURT MAY BE JUST AND PROPER, OR DEFENDANT WILL BE PLACED IN A
POSITION TO SEEK APPELLATE REVIEW OF THIS COURT'S ACTIONS IF THIS
COURT DENYES THE RELIEF REQUESTED HEREIN.


Dated: September _16_, 2016

Craig Gabbidon 15A1050
Coxsackie Cerr. Fac.
P.O. BOX 999
Coxsackie, N.Y. 12051


SWORN TO BEFORE ME THIS 16th DAY
OF SEPTEMBER, 2016


N O T A R Y   P U B L I C

Jackie A. Lewis
Notary Public, State of New York
Qua... ...ty
... ...mission...
... Commission Expires 9/30/20

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                          ) ss.:     Ind. No. 121-2013
COUNTY OF GREENE          )          People v. Gabbidon

I, CRAIG GABBIDON              being duly sworn, deposes and says:

1.   I am over eighteen (18) years of age and resides at the Coxsackie Correctional Facility, P.O. Box: 0999, Coxsackie, New York 12051-0999.

2.   On SEPTEMBER 16, 20 16, I placed and submitted a true and exact copy of the within document(s) which consist of the following: "Notice of motion to vacate judgement of conviction with affidavit in support of motion to vacate judgement of conviction, 440.10(1)(H)." ("with attached exhibits A, B, C and D.")

in a properly sealed, post paid wrapper and deposited same in an official depository of the United States Postal Service, said box being under exclusive care of the New York State Department of Correctional Services and is one established for the purpose of mailing correspondence, addressed for delivery to the following parties.

Hon. Eric T. Schneiderman            William V. Grady, Dist. Att.
Attorney General of the State of     Dutchess County
New York                             236 Main Street
Albany, NY 12224-0341                Poughkeepsie, New York 12601

Supreme Court Clerk
Dutchess County
10 Market Street
Poughkeepsie, New York 12601

SWORN TO BEFORE ME THIS              Respectfully Submitted,
16th DAY OF September 2016

_____              _____
NOTARY PUBLIC                        CRAIG GABBIDON
                                     Din # 15-A-0150
                                     Coxsackie Correctional Facility
                                     P.O. Box: 0999
                                     Coxsackie, New York 12051-0999

June 16, 2014
Hon. Stephen Greller
10 Market Street
Poughkeepsie, NY 12601

Dear Judge Greller:

On June 11, 2014, I pleaded guilty before your honor and I now wish to immediately withdraw that plea under CPL section 220.60[3] and request a new attorney be appointed so I may proceed with hearings and a jury trial. It is my fear that my attorney is far too intimidated by the court, the prosecutor and the charges to proceed to trial and represent me effectively.

I wish to withdraw my guilty plea because it was based on misinformation provided by my attorney who stated that if I went to trial I would be found guilty and sentenced consecutively on all counts including the class B felonies which carry up to 25 years each. After doing some research, I realized that is not possible because each of the alleged acts in the indictment have a single "actus reas" and constituted a single transaction although charged under different theories in different counts of the indictment. I would have to be sentenced to concurrent prison time if I was convicted under CPL section 70.25[2] which says sentences must be concurrent where a single act constitutes two offenses or where a single act constitutes one of the offenses and a material element of the other. I am also asking to withdraw this plea because I am innocent but my fear of being sentenced to 50 years or more terrified me so much that I pled guilty to something I did not do. It is my understanding that the evidence against me alleges that there was no penetration orally, vaginally or anally.

The bottom line is I pled guilty because my attorney led me to believe I would be convicted and sentenced to 25 years consecutively on the class B felonies even though it is alleged to be one victim and one transaction. People versus Singh, 109 A.D.3d 1010.

Please assign me new counsel and permit me to withdraw this plea based on incorrect information provided by my attorney.

Sincerely,

Craig Elazie Gabbidon



MARCUS J. MOLINARO
COUNTY EXECUTIVE



THOMAS. N. N. ANGELL
PUBLIC DEFENDER

## COUNTY OF DUTCHESS
### OFFICE OF THE PUBLIC DEFENDER

June 25, 2014

Hon. Stephen L. Greller
Dutchess County Court
10 Market Street, 4th Floor
Poughkeepsie, NY 12601

Re:   People v. Gabbidon
      Dutchess County Court

Dear Judge Greller:

We are in receipt of Craig Gabbidon's letter dated June 16, 2014. Mr. Gabbidon makes two applications in said letter.

Our office takes no position with respect to Mr. Gabbidon's application to withdraw his guilty plea pursuant to New York State Criminal Procedure Law section 220.60[3].

Since Alexander Rosen, Esq. and I are no longer able to communicate with Mr. Gabbidon, we join in his application for the appointment of new counsel forthwith.

I remain,

Very truly yours,

Susan Mraz Mungavin
Senior Assistant Public Defender

SMM/mar
CC:   Craig Gabbidon
      Allison Stuart, A.D.A
      Pamela Francis, Dutchess County Probation

Exhibit B



HON. STEPHEN L. GRELLER
COUNTY COURT JUDGE

STATE OF NEW YORK
COUNTY COURT OF THE
COUNTY OF DUTCHESS
10 MARKET STREET
POUGHKEEPSIE, NEW YORK 12601

(845) 431-1758

WAYNE R. WITHERWAX, ESQ.
PRINCIPAL LAW CLERK

July 1, 2014

Eric S. Shiller, Esq.
P.O. Box 1601
Newburgh, NY 12551

RE:   People v. Craig Gabbidon
      Superceding Ind. No. 121/2013

Dear Mr. Shiller:

The Court hereby appoints you to represent the above-named defendant on the matter currently pending before us.

Mr. Gabbidon was previously represented by the Public Defender. Upon receipt of this letter, I would ask you to please contact their office and arrange to obtain their file.

We have scheduled this matter for your first appearance for Wednesday, July 9, 2014 at 9:15 a.m. If that date presents a conflict, please contact Mr. Hogg, our Court Clerk to pick a convenient date in the near future.

Thank you for your assistance in this matter.

Very truly yours,

Stephen L. Greller
County Court Judge

SLG/kh
cc:   Susan Mraz Mungavin, Esq.
      Allison Stuart, Esq.
      Craig Gabbidon

Exhibit 24

STATE OF NEW YORK
COUNTY COURT: COUNTY OF DUTCHESS
-----------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK
                      Plaintiff,

              - against -

CRAIG E. GABIDDON,
                   Defendant.
-----------------------------------------------------------X

**NOTICE OF MOTION TO WITHDRAW PLEA**

Indictment # 121/2013

(Hon. Stephen L. Greller)

SIRS:

    PLEASE TAKE NOTICE that upon the annexed Affirmation of Craig E. Gabiddon, the defendant, and upon all papers and proceedings heretofore had herein, Eric S. Shiller, Esq., attorney of record for the defendant will move this Court at a term thereof to be held in the Dutchess County Court, located at 10 Market Street, Poughkeepsie, New York on the 18th day of September, 2014, at 9:00 o'clock in the forenoon of that day, or as soon thereafter as counsel may be heard for an order granting the following relief:

1.    For an order pursuant to Criminal Procedure Law §220.60(3) permitting the defendant to withdraw his prior guilty plea for the reasons set forth in the attached affirmation of the defendant, CRAIG E. GABIDDON.

    PLEASE TAKE FURTHER NOTICE that the defendant reserves the right to make any and all further motions necessary in order to protect his rights under the United States and New York State Constitutions and under all federal and state statutes upon learning that grounds for such exist.

    As to each of the above requests, for such other and further relief as the Court

1



may deem just and proper.

Dated: Poughkeepsie, New York
      September 10, 2014

                                             Respectfully Submitted,

                                             ERIC S. SHILLER, ESQ.
                                             *Attorney for the Defendant*
                                             ERIC S. SHILLER LAW OFFICE, P.C.
                                             54 Noxon Street
                                             P.O. Box 774
                                             Poughkeepsie, New York 12602

To:    Honorable Stephen L. Greller
        Dutchess County Court
        10 Market Street
        Poughkeepsie, NY 12601

        Allison J. Stuart, Esq.
        Office of the Dutchess County District Attorney
        236 Main Street
        Poughkeepsie, NY 12601

DUTCHESS COUNTY
CLERK'S OFFICE
RECEIVED

2017 FEB 23 PM 4:09

STATE OF NEW YORK
COUNTY COURT: COUNTY OF DUTCHESS
-----------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK
                              Plaintiff,                              **AFFIRMATION**

                    - against -                              Indictment # 121/2013


CRAIG E. GABIDDON,
                              Defendant.
-----------------------------------------------------------------X


           CRAIG E. GABIDDON, being duly sworn, deposes and states the

following:

1.         I am the defendant in this matter, and pled guilty to the charge of

Criminal Sexual Act in the First Degree, a class B violent felony, in violation of Penal Law

§130.50(2) on June 11, 2014.

2.         My lawyer at the time of my plea, Susan Mungavin, Esq. of the Dutchess County

Public Defender's Office pressured and badgered me to accept the proposed disposition and

plead guilty. Ms. Mungavin pressured me by telling me that if I did not accept the plea offer

that I would never see my family again. Additionally in pressuring me to plead guilty, my

lawyer went as far as bringing my wife, Luz Gabiddon into the County courthouse lockup

on June 11, 2014 to pressure me as well into accepting the plea offer. With these tactics

used by my lawyer, I did not have a clear mind and I was coerced into pleading guilty.

3.         I, Craig E. Gabiddon, further contend and state definitively that I am not guilty of

the charge, and maintain my constitutional right to have my suppression hearing and my

jury trial in this matter. I would not have waived the right to a hearing in this

matter and would not have waived my right to a jury trial in this matter, absent the extreme

3

pressure my lawyer, Susan Mungavin, Esq. placed on me.

WHEREFORE, it is respectfully requested that the motion to withdraw my plea be

granted in its entirety.


CRAIG E. GABIDDON

Sworn to before me this
10th day of September, 2014

NOTARY PUBLIC

ERIC S SHILLER
NOTARY PUBLIC STATE OF NEW YORK
ORANGE COUNTY
LIC. 01SH6081094

4

PPL. V. GABRIELLI - PLEA IN CHIEF          14

1      which is rape in the first degree, is also 25

2      years?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Do you understand that

5      because of the nature of the allegations in

6      the superseding indictment, you could be

7      sentenced consecutively?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Your attorney, the Assistant

10     District Attorney, have been discussing this

11     case and had a conference with me earlier

12     this afternoon.

13         It's my understanding at the time of

14     sentence I would cap your sentence at 15

15     years' determinative in state's prison, plus

16     postrelease supervision, and I believe the

17     postrelease supervision is, bear with me a

18     minute, I believe it's between two and a half

19     and five years in postrelease supervision.

20         Do you understand that?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  In addition, you would be

23     required to pay certain surcharges as a sex

24     offender surcharge, sex offender fees, the

25     total of which is $1,425.



STATE OF NEW YORK

Supreme COURT: COUNTY OF Dutchess

_____ X

THE PEOPLE OF THE STATE OF NEW YORK

                         Respondent,

                                           NOTICE OF MOTION

                                             PURSUANT TO

                   - against -

                                             CPLR §1101

Craig Gabbidon

                              Ind.#: 121-2013

                      Defendant,

_____ X

     PLEASE TAKE NOTICE, that upon the affidavit of Craig Gabbidon, sworn to on the 19th day of September, 20 16, a motion will be made at the term of this Court, for an order permitting defendant to prosecute this appeal from the judgment entered in this action on or about the 2nd day of October, 20 16, as a poor person upon the grounds that said defendant has insufficient funds and/or property to enable him to pay the costs, fees, and expenses to prosecute such matter, and for such other and further relief as this Court may deem just, proper, and equitable.

DATED: September 19, 20 16.
        Coxsackie, New York

                                Respectfully submitted,

                                Craig Gabbidon 15-A-0150

                                Defendant Pro-se

STATE OF NEW YORK

_Supreme_   COURT: COUNTY _Dutchess_

————————————————————————X

THE PEOPLE OF THE STATE OF NEW YORK
                          Respondent,

AFFIDAVIT IN
SUPPORT OF
APPLICATION
PURSUANT TO
CLPR §1101
[ POOR PERSON STATUS ]
[ FOR AN INMATE ]

              - against -

INDEX# _____
DIN# _15-A-0150_

_Craig Gabbidon_
                    Defendant,

————————————————————————X

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF GREENE )

    _Craig Gabbidon_____, being duly sworn, says:

    1). I am the Defendant in the above - captioned action: I am an inmate under sentence for conviction of a crime incarcerated in Coxsackie Correctional Facility, P.O. Box 999, Coxsackie, New York 12051, a State correctional facility; and I

·1

submit this affidavit in support of my application for poor person status in such action.

2). During the past six months:

☐ I was not incarcerated at any other [FEDERAL / STATE / local] correctional facility.

☒ I was incarcerated in the following [FEDERAL / STATE / local] correctional facilities [List of names and mailing addresses of correctional facilities] in addition to the facility in which I am now incarcerated:

Coxsackie Corr. Fac.                   Downstate Corr. Fac.
11260 Route 9w                         Red Schoolhouse Road
P.O. Box 999                           P.O. Box 445
Coxsackie, New York                    Fishkill, New York 12524
12051-0999

3). I currently receive income from the following sources, exclusive of correctional facility wages: [enumeration of various income sources]

 

4). I own the following property [enumeration of all real and personal property, including bank accounts and securities in which beneficial interest prevails, other than miscellaneous personal property of nominal value] :

2



| PROPERTY: | VALUE: |
|-----------|--------|
|           |        |

5). I am responsible for payment of the following debts:

| DEBTS: | AMOUNTS: |
|--------|----------|
| Surcharge | $325.00 |
| DNA | $50.00 |
| SURNF | $1,000.00 |
| Sex offender fee | $50.00 |

6). I have no savings, property, assets or income other that as set forth herein.

7). I am unable to pay the cost, fees and expenses necessary to prosecute the above-captioned action.

8). There is no other person who has a beneficial interest in the recovery I am seeking in the above-captioned action who is able to pay the fees, costs and expenses necessary to its prosecution.

9). The nature of the above-captioned action and the facts therein are described in my pleadings and in other papers filed with the court.

10). I have made no prior request for this relief in the

3

above-captioned action.

Respectfully submitted,

Craig Gobbidon 15-A-0150

Defendant Pro-se
Coxsackie Correctional Fac.
P.O. Box 999
Coxsackie, New York   12051

SWORN TO BEFORE ME THIS

19th DAY OF September, 20 16.

_____
NOTARY         PUBLIC

Jackie A. Lewis
Notary Public, State of New York
...
... Expiration 22

4

AUTHORIZATION


Craig Gobbidon , inmate number 15-A-0150 , request
and authorize the agency holding me in custody to send to the
Clerk of the Court certified copies of the correctional facility
trust fund account statement (or institutional equivalent) for
the past six months.

I further request and authorized the agency holding me in
custody to calculate the amount specified by CPLR 1101(f)(2),
to deduct those amounts from my correctional facility trust find
account (or institutional equivalent) and distribute those amounts
as instructed by the Court.

This authorization is furnished in connection with the above-
entitled case and shall apply to any agency into whose custody
I may be transferred.

I understand that the entire filing fee as determined by
the court will be paid in installments by automatic deductions
from my correctional facility trust fund account even if my case
is dismissed.


Craig Gobbidon 15-A-0150

VERIFICATION

State of New York)

County of Greene)

___Craig Gabbidon___, being duly sworn deposes and says that he is the Petitioner in the within proceeding, that he has read the foregoing Petition and knows the contents thereof; that the same is true to his knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters, he believes them to be true.

_____
Craig Gabbidon 15-A-0150

Sworn to before me this
_____ day of September 2016

_____

Jackie A. Lewis
Notary Public, State of New York
[illegible]
[illegible]

16

PURSUANT TO § 50-b OF THE NEW YORK STATE CIVIL RIGHTS LAW,
THIS DOCUMENT IS NOT AVAILABLE FOR PUBLIC INSPECTION
IN THAT IT IDENTIFIES THE VICTIM OF A SEX OFFENSE

STATE OF NEW YORK: COUNTY COURT
DUTCHESS COUNTY

———————————————————————x

THE PEOPLE OF THE STATE OF NEW YORK,

       - against -

CRAIG GABBIDON,

           Defendant.

———————————————————————x

AFFIRMATION IN ANSWER TO
A MOTION TO VACATE A
JUDGMENT OF CONVICTION

CPL § 440.10

Superceding Ind. # 121/13

       BRIDGET RAHILLY STELLER, being duly licensed to practice law in the State

of New York, hereby affirms under penalty of perjury:

       1. That she is the Chief Assistant District Attorney of Dutchess County and

makes this affirmation in answer to defendant's pro se motion seeking an Order Vacating his

judgment of conviction on the ground that the judgment of conviction was obtained in violation

of his constitutional rights.

       2. The District Attorney submits that the motion ought to be denied on both

procedural and substantive grounds.

       3. The District Attorney's records indicate that defendant-appellant was charged

by Superceding Indictment with one count of the Class B Violent Felony of Criminal Sexual Act

in the First Degree, one count of the  in the Class B Violent Felony of Rape in the First Degree,

two counts of the Class E Felony of Criminal Sexual Act in the Third Degree, and one count of

the Class A Misdemeanor of Endangering the Welfare of a Child.  Copies of that Indictment and

Bill of Particulars are attached as Exhibits 1 and 2.

4. The District Attorney's records indicate that on June 11, 2004, the day pre-trial Huntley and Sandoval hearings were to be held in this case, and while defendant Gabbidon represented by the Public Defender of Dutchess County, he appeared in this Court (Greller, J.), and entered a plea of guilty to one count of Criminal Sexual Act in the First Degree. A copy of the transcript of that proceeding is attached as Exhibit 3.

5. The District Attorney's records indicate that thereafter, defendant Gabbidon complained about counsel who represented him at the plea; the Court relieved the Public Defender and appointed attorney Eric S. Shiller to represent defendant Gabbidon. Attorney Shiller then filed a Motion to Withdraw the Guilty Plea in which defendant alleged that he had been pressured and badgered by one of the Assistant Public Defenders who represented him to enter the guilty plea. Attached as Exhibits 4, 5 and 6 are copies of the defendant's Motion and Supporting documents, the District Attorney's Answer and the defendant's Reply.

6. The District Attorney's records indicate that by Order dated October 15, 2014, a copy of which is attached as Exhibit 7, this Court (Greller, J.) denied that motion.

7. The District Attorney's records indicate that on December 23, 2014, defendant Gabbidon appeared in County Court with his attorney, Mr. Shiller, and Judge Greller sentenced defendant to a determinate term of 15 years in prison to be followed by ten post release supervision and directed him to pay the mandatory surcharge and fees. A copy of the transcript of that proceeding is attached as Exhibit 8.

8. The District Attorney's records indicate that defendant Gabbidon took an appeal to the New York State Supreme Court, Appellate Division, Second Judicial Department and his assigned appellate counsel filed a brief raising the following three points: (1) The Lower

Court Erred in Denying the Motion to Withdraw Because it Failed to Recognize its Own Misstatement of Sentencing Law; (2) Appellant Was Deprived of the Effective Assistance of Counsel; and (3) This Court Should Modify the Sentence. Copies of the Appellant's and Respondent's Briefs are attached as Exhibits 9 and 10.

9. The District Attorney's records indicate that by Decision/Order dated December 2, 2015, a copy of which is attached as Exhibit 11, the Appellate Division affirmed defendant Gabbidon's judgment of conviction. 134 A.D.3d 736.

10. The District Attorney's records indicate that by letter dated January 31, 2016, a copy of which is attached as Exhibit 12, defendant Gabbidon sought leave to appeal to the Court of Appeals. A copy of the District Attorney's response to Chief Judge Janet DiFiore is attached as Exhibit 13.

11. The District Attorney's records indicate that by Certificate dated March 31, 2016, Chief Judge DiFiore denied that application. 27 N.Y.3d 964. See Exhibit 14.

12. Defendant now seeks an Order Vacating his judgment of conviction (CPL § 440.10 (1) (h) on the ground that the judgment was obtained in violation of his rights under both the federal and state constitution.

13. The District Attorney denies defendant Gabbidon's allegations and submits that the motion ought to be denied on procedural and/or substantive grounds.

14. Criminal Procedure Law § 440.10 (2) ( c ) provides:

Notwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when:

. . .

( c ) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon

appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

15.  Criminal Procedure Law § 440.10 (3) (a) provides:

Notwithstanding the provisions of subdivision one, the court may deny a motion to vacate a judgment when:
(a) Although facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review of such ground or issue upon an appeal from the judgment, the defendant unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined on appeal. . . .

16.  Criminal Procedure Law § 440.30 (4) provides:

Upon considering the merits of the motion, the court may deny it without conducting a hearing if:
(a) The moving papers do not allege a ground constituting legal basis for the motion; or
(b) The motion is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts, as required by subdivision one; or
( c ) An allegation of fact essential to support the motion is conclusively refuted by unquestionable documentary proof; or
(d) An allegation of fact essential to support the motion (I) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true.

17.  Here defendant Gabbidon alleges that his guilty plea was not intelligently, knowingly and voluntarily entered because the Court did not fully advise him concerning the scope of the post release supervision component of his sentence.  That claim is not entirely accurate; the Court's advice concerning post release supervision is contained in the plea

transcript and, in any event, defendant has not explained how any period of post release

supervision could affect him. On this record, defendant's claim at page 6 of his Memorandum of

Law that he was tricked lacks any ring of truth.

18. Specifically, during the plea colloquy, the following questions were asked and

answers given:

> THE COURT: Are you a citizen of the United States?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Where are you a citizen of?
>
> THE DEFENDANT: Jamaica.
>
> THE COURT: Do you understand there are collateral consequences to this plea of guilty?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Ms. Mungavin [defense counsel], tell me, put on the record, if you would, what you have explained to your client as to the collateral consequences of this plea?
>
> MS. MUNGAVIN: Judge, I have explained to Mr. Gabbidon a number of times, we have discussed this, that since he is not a citizen, and this is a crime of moral turpitude, it is likely that he would be deported when he is released from prison.
>
> THE COURT: Did Mr. Rosen [defense counsel] also discuss this with him?
>
> MS. MUNGAVIN: I'm not sure if Mr. Rosen talked to him about it. I have talked to him a number of times. I have talked to his family as well, Judge.
>
> THE COURT: Do you understand what your attorney said about possibly being deported?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. I need to tell you, Mr. Gabbidon, that by pleading to this crime, which is criminal sexual act in the first degree, or any crime under this indictment, you will be deported. It's a crime of moral turpitude. You will serve whatever time you serve in state's prison and you will be deported.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: With full knowledge of that are you willing to go ahead with this plea?
>
> THE DEFENDANT: Yes.
>
> Do you understand that the maximum penalty for this

crime is 25 years in state's prison?

THE DEFENDANT: Yes, sir.

THE COURT: Do you also understand that the maximum penalty for the second count, which is rape in the first degree, is also 25 years?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that because of the nature of the allegations in the superseding indictment, you could be sentenced consecutively?

THE DEFENDANT: Yes, sir.

THE COURT: Your attorney, the Assistant District Attorney, have been discussing this case and had a conference with me earlier this afternoon.

It's my understanding at the time of sentence I would cap your sentence at 15 years' determinative in state's prison, plus post release supervision, and I believe the post release supervision is, bear with me a minute, I believe it's between two and a half and five years in post release supervision.

Do you understand that?

THE DEFENDANT: Yes, sir.

Exhibit 3 at pp. 12 - 14.

19.  On December 23, 2014, defendant Gabbidon appeared in County Court for sentencing.   Near the beginning of the proceeding, the prosecutor read a statement from the victim who concluded her statement with the following: "I would just ask that we go with the fifteen years determinate which was agreed upon with ten years post -release supervision. Exhibit 8 at p. 3.  Defense counsel did not refer to the period of post release supervision in his remarks. Instead, he asked the Court to be lenient and impose less than the bargained for 15 year determinate sentence, Id. at 4-5.  When defendant addressed the Court, he maintained that he was innocent and blamed one of the Assistant Public Defenders for coercing his guilty plea, but he too never mentioned the period of post release supervision. Id. at 5-6.  When the Court addressed the defendant, after rejecting defendant's claim that he was falsely accused, and noting

defendant's "history of non-compliance with the law" and sentenced him to a determinate term of fifteen years with ten years post release supervision. Id. at 6-9. Significantly, neither defendant Gabbidon nor his attorney objected to the term of post release supervision.

20. Although defendant Gabbidon took an appeal to the Appellate Division in which he raised three points, he made no complaint about the ten year period of post release supervision.

21. Since the facts relating to defendant's claim that his guilty plea was not knowingly, voluntarily and intelligently entered because the length of the period of post release supervision imposed at sentence exceeded the period mentioned at the guilty plea appear on the Record, this motion ought to be denied pursuant to CPL § 440.10 (2) ( c ). See People v. Stewart, 16 N.Y.3d 839, 840-41 (2011) ) ("As far back as 1986, this Court had made clear that '[w]hen, as will usually be the case, sufficient facts appear on the record to permit the question to be reviewed, sufficiency of the plea allocution can be reviewed only on direct appeal.'") See also Smalls v. Lee, 2016 U.S. Dist. LEXIS 129881, 12-CV-2083 (KMK) (LMS)   (S.D.N.Y. 9/22/16) at p. 20.

22. Moreover, as argued in paragraphs _____ infra, because of defendant's immigration status, the term of post release supervision is a non-issue in his case and therefore, any statements relating to it could have had no impact on the plea itself.  In sum, on this record and because id defendant's immigration statue, issues relating to post release supervision could not impact the knowing, intelligent and voluntary nature of the guilty plea itself.

23. Next defendant alleges that he received ineffective assistance of counsel because the attorney(s) who represented him at the guilty plea was unaware that the authorized

period of post release supervision was a period ranging between five and twenty years. There is no basis on this record for this speculation. It should be noted that after the guilty plea was entered, defendant complained about his attorneys. The Court relieved them and while represented by new counsel, defendant filed a Motion top Withdraw his Guilty Plea. Significantly, he raised no issue relating to post release supervision in that motion and at sentencing, he raised no complaint about the length of the period of post release supervision and he raised no issue relating to post release supervision on his direct appeal.

24. First, defendant has not established with sworn allegations of fact that at the time he entered this guilty plea his attorney was unaware of the authorized period for post release supervision. His argument is based on speculation and therefore it ought to be summarily rejected. See CPL § 440.30 (4) (b).

25. Second, this prong of the motion ought to be denied pursuant to CPL § 440.10 (3) because defendant unjustifiably failed to place the facts necessary to review this claim on the record and as a result, this specific claim could not have been determined on the appeal which defendant Gabbidon took and perfected.

26. In any event, the record reveals that the term of post release supervision will have no effect on defendant Gabbidon. Therefore, nothing related to post release supervision can impact the representation provided to him.

27. If this Court considers this claim on the merits, the claim should be rejected because the record establishes that defendant received meaningful assistance of counsel (state standard) (see People v. Benevento, 91 N.Y.2d 708, 713-15 (1998); People v. Baldi, 54 N.Y.2d 137, 147 (1981); People v. Watson, ___ A.D.3d ___, 2010-05881 (2d Dept. 7/5/12) (mem.)), and

that counsel's performance could not be characterized as either deficient or prejudicial to the defendant (federal standard).  See Strickland v. Washington, 466 U.S. 688 (1984).  See also People v. Brooks, 36 A.D.3d 929, 930 (2d Dept.) (mem.), appeal denied 9 N.Y.3d 840 (2007); People v. Sierre, 173 A.D.2d 211 (1st Dept.) (mem.), appeal denied 78 N.Y.2d 974 (1991).

28.  As a practical matter, the record establishes that the period of post release supervision was a non-issue in this case and the Court specifically advised defendant at the time he entered his guilty plea, that upon release from prison, he would be deported.  Exhibit 3 at p. 13.

29.  Almost six years ago, in Premo v. Moore, 562 U.S. 115, 124 (2011), in reviewing a claim of ineffective assistance of counsel in a federal habeas corpus proceeding, the Supreme Court recognized:

> Acknowledging guilt and accepting responsibility by an early plea respond to certain basic premises in the law and its function.  Those principles are eroded if a guilty plea is too easily set aside based on facts and circumstances not apparent to a competent attorney when actions and advice leading to the plea took place.  Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks.  The opportunities, of course, include pleading guilty to a lesser charge and obtaining a lesser sentence, as compared with what might be the outcome not only at trial but also from a later plea offer if the case grows stronger and prosecutors find stiffened resolve. . . .

30.  This ruling was consistent with the Court's previous ruling in Hill v. Lockhart, 474 U.S. 52, 59 (1985) that in order to establish that counsel was ineffective in a conviction based on a guilty plea, a defendant must not only show that counsel's advice was not within the standards of reasonable competence and that there is a reasonable probability that

based on counsel's incorrect advice, there is a reasonable probability that he would have insisted on pleading guilty.

31. Here defendant has not and cannot met his burden of establishing that counsel was ineffective.

32. Defendant faces mandatory deportation upon release from prison; he was convicted of engaging in anal sexual conduct with a minor who was physically helpless by reason of intoxication. See Exhibits 1, 2 and 3. Therefore, this conviction is for an aggravated felony as defined in 8 U.S.C § 1101 (a) (43) (A) and he is deportable under 8 U.S.C. § 1227 (a) (2) (A) ( iii ). See Silva v. Gonzales, 455 F.3d 26, 29 (1st Cir. 2006). See also Ashton v. Gonzales, 431 F.3d 95 (2d Cir. 2005). As the Supreme Court recognized in Padilla v. Kentucky, 559 U.S. 356, 363-64 (2010) "if a non-citizen commits a removable offense after the 1996 effective date of these amendments [110 Stat. 3009-596] his removal is practically inevitable . . . ."

33. Here, since the defendant's removal is virtually inevitable by virtue of his aggravated felony conviction and both his attorney and the Court advised him that he would be deported upon release from prison, (Exhibit 3 at pp. 12-13) he cannot establish that he was adversely impacted by anything relating to post release supervision since he should be deported before he is subject to such supervision.

34. As the Supreme Court recognized in North Carolina v. Alford, 400 U.S. 25, 31 (1970) the test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant." Here, the objective facts as well as the defendant's sworn statements during the plea colloquy refute defendant's present complaints that he received ineffective assistance of counsel or that he

received less than meaningful assistance from his attorney. See People v. Benevento, 91 N.Y.2d 708, 712 (1998); People v. Baldi, 54 N.Y.2d 137, 147 (1998).

35. The District Attorney submits that no hearing is required to determine this motion. See People v. Satterfield, 66 N.Y.2d 796, 799 (1985).

36. In sum, the District Attorney submits that this motion ought to be summarily denied based on the procedural bars contained in CPL § 44010 (1) and (2), or in the alternative, the motion ought to be denied pursuant to CPL § 440.30 (4) (a), (b) and (d).

Wherefore, for all the foregoing reasons, your affirmant respectfully requests that the motion be, in all respects, summarily denied.

Dated: October 12, 2016
Poughkeepsie, New York

BRIDGET RAHILLY STELLER

17

√ updated Pay
file

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

DEFENDANT'S REPLY
TO PEOPLE'S AFFIR-
MATION IN ANSWER TO
MOTION TO VACATE
JUDGMENT OF Conviction

-against-

S.I. #121/13

CRAIG GABBIDON,
                    Defendant.
-------------------------------------------X

NOW COMES Craig Gabbidon, defendant, prose, seeking to
reply to People's Affirmation In Answer to a Motion to Vacate
Judgment of Conviction, pursuant to CLP 440.10(h) affirmed in
opposition by The Chief Assistant District Attorney of Dutchess
County, Bridget Rahilly Steller, (herein CADA) submitted on
October 12, 2012 and received by defendant on October 17, 2016,
with a return date established by this court for October 28, 2016,
for the relief sought in vacating judgment of conviction; or, in
the alternative ordering that an evidentiary hearing be held due
to facts which  are indispute that do not appear in the record,
if necessary, and for any and all other relief to this court may
seem just and proper.

## DENENDANT'S REPLY

1. It is clear that according to the Answer submitted by
the CADA that the statement of facts as presented by defendant

in his initial moving papers are not in dispute. Therefore,
defendant accepts as true paragraphs 1-12 of the CADA'S Answer.

2.  However, the CADA'S Answers contained in papagraphs
13-17 are vigoriously refuted by defendant in that the CADA raises
two objection to the granting of the relief sought:

    a) Procedural grounds;

    b) Substantive Grounds

Procedural grounds:

    The CADA essentially argues that the defendant has moved
defectively by his usage of the § 440.10 vehicle, in that "suff-
cient facts appear on the record" and that "unjustifiable failure
to raise such ground upon appeal" quoted in § CPL § 440.10(c).

    The CADA also cites § 440.10(3)(a) as a procedural ground
which authorizes the Court to deny a motion to vacate based on
a defendant's failure to raise such a ground prior to sentencing
and was not determined on appeal.

    Based on the procedural objection listed above the CADA is
in essence asking this Court to turn a blind eye to the merits
and deny relief based on procedural defect.

    This argument by the CADA is without merit because there are
statements,discussions and sidebar which are not apart of the
record and where the claims of ineffective assistance of counsel
will certainly include statements outside of the record with res-
pect to the plea bargaining process, thus constitutes a mix ques-

-2-

tion of facts on and off the record. People v. Maxwell, 89 A.D.3d 1108, 1109, 933 N.Y.S.2d 386, quoting People v. Evans, 16 N.Y.3d 571, 575, n. 2, 925 N.Y.S. 366, 949 N.E.2d 457, cert. denied. Since the defendant's claim of ineffective assistance of counsel cannot be resolved without references to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in it's entirey (see People v. Taylor, 98 A.D. 3d 598, 594, 949 N.Y.S.2d 209; People v. Freeman, 93 A.D.3d 805, 940 N.Y.S.2d 314; People v. Maxwell, 89 A.D.3d 1109; 933 N.Y.S. 2d 386; People v. Rohlehr, 87 A.D.3d 603, 604, 927 N.Y.S.2d 919; People v. Edmonson, 109 A.D.3d 621, 970 N.Y.S.2d 635, 2013.

In paragraph 17 of the CADA'S Answer, she disingenuously attempted to delude this court with conjecture by misinterpteting defendant's in stant claim by stating "Here defendant Gabbidon argues that his guilty plea was not intelligently, knowingly and voluntarily entered because the Court did not fully advise him concerning the scope of the Postrelease supervision of his sentence." This is deceptively wrong. The did inform the defendant of the scope of postrelease supervision, however, the Court advised Mr. Gabbidon of an illegal scope of PRS. And this illegal scope of PRS was clearly used to induce Mr. Gabbidon to change his plea from not guilty to guilty. The Appellate Division has consistently held that any plea bargained sentence which is found to be illegal must be reversed and remitted to give the

-3-

the defendant the option to either withdraw his plea or receive a offer and sentence within the prescription of the law. (see People v. DeCastro, 27 A.D.3d 726, 815 N.Y.S.2d 613, People v. Johnson, 23 N.Y.3d 973, 989 N.Y.S.2d 680, 12 N.E.3d 1109 (2014). People v. Ford, 86 N.Y.2d at 403, 633 N.Y.S.2d 270, 657 N.E.2d 265, which states that "Prior to accepting a guilty plea, therefore, a defendant must be informed of the direct consequences of the plea."

Also incredulously the CADA states in paragraph 17 "defendant has not explained how any period of PRS could affect him". Must the CADA be reminded of the Fourteenth Amendment, whatever the view the CADA has of the defendant, he should still be afforded due process of law, the right enjoyed by all others as guaranteed by our state and federal constitutions.

Simply put, the defendant was baited with an unfufillable promise, only to have switched on the day of sentencing. Worthy of mention this Court in its final advisment to Mr. Gabbidon stated "between two and a half and five years PRS" Do you understand?" At which time Mr. GAbbidon responded "Yes sir". Only to have the amount of PRS agreed to change to 10 years PRS. This in defendant's opinion amounts to trickery.

Paragraphs 18-20 are conceeded as true by defendant.

Paragraph 21 again, disingenuously the CADA attempts to delude the issues with conjecture, by making claim that "since the facts" "appear on the record, this motion ought to be denied" and relies upon CPL § 440.10(2)(c) and People v. Stewart, 16 N.Y.3d 839, 840

841, 2011. However, Stewart is not relevant to the instant matter.
Stewart does not address the issue of an illegal offer being pre-
sented to the defendant. In Stewart, the Court simply informed the
defendant of the PRS he would be receiving was the "Maximum".
And the Court in Stewart fufilled it promise by sentencing the
defendant to the mamimum. Here, the Court indicated one amount
and sentenced Mr. Gabbidon to another.  Stewart equally doesn't
apply because Stewart never claimed ineffective assistance of cou-
nsel, he never claimed that during the plea bargaining process
his attorney was ineffective. The Appellate Courts have made
it abundantly clear that "ineffective assistance of counsel
affecting the voluntariness of a plea will naturally include
a mixed claim, Maxwell Supra. Due to the fact that rarely if
ever do negotiations take place on the record.

In a 'grasp for straws' the CADA in paragraph 22 attempts
to 'put the cart before the horse' by claiming that the defendant's
Immigration Status should preclude him from enjoying the protect-
ion of our constitution both state and federal.

Suffice it to mention, and defendant request Judicial Notice
of the fact that to date, the defendant does not have a immigration
hold, warrant or any other immigration proceeding pending as
to date. The immigration issues is not relevant.

In any event, An alien who is a lawful permanent resident

of the united states is entitled to fifth amendment due process
protections while he is in the United States and before and
order of deportation is entered. U.S. v. Jouregui, CA.8 (Neb.)
2003, 314 F.3d 961. A lawful resident may not be captiously
deprived of his constitutional rights to procedural due process.
Shaughnessy v. United States ex rel. Mezei, U.S.N.Y. 1953, 73
S.Ct. 625, 345 U.S. 206, 97 L.Ed. 956, Constitutional Law 3921.
By their terms, the federal and state constitutional guarntees
of due process extend to "persons" (§414). It is established
that the term "person" includes aliens who are lawful residents
of the United States and physically present within, Kwong Hai
Chew v. Colding, 344 U.S. 590, 73 S.Ct. 472, 97 L.Ed. 576 (1953);
Home ins. co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed.
926, 74 A.L.R. 701 (1930).

In response to paragraphs 23-26, remarkably the CADA claims
that the defendant is 'speculating' in reference to the ineffective
assistance of counsel at the plea negotiation stage because
he claim the attorney did not know and was unaware of the authorized
period of PRS was a range between five and twenty years. This
argument by the CADA is actually supportive of defendant's position
that had counsel been effective during the plea negotiations
counsel would not have allowoed her client to accept an illegal
offer of PRS. Due to the illegality of the agreement, counsel
was ineffective. The CADA can't have it both ways.

In Conclusion, based on the above stated argu-
ments and relevant case law, Justice and fairness
beggs this court to grant the relief sought and
any other relief this court may deem just and
proper.

Date: October 22, 2016

Craig Gabbidon

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                          ) ss.:   People v. Gabbidon C.
      Green )                Ind. No. 121-2013

I, Craig E. Gabbidon _____ being duly sworn, deposes and says:

1.  I am over eighteen (18) years of age and resides at the Coxsackie Correctional Facility, P.O.Box: 0999. Coxsackie, New Y. York 12051-0999.

2.  On October 24 _____, 20 16 I placed and submitted a true and exact copy of the within document(s) which consist of the following: "Defendant's Reply to People's affirmation in answer to Vacate Judgement of Conviction."

in a properly sealed, post paid wrapper and deposited same in an official depository of the United States Postal Service, said box being under exclusive care of the New York State Department of Correctional Services and is one established for the purpose of mailing correspondence, addressed for delivery to the following parties.

Supreme County Court Clerk.
Dutchess County
10 Market Street
Poughkeepsie, New York 12601

William V. Grady Dist. Att. Off.
Dutchess County
236 Main Street
Poughkeepsie, New York 12601

SWORN TO BEFORE ME THIS
24th DAY OF October 2016

_____
NOTARY PUBLIC    Jackie A. Lewis
               Notary Public, State of New York
               Qualified in Albany County
               No. 01LE6265486
               My Commission Expires 07/09/20

Respectfully Submitted,

_____
Craig E. Gabbidon

Din # 15-A-0150
Coxsackie Correctional Facility
P.O.Box: 0999

18

COUNTY COURT   :   DUTCHESS COUNTY

PRESENT:      HON. EDWARD T. McLOUGHLIN
              Dutchess County Court Judge

                                          DECISION AND ORDER
                                          CPL §440.10 MOTION
- - - - - - - - - - - - - - - - - - - - - Superceding
THE PEOPLE OF THE STATE OF NEW YORK       Ind No. 121/2013

                              Plaintiff,
                                          WILLIAM V. GRADY, ESQ.
                                          District Attorney by:
                                          Bridget Rahilly Steller, Esq.
         - against -                      Attorney for Plaintiff

CRAIG E. GABBIDON,
                                          CRAIG E. GABBIDON.
                              Defendant.   Defendant, *pro se*


- - - - - - - - - - - - - - - - - - - - - - X
Notice of Motion _____     X
Supporting Affidavit _____
Affirmation in Answer                        X
         /Accompanying Exhibits_____   X
Reply Affidavit _____


     The foregoing documents were considered in deciding this

motion.

                    BACKGROUND

     By Superceding Indictment No. 121/2013, dated January 22,

2014, the Grand Jury of the county of Dutchess indicted the

defendant for Criminal Sexual Act in the First Degree, a Class B

Violent Felony (Penal Law §130.50[2]); Rape in the First Degree, a

Class B Violent Felony (Penal Law §130.35[2]); two counts of

Criminal Sexual Act in the Third Degree, a Class B Felony (Penal

Law §130.40[2]) and Endangering the Welfare of a Child, a Class A

Misdemeanor (Penal Law §260.10[1]).

     The Public Defender's office was appointed to represent the

defendant and did so up to and including the date of his plea of guilty on June 11, 2014. On that, the defendant appeared before the Hon. Stephen L. Greller and entered a plea of guilty to the first count of the indictment in satisfaction of the remaining counts.

A short number of days following the defendant's plea of guilty, he requested an opportunity to withdraw his guilty plea. The Court appointed Eric Shiller, Esq. to represent the defendant. Mr. Shiller then made a motion on the defendant's behalf pursuant to Criminal Procedure Law §220.60[3].

After the matter was deemed fully submitted, the Court issued a decision on October 15, 20114 denying the defendant's motion to withdraw his guilty plea.

On December 23, 2014, the defendant was sentenced to a 15 year determinate prison sentence to be followed by 10 years post release supervision.

The defendant appealed his conviction to the Appellate Division, Second Department. The three arguments put forward in the defendant's appellate brief were that the Court erred in denying his motion to withdraw his guilty plea because it failed to recognize its own mis-statement of the sentencing law; that the Appellant was deprived of the affective assistance of counsel; and that the Court should modify the defendant's sentence. Following full submission by both parties, the Appellate Division affirmed the defendant's judgment of conviction. People v. Gabbidon, 134

permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon appeal actually perfected by him.

The entirety of the defendant's arguments in the instant application could be resolved by a review of the Court record in this matter.

The records of this proceeding were sufficient to permit a review of any issue on direct appeal, and, therefore, the sufficiency of the same cannot collaterally be reviewed in a CPL Article 440 proceeding. People v. Cooks, 67 NY2d 100.

If an error is apparent on the record, it must be raised by direct appeal. The defendant failed to raise his current claims on his direct appeal, which has previously been decided. A post trial motion to vacate the judgment would be warranted only when an error is not apparent in the record. People v. Angelakos, 70 NY2d 670.

The Court record does not provide any support for the defendant's conclusory assertion that his plea was anything but a knowing and voluntary admission of guilt and that he had committed the crime in question, nor is there any evidence to demonstrate that he would have not entered his plea of guilty if informed of a different period of post release supervision. See People v. Seeger, 171 AD2d 892 (2nd Dept. 1991) app. dis. 78 NY2d 1080.

Where a guilty plea is entered, it marks the end of a

criminal case, and not the gateway to further litigation. <u>People v. Taylor</u>, 65 NY2d 1.

Because defendant's claims may be resolved by the record in this matter and he failed to raise those claims in his direct appeal, the defendant's motion must be denied pursuant to CPL §440.10[2][c].

The Court does note that at the time of the defendant's plea on June 11, 2014, it was made abundantly clear that because the defendant was not a U.S. citizen, he would be subject to deportation upon his release from the New York State Correctional System. Therefore, the amount of post release supervision time ultimately imposed by the Court would prove to be academic.

For the foregoing reasons, the defendant's motion is denied in its entirety.

This constitutes the Decision and Order of the Court.

### APPEAL RIGHTS

The defendant is hereby advised of his right to apply to the Appellate Division, Second Department, 45 Monroe Place, Brooklyn, New York 12201 for a certificate granting leave to appeal from this Order. That application must be made within thirty days of service of this Order/Decision. Upon proof of financial inability to retain counsel and to pay the costs and expenses of the appeal, the defendant may apply to the Appellate Division for the assignment of counsel and for leave to prosecute the appeal as a poor person and to dispense with printing. Application for poor

person relief will be entertained only if and when permission to appeal or a certificate granting leave to appeal is granted. (22 NYCRR 671.5)

Dated:   Poughkeepsie, New York
         January 21, 2017

                              HON. EDWARD T. McLOUGHLIN
                              COUNTY COURT JUDGE


TO:   Bridget Rahilly Steller, Esq.
      Dutchess County District Attorney's Office
      236 Main Street
      Poughkeepsie, NY 12601

      Craig E. Gabbidon (15-A-0150), *pro se*
      Coxsackie Correctional Facility
      P.O. Box 999
      Coxsackie, NY 12051

19

Supreme Court of the State of New York
Appellate Division : Second Judicial Department

M229205
SL/

REINALDO E. RIVERA, J.

2017-02185

DECISION & ORDER ON APPLICATION

The People, etc., plaintiff,
v Craig E. Gabbidon, defendant.

(Ind. No. 121/13)

Application by the defendant pursuant to CPL 450.15 and 460.15 for a certificate granting leave to appeal to this Court from an order of the County Court, Dutchess County, dated January 31, 2017, which has been referred to me for determination.

Upon the papers filed in support of the application and the papers filed in opposition thereto, it is

ORDERED that the application is denied.

REINALDO E. RIVERA
Associate Justice

April 11, 2017         PEOPLE v GABBIDON, CRAIG E.

20

√ updated Paus

# State of New York
# Court of Appeals

BEFORE:  HON. JANET DiFIORE, Chief Judge

THE PEOPLE OF THE STATE OF NEW YORK,

                            Respondent,

         -against-

CRAIG E. GABBIDON,

                          Appellant.

**ORDER
DISMISSING
LEAVE**

Ind. No. 121/13

    Appellant having applied for leave to appeal to this Court pursuant to Criminal Procedure Law (CPL) § 460.20 from an order in the above-captioned case;*

    UPON the papers filed and due deliberation, it is

    ORDERED that the application is dismissed because the order sought to be appealed from is not appealable under CPL 450.90 (1).

Dated:      JUN 14 2017

                                  Chief Judge

*Description of Order:  Order of a Justice of the Appellate Division, Second Department, dated April 11, 2017, denying leave to appeal to the Appellate Division from an order of County Court, Dutchess County, dated January 31, 2017.