UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CRAIG E. GABBIDON,

                        Petitioner,

      -against-

WILLIAM A. LEE, Superintendent,
Eastern Correctional Facility,

                        Respondent.
---------------------------------------------------------------X

**OPINION AND ORDER**

18 Civ. 2248 (VB)(JCM)

      Petitioner William A. Lee ("Petitioner"), proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 dated March 1, 2018 (the "Petition").[1] (Docket No. 2). On June 6, 2019, Petitioner filed a motion seeking leave to amend his Petition to add claims of: (i) denial of counsel during arraignment; (ii) ineffective assistance of appellate counsel; (iii) prosecutorial misconduct; (iv) denial of due process of resident aliens; and (v) *Brady* violations. (Docket No. 21). Respondent opposed the motion. (Docket No. 24). Petitioner filed a reply in further support of his motion. (Docket No. 28). Also before the Court is Petitioner's request for a stay of his Petition. (Docket No. 14). For the reasons set forth below, Petitioner's motion to amend and motion to stay his Petition are denied.

**I. BACKGROUND**

      The Court limits the facts to those necessary for the present motion.

---

[1] A *pro se* prisoner's papers are deemed filed at the time he or she delivers them to prison authorities for forwarding to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Walker v. Jastremski*, 430 F.3d 560 (2d Cir. 2005) (analyzing the "*Houston* prison mailbox rule").

**A. The Crime, Guilty Plea and Sentencing**

On January 22, 2014, Petitioner was charged in Dutchess County Court with a Class B Violent Felony of Criminal Sexual Act in the First Degree, a Class B Violent Felony of Rape in the First Degree, two counts of a Class E Felony of Criminal Sexual Act in the Third Degree, and a Class A Misdemeanor of Endangering the Welfare of a Child. (Docket Nos. 11-2, 11-3).[2] These charges arose from his alleged sexual assault of YR[3] on March 3, 2013. (*Id.*).

On June 11, 2014, Petitioner pleaded guilty to the Class B Violent Felony of Criminal Sexual Act in the First Degree. (Docket No. 11-4). During his plea colloquy, Petitioner stated that he had discussed his guilty plea with his attorney, Assistant Public Defender Susan Mungavin ("Mungavin"), and that he understood that by pleading guilty he would give up his right to a trial. (*Id.* at 8). The court explained to Petitioner that since he was a citizen of Jamaica, it was likely that he would be deported when he is released from prison. (*Id.* at 12). The court also told Petitioner that, in light of the guilty plea, it would cap his sentence at fifteen years in prison followed by post-release supervision, which the court believed was "between two and a half and five years." (*Id.* at 14). The court further advised Petitioner that his maximum penalty for the charged crimes was 25 years each and that he could be sentenced consecutively. (*Id.* at 13-14).

By Notice of Motion, dated September 10, 2014, Petitioner's new defense counsel, Eric S. Shiller ("Shiller"), moved to withdraw Petitioner's guilty plea on the ground that Petitioner's previous counsel, Mungavin, "pressured and badgered" him to accept the People's offer to plead

---

[2] Refers to exhibits accompanying Affidavit of Kirsten A. Rappleyea, sworn to on May 15, 2018, in opposition to the Petition.

[3] "In light of New York Civil Rights Law § 50-b, which provides that the identities of the victims of sex offenses be kept confidential by the State," we refer to the victim as "YR." *See Lucidore v. N.Y.S. Div. of Parole*, 209 F.3d 107, 109 n.4 (2d Cir. 2000).

guilty. (Docket No. 11-5). Shiller further argued that Petitioner was not guilty, and that he would not have waived his right to a trial but for Mungavin's extreme pressure on him. (*Id.*). By Decision and Order, dated October 15, 2014, the Dutchess County Court denied the motion on the grounds that the plea minutes established that Petitioner's guilty plea was knowing and voluntary, and that Petitioner stated he was satisfied with his attorney's representation and advice. (Docket No. 11-8 at 5). The court further found that Petitioner's allegations of coercion and claim of innocence were belied by the record. (*Id.* at 6). On December 23, 2014, Petitioner was sentenced to a determinate term of fifteen years in prison plus ten years post-release supervision. (Docket No. 11-9).

**B. Direct Appeal**

Petitioner appealed his conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department ("Second Department"), claiming that: (1) the lower court erred in denying his motion to withdraw his guilty plea because it failed to recognize its own misstatement of sentencing law as it relates to consecutive sentences; (2) he was denied effective assistance of counsel; and (3) his sentence should be modified. (Docket No. 11-10).

By Decision and Order, dated December 2, 2015, the Second Department affirmed Petitioner's judgment of conviction. *People v. Gabbidon*, 134 A.D.3d 736 (2d Dept. 2015); (Docket No. 11-12). The court held that Petitioner's claim that the trial court misinformed him of his maximum sentencing exposure were he to proceed to trial was unpreserved for appellate review since he failed to raise this ground in his motion to withdraw his guilty plea. *Id.* at 786. The court further found that the trial court properly informed Petitioner that consecutive sentences could be imposed if he were convicted of the first two counts of the indictment, since each count involved a separate sexual act constituting a distinct offense. *Id.* The court also

concluded that Petitioner was not deprived of effective assistance of counsel relating to the trial court's purported error regarding the maximum sentencing, since the trial court did not, in fact, err in this regard. *Id.* at 787.  Finally, the court held that nothing in the record demonstrated that Petitioner otherwise received ineffective assistance of counsel, and that his sentence was not excessive. *Id.*  On February 1, 2016, Petitioner sought leave to appeal this decision to the New York Court of Appeals ("Court of Appeals"). (Docket No. 11-13).  Petitioner's appeal was denied on March 31, 2016. *People v. Gabbidon*, 27 N.Y.3d 964 (2016); (Docket No. 11-16).

**C. Post-Conviction State Court Proceedings**

On September 16, 2016, Petitioner moved to vacate his conviction pursuant to N.Y. C.P.L § 440 ("First 440 Motion"), claiming that: (1) his due process rights were violated because the period of post-release supervision he was sentenced to, ten years, exceeded the amount of time discussed by the court during his plea colloquy, which was two and a half to five years, and (2) he received ineffective assistance of counsel because counsel failed to object to the court's misstatement of this at sentencing. (Docket Nos. 11-17, 11-21).  By Decision and Order, dated January 31, 2017, the Dutchess County Court denied the motion. (Docket No. 11-22).  The court held that because Petitioner's claims were record-based and not raised on direct appeal, they were not properly subject to a N.Y. C.P.L. § 440 proceeding. (*Id.* at 9-10).  The court further held that there is no evidence in the record that Petitioner's plea was not knowing and voluntary or that Petitioner would not have pleaded guilty had he been informed of a different period of post-release supervision. (Docket No. 11-22 at 10-11).  On February 17, 2017, Petitioner moved for leave to appeal the court's denial of his motion to the Second Department, (Docket No. 11-23), which was denied on April 11, 2017, (Docket No. 11-24).

4

On August 9, 2017, Petitioner, proceeding *pro se,* filed a writ of error *coram nobis* in the Second Department, claiming ineffective assistance of appellate counsel on the grounds that counsel: (1) failed to consult with him concerning issues to be raised; (2) failed to raise issues relating to the length of post-release supervision mentioned at the plea allocution and the term actually imposed at sentencing; and (3) failed to raise other meritorious issues. (Docket No. 11-27). By Decision and Order, dated January 31, 2018, the Second Department denied Petitioner's application. *People v. Gabbidon*, 157 A.D.3d 964 (2d Dept. 2018); (Docket No. 11-32). The Court of Appeals denied Petitioner's leave application on September 24, 2018. *People v. Gabbidon*, 32 N.Y.3d 1003 (2018).

**D. The Petition**

On March 1, 2018, Petitioner filed his Petition in this Court. (Docket No. 2). Construing the Petition broadly, *see Williams v. Kullman*, 722 F.2d 1048, 1051 (2d Cir. 1983) ("pleading requirements in habeas proceedings should not be overly technical and stringent"), Petitioner asserts four claims: (1) the trial court failed to correct its own misstatement of law when it incorrectly advised that consecutive sentences were available, (Docket No. 2 at 13); (2) Petitioner's plea of guilty was not voluntarily, knowingly, and intelligently entered into because he was sentenced to a period of post-release supervision which exceeded the amount of time stated by the court during his plea allocution, (Docket No. 2 at 17); (3) ineffective assistance of trial counsel for counsel's failure to address the court's purported misstatements of sentencing during his plea allocution, (Docket No. 2 at 49, 65); and (4) ineffective assistance of appellate counsel for, among other things, counsel's failure to raise meritorious issues on appeal, (Docket No. 2 at 18). Respondent opposed the Petition. (Docket Nos. 11, 12).

After filing his Petition, on May 25, 2018, Petitioner filed a second motion pursuant to N.Y. C.P.L. § 440 ("Second 440 Motion") to vacate his conviction claiming, among other things, (1) ineffective assistance of trial counsel, and (2) actual innocence. (Docket Nos. 14, 24 at 3). By letter dated May 29, 2018, Petitioner requested to have his Petition held in abeyance pending the state court's decision of this motion. (Docket No. 14). Respondent opposed the motion, (Docket No. 17), and Petitioner filed a reply in further support of his request, (Docket No. 19). Prior to this Court's ruling on Petitioner's request for a stay, his claim was exhausted in state court. By Decision and Order, dated August 20, 2018, the County Court, Dutchess County summarily denied his motion on the grounds that his claims could have been raised in his First 440 Motion. (Docket No. 24 at 3). Petitioner sought leave to appeal the denial of his Second 440 Motion to the Second Department, which was denied on February 26, 2019. (*Id.* at 4). Petitioner's leave application to the Court of Appeals was dismissed on May 3, 2019 pursuant to N.Y. C.P.L. § 450.90(1). (*Id.*).

On May 30, 2019, Petitioner moved the Court to compel Respondent to file transcripts of his arraignment, which was held on October 1, 2013. (Docket No. 20). The Court denied Petitioner's request on the basis that such transcripts are "not relevant to the Petitioner's grounds for relief." (Docket No. 23). The Court further held that Petitioner may renew his request for additional transcripts after his motion to amend is decided. (*Id.*). Petitioner's motion to amend his Petition, (Docket No. 21), and his request for a stay of his Petition, (Docket No. 14), is presently before the Court. This Court will address each in turn.

## II. STANDARD TO AMEND

Rule 15 of the Federal Rules of Civil Procedure, made applicable to habeas proceedings by 28 U.S.C. § 2242, Rule 81(a)(2) of the Federal Rules of Civil Procedure, and Habeas Corpus

Rule 11, "allows pleading amendments with 'leave of court' any time during a proceeding." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P. 15(a)).  However, this rule is limited by the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires habeas petitions to be filed within one year of a petitioner's conviction becoming final. 28 U.S.C. § 2244(d); *Mayle*, 545 U.S. at 648.  Thus, if an amendment is made after the statute of limitations expires, any new claim is untimely unless it relates back to the claims of the original, timely petition, *i.e.*, the claims arise out of the same conduct, transaction or occurrence. *Mayle*, 545 U.S. at 655 (quoting Fed. R. Civ. P. 15(c)(2)).  "[A]n amendment does not relate back if it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Pierre v. Ercole*, 607 F. Supp. 2d 605, 608 (S.D.N.Y. 2009) (quotation marks and citation omitted).

In calculating the AEDPA one-year statute of limitations, the court shall toll days during the pendency of a petitioner's collateral attack of his or her conviction in a state court proceeding. 28 U.S.C. § 2244(d)(2).  This is consistent with the requirement that a petitioner must exhaust state remedies prior to seeking federal habeas relief. *See Jones v. Keane*, 329 F.3d 290, 294 (2d Cir. 2003) (quoting 28 U.S.C. § 2254(b)(1)(A)).  Furthermore, the court properly denies leave to amend when the proposed new claims would be futile, either because they fail to comply with the aforementioned procedural requirements, or they lack merit. *See Edwards v. Fischer*, No. 01-Civ-9397(LAK)(THK), 2002 WL 31833237, at *2 (S.D.N.Y. Dec. 16, 2002)[4] ("A proposed amendment is futile if the proposed claim could not withstand a motion to dismiss for failure to state a claim upon which relief may be granted") (internal quotations omitted);

---

[4] If Petitioner does not have access to cases cited herein that are reported only on Westlaw, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of cases and other authorities that are unpublished or reported exclusively on computerized databases that are cited in a decision of the Court and were not previously cited by any party").

7

*Cordova-Diaz v. Brown*, No. 10 Civ. 5133(CM)(KNF), 2011 WL 723575, at *5 (S.D.N.Y. Feb. 8, 2011) (which denied proposed amendments as futile where claims were untimely and did not "relate back"). In fact, Habeas Corpus Rule 4 requires the court to "summarily dismiss the petition" if "'it plainly appears . . . that the petitioner is not entitled to relief in the district court.'" *Mayle*, 545 U.S. at 656 (alteration provided) (quoting Habeas Corpus Rule 4).

## III.  DISCUSSION

Petitioner seeks to amend his Petition to add five claims: (1) denial of effective assistance of counsel during arraignment; (2) denial of effective assistance of appellate counsel; (3) prosecutorial misconduct; (4) denial of due process; and (5) *Brady* violations. (Docket No. 21, at 1-5).

### A.  Denial of Counsel During Arraignment, Prosecutorial Misconduct, and *Brady* Violations

Petitioner seeks to amend his Petition to include claims of denial of counsel during arraignment, (Docket No. 21 at 1-2), prosecutorial misconduct, (*id.* at 3), and *Brady* violations, (*id.* at 5). Respondent opposes the amendments on the grounds that they are untimely and do not relate back to the claims in the original Petition, and because they are unexhausted. (Docket No. 24 at 6-8). For the reasons that follow, the Court agrees with Respondent.

### 1.  Timeliness

In order for Petitioner's proposed new claims to be timely, they must be filed within one year of his conviction, as calculated with applicable tolling periods, or relate back to claims asserted in his original, timely Petition for relief. Based upon the Court's calculations and a thorough review of the claims in Petitioner's Petition, the Court finds that these proposed new claims are untimely. Petitioner's conviction became final on June 29, 2016, 90 days after the New York Court of Appeals denied Petitioner's leave to appeal his conviction and the time to

8

seek *certiorari* from the Supreme Court of the United States expired. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

Petitioner moved to vacate his conviction pursuant to N.Y. C.P.L § 440.10 on September 16, 2016, 79 days after his conviction became final, tolling the limitations period during the pendency of that motion. 28 U.S.C. § 2244(d)(2). The tolling ceased on April 11, 2017, when the Second Department denied his leave application. *See Smith v. McGinnis*, 208 F.3d 13, 15-17 (2d Cir. 2000) (calculating tolling under the AEDPA). The limitations period accrued for another 120 days, and was tolled once again on August 9, 2017 when Petitioner filed his motion for error *coram nobis*. By the time Petitioner filed his Petition on March 1, 2018, while the limitations period continued to toll during the pendency of his motion for error *coram nobis*, he had accrued a total of 199 days. This tolling period ceased on September 24, 2018, the date on which the Court of Appeals denied Petitioner's application to appeal the denial of his motion for error *coram nobis*. *See Spells v. Lee*, No. 11-CV-1680, 2012 WL 3027865, at *3 (E.D.N.Y. July 23, 2012) (tolling the one-year statute of limitations between the date petitioner filed his *coram nobis* motion and the date on which the Court of Appeals denied leave to appeal the denial of the motion). At this point, Petitioner still had 166 days left to file. Thus, Petitioner's statute of limitations expired on March 9, 2019.

Although Petitioner's original Petition is timely, his proposed claims are not. Petitioner's request to add claims of denial of counsel, prosecutorial misconduct, and *Brady* violations was made on June 6, 2019, after the one-year statute of limitations had expired under the AEDPA. Petitioner's proposed claims are, therefore, futile unless they "relate back" to the claims asserted in his original Petition. *Pierre*, 607 F. Supp. 2d at 607. A proposed claim "relates back" to the original petition when it arises "out of the same conduct, transaction, or occurrence as a claim set

9

out in the original petition." *Id.* at 608 (citation omitted); *see also Mayle*, 545 U.S. at 648. This means that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle*, 545 U.S. at 664 (alteration provided). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

Here, Petitioner's proposed claims do not relate back to the claims in the original Petition. Petitioner's claim that he was denied counsel during arraignment, (Docket No. 21 at 1), is "supported by facts that differ entirely in both time and type from the facts needed to support the claims" in the Petition. *Cordova-Diaz*, 2011 WL 723575, at *5. Similarly, Petitioner's claims of prosecutorial misconduct premised on the alleged fabrication of evidence, (Docket No. 21, at 3-4), and *Brady* violations, (Docket No. 21 at 5), are supported by facts entirely unrelated to the claims in the original Petition. Because the proposed claims of denial of counsel, prosecutorial misconduct, and *Brady* violations are time barred under the AEDPA, amending the Petition to include these claims would be futile.

## 2. Actual Innocence

Petitioner maintains that any procedural bar should be excused because he is actually innocent. (Docket No. 28 at 2). A claim of actual innocence is a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). To obtain such relief, a petitioner must establish that, "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Moreover, "a gateway claim

requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup*, 513 U.S. at 324). Here, Petitioner does not present any new evidence "to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. Accordingly, the Court finds that there is no basis upon which to excuse the procedural bar.

### 3. The Claims are Unexhausted

Even if the proposed claims of denial of counsel, prosecutorial misconduct, and *Brady* violations were timely, they would still be futile because Petitioner did not exhaust these claims in state court. *See* 28 U.S.C. § 2254(b)(1)(A)*; Rhines v. Weber*, 544 U.S. 269, 273 (1982) ("[F]ederal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims."); *Spells*, 2012 WL 3027865, at *6 (which denied petitioner's motion to amend where proposed claims were unexhausted, and thus futile); *Watson v. Shanley*, No. 9:19-CV-0275(TJM), 2019 WL 1410352, at *3 (N.D.N.Y. Mar. 28, 2019) ("A motion to amend filed prior to the exhaustion of petitioner's state court remedies would be denied as futile.").

There is also no basis upon which to grant Petitioner a stay of his Petition so that he can exhaust these claims in state court. *See Ramdeo v. Phillips*, No. 04-CV-1157(SLT), 2006 WL 297462, at *4 (E.D.N.Y. Feb. 8, 2006) (which held that, although "[t]he mere fact that claims are unexhausted does not make them futile," unexhausted claims were futile where court had no basis upon which to grant petitioner a stay to exhaust his claims in state court) (internal quotations omitted). A stay is only warranted where a petitioner can show "good cause" for his failure to exhaust his claims. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Here, however,

11

Petitioner does not offer any explanation for his failure to previously exhaust these claims in state court. Because there is no basis for granting Petitioner a stay, his unexhausted claims are futile. *See Ramdeo,* 2006 WL 297462, at *7; *King v. Phillips*, No. 03-CV-6073(NGG), 2006 WL 3358996, at *4 (E.D.N.Y. Oct. 3, 2006) ("Since this Court finds that petitioner has not demonstrated 'good cause' for granting a stay of the instant habeas proceedings, it would be futile to grant him leave to amend his petition to the extent that he seeks to add unexhausted claims."). Furthermore, even if Petitioner could go back to state court to exhaust his claims, they would be procedurally barred because they are record-based. *See Roa v. Portuondo*, 548 F. Supp. 2d 56, 78 (S.D.N.Y. 2008) ("Any attempt to raise these claims at this stage as part of a direct appeal would be rejected because a criminal defendant is entitled to only one direct appeal and one application for leave to appeal to the Court of Appeals."); *Lowman v. New York*, No. 09-CV-0058T, 2011 WL 90996, at *9 (W.D.N.Y. Jan. 11, 2011) ("Collateral review of this claim—by way of another CPL § 440 motion—is also barred because the claim is a matter of record that could have been raised on direct appeal, but unjustifiably was not.") (citing N.Y. C.P.L. § 440.10(2)(c)); *Adams v. Artus*, No. 09-CV-1941(SLT)( VVP), 2012 WL 1077451, at *12 (E.D.N.Y. Feb. 24, 2012), *report and recommendation adopted*, 2012 WL 1078343 (E.D.N.Y. Mar. 30, 2012) (which denied motion to amend as futile where "even if the petitioner were allowed to return to state court," the claims would be procedurally barred).

Moreover, Petitioner fails to avoid any procedural default of his unexhausted claims because he has not shown "cause for the default and prejudice, or that failure to consider the claim will result in miscarriage of justice, *i.e.*, the petitioner is actually innocent." *Sweet v. Bennett*, 353 F.3d 135, 141 (2d Cir. 2003); *see supra*, Section III.A.2. Accordingly, Petitioner's

motion to amend seeking to include claims of denial of counsel during arraignment, prosecutorial misconduct, and *Brady* violations is denied.

**B. Denial of Effective Assistance of Appellate Counsel and Due Process of Resident Aliens**

Petitioner also seeks to amend his Petition to include claims of denial of effective assistance of appellate counsel, (Docket No. at 21 at 2-3), and denial of due process rights of resident aliens, (*Id.* at 4). Respondent opposes the amendments on the ground that these claim are included in the original Petition. (Docket No. 24 at 8). For the reasons set forth below, the Court agrees with Respondent.

Petitioner's proposed claim that he was denied effective assistance of appellate counsel is premised on his counsel's alleged failure to raise issues apparent on the record, failure to state the full federal basis of all claims, and failure to adequately review, perfect and correct the record. (Docket No. 21 at 3). The Court finds that this claim is essentially asserted in the original Petition, (*see* Docket No. 2 at 18) ("Ground Three"), and is, therefore, already before the Court. *See Peppard v. Fischer*, 739 F. Supp. 2d 303, 309 (W.D.N.Y. 2010) (which denied claim as duplicative of other habeas claims and, therefore, declined to address it separately); *Brock v. Artuz*, No. 99 CIV. 1903(AJP), 2000 WL 1611010, at *6 n.7 (S.D.N.Y. Oct. 27, 2000) ("Because this claim is essentially duplicative of [petitioner's] three other habeas grounds, it will not be addressed separately.").

Petitioner's proposed claim of denial of due process of lawful permanent residents is also already before the Court. His proposed due process claim is premised upon the trial court's misstatement of sentencing during his guilty plea regarding the amount of post-release supervision. (Docket No. 21 at 4-5). Specifically, Petitioner maintains that based on the court's misstatement of sentencing law, he should have been permitted to withdraw his guilty plea. (*Id.*

13

at 4). Petitioner further claims that he will be deported after the completion of his sentence, and that as a lawful permanent resident, his due process rights should not be "ignored by" the courts. (*Id.* at 5). Although the exact language of denial of due process of "lawful permanent resident" is not asserted in the original Petition, it is subsumed in his denial of due process claim asserted in that Petition. (*See* Docket No. 2 at 17) ("Ground Two"). This proposed claim is, therefore, essentially the same as the due process claim already in his Petition and will not be addressed separately. *See Brock*, 2000 WL 1611010, at *6 n.7.

Accordingly, Petitioner's motion to amend his Petition to add claims of denial of effective assistance of appellate counsel and denial of due process of resident aliens is denied.

## IV. MOTION FOR STAY

Petitioner requested that his Petition be stayed and held in abeyance pending the state court's decision on his Second 440 Motion. (Docket No. 14). Petitioner maintains that in his Second 440 Motion, he raised the following claims: (1) he was denied effective assistance of trial counsel when counsel coerced him into pleading guilty, and (2) actual innocence. (Docket Nos. 14, 28 at 3). Because Petitioner has exhausted his Second 440 Motion in state court, *see supra* Section I.D, the Court finds Petitioner's request for a stay moot. *See Pearson v. Rock*, No. 12-CV-3505(NGG)(LB), 2015 WL 4509610, at *16 (E.D.N.Y. July 24, 2015) (which denied as moot motion for stay pending state decision on N.Y. C.P.L. § 440 motion where petitioner had already exhausted his claim in state court). Accordingly, the Court denies Petitioner's request for a stay of his proceedings.

## V. CONCLUSION

For the foregoing reasons, Petitioner's motion to amend his Petition to add claims of (i) denial of counsel during arraignment, (ii) prosecutorial misconduct, and (iii) *Brady* violations is

denied. In addition, Plaintiff's motion to amend his Petition to add claims of (i) denial of effective assistance of appellate counsel, and (ii) denial of due process of resident aliens is also denied because they are already before the Court. Finally, Petitioner's request for a stay of his Petition is denied.

A copy of this Opinion and Order will be mailed to the *pro se* Petitioner by Chambers.

Dated: May 5, 2020
White Plains, New York

**SO ORDERED:**

*Judith C. McCarthy*
JUDITH C. McCARTHY
United States Magistrate Judge