UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CRAIG E. GABBIDON,                                    :
                 Petitioner,        :

                                 :        **ORDER ADOPTING REPORT**
v.                                                             :        **AND RECOMMENDATION**
                                 :
WILLIAM A. LEE, Superintendent, Eastern    :        18 CV 2248 (VB)
Correctional Facility,                                 :
                 Respondent.
--------------------------------------------------------------x

Before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation ("R&R"), dated March 10, 2022 (Doc. #33), on Craig F. Gabbidon's pro se petition for a writ of habeas corpus.  Petitioner was convicted after pleading guilty in Dutchess County Court to Criminal Sexual Act in the First Degree, a Class B violent felony under New York law.  On December 23, 2014, petitioner was sentenced to 15 years' imprisonment plus 10 years' post-release supervision.

Petitioner asserts the following grounds for relief:  (1) his guilty plea was not knowing, voluntary, and intelligent because the trial court incorrectly told him he could receive consecutive sentences if he went to trial and was convicted on multiple counts; (2) his guilty plea was not knowing, voluntary, and intelligent because his sentence of 10 years' post-release supervision exceeded the amount of time the trial court told him he would receive; (3) his trial counsel was constitutionally ineffective for failing to object to the trial court's two alleged misstatements regarding petitioner's sentencing exposure; and (4) his appellate counsel was constitutionally ineffective for failing to raise the post-release supervision issue on appeal, and because he otherwise failed to discuss with petitioner the specific issues he intended to raise on appeal, failed to read the record, and made poorly drafted legal arguments.

In the R&R, Judge McCarthy found that both of petitioner's claims based on the trial court's alleged misstatements regarding petitioner's sentencing exposure were procedurally barred and meritless; his ineffectiveness of trial counsel claim based on the failure to object to the trial court's alleged misstatement regarding consecutive sentences was meritless; his ineffectiveness of trial counsel claim based on the failure to object to the trial court's alleged misstatement about the length of post-release supervision was both procedurally barred and meritless, and his ineffectiveness of appellate counsel claim was meritless.

For the following reasons, the R&R is adopted as the opinion of the Court, and the petition is DENIED.

Familiarity with the factual and procedural background of this case is presumed.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply

reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y.

2008).  As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally,

and . . . interpret them to raise the strongest arguments that they suggest.'"  Id. (quoting Burgos

v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

"Habeas review is an extraordinary remedy."  Bousley v. United States, 523 U.S. 614,

621 (1988).  Accordingly, under the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), a petitioner is entitled to habeas corpus relief only if he can show that in

adjudicating his claim on the merits, the state court either (i) unreasonably applied, or made a

decision contrary to, clearly established federal law as determined by the Supreme Court, or (ii)

unreasonably determined the facts in light of the evidence presented in the state court

proceeding.  28 U.S.C. § 2254(d)(1)-(2).  The state court's determination of factual issues is

presumptively correct, and petitioner has "the burden of rebutting the presumption of correctness

by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Petitioner did not object to the R&R.

The Court has carefully reviewed the magistrate judge's thorough and well-reasoned

R&R and the underlying record and finds no error, clear or otherwise.

### CONCLUSION

Accordingly, the Court adopts the R&R as the opinion of the Court, and the petition for a

writ of habeas corpus is DENIED.

The Clerk is instructed to enter Judgment accordingly and close this case.

The Clerk is further instructed to mail a copy of this Order to petitioner at the address on

the docket.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated:  May 16, 2022
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge